IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| | * | |
| v. | * | **CRIMINAL NO. LKG-25-6** |
| | * | |
| **THOMAS C. GOLDSTEIN,** | * | |
| | * | |
| **Defendant** | * | |
| | ******* | |

**DEFENDANT THOMAS C. GOLDSTEIN'S
MOTION TO MODIFY CONDITIONS OF RELEASE
TO EXTEND TIME AND AMEND AGREEMENT TO FORFEIT PROPERTY**

Defendant Thomas C. Goldstein moves pursuant to 18 U.S.C. § 3142(c)(3) to modify the conditions of release previously imposed in this case (ECF 6) and the related agreement to forfeit property (ECF 8) and order to record agreement to forfeit property (ECF 7) to (1) extend the period of time for signing and recording an agreement to forfeit property to assure defendant's appearance for court proceedings; (2) to substitute different real property for the real property identified in ECF 6 and ECF 8; and (3) modify certain language in the appearance bond. In support of the motion, Mr. Goldstein represents the following:

1. On January 27, 2025, the Court held an initial appearance and established release conditions for Mr. Goldstein. To ensure Mr. Goldstein's appearance at future court proceedings, paragraph 8(c) of the release conditions required Mr. Goldstein to "execute a bond or an agreement to forfeit upon failing to appear as required the following … designated property: 100% interest (all owners of record) for 4323 Hawthorne Street, NW, Washington, DC 20016" ("the Hawthorne Street property").

2. Mr. Goldstein executed an appearance bond and agreement to forfeit property on January 27, 2025 (ECF 8). The Court entered an order requiring Mr. Goldstein to record the

agreement in the land records of the District of Columbia on or before January 29, 2025 and return the receipt of recordation to the Clerk by January 30, 2025 (ECF 7).

3. The agreement to forfeit property requires the signature of the co-owner of the property, Mr. Goldstein's wife. She has just returned to the Washington area from overseas travel and consulted with counsel regarding concerns that a minor violation of the terms of release could put her interest in the property at risk of forfeiture.

4. Additionally, and consistent with rights under the Sixth Amendment to the United States Constitution that the Court recognized at the initial appearance, Mr. Goldstein needs to use his equity in the Hawthorne St. property to fund his defense in this case and will not use those funds for any other purpose. After careful review of his available assets and consultation with the attorneys involved, and fully cognizant of the Court's concern that the value of the property not be used for any other purpose, it is clear that without using Mr. Goldstein's share of the equity in the property, he does not possess assets sufficient to fund his defense.

5. Mr. Goldstein therefore requests that the Court modify paragraph 8(c) of the release conditions to replace the Hawthorne Street property with the properties described below and modify ECF 7 to extend the time for recording property to February 5, 2025, and the time for returning the receipt for said recordation to the Clerk to February 7, 2025.

6. The proposed substitute properties, which are owned free and clear, are described as follows:

> (a) **411 Harden Street, Columbia, South Carolina 29205**: This property is owned free and clear by Mr. Goldstein's father and stepmother, Francis Goldstein and Sara June Goldstein. It has an appraised taxable value of $677,200. Copies of records related to this property are attached as

6611611.1                                                                                                                                            00000.156

Exhibit 1.

    (b)    **2728 Kiawah Avenue, Columbia, South Carolina, 29205**. This property is owned free and clear by Francis Goldstein, Sara June Goldstein and Katerine Boyes, defendant Goldstein's half-sister. It has an appraised taxable value of $341,500. Copies of records related to this property are attached as Exhibit 2.

    (c)    **19 Ft. Fremont Road, Saint Helena Island, South Carolina, 29920**: This property is owned free and clear by Francis Goldstein and Sara June Goldstein. It has an appraised taxable value of $455,900. Copies of records related to this property are attached as Exhibit 3.

7. The value of the three South Carolina properties exceeds the equity in the Hawthorne Street property, which has an assessed value of approximately $3.2 million but is subject to an outstanding mortgage of approximately $1.8 million.

8. The requested brief extension of time would provide the government with the time it says it needs – until Monday – to review the proposed substitute properties, and present its views to the Court for consideration.

9. In the event the Court ultimately denies the request to substitute property, then within 24 hours, Mr. Goldstein and his wife will sign the required documents relating to the Hawthorne St. property in Washington, DC without seeking any additional extension of time.

10. Finally, during the hearing on January 27, 2025, the Court made clear that it was requiring Mr. Goldstein to agree to forfeit property to ensure his appearance for all court proceedings. Paragraph 8(c) of the release conditions reflects this goal. But the appearance bond, ECF 8, contains broader and inconsistent language permitting forfeiture if Mr. Goldstein "fails

to comply with any conditions of release set by the court considering this matter…"

Mr. Goldstein respectfully submits that the Court did not contemplate forfeiture for any reason other than failure to appear. The persons who may be pledging their property legitimately fear that their homes might be forfeited based on a minor violation of release conditions. Mr. Goldstein's wife has a similar concern. Mr. Goldstein requests that the Court strike the quoted language from ECF 8 or from an appearance bond and agreement to forfeit property related to the South Carolina properties.

11. Counsel for Mr. Goldstein has consulted with counsel for the government, which takes no position with respect to the extension of time, states that it needs the opportunity to review details regarding the proposed substitute property (which it anticipates completing by Monday), and which opposes modification of the appearance bond. The government represents, however, that it would not seek forfeiture on the basis of a minor violation of the release conditions.

For these reasons, Mr. Goldstein requests that the Court grant this motion and enter orders providing the relief requested above. He respectfully requests expedited consideration of this motion.

Respectfully submitted,

/s/ Stuart A. Berman
Stuart A. Berman #08489
Stanley J. Reed #00315
Lerch, Early & Brewer, Chtd.
7600 Wisconsin Avenue
Suite 700
Bethesda, MD 20814
(301) 657-0729
saberman@lerchearly.com
Counsel for Defendant Thomas C. Goldstein
(Limited Appearance-Local Counsel)

|  |  |
|---|---|
|  | /s/ John F. Lauro |
|  | John F. Lauro, Esq. |
|  | Lauro & Singer |
|  | 400 N. Tampa Street, 15th Floor |
|  | Tampa, Florida 33602 |
|  | (813) 222-8990 |
|  | jlauro@laurosinger.com |
| Dated: January 29, 2025 | (Not admitted in Maryland-Pro Hac Vice application anticipated) |