IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. LKG-25-6 |
| | * | |
| THOMAS C. GOLDSTEIN, | * | |
| | * | |
| Defendant | * | |
| | * | |

*******

**GOVERNMENT'S CONSENT MOTION TO EXCLUDE TIME
<u>UNDER SPEEDY TRIAL ACT</u>**

The United States of America respectfully moves pursuant to 18 U.S.C. § 3161(h)(7) for an Order excluding the time from January 31, 2025 through March 3, 2025 under the Speedy Trial Act in the above-captioned matter. In support of this request, the Government states as follows:

1. On January 16, 2025, a Greenbelt grand jury returned a 22-count indictment, charging the Defendant with four counts of Tax Evasion, in violation of 26 U.S.C. § 7201; ten counts of Aiding and Assisting the Preparation of False and Fraudulent Tax Returns, in violation of 26 U.S.C. § 7206(2); five counts of Willful Failure to Pay Taxes, in violation of 26 U.S.C. § 7203; and three counts of False Statements on a Loan Application, in violation of 18 U.S.C. § 1014. ECF No. 1.

2. An initial appearance and arraignment was held on January 27, 2025 before Chief Magistrate Judge Timothy J. Sullivan. ECF No. 4. The Defendant was ordered released on conditions pending trial. ECF No. 6. Defense counsel John Lauro and Stuart Berman entered special appearances on behalf of the Defendant for purposes of the initial appearance and arraignment. ECF Nos. 9, 11.

3.      During the initial appearance, the parties were informed that the Court set a pretrial motions deadline of February 17, 2025 and scheduled an initial status conference for February 6, 2025 at 10:30 am.  The Court subsequently issued a scheduling order, directing the parties to file a joint status report by February 4, 2025.  ECF No. 16.

4.      On January 29, 2025, the Defendant filed a motion to modify conditions of release, which was granted in part and denied in part the same day.  ECF Nos. 18, 19.

5.      The Defendant is currently working on finalizing the arrangements of his defense counsel in this case.  An attorney inquiry hearing has been scheduled for February 12, 2025 before Chief Magistrate Judge Sullivan.  ECF No. 15.

6.      The parties have had several discussions regarding discovery, and the Government has provided counsel for the Defendant a proposed protective order to facilitate discovery production.  The Government is otherwise preparing discovery, which will be voluminous.

7.      In accordance with the Speedy Trial Act, 18 U.S.C. § 3161(c), the trial of a defendant charged in an information or indictment shall commence within seventy days from the filing date of the information or indictment, or from the date the defendant appeared before a judicial officer, whichever date last occurs.  However, pursuant to 18 U.S.C. § 3161(h)(7), the Court may grant a continuance of speedy trial when the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

8.      The Government and counsel for the Defendant agree that it is in their mutual interests to toll the speedy trial clock under 18 U.S.C. § 3161(h)(7).  The Defendant needs more time to finalize arrangements regarding his representation and to conduct the attorney inquiry hearing on February 12, 2025 if necessary.  In addition, the parties need more time for Defense counsel to review the Government's proposed protective order, for the Government to produce

discovery, for Defense counsel to review discovery and meet with the Defendant, and for the parties to engage in any plea discussions or prepare for pretrial motions and trial. The requested extension would serve the public interest in affording the Defendant effective assistance in his defense. *See* 18 U.S.C. § 3161(h)(7).

9. Counsel for the Defendant consents to this motion.

10. For the foregoing reasons, the ends of justice will be served by excluding the time from January 31, 2025 through March 3, 2025, in computing the time within which trial must commence pursuant to 18 U.S.C. § 3161(h), and those ends outweigh the best interests of the public and the Defendant in a speedy trial.

WHEREFORE, the Government respectfully requests that the Court enter an order excluding the time from January 31, 2025 through March 3, 2025 from the time within which the pending charges must be brought to trial.

Respectfully submitted,

Erek L. Barron
United States Attorney
/s/
Patrick D. Kibbe
Assistant United States Attorney
District of Maryland

Stanley J. Okula, Jr.
Senior Litigation Counsel
Department of Justice—Tax Division

Emerson Gordon-Marvin
Hayter Whitman
Trial Attorneys
Department of Justice—Tax Division