IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. LKG-25-6 |
| | * | |
| THOMAS C. GOLDSTEIN, | * | |
| | * | |
| Defendant | * | |
| | * | |
| ****** | | |

**JOINT STATUS REPORT**

The United States of America respectfully submits this joint status report in response to the Court's Order on February 19, 2025, ECF 78. Counsel for Defendant has reviewed this joint status report, included their position below, and consents to the Government filing on behalf of the parties.

**I.      Government's Position**

The Court's Order, ECF 78, directed the parties to file a joint status report stating their respective positions on further proceedings, including a proposed schedule for the briefing of any pre-trial motions. The Government proposes the following briefing schedule:

| | |
|---|---|
| **Defendant Pretrial Motions** | April 11, 2025 |
| **Government Response Briefs** | May 9, 2025 |
| **Defendant Reply Briefs** | May 30, 2025 |
| **Hearing on Pretrial Motions** | To be scheduled at the Court's convenience |

In support of this schedule, the Government respectfully submits the following:

The Government's proposed schedule includes one deadline for the filing of pretrial motions, and corresponding deadlines for opposition and reply briefs. This proposed schedule is consistent with the practice in the District of Maryland for providing a briefing deadline for the

filing of pretrial motions, and, later, in advance of trial a separate briefing schedule for any motions *in limine* or *Daubert* challenges. The Government's proposed briefing schedule allows time for Defendant to review the voluminous discovery in this case and prepare pretrial motions, which as defense includes below, will involve several different issues. The Government's proposed briefing schedule gives the Government a reasonable time to respond considering the time allowed for the filing of pretrial motions, and to fully brief these important issues. The Government's proposed schedule then provides for one hearing on all pretrial motions to be scheduled at the Court's convenience, which will promote judicial economy and which, in the Government's experience, is also the standard practice in this Court.

Defendant proposes to set a briefing schedule for a motion for an evidentiary hearing (possibly contesting, in part, the conditions of pretrial release at issue in his pending motion), followed by a renewed motion to substitute property sometime in the next month, followed by additional pretrial motions that have yet to be identified, but which may include a motion to dismiss. The Government has no objection to Defendant filing his proposed motions, but there is no need for these three-plus motions to be briefed on a staggered, undetermined schedule. It is standard practice in the District of Maryland for *Franks*-style motions (like the proposed motion for an evidentiary hearing) and motions to dismiss to be filed as part of the comprehensive set of pretrial motions. Indeed, motions to suppress, *Franks* motions, and motions to dismiss are among the most common pretrial motions filed in this District in criminal cases, which are all typically done as part of a standard briefing schedule pursuant to a single pretrial motions deadline.[1] The

---

[1] The Government does not object to Defendant filing a renewed motion to substitute the South Carolina properties for the Washington, D.C. property on a different schedule than other pretrial motions, as this issue would properly constitute an appeal of the release conditions under the Bail Reform Act. However, the Government submits any motion to limit the forfeiture of the Washington, D.C. residence should be included as part of the set of pretrial motions, and not as part of an appeal of the release conditions.

Government respectfully submits that there is no reason to deviate from that practice in this case. Rather, the Government's proposed briefing schedule builds in time for Defendant to review discovery, including any *Brady* material produced, and prepare all pretrial motions. To the extent Defendant needs more time to prepare all his pretrial motions than is included in the Government's proposed schedule, the Government does not object.

## II. Defendant's Position

Earlier today, in connection with the preparation of this joint status report, the government advised the defense that the government will begin producing *Brady* material on a rolling basis and will complete that production by April 4. Because the defense has not yet received any *Brady* production from the government, the defense is not in a position at this time to propose a deadline for filing its principal pretrial motions.

Instead, the defense requests that the Court set a briefing schedule for a preliminary motion on an evidentiary hearing that will inform the defense's approach to and the Court's consideration of pretrial motions in this case. The grounds for the hearing will be set forth in the defense's motion, and will include evidentiary issues related to the defense's now-pending appeal of the magistrate judge's order imposing the Monitoring Condition,[2] as well as the government's applications to toll the statute of limitations under 18 U.S.C. 3292.[3] Documents in the Rule 16 production show that during the course of the grand jury investigation, the government filed multiple applications to toll the statute of limitations, and that those applications contained numerous false statements (including statements that the government itself later conceded were

---

[2] *United States v. LaFontaine*, 210 F.3d 125, 132 (2d Cir. 2000) (discussing *United States v. Martir*, 782 F.2d 1141 (2d Cir. 1986)); *United States v. Acevedo-Ramos*, 755 F.2d 203, 207-08 (1st Cir. 1985).
[3] *E.g.*, *United States v. Ratti*, 365 F.Supp.2d 649 (D. Md. 2005) (assessing whether application included misrepresentations that affected the validity of extension of limitations period).

false). The defense's motion will argue that the defense is entitled to an evidentiary hearing on those false statements, among other issues. The Court's ruling on that motion will affect any defense motion to dismiss certain counts on statute of limitations grounds.

Once the Court has ruled on this preliminary motion, and the defense has had an opportunity to review the government's *Brady* productions, the defense will be in a position to propose a full briefing schedule for principal pretrial motions. The defense suggests that the Court order the parties to file another joint status report on April 18, 2025, after the government has completed its *Brady* production and the briefing on the evidentiary hearing motion is concluded.

The government's proposal that the evidentiary hearing motion be filed "as part of the comprehensive set of pretrial motions…pursuant to a single pretrial motions deadline" is not the most efficient solution for this particular case, for two reasons. First, the defense needs the opportunity to review the government's *Brady* production (which the government has not yet commenced) as well as the government's Rule 16 production (which the defense received on February 28) before making a final determination as to which pretrial motions to file. Second, holding an evidentiary hearing very likely will sharpen the issues on which the defense may file pretrial motions, such as applicability of the statute of limitations.

Additionally, the defense expects to renew its motion to substitute property, which the Court previously denied without prejudice. The defense intends to file that motion at the point when it can most concretely demonstrate the defendant's financial need for additional funds to assist his defense. The defense's best estimate at this point is that it will make this filing in approximately one month. The government's proposal that the defense be required to file a forfeiture motion on the Hawthorne Street property now, followed by a motion to substitute

4

property in the future, is again not the most efficient solution, as those two issues are closely intertwined.

**Defense Proposed Briefing Schedule:**

Defense Motion for Evidentiary Hearing:  March 14, 2025

Government Response to Defense Motion: March 28, 2025

Defense Reply: April 4, 2025

Joint Status Report: April 18, 2025

 

Respectfully submitted,

Kelly O. Hayes
United States Attorney
/s/ _____
Patrick D. Kibbe
Assistant United States Attorney
District of Maryland

Stanley J. Okula, Jr.
Senior Litigation Counsel
Department of Justice—Tax Division

Emerson Gordon-Marvin
Hayter Whitman
Trial Attorneys
Department of Justice—Tax Division