### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Civil Action No. 25-cr-6-LKG |
| ) | |
| THOMAS C. GOLDSTEIN, ) | Dated: March 27, 2025 |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

### I.    INTRODUCTION

Pending before the Court are the following motions: (1) the Defendant's motion appealing the Magistrate Judge's amended order setting a condition of his release that requires computer and internet monitoring (the "Monitoring Condition") (ECF No. 80) and (2) the Defendant's emergency motion to compel production of certain grand jury testimony (ECF No. 89). These motions are fully briefed. ECF Nos. 80, 83, 87, 89, 91, 93, 96, 100 and 102. The Court held a hearing on these motions on March 25, 2025. ECF No. 105. For the reasons that follow, and stated during the March 25, 2025, hearing, the Court: (1) **DENIES** the Defendant's motion appealing the amended order setting a condition of his release related to the Monitoring Condition (ECF No. 80); (2) **SUSTAINS** the Magistrate Judge's decision to impose the Monitoring Condition (ECF No. 62); and (3) **DENIES** the Defendant's emergency motion to compel production of certain grand jury testimony (ECF No. 89).

### II.    FACTUAL AND PROCEDURAL BACKGROUND

On January 16, 2025, a federal grand jury returned a 22 count Indictment against the Defendant, Thomas C. Goldstein, for violations of federal tax laws and for making false statements on mortgage loan applications. ECF No. 1. On January 27, 2025, the Defendant made his initial appearance and pleaded not guilty to all charges. ECF No. 4. At that time, the Court entered an order setting the conditions of the Defendant's release. ECF No. 6. The Defendant was subsequently detained and later released pending trial, subject to certain conditions imposed by the Court. ECF Nos. 42 and 61.

Relevant to the pending motions, on February 13, 2025, the Court issued an order amending the Defendant's conditions of release, to include, among other things, the following additional condition:

> The Defendant must refrain from the use of computer systems, internet-capable devices at any location (including employment or educational program) without the prior written approval of the U.S. Probation or Pretrial Services Officer. The Defendant shall cooperate with the U.S. Probation and Pretrial Services Office monitoring of compliance with this condition. Cooperation shall include, but is not limited to, participating in a Computer & Internet Monitoring Program, identifying computer systems, internet-capable devices and/or similar electronic devices the Defendant has access to, allowing the installation of monitoring software/ hardware at the Defendant's expense, and permitting random, unannounced examinations of computer systems, internet-capable devices and similar electronic devices under the Defendant's control.

ECF No. 62.

On February 27, 2025, the Defendant filed a motion appealing the amended order setting a condition of his release related to the Monitoring Condition. ECF No. 80. On March 6, 2025, the Government filed a response in opposition to that motion. ECF No. 83. On March 11, 2025, the Defendant filed a reply brief. ECF No. 87.

On March 11, 2025, the Defendant filed an emergency motion to compel production of certain grand jury testimony. ECF No. 89. The Government filed a response in opposition to that motion on March 14, 2025. ECF Nos. 91 and 93. On March 18, 2025, the Defendant filed a reply in support of his emergency motion to compel. ECF No. 96.

On March 21, 2025, the Government filed a sur-reply to the Defendant's motion to compel (ECF No. 102) and a motion for leave to file a grand jury transcript *ex parte* for *in camera* inspection (ECF No. 103), which the Court granted (ECF No. 104). On March 24, 2025, the Government delivered to Chambers a grand jury transcript for *in camera* review.

### III.   STANDARDS OF DECISION

#### A. The Bail Reform Act And Motions For Review

The Bail Reform Act generally requires that the Court impose the least restrictive conditions on a defendant to assure the defendant's appearance in Court. 18 U.S.C. § 3142(c). The Act also authorizes courts to amend bail release orders to impose different conditions of

release.  *Id.*  If the Court determines that the release will not reasonably assure the appearance of the person as required, or will endanger the safety of any other person or the community, the Court shall order the pretrial release of the person subject to certain conditions, which may include executing an agreement to forfeit property upon failing to appear as required.  18 U.S.C. § 3142.  In evaluating the risks of nonappearance and the danger to the community, the Court shall take into account:

- the nature and circumstances of the offense charged;
- the weight of the evidence against the person;
- the history and characteristics of the person; and
- the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

Pursuant to 18 U.S.C. § 3145, "[i]f a person is ordered released by a magistrate judge, . . . the person may file . . . a motion for amendment of the conditions of release.  The motion shall be determined promptly."  18 U.S.C. § 3145.  When acting on such a motion, the Court reviews the magistrate judge's order *de novo*, pursuant to 18 U.S.C. § 3145(a).  *United States v. Clark*, 865 F.2d 1433, 1436-38 (4th Cir. 1989); *United States v. Stewart*, 19 F. App'x 46, 48 (4th Cir. 2001).

### B. Federal Rule Of Criminal Procedure 6(e)

All grand jury materials and testimony are presumptively secret.  *See* Fed. R. Crim. P. 6(e); see also *United States v. Silva,* 745 F.2d 840, 846 (4th Cir. 1984) ("While the aura shrouding grand jury proceedings has perhaps become less opaque over the years, it is indisputable that there is still a substantial interest in maintaining the secrecy of those proceedings.").  But, Fed. R. Crim. P. 6(e) contains certain exceptions that allow the disclosure of grand jury materials.  Fed. R. Crim. P. 6(e)(3).  Relevant to the Defendant's motion to compel, "[t]he court may authorize disclosure—at a time, in a manner, and subject to any other conditions that it directs—of a grand-jury matter: (i) preliminarily to or in connection with a judicial proceeding."  Fed. R. Crim. P. 6(e)(3)(i).  Disclosure under Rule 6(e)(3)(E)(i) requires "a strong showing of particularized need."  *United States v. Sells Eng'g, Inc.*, 463 U.S. 418, 443 (1983).  And so, the party "seeking grand jury transcripts under Rule 6(e) must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to

3

cover only material so needed." *Id.* (quoting *Douglas Oil Co. v. Petrol Stops Nw.*, 441 U.S. 211, 222-23 (1979)).

IV.     **ANALYSIS**

Pending before the Court are the following motions: (1) the Defendant's motion appealing the amended order setting a condition of his release related to the Monitoring Condition (ECF No. 80) and (2) the Defendant's emergency motion to compel production of certain grand jury testimony (ECF No. 89). For the reasons that follow, and stated during the March 25, 2025, hearing, the Court (1) DENIES the Defendant's motion appealing the Monitoring Condition (ECF No. 80); SUSTAINS the Magistrate Judge's decision to impose the Monitoring Condition (ECF No. 62); and DENIES the Defendant's emergency motion to compel production of certain grand jury testimony (ECF No. 89).

As an initial matter, the Court has determined that it is not necessary to consider issues related to the Government's allegations that the Defendant concealed certain unhosted cryptocurrency wallets (the "935B" and "54E3" Wallets) from the Court, or that the Defendant engaged in witness tampering, for the purpose of resolving the Defendant's motion appealing the Monitoring Condition. *See* ECF No. 83 at 10-18. And so, the Court does not factor those matters into its analysis of the Defendant's motion.

The evidence before the Court, nonetheless, shows that the Monitoring Condition imposed by the Court is the least restrictive condition of the Defendant's pre-trial release to reasonably assure his appearance in this matter, and to protect the public from the economic danger posed by the Defendant's cryptocurrency-related activities, for several reasons.

First, the nature and circumstances of the offenses charged in this criminal matter support the monitoring of the Defendant's internet-capable devices to assure his appearance in this criminal matter. As the Court previously observed, the felony offenses charged in this case are quite serious. *See* ECF No. 76 at 5. Notably, the Defendant stands accused of 22 felony counts, involving tax crimes and making false statements to mortgage lenders over a six-year period. ECF No. 1. In this regard, the Indictment alleges that the Defendant repeatedly lied to, or otherwise misled, the Federal Government and willfully concealed millions of dollars in cryptocurrency income from the Internal Revenue Service. *Id.* at ¶¶ 21, 24, 70-72 and 81-83.

The Indictment also makes clear that the Defendant used cryptocurrency in connection with these offenses. It is also undisputed that the Defendant shifted to using unhosted

4

cryptocurrency wallets in 2022, which make it difficult to connect to the wallet to the owner or user of the wallet, to facilitate his cryptocurrency transactions. *See* ECF No. 83 at 8; ECF No. 87 at 11.

The Court also observes that offenses charged in the Indictment involve significant international travel and contacts with gamblers and other wealthy individuals located in foreign countries, which indicate a significant risk of flight. ECF No. 1 at ¶¶ 25-30, 34-36, 53-57 and 65-67. And so, the nature and circumstances of the offenses alleged in this case weigh in favor of imposing conditions of release that will mitigate the Defendant's significant risk of flight.

The weight of the evidence also supports imposing the Monitoring Condition. As the Court observed during the March 25, 2025, hearing, the Indictment is supported by, among other things, the Defendant's contemporaneous communications, documented loans that were not disclosed to mortgage lenders, bank and wire records, gambling-related memoranda authored by the Defendant, tax and accounting records and records reflecting the Defendant's spending habits during the relevant period. *See* ECF No. 83 at 19; ECF No. 76 at 6. The evidence cited by the Government also links the Defendant to cryptocurrency wallets hosted by Coinbase and Binance.com. ECF No. 83 at 6-7; ECF No. 83-1. Given this, the weight of the evidence also supports imposing the Monitoring Condition.

The Defendant's personal history and characteristics also indicate that he is a significant flight risk. As discussed above, the Defendant has extensive experience with international travel and significant ties to wealthy individuals in foreign countries that could make it easier for him to flee than the average person. ECF No. 1 at ¶¶ 7-9. These concerns heighten the Defendant's risk of flight here. *See, e.g.*, *United States v. Remarque*, PX-19-039, 2020 WL 1983927, at *1-4 (D. Md. Apr. 27, 2020) (denying appeal of Chief Magistrate Judge Sullivan's pretrial detention order based on, among other things, defendant's "significant international ties").

The Government also persuasively argues that the Defendant poses an economic danger to the community, due to his past online gambling activities and cryptocurrency transactions. In this regard, the Indictment alleges that the Defendant owes millions of dollars to the Federal Government and private individuals, who would be harmed should the Defendant flee. *See generally* ECF No. 1. Given this, the Defendant's ability to use the Internet to engage in cryptocurrency transactions and online gambling poses a danger to the community.

5

Lastly, the Court is satisfied that the Monitoring Condition is the least restrictive condition to assure the Defendant's reasonable appearance and to enforce the conditions of his pre-trial release. As the Court observed during the March 25, 2025, hearing, the Court has imposed other conditions of release, including that the Defendant does not engage in online gambling and cryptocurrency transactions, that can only be enforced by requiring a Monitoring Condition. While the Court appreciates the Defendant's concerns that the Monitoring Condition could allow Pre-trial Services to review his electronic communications with counsel, this possibility does not warrant removing the Monitoring Condition because the Defendant's communications will not be disclosed to the Government. And so, the Court DENIES the Defendant's motion appealing the Monitoring Condition. The Court also DENIES the Defendant's emergency motion to compel production of certain grand jury testimony (ECF No. 89) for the reasons stated during the March 25, 2025, hearing.

### V.    CONCLUSION

For the foregoing reasons, the Court:

1. **DENIES** the Defendant's motion appealing the Monitoring Condition (ECF No. 80);

2. **SUSTAINS** the Magistrate Judge's decision to impose the Monitoring Condition (ECF No. 62); and

3. **DENIES** the Defendant's emergency motion to compel production of certain grand jury testimony (ECF No. 89).

**IT IS SO ORDERED.**

s/Lydia Kay Griggsby  
LYDIA KAY GRIGGSBY  
United States District Judge