IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | CRIMINAL NO. LKG-25-6 |
| | * | |
| THOMAS C. GOLDSTEIN, | * | |
| | * | |
| Defendant. | * | |
| | * | |

**DEFENDANT THOMAS C. GOLDSTEIN'S
MOTION TO DISMISS
<u>ALLEGATIONS CONCERNING EMPLOYEES</u>**

# TABLE OF CONTENTS

| | Page |
|---|---|
| INTRODUCTION | 1 |
| FACTUAL BACKGROUND | 1 |
| ARGUMENT | 2 |
| CONCLUSION | 8 |

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Holder v. Humanitarian L. Project*,
    561 U.S. 1 (2010) ..................................................................................................4

*Johnson v. United States*,
    576 U.S. 591 (2015) ............................................................................................4, 5

*Spies v. United States*,
    317 U.S. 492 (1943) ..............................................................................................5

*United States v. Goodyear*,
    649 F.2d 226 (4th Cir. 1981) ................................................................................5

*United States v. Hammoud*,
    381 F.3d 316 (4th Cir. 2004) ................................................................................4

*United States v. Hsu*,
    364 F.3d 192 (4th Cir. 2004) ................................................................................8

*United States v. Jinwright*,
    683 F.3d 471 (4th Cir. 2012) ................................................................................5

*United States v. Simms*,
    914 F.3d 229 (4th Cir. 2019) ................................................................................4

*United States v. Sun*,
    278 F.3d 302 (4th Cir. 2002) ................................................................................4

*United States v. Wilson*,
    118 F.3d 228 (4th Cir. 1997) ............................................................................3, 5

**FEDERAL STATUTES**

26 U.S.C. § 7201 ............................................................................................... *passim*

## INTRODUCTION

The government alleges that defendant Thomas Goldstein committed a federal crime because four employees of his law firm Goldstein & Russell ("G&R") did not do enough work. The government's theory of criminal liability is that: (1) because these individuals performed "little or no work," ECF No. 1, ¶ 13, they did not qualify as "employees" of the firm; (2) the deduction of some or all of their salaries and health insurance premiums as business expenses by the firm was thus improper; (3) those salary and health insurance payments were intended "to supplement or supplant," *id*. ¶ 12, personal payments that Mr. Goldstein was making to the employees and therefore should have been treated as personal distributions to Mr. Goldstein instead; and therefore (4) Mr. Goldstein understated his income by about $39,000 in 2018, resulting in a tax liability of approximately $14,000. And because this is a criminal case, the Indictment alleges that Mr. Goldstein engaged in this contrived and attenuated chain of conduct to *willfully* evade taxes.

This is not a serious criminal tax charge. The statute criminalizing tax evasion, 26 U.S.C. § 7201, contains no language suggesting that it is a crime to deduct the salary and insurance premiums of an employee because that employee performed "little" work, or because the salary was intended to "supplement or supplant" personal payments. Because it contains no such language, the statute provides no standard that would allow a reasonable person to distinguish lawful from criminal conduct. If the government's theory is that the statute nevertheless criminalizes this conduct, then it is void for vagueness as applied.

## FACTUAL BACKGROUND

For purposes of this motion to dismiss, the defense accepts as true the Indictment's allegations that Mr. Goldstein "was involved in, or pursued, intimate personal relationships" with

1

the employees at issue and that he made personal payments to them, and therefore it is unnecessary for the government to belabor the details of those allegations in its opposition to this motion.

As relevant here, the Indictment alleges that during the 2018 tax year, Mr. Goldstein "caused" these four individuals to be hired as employees of his law firm, Goldstein & Russell ("G&R"). ECF No. 1, ¶ 12. The Indictment alleges that Mr. Goldstein did so "to supplement or supplant payments he was making personally" to three of the individuals "and to pursue an intimate relationship" with the fourth. *Id*. The Indictment alleges that these employees performed "*little* or no work." *Id.* ¶ 13 (emphasis added). According to the Indictment, this conduct amounts to tax evasion because the insurance premiums and salaries should have been treated as "personal payments" to Mr. Goldstein rather than business expenses. *Id.* ¶ 55, Count Three ¶ 2(b). The Indictment alleges that the total amount of these payments was approximately $39,000. *Id.* ¶ 55.

As set forth in a separate defense filing, the evidence shows that all four employees were hired, in good faith, to work for G&R. Three of the four employees performed work for the firm during their brief tenures, while the fourth went on unpaid medical leave almost immediately after her start date with the blessing of the company's outside benefits manager.

## **ARGUMENT**

The government's theory that Mr. Goldstein committed tax evasion by causing his firm to deduct the salaries and health insurance premiums of four individuals who performed "little or no" work for the firm is legally defective. Either this conduct does not fall within the ambit of the tax evasion statute, or if it does then the statute is unconstitutionally vague as applied.

The elements of the crime of tax evasion are "1) that the defendant acted willfully; 2) that the defendant committed an affirmative act that constituted an attempted evasion of tax payments; and 3) that a substantial tax deficiency existed." United States v. Wilson, 118 F.3d 228, 236 (4th Cir. 1997). With respect to the allegations at issue here, the government's theory appears to be that Mr. Goldstein "committed an affirmative act that constituted an attempted evasion of tax payments" when he caused his firm to deduct the salaries and health insurance premiums of the four individuals as business expenses.

However, the precise conduct that is alleged to constitute tax evasion is unclear. In some places, the Indictment suggests that the firm was entitled to deduct some unspecified amount of the salaries of these individuals. E.g., ECF No. 1, ¶ 13 (charging that Mr. Goldstein improperly "caused the full salary" to be deducted as business expenses) (emphasis added); *id*. ¶ 24(j) (same). Elsewhere, the Indictment suggests that the firm was not permitted to deduct any of the salaries of these individuals because they were "not bona fide employees," *id*. ¶ 56(b), even though the Indictment concedes that some of the individuals performed at least some work for the firm, *id*. ¶ 13 ("little or no work"). In still other places, the Indictment suggests that the problem was the subjective intention behind the payments–that they were not business expenses because they "replaced or added to personal payments" that Mr. Goldstein was making to the women. *Id*. ¶ 55.

The tax evasion statute itself does not answer this question. That statute, 26 U.S.C. § 7201, makes it a crime to "willfully attempt[] in any manner to evade or defeat any tax imposed" by the Internal Revenue Code. The statute says nothing about whether the deduction of an employee's salary and insurance premiums constitutes tax evasion based on either the amount of work performed by the employee or the possibility that the employer might have made a

3

personal payment to the employee but for the salary. And the defense is aware of no legal authority–in the Internal Revenue Code or anywhere else–that provides the answer to this question.

If the government's contention is that Section 7201 nevertheless covers the conduct at issue, then the statute is unconstitutionally vague as applied. The Fifth Amendment provides: "No person shall . . . be deprived of life, liberty, or property, without due process of law." The government violates this guarantee when it enforces a "criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement." *Johnson v. United States*, 576 U.S. 591, 595 (2015). This principle, known as the vagueness doctrine, "requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *United States v. Sun*, 278 F.3d 302, 309 (4th Cir. 2002) (citation and internal quotation marks omitted). The vagueness inquiry thus requires a court to examine "the particular facts at issue," *Holder v. Humanitarian L. Project*, 561 U.S. 1, 18-19 (2010), to determine both whether the statute "provides notice to the public and whether it adequately curtails arbitrary enforcement," *United States v. Hammoud*, 381 F.3d 316, 330 (4th Cir. 2004) (vacated on other grounds and reinstated on remand). Courts have not hesitated to dismiss criminal charges where a criminal statute is applied to the facts of the case in a manner that renders it unconstitutionally vague. *See, e.g.*, *United States v. Simms*, 914 F.3d 229, 236 (4th Cir. 2019).

Here, the application of the tax evasion statute alleged in the Indictment fails both prongs of the vagueness test. That statute, 26 U.S.C. § 7201, makes it a crime to "willfully attempt[] in any manner to evade or defeat any tax imposed by this title or the payment thereof." This statute

has been applied to criminalize conduct such as "keeping a double set of books, making false entries of alterations, or false invoices or documents, destruction of books or records, concealment of assets or covering up sources of income," or "handling of one's affairs to avoid making the records usual in transactions of the kind." *Spies v. United States*, 317 U.S. 492, 499 (1943) (discussing Section 7201's predecessor statute).  In this Circuit, defendants have been convicted of Section 7201 violations for preparing and executing false loan documents, *e.g.*, *United States v. Wilson*, 118 F.3d 228, 234 (4th Cir. 1997); making false statements to IRS agents in order to conceal income, *United States v. Goodyear*, 649 F.2d 226, 227 (4th Cir. 1981); or simply failing to report substantial personal benefits received from an employer like housing, travel, and tuition, *e.g.*, *United States v. Jinwright*, 683 F.3d 471, 475 (4th Cir. 2012).  These applications of the statute pose no void for vagueness issues because "ordinary people" can readily understand that a prohibition on attempting to evade or defeat taxes plainly encompasses falsifying records, lying to IRS agents, or simply failing to report substantial income.[1]

But the statute provides not the slightest hint as to what conduct is prohibited under the theory applied here.  The government's allegation is that the salary and health insurance premiums for Employees 1 through 4 should have been classified as personal distributions to Mr. Goldstein because those employees performed "*little* or no work" for the firm.  The Indictment does not allege that all four employees performed *no work* for the firm; as discussed elsewhere the contemporaneous evidence shows otherwise.  Moreover, as discussed above, the Indictment does not make clear whether the firm was entitled to deduct some of the salaries as business

---

[1] Obviously, the fact that Section 7201 has many applications that are not void for vagueness is irrelevant to this as-applied challenge.  *See Johnson*, 576 U.S. at 602 (rejecting the proposition that a vague provision is constitutional "merely because there is some conduct that clearly falls within the provision's grasp").

5

expenses, and if so how much. Section 7201 does not tell an ordinary person when a particular instance of an employee performing "little work" for a company amounts to tax evasion, or how much of an employee's salary a company may deduct before it commits a crime.

Suppose, for example, that the owner of a small business hires an acquaintance to help the acquaintance start their career in a particular industry, despite having only a little work for the acquaintance to do. The business deducts the acquaintance's full salary as a business expense. Has the business owner now committed a federal crime? If so, how much of the salary was the business permitted to deduct?

Or suppose the same business owner hires a new employee with the expectation that the business will soon have work for the new employee to do. If the new employee is not fully occupied on their first day, has the business owner committed a federal crime? What if the work does not materialize after one week? Or one month? What if the employer becomes aware that the employee is not a particularly hard or efficient worker, such that the employee spends only about 10 hours a week actually performing their job duties? In which of these scenarios has the employer committed a federal crime by deducting the salary and health insurance premiums of an individual who performed "little work" for the company?

The Indictment appears to suggest that the deductions at issue here violated Section 7201 because the salaries are alleged to have "replaced or added to personal payments" that Mr. Goldstein was making to the individuals. ECF No. 1, ¶ 55. That is, the Indictment may allege that the deduction of the salaries (or maybe the deduction of all rather than part of the salaries) constituted tax evasion even though the individuals performed some work for the firm because, if the individuals had not been employed by the firm, then Mr. Goldstein would have made personal payments to them. But here again, the line between lawful activity and criminal

6

conduct is undefined. If the individuals performed work for the firm, then why does it matter for purposes of criminal liability that Mr. Goldstein would have made personal payments to them if they had not performed the work? Section 7201 obviously does not answer these questions.

Nor is the vagueness issue limited to the employment context. On the government's interpretation of Section 7201, a business would be committing a federal crime every time it deducts a business expense that the government deems to be an overpayment for the value that the business actually received. That is at bottom the government's allegation here–that the individuals were paid too much salary for the actual work they performed, and therefore the deduction of that full salary constitutes tax evasion. Applying that same principle outside the employment context, a company that pays more money for machinery because that machinery was manufactured in the United States and then deducts the full cost of the American-manufactured machinery would, on the government's theory, be committing a federal crime because the amount deducted exceeds the value of the item purchased.

Similarly, the government's evasion by underemployment theory encourages arbitrary enforcement. Neither Section 7201 nor the statutes and regulations defining "employee" under the Internal Revenue Code specify a threshold number of hours that a person must work or a threshold amount of work that a person must perform, below which the deduction of their salary as a business expense constitutes tax evasion. Whether an employee has performed "little…work" is apparently left to the boundless discretion of the government.

This case perfectly illustrates the rationale underlying the void for vagueness doctrine. According to the Indictment, the conduct at issue resulted in the "evasion" of $39,000 in taxable income. Assuming that Mr. Goldstein fell into the highest tax bracket for tax year 2018 (37%), this alleged "evasion" would have yielded him a benefit of approximately $14,000. The defense

has found no case in which the government has pursued the "underemployment as tax evasion" theory of criminal liability alleged here. The notion that a tax benefit of $14,000 prompted the government to deploy this unprecedented theory of criminal liability for the first time against Mr. Goldstein is absurd. This prosecution is a prime example of arbitrary enforcement.

To be sure, the Fourth Circuit has recognized that in some instances the inclusion of a willfulness requirement can mitigate a statute's vagueness, *United States v. Hsu*, 364 F.3d 192, 197 (4th Cir. 2004), but that is not the case here. Because Section 7201 says absolutely nothing about the nature of the conduct that is unlawful under this particular application of the statute, the willfulness requirement does not render that application constitutional.

## **CONCLUSION**

The Fifth Amendment prohibits criminal prosecution on a theory that is so vague as to deprive the defendant of fair notice or to invite arbitrary enforcement. The government's evasion by underemployment theory runs afoul of both requirements. The Indictment identifies no legal standard that would provide an employer with notice as to when an employee's performance of "little work" becomes a federal crime. And without such a standard, application of Section 7201 to criminalize evasion by underemployment risks arbitrary enforcement, as this case powerfully demonstrates. The government should not be permitted to introduce evidence or present argument on such a transparently unconstitutional theory of liability.

Respectfully submitted,

*/s/ Jonathan I. Kravis*
Jonathan I. Kravis (Bar No. 31556)
Stephany Reaves (Bar No. 19658)
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue NW, Suite 500E
Washington, DC 20001
(202) 220-1100
Jonathan.Kravis@mto.com
Stephany.Reaves@mto.com

Adeel Mohammadi (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
350 S. Grand Avenue, 50th Floor
Los Angeles, CA 90071
(213) 683-9100
Adeel.Mohammadi@mto.com

*Attorneys for Defendant Thomas Goldstein*

Dated: May 16, 2025