**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** \* | |
| \* | |
| **Plaintiff,** \* | |
| \* | |
| **v.** \* | **CRIMINAL NO. LKG-25-6** |
| \* | |
| **THOMAS C. GOLDSTEIN,** \* | |
| \* | |
| **Defendant.** \* | |
| \* | |

**DEFENDANT THOMAS C. GOLDSTEIN'S
MOTION TO DISMISS
<u>COUNTS 15 THROUGH 19</u>**

# **TABLE OF CONTENTS**

**Page**

INTRODUCTION ........................................................................................................................1
ARGUMENT ................................................................................................................................2
CONCLUSION .............................................................................................................................5

## **TABLE OF AUTHORITIES**

**Page(s)**

**FEDERAL CASES**

*Cheek v. United States*,
  498 U.S. 192 (1991)..................................................................................................2, 4

*Spies v. United States*,
  317 U.S. 492 (1943).......................................................................................................1

*United States v. Freeman*,
  No. 3:19-CR-00220 (VAB), 2022 WL 1156325 (D. Conn. Apr. 18, 2022)..........................3, 4

*United States v. Ostendorff*,
  371 F.2d 729 (4th Cir. 1967) .........................................................................................1

*United States v. Platt*,
  435 F.2d 789 (2d Cir. 1970)..........................................................................................4

*United States v. Tucker*,
  686 F.2d 230 (5th Cir. 1982) ........................................................................................1

**FEDERAL STATUTES**

26 U.S.C. 6651(a)(2).........................................................................................................1

26 U.S.C. § 7203 ..................................................................................................... *passim*

**OTHER AUTHORITIES**

1 Comisky et al., *Tax Fraud & Evasion: ¶ 2.09 Failure to File Returns or Pay
  Tax, Tax Fraud & Evasion*, 1999 WL 668606 (2025)...................................................1

**INTRODUCTION**

The Indictment charges defendant Thomas C. Goldstein with five counts of willful failure to pay taxes in violation of 26 U.S.C. § 7203 for the tax years 2016 through 2021 (Counts 15-19).  It is undisputed that in each of those years Mr. Goldstein did file a tax return.  It is also undisputed that Mr. Goldstein ultimately paid the outstanding taxes from these years with penalties and interest.  See ECF No. 1, ¶¶ 39, 50, 68, 74, 85 (acknowledging that for each of the tax years, Mr. Goldstein paid his tax liability).  The Indictment nevertheless charges Mr. Goldstein with willful failure to pay taxes for each of these years, presumably on the theory that Mr. Goldstein was committing a crime during the time period that the taxes remained unpaid.

To the defense's knowledge, the government has never before charged a taxpayer with a crime under these circumstances.  Generally, this offense is charged against taxpayers who fail to file returns.  *E.g.*, *United States v. Ostendorff*, 371 F.2d 729, 730 (4th Cir. 1967); *see also* 1 Comisky et al., *Tax Fraud & Evasion: ¶ 2.09 Failure to File Returns or Pay Tax, Tax Fraud & Evasion*, 1999 WL 668606 (2025).  Prosecutions for failure to pay taxes, on the other hand, are "rare," *United States v. Tucker*, 686 F.2d 230, 233 (5th Cir. 1982), no doubt because of "our traditional aversion to imprisonment for debt," *Spies v. United States*, 317 U.S. 492, 498 (1943).  Instead, the Internal Revenue Code establishes a regime of civil penalties and interest for taxpayers who do not or cannot make their tax payments on time.  *See generally* 26 U.S.C. § 6651(a)(2) (imposing civil penalties for failure "to pay the amount shown as tax on any return . . . unless it is shown that such failure is due to reasonable cause and not due to willful neglect").  But the Indictment does not allege that Mr. Goldstein failed to comply with this civil regime, and in fact, he has paid his full tax liability on his reported income for each of the charged years, along with the full penalties and interest.

1

Therefore, as a matter of law, it cannot be said that Mr. Goldstein "willfully" failed to pay his taxes. A contrary interpretation would completely upend the Internal Revenue Service's civil enforcement of the Tax Code, as any taxpayer entering into an agreement with the IRS to pay taxes and penalties would thereby subject themselves to *per se* criminal liability. If allowed to stand, the government's theory of liability here—that a taxpayer like Mr. Goldstein who is on a payment plan under the IRS's civil enforcement regime is *ipso facto* guilty of willfully failing to pay taxes—eviscerates the Internal Revenue Code's regime of civil penalties and interest for taxpayers who acknowledge their tax liabilities but are unable to make timely payments.

## ARGUMENT

Title 26, United States Code, Section 7203 provides that any person "who willfully fails to pay [any] tax . . . shall . . . be guilty of a misdemeanor." As the Supreme Court has explained, for purposes of "criminal tax cases," the term "willfulness" requires the prosecution "to prove that the law imposed a duty on the defendant, that the defendant knew of this duty, and that he voluntarily and intentionally violated that duty." *Cheek v. United States*, 498 U.S. 192, 201 (1991). This interpretation "carv[es] out an exception to the traditional rule" that ignorance of the law or a mistake of law is not a defense to criminal prosecution. *Id.* at 199-200. "This special treatment of criminal tax offenses is largely due to the complexity of the tax laws." *Id.* at 200.

Applying that settled legal standard to Section 7203 requires the government to prove that the taxpayer knew of a duty to pay their taxes and "voluntarily and intentionally violated that duty." Here, the Indictment alleges precisely the opposite. Mr. Goldstein *complied* with his legal duty by paying the taxes that he owed, along with the applicable penalties and interest. Therefore, the Indictment does not properly allege a willful violation of Section 7203.

2

The government's contrary interpretation appears to be that, even though he ultimately paid the taxes that he owed along with penalties and interest, Mr. Goldstein nevertheless *willfully* failed to pay those taxes during the time period between the payment due date and the date the taxes were paid.

This interpretation of Section 7203 makes no sense and is inconsistent with the settled meaning of "willfulness" as that term is used in criminal tax statutes. The IRS has promulgated detailed guidance explaining to taxpayers the penalties and interest they owe when tax payments are late. Any reasonable taxpayer—including Mr. Goldstein—would conclude that complying with that penalties and interest regime would amount to *compliance* with the taxpayer's legal duty. On the government's contrary view, every taxpayer who pays their taxes late is voluntarily and intentionally violating a known legal duty *even if they pay the applicable penalties and interest* for the time period that their tax bill is outstanding. That cannot be the law. The far more reasonable interpretation of Section 7203 is that it reserves criminal liability for circumstances in which a taxpayer voluntarily and intentionally ignores a legal duty by not filing a tax return or not paying their taxes altogether.

In light of the government's wildly overexpansive interpretation of Section 7203, it is not surprising that (to the defense's knowledge) there is just one reported case that comes anywhere near adopting it. In *United States v. Freeman*, No. 3:19-CR-00220 (VAB), 2022 WL 1156325 (D. Conn. Apr. 18, 2022), the defendant was convicted after a bench trial of failure to pay taxes under Section 7203. The *Freeman* court's conclusion on this point in an unpublished opinion is not binding on this Court and is not correct. In particular, *Freeman* interpreted a Second Circuit decision *reversing* a taxpayer's conviction under Section 7203 for failure to *file* tax returns to stand for the more general proposition that a taxpayer who is aware of civil penalties and interest

3

for late tax payments acts willfully for purposes of Section 7203. *See id.* at *21 (citing *United States v. Platt*, 435 F.2d 789 (2d Cir. 1970)). As discussed above, that conclusion cannot be squared with the holding of *Cheek*—decided two decades after *Platt*—that the willfulness requirement in the criminal tax context requires the government to prove that the defendant voluntarily and intentionally violated a known legal duty. A taxpayer who *complies* with civil enforcement of the Tax Code simply cannot have such an intent.

But in any event, the allegations in the Indictment in this case come nowhere close to the evidence of willfulness in *Freeman*. There, the evidence established that "in order to avoid payment to the IRS, [the defendant] went so far as to place his assets in [a bank account created under another person's name] . . . to ensure that the IRS could not take the money." *Id.* at *21 (cleaned up). In other words, the court found that the taxpayer took affirmative steps to hide funds from the IRS and frustrate the IRS's ability to collect on the unpaid taxes, thus establishing a willful violation of Section 7203.

By contrast, the Indictment in this case does not allege that Mr. Goldstein took steps like opening a new bank account in another person's name. In fact, Mr. Goldstein *rejected* his accountant's suggestion that he "open new bank accounts" because "we do not want the IRS taking any monies from those accounts." Exhibit A. For multiple of the relevant tax years, Mr. Goldstein entered into installment agreements with the IRS to work to pay off his outstanding liability. And Mr. Goldstein did, in fact, pay off every cent of the relevant tax liabilities, plus interest and penalties. Under these circumstances, as a matter of law, Mr. Goldstein cannot have committed a violation of Section 7203.

The Indictment's allegations regarding Mr. Goldstein's personal expenditures do not save the government's convoluted interpretation of Section 7203.  The Indictment alleges that, during the period when Mr. Goldstein owed taxes, he made personal expenditures.  The government may contend that, by making those personal expenditures while he owed taxes, Mr. Goldstein willfully violated his legal duty to pay taxes for purposes of Section 7203.

The problem with this argument is that Section 7203 says no such thing.  The statute does not, for example, say that it is a crime to pay for travel or food while the taxpayer owes taxes.  Once again, there is a good reason for this—that principle has no logical limit.  Is a taxpayer who owes taxes permitted to go out to dinner?  Are they permitted to buy food from a grocery store?  The Indictment perfectly illustrates this problem.  The Indictment alleges, for example, that in 2018, Mr. Goldstein "spent hundreds of thousands of dollars on luxury items, gambling debts, and other personal payments" rather than pay his 2017 taxes.  ECF No. 1, ¶ 48.  But the Indictment does not specify the legal duty that Mr. Goldstein is alleged to have voluntarily and intentionally violated by making those payments.  The Indictment does not say what Mr. Goldstein was allowed to spend money on, or how much money he was allowed to spend, while his 2017 tax bill was outstanding.  Section 7203 avoids this sort of nebulous inquiry in the criminal context by reserving criminal liability for taxpayers who ignore their legal obligations altogether, and not those who fulfill their legal obligations behind schedule.

## CONCLUSION

For over three decades, it has been settled law that the term "willfully" as used in criminal tax statutes requires the government to prove that the defendant voluntarily and intentionally violated a known legal duty.  A taxpayer like Mr. Goldstein who complies with the civil enforcement provisions of the Internal Revenue Code simply does not have this mental

state. The government's contrary view would mean that every taxpayer who enters into a payment plan with the IRS is thereby admitting to a federal crime and would resurrect the concept of a debtor's prison in this country. The defense is aware of no legal authority to support such a breathtaking expansion of federal criminal tax law. Accordingly, Counts 15-19 should be dismissed.

        Respectfully submitted,

/s/ *Jonathan I. Kravis*
Jonathan I. Kravis (Bar No. 31556)
Stephany Reaves (Bar No. 19658)
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue NW, Suite 500E
Washington, DC 20001
(202) 220-1100
Jonathan.Kravis@mto.com
Stephany.Reaves@mto.com

Adeel Mohammadi (pro hac vice)
MUNGER, TOLLES & OLSON LLP
350 S. Grand Avenue, 50th Floor
Los Angeles, CA 90071
(213) 683-9100
Adeel.Mohammadi@mto.com

*Attorneys for Defendant Thomas Goldstein*

Dated: May 16, 2025