# Exhibit 4



**U.S. Department of Justice**

**Tax Division**

*Stanley J. Okula, Jr.*
*Senior Litigation Counsel*

*Mailing Address*
Washington, D.C. 20002-3388

*Phone:*

March 3, 2024

Jonathan Kravis, Esq.
Munger, Tolles & Olson, LLP
601 Massachusetts Ave. NW, Ste. 500E
Washington, DC 20001

By Email

    **Re:**   **Grand Jury Subpoena**

Dear Mr. Kravis,

    Thank you for your submission concerning the classification of certain items paying Mr. Goldstein's personal debts. Your information will assist us in assessing your arguments concerning those classifications and whether the items you identified were improperly classified (and therefore improperly reported on tax returns signed by Mr. Goldstein) because of Mr. Goldstein's actions.

    To continue this conversation, it would be helpful if you could address similar items that occurred in 2016. Your letter implicitly suggests those items are outside the six-year statute of limitations that covers offenses under 26 U.S.C. § 7206(1). But that suggestion fails to take into consideration the provisions of 26 U.S.C. § 6531 that toll the running of the statute of limitations for Title 26 offenses for all time that the taxpayer is outside the country, for whatever reason. Your client spent significant time outside the United States between October 2017 and October 2023. Your suggestion also fails to take into consideration potential evasion-of-assessment charges under 26 U.S.C. § 7201 for 2016, the timeliness of which are judged by the last affirmative act of evasion.

    Thus far, we have been able to determine that the following 2016 payments were improperly classified as legal payments:

- April 26, 2016, $25,000 payment to
- April 28, 2016, $85,000 payment to              (controlled by poker player
                )
- May 5, 2016, $25,000 payment to
- June 9, 2016, $500,000 payment to
- July 6, 2016, $196,600 payment to
- July 6, 2016, $67,400 payment to
- August 18, 2016, $200,000 payment to
- October 26, 2016, $200,000 payment to
- October 26, 2016 $200,000 payment to the

- November 21, 2016, $275,000 payment to ▮

(Please note that these dates may vary slightly from the dates listed in the accounting records for Goldstein & Russell, P.C.)

Your letter also does not address a $183,600 payment to poker player ▮ made on or about December 22, 2017, and improperly classified on the G&R tax return as a legal fee. The payment was sent to ▮'s entity, ▮.

Finally, your letter does not address a series of transactions involving the ▮ firm ▮ that resulted in a personal poker debt being satisfied with G&R firm funds. The transactions originated when Mr. Goldstein successfully requested that ▮ transfer $500,000 directly to ▮ in March 2017 as part of a poker match between Goldstein and ▮. To partially make good on his resulting debt to ▮, Goldstein caused $175,000 to be transferred to from a G&R account to ▮ in or about November 2017. That payment was improperly characterized as a legal fee payable. In addition, in 2018, when Goldstein still owed ▮ $125,000 based on the March 2017 transfer to ▮, ▮ was made whole by offsetting, by $125,000, a legal fee it owed to G&R attributable to ▮ litigation in which both firms were involved. Thus, Goldstein's personal debt to ▮ was essentially satisfied through a reduction of income that G&R was owed.

We welcome your response to the foregoing. And we are hopeful that a continued dialogue—with respect to potential Title 26 violations (based on the above) as well as a host of Title 18 crimes—will make more productive and efficient an in-person meeting in the near future.

Very truly yours,

*Stanley J. Okula, Jr.*

Stanley J. Okula, Jr.
Senior Litigation Counsel
Department of Justice
Tax Division