# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | **CRIMINAL NO. LKG-25-6** |
| | * | |
| **THOMAS C. GOLDSTEIN,** | * | |
| | * | |
| **Defendant** | * | |
| | * | |

*******

## GOVERNMENT'S MOTION FOR *FARETTA* HEARING

On February 10, 2025, Chief Magistrate Judge Sullivan expressly advised defendant Thomas Goldstein that the Court would not entertain "hybrid representation," in which Goldstein would both appear *pro se* <u>and</u> be represented by counsel:

> Well, you can't have hybrid representation, though. . . . [T]he Court's concern and the long precedent of—I don't pretend to be the legal scholar that you are, but that we guard zealously against this hybrid representation and that you can either represent yourself, you can have a lawyer represent you, but never the two shall meet. And there's possibilities in some cases where standby counsel is appointed and there's a lot of different variations, but it becomes very confusing for a lot of people if lawyers are filing things for you.

Det. Hrg. Tr. 15:15-16:11, ECF No. 69 (Feb. 10, 2025). Judge Sullivan invited Goldstein to raise this legal issue anew with the Court; however, the defendant has not filed any such motion. Instead, in his reply briefs filed with the Court, Goldstein notes that he is "an experienced attorney" and therefore wants to "participate personally"—*i.e.*, serve as his own attorney—at the September 24, 2025, pre-trial motions hearing. *See* ECF No. 144 at 5-6 ("As an experienced attorney, Mr. Goldstein requests that the Court grant him permission to participate personally in the hearing on

this motion . . . ."); *see also,* ECF No. 149 at 15; ECF No. 150 at 3; ECF No. 151 at 5; ECF No. 152 at 9; ECF No. 153 at 5; ECF No. 154 at 6.[1]

Judge Sullivan was right: hybrid representation is disallowed in this District, and the Court should not permit it in this case.[2] But to the extent that Goldstein intends to act as his own attorney for any purpose—at hearings or in trial—Goldstein must first waive his Sixth Amendment right to counsel at a *Faretta* hearing. Therefore, if the Court is inclined to permit Goldstein to represent himself during the September 24, 2025, hearing, the government respectfully asks the Court first conduct a *Faretta* inquiry and confirm his knowing, voluntary, and complete waiver of his right to be represented by counsel.

## BACKGROUND

On February 10, 2025, the Court issued a warrant for Goldstein's arrest for a violation of the terms of his pretrial release. ECF Nos. 35 and 40. Goldstein was arrested and appeared before the Court the same day. ECF No. 41. At that hearing, Goldstein informed the Court that he would represent himself at that hearing, so Judge Sullivan conducted a thorough *Faretta* colloquy. ECF No. 69. The Court found that Goldstein knowingly and voluntarily waived his Sixth Amendment right to counsel at that time. *Id*. In a subsequent written Order on Goldstein's motion to proceed *pro se*, the Court expressly reincorporated its ruling prohibiting hybrid representation:

> The Court also explained to Mr. Goldstein that any type of hybrid representation (where he acts has [sic] his own attorney for some matters but has a lawyer act on his behalf for other matters) will not be permitted.

---

[1] In a July 17, 2025, email to the government, Mr. Goldstein's counsel reiterated his position: "Mr. Goldstein does reserve the right to ask the Court for permission to participate as an attorney at the hearing on the defense pretrial motions."

[2] If the Court permits Goldstein to argue as an attorney on his own behalf at the September 24, 2025, hearing, he likely will further demand the right to do so at future hearings and at trial.

ECF No. 43 at 2; *see also* ECF No. 64 n.3. Judge Sullivan explained that Goldstein's desire to represent himself was qualified *only* by his statement that he lacked sufficient funds at the time to hire his choice of counsel; however, the Court also noted that Goldstein—given his professed financial constraints—had not requested appointment of counsel under the Criminal Justice Act. *Id.*

Despite being represented by competent counsel, Goldstein's July 2, 2025, replies in support of his pretrial motions demand that he be permitted to "participate personally" in the legal arguments before the Court on September 24, 2025. ECF No. 144 at 5-6; ECF No. 149 at 15; ECF No. 150 at 3; ECF No. 151 at 5; ECF No. 152 at 9; ECF No. 153 at 5; and ECF No. 154 at 6. Goldstein misleads the Court in his replies, suggesting that the Court previously permitted the hybrid representation that Goldstein demands now. *See e.g.*, ECF No. 144 at 5-6 (requesting "that the Court grant him permission . . . as it has previously"). In fact, this Court has consistently ensured that *either* Goldstein represented himself *or* counsel represented him—and has *not* allowed hybrid representation. Tr. 15:15 - 16:11, ECF No. 69; ECF No. 43 at 2; ECF No. 64 n.3.

## ARGUMENT

Goldstein has a constitutional right to be represented by counsel (*Gideon v. Wainwright*, 372 U.S. 335, 344-45 (1963)), or to proceed *pro se* (*Faretta v. California*, 422 U.S. 806, 819-20 (1975)), but he does not have right to "hybrid representation." *McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984). "A defendant does not have a constitutional right to choreograph special appearances by counsel." *Id.*; *accord United States v. Beckton*, 740 F.3d 303, 307 (4th Cir. 2014).[3] That is,

---

[3] Federal circuits uniformly enforce this precept. *See United States v. Sanders*, 778 F.3d 1042, 1046 (D.C. Cir. 2015); *United States v. Nivica*, 887 F.2d 1110, 1121 (1st Cir. 1989); *United States v. Schmidt*, 105 F.3d 82, 90 (2d Cir. 1997); *United States v. Turner*, 677 F.3d 570, 578 (3d Cir. 2012); *Neal v. Texas*, 870 F.2d 312, 315 (5th Cir. 1989); *United States v. Steele*, 919 F.3d 965, 975 (6th Cir. 2019); *United States v. Anderson*, 716 F.2d 446, 449 (7th Cir. 1983); *United States v. Lamm*, 5 F.4th 942, 950 (8th Cir. 2021); *United States v. Kienenberger*, 13 F.3d 1354,

Goldstein cannot choose those portions of the case he wishes to conduct and leave the rest to retained counsel. Goldstein's "right to represent himself and his right to representation by counsel are disjunctive rights, and he [cannot] exercise both at the same time." *Brount v. AG of Md.*, Civil Action No. PWG-17-1465, 2019 WL 5789118 at *5, 2019 U.S. Dist. LEXIS 193518 at *11 (D. Md. Nov. 5, 2019). Moreover, he "does not have a right to any particular 'intermediate accommodation'" between these two options. Letter Order 2, *United States v. Henson*, No. 21-CR-470 (D. Md. Jan. 28, 2025), ECF No. 179 (quoting *United States v. Roof*, 225 F. Supp. 3d 394, 397 (D.S.C. 2016), *aff'd*, 10 F.4th 314 (4th Cir. 2021)).

Whether to preclude hybrid representation is within this Court's discretion, and courts in the Fourth Circuit consistently preclude it. *See, e.g.*, Letter Order 1-3, *Henson*, ECF No. 179; *United States v. Ayesh*, 765 F. Supp. 2d 763, 764-65, 768-70 (E.D. Va. 2011) (explaining reasons for orally denying defendant's motion to proceed *pro se* during closing arguments after attorney represented him through most of trial); *United States v. Thompson*, No. 4:08-CR-4-FL2, 2008 WL 11456158, at *2 (E.D.N.C. Aug. 15, 2008) (denying motion for third, new counsel where defendant was effectively attempting "hybrid representation at trial"); *see also United States v. Hunt*, 99 F.4th 161, 184 (4th Cir. 2024) ("[A] pro se defendant has no Sixth Amendment right to standby counsel or hybrid representation, and district courts have broad discretion to decide how much assistance, if any, standby counsel may provide."); *U.S. v. Miller*, 54 F.4th 219, 226 (4th Cir. 2022); *Beckton*, 740 F.3d at 307. In fact, a defendant must demonstrate a "special need" to act as co-counsel. *United States v. West*, 877 F.2d 281 (4th Cir. 1989); *United States v. Sacco*, 571 F.2d 791, 793 (4th Cir. 1978) (even after *Faretta*, a defendant must show special need to serve as

---

1356 (9th Cir. 1994); *United States v. Hill*, 526 F.2d 1019, 1024 (10th Cir. 1975); *United States v. LaChance*, 817 F.2d 1491, 1498 (11th Cir. 1987).

co-counsel). The Court should exercise its discretion to prohibit any form of hybrid representation in this case.

1. **Goldstein must knowingly and voluntarily waive his Sixth Amendment right to counsel and demand to proceed *pro se* before he may argue at the hearing.**

If Goldstein wants to serve as his own attorney for *any* portion of the proceedings before this Court, he must first waive his right to counsel. *United States v. Singleton*, 107 F.3d 1091, 1100-02 (4th Cir. 1997) ("The *Faretta* Court clearly contemplated that the right to self-representation cannot be exercised without first eliciting a valid waiver of the right to counsel from the defendant."); *see also, Hunt*, 99 F.4th 184 (holding that a defendant must first "relinquish his right to counsel" before the Court can determine, what, if any level of assistance standby counsel may provide at trial). As the Fourth Circuit held in *Singleton*:

> Because the right to counsel serves both individual and collective good, it is appropriate to ascribe it a constitutional primacy which the more individualistic right of self-representation does not command. While respecting the right to self-representation requires the sacrifice of the systemic benefit of using trained defense lawyers as an additional guarantee of judicial fairness and legitimacy, the Sixth Amendment does not require that the defendant be permitted to use counsel as an instrument to distort the system.

107 F.3d at 1102. Despite *Singleton*'s warning, Goldstein's request to "participate personally" at the September 24, 2025, motions hearing now invites the Court to open a door that the Fourth Circuit prudently closed. Goldstein has an absolute constitutional right to represent himself, but to do so, he must first completely waive his right to counsel.

2. **Nothing good will come from permitting hybrid representation in this case.**

The grand jury charged Goldstein with serious crimes, and if he is convicted at trial, Goldstein will likely face years in prison. Naturally, this matter is "personal" to him: *every* defendant facing imprisonment has a profound personal stake in the outcome of their case. But

Goldstein's personal investment in the case does not qualify as a "special need" warranting hybrid representation.

Permitting Goldstein—an experienced appellate attorney—to enjoy hybrid representation here will only serve to muddy the record in the event of a conviction at trial and create factual issues that Goldstein may later exploit in post-trial proceedings alleging the ineffectiveness of trial counsel. This is not a hypothetical concern: as the government has explained in its oppositions to the pretrial motions, many of Goldstein's arguments are improper and premature attacks on the sufficiency of evidence or disagreements with the facts alleged in the Indictment. Therefore, if Goldstein is allowed to act as his own attorney at the hearing, there is a substantial risk that he will make statements about the evidence and allegations that can be used against him at trial, such that he could later claim, in the context of direct appeals or *habeas corpus* proceedings, that his retained counsel was ineffective. Indeed, hybrid representation can create significant problems for appellate courts analyzing the issue of waiver of counsel. *Fiorito v. United States*, 821 F.3d 999, 1004 (8th Cir. 2016) (discussing the circuit split arising from hybrid representation, finding that "courts of appeals analyzing hybrid representation arrangements have disagreed as to when a defendant's conduct triggers the waiver of his right to counsel"); *see also* Letter Order 3, *Henson*, ECF No. 179 (finding restrictions on hybrid representation necessary to avoid risks including "confusing the jury—and, indeed, confusing the trial record—as to Ms. Henson's self-represented status").

The problems that hybrid representation present for appellate review of waiver and ineffective assistance claims are particularly pronounced here, where Goldstein now seeks to argue eight separate dispositive motions spread across fifteen different defense briefs (that he did not write), where his command of the myriad legal issues presented may be weak (particularly given

that he appears to lack prior experience with many of them), and where the experience that Goldstein does have overwhelmingly falls in appellate advocacy.

The dangers of hybrid representation are further heightened by generally skillful defendants and attorneys, as here. *See Roof*, 225 F. Supp. 3d at 397 ("[T]he trial court should take care to prevent the use of standby 'counsel as an instrument to distort the system,' which 'a skillful defendant'—or skillful standby counsel—'could manipulate to create reversible error.'" (cleaned up) (quoting *Singleton*, 107 F.3d at 1096, 1102)); *Fields v. Murray*, 49 F.3d 1024, 1029 (4th Cir. 1995) (en banc) (noting that the trial court "must traverse a thin line" between rights to counsel and self-representation and "a skillful defendant could manipulate" this line "to create reversible error"); *see also* Letter Order 3, *Henson*, ECF No. 179 (quoting *Roof*).

Hybrid representation also inevitably results in disputes over the appropriate trial strategy, which correspondingly invite undue trial delays. *See United States v. Mosely*, 810 F.2d 93, 98 (6th Cir. 1987) (holding district court properly exercised discretion by denying motion for hybrid representation). Such an approach may lead to inconsistent arguments being advanced by Goldstein and his attorneys, and/or to duplicative and cumulative litigation of consistent arguments. This is true "regardless of the legal experience of the defendant." *Id.* (affirming denial of hybrid representation where defendant argued his status as an attorney and judge made it appropriate). At trial, hybrid representation arrangements can confuse jurors about the line between a *pro se* defendant's advocacy versus evidence the jury is permitted to consider. *See* Letter Order 3, *Henson*, ECF No. 179; *cf. McKaskle*, 465 U.S. at 177 (recognizing concern that multiple voices "for the defense" may confuse defendant's desired message to the jury).

## **CONCLUSION**

In sum, there are many reasons to deny Goldstein's request for hybrid representation at the upcoming hearing, and Goldstein has not established a "special need" for such representation. Accordingly, for all the reasons stated above, the government respectfully requests that the Court deny Goldstein's request. If, however, Goldstein knowingly and voluntarily waives his right to counsel through a *Faretta* colloquy before the motions hearing, the Court need not—and *should not*—permit retained counsel to be heard during argument on his pretrial motions.

The government conferred with counsel for Goldstein regarding the relief sought in this motion, and they indicated that Goldstein will oppose it.

Respectfully submitted,

KELLY O. HAYES
United States Attorney

Sean Beaty
Senior Litigation Counsel
Emerson Gordon-Marvin
Hayter Whitman
Trial Attorneys
Department of Justice—Tax Division

Adeyemi Adenrele
Assistant United States Attorney
District of Maryland

**CERTIFICATE OF SERVICE**

I hereby certify that on August 4, 2025, I electronically filed the foregoing with the Clerk of

Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

SEAN P. BEATY
Senior Litigation Counsel