IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | **CRIMINAL NO. LKG-25-6** |
| **THOMAS C. GOLDSTEIN,** | * | |
| | * | |
| Defendant. | * | |
| | * | |

**DEFENDANT THOMAS C. GOLDSTEIN'S
NOTICE IN RESPONSE TO THE GOVERNMENT'S
NOTICE OF SUPPLEMENTAL AUTHORITY (ECF NO. 181)**

The Court should disregard the government's improper last-minute filing. Local Rule 105(b)(2) expressly prohibits filings after 4:00 p.m. on the afternoon before the last business day preceding the hearing, a deadline that the government did not meet. The purpose of this rule is to prohibit a party from doing exactly what the government did here—making gratuitous arguments on the eve of a hearing after briefing has been completed.

In any event, the government's reliance on the cited authority, *United States v. Gyetvay*, 149 F.4th 1213 (11th Cir. 2025), is misplaced. *Gyetvay* does not, as the government suggests, hold that an order tolling the statute of limitations under 18 U.S.C. 3292 applies to all potential charges under a given statute, even if those charges did not relate to the tolling application under Section 3292 and the court's subsequent order granting tolling. In *Gyetvay*, the appellate court reversed the district court's decision upholding the 3292 order on the ground that the application and order failed to allege a violation of the charged offense, willful failure to file a tax return in violation of 26 U.S.C. 7203. It was not sufficient, the court held, that the facts underlying the

1

Section 7203 charges were discussed in the tolling application. The Eleventh Circuit stressed that tolling, including under Section 3292, should be construed narrowly. And it looked in particular to whether the application alleged and the tolling order found that relevant evidence would be located abroad.

That issue – *i.e.*, the scope of tolling under Section 3292 when tolling applies – is not before this Court now. It would arise only if the Court denies the defense's pending motion to invalidate the tolling orders at issue.

In any event, on that issue *Gyetvay* supports the defense's position, not the government's. *Gyetvay's* focus on the allegations in the application to interpret the scope of the tolling order necessarily means that tolling does not apply to the extent that charges are unrelated to the tolling application at all. That is particularly true where, as in this case, there is no evidence relating to the allegations that could reasonably be expected to be found in the foreign jurisdiction.

An array of decisions ignored by the government have held that tolling under Section 3292 applies only with respect to the allegations in the tolling application and order. Those courts reject reasoning that would illogically extend tolling to distinct allegations that are not the subject of the request for evidence located abroad. *See United States v. Wilson*, 249 F.3d 366 (5th Cir. 2001), *abrogated on other grounds by Whitfield v. United States*, 543 U.S. 209 (2005); *United States v. Ratti*, 365 F. Supp.2d 649 (D. Md. 2005); *United States v. Michel*, 2019 WL 5797669 (D.D.C. Nov. 6, 2019); *United States v. Arrington*, 2013 WL 5963140 (D. Neb. Nov. 7, 2013); *United States v. Swartzendruber*, 2009 WL 485144 (D.N.D. Feb. 25, 2009); *United States v. Neill*, 952 F. Supp. 831 (D.D.C. 1996).

The government's contrary argument is that the court in *Gyetvay* described the relevant "offense" for purposes of Section 3292 as the alleged statutory violation – in that case the

violation of 26 U.S.C. 7203. But that merely reflected the facts of that case, not an interpretation of the word "offense." As discussed, in *Gyetvay*, the alleged Section 7203 violations did not include multiple distinct allegations, some of which related to the tolling application and others that did not.

The government's contrary interpretation of *Gyetvay* makes no sense in light of the purpose of Section 3292. It asserts that tolling applies with respect to allegations for which the government did not allege and the court did not find that it was likely that evidence would be found abroad. As a result, tolling would be completely untethered from the purpose of the tolling regime. Unsurprisingly, there is no actual support—in *Gyetvay* or anywhere else—for that illogical reading of the statute.

Respectfully submitted,

*/s/ Jonathan I. Kravis*
Jonathan I. Kravis (Bar No. 31556)
Stephany Reaves (Bar No. 19658)
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue NW, Suite 500E
Washington, DC 20001
(202) 220-1100
Jonathan.Kravis@mto.com
Stephany.Reaves@mto.com

Adeel Mohammadi (pro hac vice)
MUNGER, TOLLES & OLSON LLP
350 S. Grand Avenue, 50th Floor
Los Angeles, CA 90071
(213) 683-9100
Adeel.Mohammadi@mto.com

*Attorneys for Defendant Thomas Goldstein*

Dated: October 6, 2025