**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | **CRIMINAL NO. LKG-25-6** |
| | * | |
| **THOMAS C. GOLDSTEIN,** | * | |
| | * | |
| Defendant. | * | |
| ******** | | |

**DEFENDANT THOMAS C. GOLDSTEIN'S
CORRECTED SUPPLEMENTAL FILING REGARDING
MOTION TO DISMISS EMPLOYEE ALLEGATIONS (ECF NO. 122) AND
<u>MOTION FOR BILL OF PARTICULARS (ECF NO. 125)</u>**

**INTRODUCTION**

The government's recent filing (ECF No. 178) regarding the defense motion to dismiss the employee allegations (ECF No. 122) and the defense motion for bill of particulars (ECF No. 125) confirms that the government cannot explain its own theory of liability. The government's filing retracts prior unequivocal representations that the government made to the defense and upon which the defense relied in its motions. The government's revised position only reinforces the due process violation for the additional reason that the government's theory—which it had previously disclaimed—violates the novel construction doctrine. And it further illustrates the need for disclosure of the legal instructions given to the grand jury relating to this charge (Count 3).

**BACKGROUND**

The Superseding Indictment alleges that defendant Thomas Goldstein caused his law firm "to list as employees four women with whom he was having or pursuing intimate personal relationships." ECF No. 159, ¶ 56. The Superseding Indictment further alleges that these employees "performed little or no work" for the firm, and that payment of salary and benefits to the employees "replaced or added to personal payments" that Mr. Goldstein was making to the women. *Id.* The Superseding Indictment alleges that the firm's deduction of the salary and benefits paid to the employees constituted willful tax evasion by Mr. Goldstein. The government does not dispute that the total tax benefit from these deductions totaled approximately $14,000.

The defense filed a pretrial motion to dismiss these allegations as void for vagueness. ECF No. 122. The motion argued that in light of the government's concession that three of the employees performed at least some work for the firm while the fourth went on unpaid leave shortly after joining the firm, there is no clear legal rule that makes deduction of their salary and

1

benefits a federal crime. The defense also filed a pretrial motion for a bill of particulars on the government's allegations about the employees. ECF No. 125, at 9.

At the time it filed these motions, the defense understood the government's theory of liability to be that these individuals were not "bona fide employees" of the firm and therefore the deduction of *any* portion of their salary and expenses would be unlawful. However, the government's opposition briefs could be read to suggest a different theory, namely that the individuals may have been bona fide employees, but their work had relatively little value to the firm such that the firm was entitled to deduct *some but not all* of their salary and benefits. *E.g.*, ECF No. 135, at 20 (stating that the government "will not be required to prove—nor must the Indictment state—the precise amount of income that was unreported as a result of the deductions").

Because this alternative theory suggested by the government's opposition could give rise to a different legal ground for moving to dismiss, the defense sought clarification from the government via email on July 9, 2025. The defense's email to the government noted the sentence quoted above and asked whether the government was alleging "that the individuals may have been 'bona fide employees' but their work had little value to the firm, and therefore the firm was entitled to deduct some but not all of their salary and benefits." ECF No. 178-1, at 2. The government's response was clear: "The Government's position is that the four women were not bona fide employees of the law firm, and that any payments to or on behalf of the women were not deductible." *Id.* at 1. In reliance on the government's representation, the defense did not seek the Court's leave to file an additional pretrial motion on this issue based on the government's position in its opposition briefs, and the defense withdrew the portion of its motion for a bill of particulars seeking more information on the government's theory. In advance of the

2

hearing on this motion, the defense filed a short supplemental notice advising the Court of the government's position to clarify the issue in dispute. ECF No. 171. The defense notice quoted the relevant sentence of the government's July 9 email verbatim.

Two weeks later, the government reversed course. In a filing captioned as a "Response to Defendant's Notice," the government stated that the notice "misstates or misrepresents the government's position." ECF No. 178, at 1. The government now said that "a single sentence plucked from a single email" did not represent its position on the theory of liability underlying these allegations. *Id.* at 2. The government's filing did not further elaborate on what exactly the government's theory of liability is.

## ARGUMENT

In its response to the defense notice, the government has changed its position. The government's July email was clear: "The Government's position is that the four women were not bona fide employees of the law firm, and that any payments to or on behalf of the women were not deductible." ECF No. 178-1, at 1. While the government complains that the defense notice quotes a "single sentence plucked from a single email," the fact is that this is the only sentence in the government's only email that describes its position on this issue, and the sentence is not ambiguous. ECF No. 178, at 2. The suggestion that the defense notice (which quoted the email verbatim) "misstate[d]" or "misrepresent[ed]" the government's position is disingenuous. ECF No. 178, at 1. The truth is that the government took a clear position, and then abandoned it.

The prosecution's flip flop reinforces the due process violation here. The government has cited (and the defense has found) no case in which the Justice Department has brought criminal charges on the theory that a taxpayer was entitled to deduct some, but not all, of an employee's salary and benefits—much less a case in which the court has upheld such charges.

3

The government's allegations regarding the firm employees therefore violates the novel construction doctrine as well as the void for vagueness doctrine.  In addition, the government's changing positions on its theory of liability underscores the need to review the legal instructions provided to the grand jury, as the prosecution's inability to explain its own theory strongly suggests that the grand jury was mis-instructed.

**I.      The Employee Allegations Violate The Novel Construction Doctrine.**

The defense's initial motion to dismiss the employee allegations focused on the void for vagueness doctrine based on the defense's understanding of the government's theory (confirmed by the July email)—namely that the deduction of any portion of the salary and benefits paid to the employees was unlawful because the individuals (according to the government) were not bona fide employees.  The government's about-face on that theory creates another, related due process violation, under the novel construction doctrine.[1]

"[D]ue process bars courts from applying a novel construction of a criminal statute to conduct that neither the statute nor any prior judicial decision has fairly disclosed to be within its scope."  *United States v. Lanier*, 520 U.S. 259, 266-67 (1997).  When a court "unexpectedly broadens a statute which on its face had been definite and precise," that "judicial enlargement . . . , applied retroactively, operates precisely like an ex post facto law."  *Bouie v. City of Columbia*, 378 U.S. 347, 353 (1964).  The novel construction doctrine and the void for

---

[1] The Court's scheduling order set a pretrial motions deadline of May 16, 2025.  This filing supplements the prior defense motions, ECF Nos. 122 & 125, based on the government's recent retreat from its prior representations to the defense about the theory of criminal liability at issue.  In any event, a pretrial motions deadline may be extended for "good cause." Fed. R. Crim. P. 12(d).  Here, the defense relied on the government's representations regarding the position set forth in its opposition, and as confirmed by its July 14, 2025 email.  The government's retreat from those representations in its September 26, 2025 filing gives the defense good cause to file a new pretrial motion based on the government's changed position.

4

vagueness doctrines (along with the rule of lenity) are "'related manifestations'" of the general principle that due process requires "'fair warning'" of criminal prohibitions. *United States v. DeFilippo*, 685 F. Supp. 3d 129, 138-39 (D. Conn. 2023) (citing *Lanier*, 520 U.S. at 266).

      Here, an interpretation of the tax evasion statute, 26 U.S.C. § 7201, that makes it a federal crime to deduct some unspecified portion of the salary and benefits paid to the firm employees violates the novel construction doctrine. The theory would be that the firm was entitled to deduct *some portion* of the salary and benefits paid to the employees (because they performed some work for the firm), but that the deduction of *all* their salary and benefits was a crime either because the employees did not work a sufficient number of hours, or because their work did not create sufficient value for the firm to justify the full deduction, or because Mr. Goldstein's subjective purpose in hiring the employees was purportedly to "replace[] or add[] to personal payments" he was making to them—the government does not say which.

      The tax evasion statute says nothing about any of this. That statute makes it a crime to "willfully attempt[] in any manner to evade or defeat any tax imposed by this title." 26 U.S.C. § 7201. The language of the statute itself, which is the "touchstone" of the novel construction inquiry, *United States v. Phillips*, 690 F. Supp. 3d 268, 292-93 (S.D.N.Y. 2023) (citation and internal quotation marks omitted), does not fairly disclose a theory of liability under which a small business owner could be entitled to deduct an employee's salary up to a certain point, but criminally liable for deducting the entire salary.

      Nor do the authorities in the government's opposition to the defense motion to dismiss provide fair disclosure of this interpretation of the criminal tax evasion statute. Those are civil tax cases—they do not announce a criminal rule, *see generally* ECF No. 154—and in any event they do not fairly disclose anything resembling the rule that the government apparently asks this

5

Court to invoke in this case. In its filings on this issue, the government still has cited no case in which the government even invoked the theory of criminal liability that it presents here—let alone a case upholding such a theory under the Due Process Clause.

This case is thus akin to other prosecutions based on expansive and unprecedented interpretations of federal statutes that have been dismissed on novel construction grounds. In *United States v. Lee*, for example, the court held that due process prohibited the defendant's prosecution under the Bankruptcy Fraud statute, 18 U.S.C. § 157, for failure to make a required disclosure in a bankruptcy court filing. 82 F. Supp. 2d 384 (E.D. Pa. 2000). The court explained that, while the defendant's conduct as alleged was "wrongful" and "would lead to civil liability," the court could not "with fidelity to due process read the language of [the statute]" to make it a crime. *Id.* at 389.

Similarly, in *United States v. DeFilippo*, 685 F. Supp. 3d 129 (D. Conn. 2023), the district court dismissed criminal charges under 18 U.S.C. § 241 for alleged interference in local elections. The court explained that the statute did not give "fair warning" that the charged conduct was a crime, and therefore the defendant "lack[ed] the constitutionally required notice that his conduct violated the law." *DeFilippo*, 685 F. Supp. 3d at 138-39. The court therefore held that the government's theory of criminal liability violated due process under both the void for vagueness doctrine and the novel construction doctrine.

It is not an answer to say, as the government does in its supplemental filing, that the government's July email "did not change or abrogate the government's position or the grand jury's allegations in the Superseding Indictment." ECF No. 178, at 2. The purpose of both the void for vagueness doctrine and the novel construction doctrine is to protect a defendant's due process right not to face criminal trial without fair warning that the conduct at issue is a crime.

To survive a due process challenge, the government must explain how the indictment's theory of criminal liability comports with this rule. Pointing to the text of the indictment is not enough. Instead, the government must explain how an ordinary person would understand that their conduct is prohibited (under void for vagueness) and how the statute has fairly disclosed the conduct to fall within its scope (under novel construction). Here, the government's inability to settle on a description of the applicable legal standard only reinforces that its theory fails both tests.

## II.  The Government's Inconsistent Positions Reinforce the Defense Need for the Legal Instructions to the Grand Jury.

The defense motion to compel, ECF No. 127, seeks transcripts of the legal instructions to the grand jury. The government's supplemental filing reinforces the defense need for those instructions, particularly as it relates to the employee allegations.

As set forth in the defense motion, "where a prosecutor's legal instruction to the grand jury seriously misstates the applicable law, the indictment is subject to dismissal if the misstatement casts 'grave doubt that the decision to indict was free from the substantial influence' of the erroneous instruction." *United States v. Stevens*, 771 F. Supp. 2d 556, 567 (D. Md. 2011) (citation omitted). Accordingly, courts have authorized disclosure of the legal instructions to the grand jury where there is reason to believe that the government has given an erroneous legal instruction to the grand jury. ECF No. 127, at 11-12 (citing cases).

The government's filings on the employee allegations provide such a reason. The government's descriptions of the legal theory underlying these allegations has been all over the map. The government's opposition to the defense motion to dismiss cited different standards from two civil cases, *Loewy Drug Co. of Baltimore City v. United States*, 232 F. Supp. 143 (D.

Md. 1964), and *Actavis Lab'ys, Inc. v. United States*, 161 Fed. Cl. 334 (2022).  As the defense explained in its reply, the standards in these two cases are not consistent, and would dictate different outcomes in a variety of scenarios (including as applied to the allegations in the Superseding Indictment).

In July, the government told the defense that its position is "that the four women were not *bona fide employees* of the law firm, and that *any payments to or on behalf of the women were not deductible*." ECF No. 178-1, at 1 (emphasis added).  Two months later, the government changed course, representing to the Court that this sentence was a "plucked from a single email" and that the defense filing quoting this email "misstates or misrepresents the government's position," ECF No. 178.  Apparently, the government cannot or will not decide whether the federal criminal tax evasion statute allowed the firm to deduct *some* of the salary and benefits or not.

This vacillation on the nature of the core conduct prohibited by the tax evasion statute in this context raises a serious concern that the government mis-instructed the grand jury on this key point.  If that is the case, then the indictment is subject to dismissal under *Stevens*.  The defense therefore requests that the Court grant its motion to compel production of the grand jury legal instructions, particularly with respect to this allegation.

        Respectfully submitted,

        /s/ *Jonathan I. Kravis*
        _____
        Jonathan I. Kravis (Bar No. 31556)
        Stephany Reaves (Bar No. 19658)
        MUNGER, TOLLES & OLSON LLP
        601 Massachusetts Avenue NW, Suite 500E
        Washington, DC 20001
        (202) 220-1100
        Jonathan.Kravis@mto.com
        Stephany.Reaves@mto.com

        Adeel Mohammadi (*pro hac vice*)
        MUNGER, TOLLES & OLSON LLP
        350 S. Grand Avenue, 50th Floor
        Los Angeles, CA 90071
        (213) 683-9100
        Adeel.Mohammadi@mto.com

        *Attorneys for Defendant Thomas Goldstein*

Dated: October 15, 2025