IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| v. | ) ) | Criminal Case No. 25-cr-00006-LKG |
| THOMAS C. GOLDSTEIN, | ) ) | Dated: December 12, 2025 |
| Defendant. | ) ) ) | |

**ORDER ON THE PARTIES' MOTIONS IN LIMINE**

For the reasons stated during the hearing on the parties' motions *in limine*, held on December 12, 2025, in the above-captioned criminal matter, the Court:

(1) **DENIES-as-MOOT** the Government's motion *in limine* for early disclosure of reliance defense (ECF No. 200);

(2) **GRANTS-in-PART and DENIES-in-PART** the Government's motion *in limine* to preclude the Defendant from offering argument or evidence concerning alleged deficiencies in the Government's investigation or disclosures (ECF No. 202) and **PRECLUDES** the Defendant from raising or arguing issues regarding alleged prosecutorial misconduct and/or irregularities with the Government's investigation and Grand Jury proceedings during the trial;

(3) **HOLDS-in-ABEYANCE** the Government's motion *in limine* to preclude the Defendant from introducing self-serving hearsay, his exculpatory statements or agent interview summaries (ECF No. 203);

(4) **GRANTS-in-PART and DENIES-in-PART** the Government's motion *in limine* to preclude improper arguments (ECF No. 204) and **PRECLUDES** the Defendant from introducing evidence regarding civil and administrative remedies to resolve taxes and the mental state defense during trial;

(5) **GRANTS-in-PART and DENIES-in-PART** the Defendant's motion *in limine* to exclude the proposed expert testimony of Quoc Tuan Nguyen (ECF No. 205) and **EXCLUDES** Mr. Nguyen's expert testimony to the extent that it relates to the Defendant's state of mind;

1

(6) **GRANTS-in-PART and DENIES-in-PART** the Defendant's motion *in limine* to limit the proposed expert testimony of Colleen Ranahan (ECF No. 206) and **EXCLUDES** Ms. Ranahan's expert testimony concerning the four women employees related to the Government's tax evasion charges in Count 3 of the Second Superseding Indictment;

(7) **GRANTS-in-PART** the Government's motion *in limine* to admit business records and exclude withheld defense evidence (ECF No. 207) and **HOLDS-in-ABEYANCE** the Government's motion as to the business certifications for Reflex Media and Emirate Airlines;

(8) **GRANTS-in-PART and DENIES-in-PART** the Government's motion *in limine* to exclude certain opinions of the Defendant's expert witness, David Williams (ECF No. 208) and **EXCLUDES** Mr. Williams' expert testimony on Topics 1, 2, 3, 5, 7, 8 and 9 of the Defendant's expert notice;

(9) **GRANTS-in-PART and DENIES-in-PART** the Government's motion *in limine* to exclude the opinions of the Defendant's expert witness, Jason Trager (ECF No. 209) and **EXCLUDES** Mr. Trager's expert testimony to the extent that it relates to the Defendant's state of mind; and

(10) **GRANTS-in-PART and DENIES-in-PART** the Defendant's motion *in limine* to preclude evidence of uncharged misconduct and other character evidence (ECF No. 210) and **EXCLUDES** the following evidence from being admitted at trial: (1) evidence of the Defendant's SCOTUS briefs (Category 2); (2) evidence that the Defendant failed to timely file and pay taxes for tax years before the charging period (Category 3); (3) evidence that the Defendant did not timely file or pay his 2022 and 2023 federal taxes (Category 4); (4) evidence that the Defendant failed to report gambling winnings in previous years (Category 6); and (5) evidence concerning personal relationships related to the Government's tax evasion charges in Count 3 of the Second Superseding Indictment; and

(11) **PRECLUDES** the Government from referring to the uncharged conduct in the paragraph 45 of the Second Superseding Indictment as "illicit and fraudulent."

**IT IS SO ORDERED.**

s/ Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge

2