# Exhibit A



**U.S. Department of Justice**

**Tax Division**

| | | |
|---|---|---|
| Emerson Gordon-Marvin | *Mailing Address* | *Phone: (202) 307-0872* |
| Trial Attorney | *150 M Street, N.E.* | |
| Emerson.Gordon-Marvin@usdoj.gov | *Washington, D.C. 20002-3388* | |

September 12, 2025

**VIA EMAIL**

Jonathan Kravis
Munger, Tolles & Olson LLP
601 Massachusetts Ave. NW, Suite 500E
Washington, DC 20001
jonathan.kravis@mto.com

     Re:    United States v. Thomas C. Goldstein (8:25-cr-0006-LKG)

Dear Counsel:

At trial, the government anticipates it will call Revenue Agent Colleen Ranahan of the Internal Revenue Service – Special Enforcement Program ("SEP"). Pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G), the Government hereby provides notice of its intent to call Agent Ranahan to testify as an expert on select topics, discussed below. Although not required by Rule 16, the Government also provides notice herein, out of an abundance of caution, about other topics on which Agent Ranahan will testify as a summary and/or fact witness.

The government reserves the right to offer additional testimony by this expert, or other expert witnesses, and for the experts to amend or adjust their opinions and the bases for those opinions due to information made known to the experts before or during trial.

### Publications & Recent Expert Testimony

Agent Ranahan has authored no publications in the previous ten years. In the past four years, Agent Ranahan has been qualified and testified as an expert in one trial: *United States v. Michael Kohn et al.*, Case No. 22-CR-0060 (W.D.N.C. 2024).

### Experience & Curriculum Vitae

Agent Ranahan's CV is included with this letter. Agent Ranahan is currently a Revenue Agent with the IRS's Special Enforcement Program. Agent Ranahan has been a Revenue Agent with the IRS over 19 years. Her current duties involve assisting IRS Criminal Investigation, the Department of Justice, Tax Division, and United States Attorneys' Offices throughout the country

with criminal tax investigations. Agent Ranahan reviews tax returns filed by targets of criminal investigations and reconciles them to source documents and testimonial evidence. Her analysis concludes with a schedule of potential tax due and owing as a result of underreported income or inflated deductions.

Agent Ranahan started her career with the IRS in June 2006 after recently graduating from Southern New Hampshire University with a Bachelor of Science degree in Accounting. Agent Ranahan continued her education after starting work with the IRS, ultimately obtaining a Master of Business Administration in 2007 and a Graduate Certificate in Forensic Accounting and Fraud Examination in 2008 (both also from Southern New Hampshire University). Agent Ranahan was hired as a Revenue Agent with the small business and self-employed (SB/SE) group at the IRS.

At the start of her career, Agent Ranahan went through extensive new-hire training to be a Revenue Agent. The training consisted of three general areas: (1) individual income tax training for Forms 1040; (2) corporation income tax training for Forms 1120; and (3) flow-through entity training, including Forms 1120S and 1065. In addition, for every year she has been employed with the IRS, Agent Ranahan is required to complete at least 40 hours of continuing education classes. Agent Ranahan started her career working on audits of individual taxpayers and self-employed individuals.

After a few years, Agent Ranahan was asked to be the RGS (report generations software) Coordinator. RGS is the software that revenue agents use to complete tax computations in audits. In that role, Agent Ranahan assisted revenue agents throughout the North Atlantic United States on complex tax computations. During her long tenure as a Revenue Agent, Agent Ranahan has worked on hundreds of audits. In this role, she is asked to apply her knowledge of the tax laws to particular tax returns and propose adjustments, if necessary.

In 2014, Agent Ranahan joined the Special Enforcement Program ("SEP") and began assisting with criminal tax investigations. In her role with the SEP program for the last decade, Agent Ranahan has testified in grand jury and as a summary witness in jury trials, in addition to her testimony as an expert witness in *Kohn*. When she joined the SEP group, she attended Special Enforcement basic training as well as expert witness training. Based Agent Ranahan's extensive experience, the IRS has made her a lead instructor for special enforcement basic training and expert witness training. She is also the acting manager of the New England Special Enforcement Group.

## Anticipated Testimony

The Government will offer Agent Ranahan as both a summary witness and an expert witness. Agent Ranahan's testimony will assist the jury by explaining the federal tax consequences of the personal expenses deducted as business expenses, unreported gambling winnings, and unreported income as described in the Superseding Indictment ("Indictment"), which is a subject matter for which expert testimony is admissible and relevant. Agent Ranahan's testimony primarily will address the taxes and tax reporting of Defendant personally and of Goldstein and Russell, P.C. ("G&R"), as a business.

As discussed below, the anticipated basis for Agent Ranahan's opinions will be her experience and training in the field of taxation, the documents and oral testimony offered at trial, and the summaries of voluminous evidence admissible under Federal Rule of Evidence 1006. These records include but are not limited to tax returns filed with the IRS, bank records, and communications with and by the Defendant regarding various financial transactions and items of income. Her testimony will be based on the Internal Revenue Code and will include her understanding of the relevant law and application of it to the facts as she understands them.

## I.  Expert Testimony

The Government anticipates that, based on her experience and after hearing the testimony of the witnesses and reviewing the admitted evidence, Agent Ranahan will be qualified to opine as an expert on two topics: the tax consequences of the personal payments and the impermissibility of Defendant's use of a SCOTUSblog, Inc. ("SCOTUSblog"), employee for personal errands during the workday. Each are discussed in detail below.

**Tax consequences of personal payments:** The Indictment alleges that Defendant made various personal payments—including for personal and gambling debts, and for women with whom he had or was pursuing intimate personal relationships and whom he placed on G&R's payroll and health insurance—from G&R bank accounts and that these personal payments were misclassified and improperly deducted as business expenses ("misclassified personal payments").

After hearing testimony and evidence at trial, the Government anticipates that Agent Ranahan will be qualified to offer her opinion about these personal payments that were classified and deducted as business expenses: namely, that they were personal expenses and did not qualify as "ordinary and necessary" business expenses, so Defendant was not allowed to deduct them under the Internal Revenue Code. She will therefore disallow the deduction of these misclassified personal payments.

Specifically, Agent Ranahan will opine that Defendant's personal payments from G&R bank accounts to, among others, Law Firm-2, Professional Gambler-1, the Producer, California Businessman-1, and California Businessman-3 did not constitute "ordinary and necessary" business expenses and could not be properly deducted as business expenses for G&R's Forms 1120-S. On this basis, she will disallow those misclassified personal payments.

Similarly, Agent Ranahan will opine that Defendant's payments through G&R for the payroll and health insurance premiums of women—who performed little to no work for G&R, did not qualify for health insurance under the terms of G&R's health insurance policy, and with whom Defendant had or was pursuing intimate personal relationships— did not constitute "ordinary and necessary" business expenses, and could not be properly deducted as business expenses for G&R's Forms 1120-S. On this basis, she will disallow those misclassified personal payments.

**Improper use of SCOTUSblog Employee:** As discussed in the government's separate notice regarding Rule 404(b) evidence, the Government may seek to introduce evidence and testimony that Defendant often directed a full-time employee of SCOTUSblog, a 26 U.S.C. § 501(c)(3) entity, to run personal errands for Defendant during the workday.

To the extent that such evidence and testimony is presented, the Government anticipates Agent Ranahan will be able to offer her opinion that Defendant's use of the SCOTUSblog employee for personal errands was not permissible under the Internal Revenue Code because it does not allow a 501(c)(3) entity to pay an employee to conduct personal errands for donors unrelated to the entity's charitable mission.

## II. Fact and Summary Testimony

In addition to the above expert opinions, the Government anticipates Agent Ranahan will provide fact and summary testimony on the topics listed below. The Government is providing this notice now out of an abundance of caution. Please let us know immediately if you consider any of this anticipated testimony to be expert testimony.

**Bank Records:** Agent Ranahan will testify about bank records that are introduced into evidence without the testimony of a records custodian, pursuant to Federal Rules of Evidence 803(6) and 902(11), including, but not limited to, signature cards, deposit items, withdrawal items, and bank statements. Agent Ranahan may also introduce and explain charts summarizing activity in bank accounts of Defendant and G&R. Agent Ranahan's testimony about bank records will be summary in nature and limited to the evidence introduced at trial.

**Personal Expenses:** As part of her testimony, Agent Ranahan will summarize testimony and documents related to Defendant's personal expenditures from G&R's bank accounts and his own. Agent Ranahan may also introduce and explain charts summarizing these personal expenditures by Defendant, and the timing of those expenditures relative to when Defendant's filed (or did not file) tax returns and when his taxes payments were due. Agent Ranahan's testimony about personal expenditures will be summary in nature and limited to the evidence introduced at trial.

**Tax Returns and Forms:** Agent Ranahan will testify about various tax returns and tax forms including, but not limited to, Forms 1120-S, Schedules K-1, Forms 1040, and the various Forms and Schedules associated with Forms 1040, such as Schedules A, E, and 1. She will testify about the taxation of income earned by a Subchapter S corporation like G&R, deductions for such a corporation, the use of Schedules K-1 to report a partner's share of income from a Subchapter S corporation, and the proper way to report income from a Subchapter S corporation on an individual income tax return.

Agent Ranahan also will testify about the tax reporting procedures for professional and amateur gamblers, including the proper tax reporting of gambling winnings, losses, and expenses, as well as how and on what tax returns and forms such reporting should occur. The Government also anticipates that Agent Ranahan will testify about the requirements

to maintain gambling records, to file various tax forms (including Forms 1040), and to pay income taxes on the date those taxes are due. Agent Ranahan's testimony about tax returns and forms will be based on her training and experience as a revenue agent.

**Calculation of Income:** Agent Ranahan will calculate Defendant's income for tax years 2016 through 2021, based on records and testimony introduced at trial and her training and experience as a revenue agent. Her calculations will include, but not be limited to, Defendant's gross gambling winnings, his income from diverted and/or unreported legal fees (*e.g.*, from Law Firm-1, Law Firm-2, and the Actor), and his unreported income from G&R that resulted from his misclassified personal payments.

**Calculation of Tax Due and Owing:** Agent Ranahan will present her computations of Defendant's tax due and owing for tax years 2016–2021 based on her training and experience as a revenue agent. Because the Court has not yet ruled on Defendant's pre-trial motions challenging various tax evasion counts and allegations, the scope of calculations may vary significantly depending on the Court's pre-trial motions rulings. The Government therefore will provide Agent Ranahan's draft tax due and owing calculations after those rulings but before trial.

**Introduction of Other Records:** Agent Ranahan may introduce and discuss other records that are admissible in evidence without the testimony of a records custodian, including business records and public records. Agent Ranahan's testimony about these records will be summary in nature and limited to the evidence introduced at trial.

**501(c)(3) Charitable Entities:** Subject to the limitations in the preceding Expert Testimony section above, Agent Ranahan may testify about how and when donations to 26 U.S.C. § 501(c)(3) charitable entities may be deducted, as well as the purposes for which such a charitable entity may be used, including the work its employees may be paid to conduct. Her testimony on these topics will be based on her training and experience as a revenue agent.

**2022 and 2023 Tax Obligations**: To the extent that evidence and testimony at trial establishes that Defendant earned income for tax years 2022 and 2023 but has not or has late filed individual income tax returns or paid taxes due,[1] Agent Ranahan will calculate Defendant's income, present tax computations, and explain Defendant's unfulfilled duty to file returns and fully pay taxes due and owing for tax years 2022 and 2023.

Agent Ranahan will create and aid in the creation of Rule 1006 summaries that the government will seek to introduce as substantive evidence at trial. Agent Ranahan will also create and aid in the creation of illustrative aids, which the government will seek to use during her testimony pursuant to Rule 107(a). The government may also seek to permit these records to be

---

[1] Defendant's failure to timely file individual income tax returns and pay his full income taxes due for 2022 and 2023 are discussed in more detail in the separate notice regarding Rule 404(b) evidence.

given to the jury for use in their deliberations, pursuant to Rule 107(b). The government will provide copies of all draft illustrative aids and Rule 1006 summaries prior to their use at trial.

Finally, because a summary witness must be present in the courtroom to hear all testimony and view all exhibits, the government will seek permission to have Agent Ranahan present in the courtroom for the entire trial, pursuant to Federal Rule of Evidence 615. Please let us know if you object to this request.

Sincerely,

KELLY O. HAYES
United States Attorney

/s/ Emerson Gordon-Marvin
Emerson Gordon-Marvin
Hayter Whitman
Trial Attorneys
Sean Beaty
Senior Litigation Counsel
Department of Justice, Tax Division

Adeyemi Adenrele
Assistant United States Attorney
United States Attorney's Office
District of Maryland

### **Agent Ranahan's Acknowledgement**

I, Colleen Ranahan, have reviewed and agree with the contents of this disclosure.


Date: September 12, 2025                          /s/ *Colleen Ranahan*
                                                          Colleen Ranahan
                                                          IRS Revenue Agent

Colleen Ranahan
Internal Revenue Agent

## Education

- ➢ August 2008            Southern NH University          Manchester, NH
  - ○ Graduate Certificate – Forensic Accounting and Fraud Examination
- ➢ May 2007            Southern NH University          Manchester, NH
  - ○ Masters of Business Administration
- ➢ December 2005            Southern NH University          Manchester, NH
  - ○ Bachelor of Science - Accounting
- ➢ Various            Internal Revenue Service
  - ○ On the job training
    - ▪ Expert Witness Training
    - ▪ Special Enforcement Program Training
    - ▪ Revenue Agent 1040
    - ▪ Revenue Agent Corporate
    - ▪ Revenue Agent Flow Thru Entities
    - ▪ Continuing Professional Education

## Experience

**Special Enforcement Program Agent**                                    Sept 2014 - Present

Assist federal grand jury investigations.  Work with U.S. Attorney's offices and Department of Justice Tax Division to prepare criminal cases for grand jury and/or trial.  Assist in investigations of income tax returns filed by individuals, small businesses, organizations and other entities, focusing on individuals who make substantial income from legal and/or illegal activities and intentionally understate their tax liability.  Review and reconcile source documents to prepare detailed schedules of tax due & owing.

- Testified in jury trial as expert witness[1]
- Testified in jury trials as summary witness
- Testified in grand jury proceedings

**Internal Revenue Agent / RGS Coordinator**                                    March 2010 – August 2014

Assisted revenue agents throughout the North Atlantic territory on complex tax computations involving their adjustments and conclusions.

**Internal Revenue Agent**                                    June 2006 – February 2010

Conducted examinations of entities including individuals, sole proprietorships, small corporations, partnerships, and fiduciaries that may involve a number of separate tasks or procedures.  Used auditing techniques and practices to examine various tax returns, determine the correct tax liability, identify situations with potential for understated taxes, and recognize potential fraud.

Examined accounting systems and records including computerized accounting and financial information systems, which reflected a variety of complex financial operations. Gathered and researched data from a variety of sources, and/or specialized accounting practices unique to particular trades and industries.

**Adjunct Professor / IRS instructor**                                    January 2008 - Present

Taught accounting classes including Introduction to Accounting, Intermediate Accounting, QuickBooks, and Auditing.  Teach new-hire training for Revenue Agent 1040, Revenue Agent 1120, RGS Software training, Special Enforcement Basic Training and Expert Witness Training.

---

[1] *United States v. Kohn et al.* (April 2024).