UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **United States of America,** )<br>)<br>Plaintiff, )<br>)<br>) **Case No. 25-CR-00006-LKG**<br>) <u>**REDACTED VERSION**</u><br>v. )<br>)<br>**THOMAS C. GOLDSTEIN,** )<br>)<br>Defendant. ) | |

## MEMORANDUM IN SUPPORT OF NON-PARTY JOHN DOE 2'S MOTION TO PROCEED UNDER A PSEUDONYM

Non-party John Doe 2, through undersigned counsel, hereby moves for permission to proceed under pseudonym in the above-captioned case. John Doe 2 has allegedly been served a subpoena (the "Subpoena"), which the United States of America (the "Government") caused to be issued on or about September 17, 2025, commanding him to appear and testify on January 13, 2026, in Greenbelt, Maryland. The subpoena was served via email on October 16, 2025. It was not personally served. John Doe 2 asks this Court to permit him to proceed pseudonymously because information in the Second Superseding Indictment and subsequent filings contain sensitive and personal information which, should his identity be disclosed here, would be connected to him. Should this Motion be set for hearing, John Doe 2 also respectfully requests that his presence not be required.

### LEGAL STANDARD

The decision of whether to permit parties to proceed pseudonymously at trial is part of management of the trial process, which is at the discretion of the district court. *See James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993). District courts may not deny such requests "on the basis of general disapproval of party anonymity at trial" or act based on any "general rule." *Id.* at

242. Instead, the decision whether to permit use of a pseudonym must be based on "the circumstances of particular cases." *Id.* at 238.

The Fourth Circuit has identified a nonexhaustive list of factors "for district courts to consider when deciding motions to proceed by pseudonym." *Doe v. Doe*, 85 F.4th 206, 211 (4th Cir. 2023). The district court may, but need not always, consider "whether the justification asserted by the requesting party…is to preserve privacy in a matter of sensitive and highly personal nature; whether identification poses a risk of…harm to the requesting party or even more critically, to innocent non-parties; …whether the action is against a governmental or private party; and, relatedly, the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously." *See James*, 6 F.3d at 238. While these factors have primarily been assessed in the context of civil matters, they remain relevant in this matter for a non-party. Additionally, other factors may and should be considered, based on the circumstances of the case.

## ARGUMENT

### I. John Doe 2 is a Private Non-Party Who Has Not Been Named in this Action.

The Fourth Circuit's nonexhaustive factors ask whether the requesting party is seeking to preserve privacy of matters that are sensitive and highly personal, and whether there is risk of harm "to the requesting party or *even more critically, to innocent non-parties*" (emphasis added). As a non-party, John Doe 2 did not bring this litigation, nor was he privy to any act or omission materially related to the Government's apparent investigation and indictment of Defendant. John Doe 2 lacks material knowledge of the facts of this action, underscoring the lack of necessity to disclose his identity. John Doe 2 also intends to file a Motion to Quash the Government's Subpoena, which necessarily provides significant sensitive and personal information. Were John

2

Doe 2's identity to be publicly disclosed, such information would necessarily be attributable to him as well. John Doe 2 is also a private party, rather than a governmental party, to whom all such sensitive information would be personally attributable. Thus, as a private non-party, John Doe 2's right to keep his identity from being disclosed weighs heavily in the balance of interests at hand.

**II. Proceeding Anonymously Would Not Risk Unfairness to Either Party to this Action.**

Most notably, in contrast with John Doe 2's interest in privacy, there is no risk of unfairness to either party in allowing him to proceed under a pseudonym. The Government is aware of John Doe 2's identity, as the Government allegedly served the Subpoena on John Doe 2. Defendant also may easily identify John Doe 2, as John Doe 2's Motion to Seal His Motion to Proceed Under Pseudonym notes that he is a non-party who is discussed but remains unnamed. As the risk of unfairness to the parties in this action is nonexistent, this factor weighs in favor of granting John Doe 2's motion.

For these reasons, John Doe 2 respectfully requests that this Court grant leave to file the Motion to Quash and supporting Memorandum under seal.

**III. Proceeding Anonymously Would Not Hinder the Public's Access to these Proceedings.**

An additional factor weighing in favor of the motion is the consideration of whether the public's access to these proceedings will not be hindered when John Doe 2's true identity, but not the facts surrounding the case, is protected. *See Doe v. Wantong Int'l, Inc.*, No. 6:25-cv-179-PGB-DCI, 2025 WL 712762 (M.D. Fla. Mar. 5, 2025 (granting motion to proceed anonymously while noting that the proceedings would otherwise "remain open to the public*"); see also Doe v. CoreCivic, Inc.*, No. 20-cv-01828, 2020 WL 3640058, at *2 (S.D. Tex. July 6, 2020) (finding public interest weighed in favor of anonymity when "most of the pertinent facts [are] made on

3

the public record" and the only non-public aspect "is [plaintiff's] actual identity."). The public will have access to the filings and proceedings in this case. The use of a pseudonym by a non-party who was not identified by name in the Second Superseding Indictment and who does not have material knowledge of the facts in question would not hinder the public's right to information about either the factual or legal questions in this matter. Thus, the public interest also weighs in favor of granting this motion.

## CONCLUSION

John Doe 2 respectfully requests that this Court grant his motion to permit him to proceed under a pseudonym.

Dated: December 15, 2025

Respectfully submitted,

/s/ Elizabeth Hughes
Elizabeth Hughes (Fed. Bar #22653)
Hughes Law Firm, PLLC
1825 K Street, NW, Suite 950
Washington, DC 20005
(202) 903-5472
(202 609-7005 Fax
Elizabeth@hugheslawfirm.com
*Attorney for Interested Party John Doe 2*

## CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2025, a true and correct copy of the foregoing was served via CM/ECF or email upon:

Adeyemi Adenrele
Assistant United States Attorney
6500 Cherrywood Lane, Suite 200
Greenbelt, MD 20770
Adeyemi.Adenrele@usdoj.gov

/s/ Elizabeth Hughes
Elizabeth Hughes