UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **United States of America,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 25-CR-00006-LKG |
| | ) <u>**Redacted Version**</u> |
| **THOMAS C. GOLDSTEIN,** | ) |
| | |
| **Defendant.** | |

---

**MEMORANDUM IN SUPPORT OF JOHN DOE 2'S MOTION TO QUASH SUBPOENA TO TESTIFY AT A HEARING OR TRIAL IN A CRIMINAL CASE**

## TABLE OF CONTENTS

**Table of Authorities** ................................................................................................. ii

**I. INTRODUCTION AND FACTUAL BACKGROUND**.................................1

**II. LEGAL STANDARD** ..................................................................................2

**III. ARGUMENT** ..............................................................................................3

    A.  The Subpoena Was Defectively Served by Email,
        Without Personal Delivery ..................................................................................4
    B.  The Subpoena Requires Attendance More Than 100 Miles from Mr. DOE's
        Residence, Rendering Compliance Unreasonable and Oppressive ................4
    C.  The Subpoena Imposes an Undue Burden Due to a
        Scheduling Conflict During the Week of January 13, 2026 .........................5

**III.**    **CONCLUSION** ..................................................................................5

# TABLE OF AUTHORITIES

**Cases**

*Cook v. Howard*, 484 Fed. App'x 805 (4th Cir. 2012) ..........................................2

*Gilliam v. Bertie Cnty. Bd. of Educ.*,
No. 2:20-cv-00016, 2022 WL 6251966 (E.D.N.C. Oct. 7, 2022) .............................3

*In re Grand Jury, John Doe No. G.J.2005-2*, 478 F.3d 581 (4th Cir. 2007) ................2, 3

*Intelligent Verification Sys., LLC v. Microsoft Corp.*,
No. 2:12-cv-525, 2014 WL 12544827 (E.D. Va. Jan. 9, 2014) ................................ 3

*United States v. Adams*,
No. 3:11-CR-54-02, 2011 WL 13115440 (N.D.W. Va. Nov. 8, 2011) ......................2

*U.S. v. R. Enterprises, Inc.*, 498 U.S. 292 (1991) ................................................3

*United States v. Smith*,
No. 1:18 CR 9-2, 2018 WL 3447188 (W.D.N.C. July 17, 2018) ..............................2

*United States v. Snyder*, 413 F.2d 288 (9th Cir. 1969) ..........................................2

*Va. Dep't of Corr. v. Jordan*, 921 F.3d 180 (4th Cir. 2019) ....................................3

**Other Authorities**

Fed. R. Crim. P. 4 ..................................................................................4
Fed. R. Crim. P. 15.................................................................................1
Fed. R. Crim. P. 17..............................................................................2, 4
Fed. R. Crim. P. 45 ................................................................................4

John Doe 2 ("DOE 2"), by and through his undersigned counsel, respectfully moves this Honorable Court to quash the subpoena to testify at a hearing or trial in a criminal case (the "Subpoena") allegedly served upon him on October 16, 2025. The Subpoena commands Mr. DOE's appearance on January 13, 2026, at 9:30 a.m. in Courtroom 4B of the United States Courthouse, 6500 Cherrywood Lane, Greenbelt, Maryland 20770. A true and correct copy of the Subpoena is attached hereto as **Exhibit 1**.

## I. INTRODUCTION AND FACTUAL BACKGROUND

This matter arises in a criminal prosecution captioned *United States v. Thomas C. Goldstein*, Case No. 25-CR-00006-LKG. The Subpoena was issued on September 17, 2025, by the Clerk of Court at the request of Assistant United States Attorney Adeyemi Adenrele and served exclusively by email on October 16, 2025. Mr. DOE 2's counsel has had conversations with the Government's lawyer regarding these issues, which led Mr. DOE 2's counsel to believe there is also a constitutional issue with the statement gathered from Mr. DOE 2. Mr. DOE 2, a non-party, is a resident of California and maintains no residence, employment, or regular place of business in Maryland. The distance from Mr. DOE 2's residence in Los Angeles, California, to the Greenbelt Courthouse exceeds 2,300 miles.

Mr. DOE 2 is a professional entertainer with a demanding schedule of professional engagements. The week of January 13, 2026, conflicts with a previously scheduled commitment that cannot be rescheduled without logistical hardship and can be shared in camera. Despite the issuance of the Subpoena nearly three months in advance, no efforts were made by the government to accommodate Mr. DOE 2's availability or to explore alternative means of obtaining his testimony, such as a video deposition under Federal Rule of Criminal Procedure 15.

1

The Subpoena seeks no documents or tangible items—only Mr. DOE 2's live testimony—and provides for witness fees and travel reimbursement as outlined in the attached Travel Information Summary (Exhibit 1, Pages 3-4). However, for the reasons set forth below, compliance would be unreasonable, oppressive, and unduly burdensome.

## II.   LEGAL STANDARD

Federal Rule of Criminal Procedure 17 provides that a court "may quash or modify [a] subpoena if compliance would be unreasonable or oppressive." Fed. R. Crim. P. 17(c)(2). While that paragraph only governs subpoenas *duces tecum*, the right to quash is similarly available for a trial subpoena. *See United States v. Snyder*, 413 F.2d 288, 290 (9th Cir. 1969) (in affirming contempt conviction for witness who failed to comply with a subpoena to testify, noting that "the person subpoenaed is protected, should any emergency arise, from any abuse of process, or even from legitimate inconvenience to himself, by his right to move to quash."); *United States v. Smith*, No. 1:18 CR 9-2, 2018 WL 3447188, at *3 (W.D.N.C. July 17, 2018) (quashing subpoena ad testificandum issued to co-defendant who intended to invoke his Fifth Amendment Privilege); *United States v. Adams*, No. 3:11-CR-54-02, 2011 WL 13115440, at *3 (N.D.W. Va. Nov. 8, 2011) (discussing defendant's motion to quash subpoena issued to witness whose testimony may have been protected under the attorney-client or work product privileges).

Courts have interpreted the standard for quashing a Rule 17 subpoena to encompass various grounds, including undue burden, irrelevance, overbreadth, vagueness, abuse, harassment, or intrusion on significant interests outside recognized privileges. *See In re Grand Jury, John Doe No. G.J.2005-2*, 478 F.3d 581 (4th Cir. 2007). The determination as to whether a subpoena is unduly burdensome is within the discretion of the district court. *See Cook v. Howard*, 484 Fed. App'x 805, 812 n.7 (4th Cir. 2012). The question of undue burden "usually raises a question of

2

the reasonableness of the subpoena, [which requires the court to weigh] a subpoena's benefits and burdens [and] consider whether the information is necessary and whether it is available from any other source." *Intelligent Verification Sys., LLC v. Microsoft Corp.*, No. 2:12-cv-525, 2014 WL 12544827, at *1 (E.D. Va. Jan. 9, 2014) (quoting *Maxiena, Inc. v. Marks*, 289 F.R.D. 427, 439 (D. Md. 2012)). Rule 17(c)(2) specifically "requires the district court to balance the burden of compliance, on the one hand, against the governmental interest. . ." *See U.S. v. R. Enterprises, Inc.*, 498 U.S. 292, 303 (1991) (Stevens, J., concurring in part and concurring in the judgment).

The Fourth Circuit has also found that the balance of interests in this factual analysis must take into account that "[nonparties are 'strangers' to the litigation, and since they have 'no dog in [the] fight,' they have 'a different set of expectations' from the parties themselves," and that "[b]ystanders should not be drawn into the parties' dispute without some good reason, even if they have information that falls within the scope of party discovery." *Virginia Dep't of Corr. v. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019) (citation omitted). While the *Jordan* analysis was conducted in the context of deposition subpoenas, this logic may be properly applied to trial subpoenas. *See Gilliam v. Bertie Cnty. Bd. of Educ.*, No. 2:20-cv-00016, 2022 WL 6251966, at *2 n.2 (E.D.N.C. Oct. 7, 2022) (acknowledging that *Jordan* analysis applies to trial subpoenas).

### III. ARGUMENT

Under Federal Rule of Criminal Procedure 17(e)(2), "on motion made promptly, the court for the district where compliance is required may quash or modify the subpoena if compliance would be unreasonable or oppressive." *See In re Grand Jury, John Doe No. G.J. 2005-2*, 451 F.3d 262, 273 (4th Cir. 2007) (affirming quash of grand jury subpoena where compliance intruded gravely on significant interests and was unreasonable or oppressive, requiring case-by-case balancing).

3

The Court should quash the Subpoena because compliance would be unreasonable and oppressive for Doe 2. The Motion should be granted for three reasons. First, the subpoena was not properly served. Second, the subpoena requires a non-party witness to travel more than 2,300 miles to attend a trial from his residence. Third, the subpoena imposes an undue burden on the non-party witness as it conflicts with his schedule.

### A. The Subpoena Was Defectively Served by Email, Without Personal Delivery

Service of the Subpoena was attempted solely by email on October 16, 2025, without personal delivery. Federal Rule of Criminal Procedure 17(d) provides that a subpoena "may be served by a marshal, a deputy marshal, or some other person who may serve a summons." Service of a summons in federal criminal cases requires personal delivery under Federal Rule of Criminal Procedure 4 and 18 U.S.C. § 1506. No proof of service accompanies the Subpoena (Exhibit 1, Page 2, left blank), and email delivery does not satisfy the in person service requirement. Absent valid service, the Subpoena is unenforceable and must be quashed.

### B. The Subpoena Requires Attendance More Than 100 Miles from Mr. DOE 2's Residence, Rendering Compliance Unreasonable and Oppressive

The Greenbelt Courthouse is located more than 2,300 miles from Mr. DOE 2's residence in California exceeding the 100-mile limit recognized as presumptively reasonable for non-party witnesses. Fed. R. Civ. P. 45(c)(1)(A); *see also* Fed. R. Crim. P. 17 advisory committee's note to 1993 amendments (noting alignment with civil rules for subpoenas). Mr. DOE 2 is a non-party with no connection to Maryland, and requiring his cross-country travel for live testimony imposes an unreasonable burden, particularly absent any showing by the government of necessity for his physical presence. The government's unilateral demand for live attendance, without negotiation or justification, warrants quashing under Rule 17(e)(2).

4

## C. The Subpoena Imposes an Undue Burden Due to a Scheduling Conflict During the Week of January 13, 2026

Even if distance were not dispositive, the Subpoena creates an undue hardship through its inflexible scheduling. Considering all relevant facts before this Court, the Government's subpoena should be quashed for undue burden under Rule 17(c)(2). On the burden side, requesting Doe 2 to cancel his plans and come to this District to provide live testimony would impose a significant burden, which favors quashing the subpoena. Doe 2 is not a party to this case and has no connection to this District. Mr. DOE 2's pre-existing commitments during the week of January 13, 2026—[which can be shared in camera]—cannot be altered without substantial prejudice. The government was aware of the proposed date upon issuance but made no attempt to confer regarding availability. Requiring Mr. DOE 2 to disrupt these commitments would be oppressive and create an undue burden.

## III. CONCLUSION

For the foregoing reasons, Mr. DOE 2 respectfully requests that this Court quash the Subpoena in its entirety.

Respectfully submitted,

/s/ Elizabeth Hughes Elizabeth Hughes
Bar No. 22653
Hughes Law Firm
1825 K Street, Suite 950, NW Washington, DC 20006
(202) 903-5472
Elizabeth@hugheslawfirm.com


**Dated:** December 15, 2025

5

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of December, 2025, a true and correct copy of the foregoing Memorandum was served via CM/ECF electronic service on all counsel of record,

including:

Adeyemi Adenrele
Assistant United States Attorney
6500 Cherrywood Lane, Suite 200
Greenbelt, MD 20770
(301) 344-4433
Adeyemi.Adenrele@usdoj.gov

/s/ Elizabeth Hughes
Elizabeth Hughes

6

# EXHIBIT 1

AO89 (Rev. 7/95, MD 03/11) Subpoena to Testify at a Hearing or Trial in a Criminal Case - USAO

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| United States of America | ) |
|---|---|
| v. | ) |
| THOMAS C. GOLDSTEIN | ) Case No. 25-CR-00006-LKG |
| *Defendant* | ) |

*Public Version*

## SUBPOENA TO TESTIFY AT A HEARING OR TRIAL IN A CRIMINAL CASE

To:

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place shown below to testify in this criminal case. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place of Appearance: United States Courthouse<br>6500 Cherrywood Lane<br>Greenbelt, MD 20770 | Courtroom No.: 4B |
|---|---|
| | Date and Time: January 13, 2026 at 9:30 AM |

You must also bring with you the following documents, electronically stored information, or objects *(blank if not applicable)*:

CLERK OF COURT

Date: 9/17/2025

*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the United States attorney, or assistant United States attorney, who requests this subpoena, are: AA

Adeyemi Adenrele, Assistant United States Attorney
6500 Cherrywood Lane, Suite 200
Greenbelt, MD 20770
(301) 344-4433
Adeyemi.Adenrele@usdoj.gov

AO89 (Rev. 7/95, MD 03/11) Subpoena to Testify at a Hearing or Trial in a Criminal Case - USAO (Page 2)

## PROOF OF SERVICE

**Public Version**

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

Travel Information Summary
U.S. Attorney's Office
District of Maryland - Greenbelt

You have been called as a government witness in a case before the U.S. District Court in Maryland. (Greenbelt Courthouse) As such, you are entitled to certain fees and expenses. This form summarizes those details. Please read carefully. The Victim-Witness Unit within the U.S. Attorney's Office (USAO) will coordinate your travel and hotel needs as necessary.

Witness Fees and per diem:

All government witnesses receive a $40 per day witness fee for each day of testimony and pre-trial preparation. Federal government employees are not entitled to witness fees. All witnesses who travel more than 50 miles from the appropriate courthouse and stay overnight will also receive the standard government per diem for meals and incidental expenses of $76.00 per day. (Limited to $38.00 on travel days.)

Travel:

If you are traveling by common carrier (plane or train), the USAO personnel will make your reservations and provide you with the relevant information. Airline reservations are e-tickets, which can be claimed at the airport with a photo ID. If you wish to make your own arrangements you may do so; however, we can only reimburse you up to the government rate for the type of travel you choose. If you have any special travel needs, please contact us at the numbers listed below as soon as possible. If you travel by personal vehicle, you will be reimbursed at the GSA approved rate. Please keep track of your round-trip mileage. However, you cannot be paid more than the cost of flying you to Maryland.

Hotel:

If you reside more than 50 miles from the Federal Courthouse in Greenbelt and require an overnight stay, a hotel room will be reserved for you for the evening before you are scheduled to testify. The cost of the room and taxes only will be paid by the Department of Justice. **Any other services charged to your room- movies, phone calls, etc. are your responsibility. Parking costs will be reimbursed to you upon your return along with meals. We encourage you not to order room service, but to have dinner either in the hotel restaurant or outside the hotel. You will be required to provide a credit card to the hotel to cover incidental expenses.** If that presents a problem for you, please let us know.

Ground Transportation & Parking:

You will be reimbursed for the costs of ground transportation to and from the airport or train station and the hotel and courthouse, if necessary. If you are testifying at the Greenbelt Courthouse, ground transportation from Baltimore Washington Airport is available from *The Airport Shuttle* at-1-800-776-0323 and must be reserved one to two days in advance. If you arrive at Reagan Washington National airport, you may take the Washington Metro to the Greenbelt station and then a cab for the short ride to the local hotel. **Receipts are required for any expenses that exceed $75.00, except for meals. Receipts are not required for meals.** There is no charge for parking at the Greenbelt Courthouse.

Other Issues:

Though we do our best, trial can be unpredictable. It may be necessary for you to stay an extra day or to be requested to arrive a day early. The USAO will take care of any travel and/or hotel changes. You should be prepared for the possibility of remaining one extra day. We will give you as much notice as possible if a change becomes necessary.

Prior to leaving, you will complete a Fact Witness Voucher. USAO personnel will assist you. The voucher will be submitted to the U.S. Marshal's Service, and a check for the total amount will be issued to you and sent via U.S. Mail. Reimbursement will take at least 30 days.

Questions or Concerns: Please call:

Primary contact:   Jessica Roman    301-344-4236

Directions to Greenbelt Courthouse: 6500 Cherrywood Lane, Greenbelt, MD 20770

From I-95/495 North from VA: take the Kenilworth Avenue (Rte 202) exit. At the end of the exit ramp, turn right and proceed to the second traffic light- the first is at Ivy lane and is for left turns only. The second is Cherrywood Lane. Turn left there and the courthouse is the first driveway on your right.

From I-95/495 South from Baltimore: take the Kenilworth Avenue (Rte 202) exit. At the end of the exit ramp, turn left and go to the third traffic light at Cherrywood Lane. Turn left and the courthouse is the first driveway on your right.