IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | CRIMINAL NO. LKG-25-6 |
| THOMAS C. GOLDSTEIN, | * | |
| | * | |
| Defendant. | * | |
| | * | |

**DEFENDANT THOMAS C. GOLDSTEIN'S REQUEST FOR
A SPECIAL VERDICT FORM**

The Second Superseding Indictment charges Defendant Thomas C. Goldstein with twenty-two separate counts, including four counts of tax evasion (Counts 1-4) and ten counts of false tax returns (Counts 5-14). Each of the tax evasion counts charges multiple separate affirmative acts, ranging from the alleged use of firm assets to pay personal gambling debts to alleged false statements to the IRS. Many of these affirmative acts themselves comprise multiple theories of liability. For example, each count of tax evasion alleges as an affirmative act that Mr. Goldstein caused the filing of false tax returns, and the Second Superseding Indictment alleges multiple purported false statements in each return. The false tax return charges are similarly complicated—each count charges between two and five different alleged false statements, and many of the false statements comprise several different theories of falsehood.

This complex, nesting charging scheme—which the government chose when it drafted the Second Superseding Indictment—creates a serious risk that the jury will convict on one or more offenses without reaching unanimity as to any affirmative act or false statement. And as courts have recognized, a mere unanimity instruction is insufficient for a case this complex.

1

Accordingly, the defense respectfully requests that the verdict form ask the jury to render a special verdict in this case. A proposed verdict form is attached as Exhibit A.

### Background

Counts One through Four of the Second Superseding Indictment charge Mr. Goldstein with tax evasion in 2016, 2017, 2018, and 2021, respectively. Counts One through Three each allege eight separate affirmative acts, and Count Four alleges five separate affirmative acts. Some of the factual allegations underlying these affirmative acts involve claims that Mr. Goldstein underreported income or overreported deductions with the effect of understating his tax liability for a given year. For example, some of the alleged affirmative acts in these counts include "using funds and assets of G&R to pay personal gambling debts," providing or causing "false and incomplete information to the Accounting Firm," "diverting" firm fees to various sources, and "causing the preparation, signing, and filing" of false tax forms. Other affirmative acts allege false statements years after the at-issue tax return was filed, asserting claims not about what amount Mr. Goldstein owed, but about his efforts to pay.

Separately, many of the affirmative acts comprise multiple distinct theories of liability. For example, Count One alleges that Mr. Goldstein used funds and assets of his firm to pay personal gambling debts. The Second Superseding Indictment alleges six different transactions that would fall under this single charged affirmative act which the jury may assess differently based on the evidence presented at trial. Moreover, the government intends to introduce evidence of alleged misconduct that has not been charged, including using funds and assets of the firm to pay personal gambling debts, but which cannot legally be the basis of a jury's guilty verdict.

Counts Five through Fourteen charge Mr. Goldstein with aiding and assisting the preparation of false and fraudulent tax returns. Each count concerns a separate form filed

between 2016 and 2021. The counts identify between two and five alleged falsities on each form. Like many of the affirmative acts charged in Counts One through Four, many of the alleged falsities charged with Counts Five through Fourteen themselves comprise multiple theories of liability. And the alleged false tax forms are themselves affirmative acts. This means that the affirmative act of causing a false return charged in Counts One through Four would comprise multiple returns, each return would comprise multiple false statements, and each false statement would comprise multiple theories of liability.

Counts 20 through 22 charge Mr. Goldstein with making false statements on loan applications. Each of those counts charges multiple false statements.

The parties' jointly proposed jury instructions (filed today) request that, as to Counts 20 through 22, the Court instruct the jury that it must unanimously agree on the *specific* false statement made. The defense has requested a similar unanimity instruction as to the tax evasion counts and the false returns counts—i.e., an instruction that, to find Mr. Goldstein guilty of tax evasion, the jury must unanimously agree on at least one "affirmative act," and to find Mr. Goldstein guilty of assisting in the preparation of a false return, the jury must unanimously agree on at least one materially false statement.

## Argument

"[W]hether to use a special verdict form" in a criminal case "is a matter of the district court's discretion." *United States v. Udeozor*, 515 F.3d 260, 271 (4th Cir. 2008) (citation and internal quotation marks omitted). A special verdict is particularly appropriate in this case for three reasons.

*First*, a special verdict form will ensure that the jury unanimously agrees on the specific affirmative act (Counts 1-4) or false statement (Counts 5-14 and 20-22) supporting each

conviction, if any.[1]  This is an incredibly complex case, and the risk of juror confusion is extremely high.  A special verdict form will protect Mr. Goldstein's constitutional right to a unanimous verdict.  *See, e.g.*, *United States v. Applins*, 637 F.3d 59, 82 (2d Cir. 2011) ("We have recognized a 'preference for special interrogatories in particularly complex criminal cases.'" (citation omitted)); *United States v. VanderZwaag*, 467 F. App'x 402, 408 (6th Cir. 2012) ("[T]here is no requirement that the jury receive a special verdict form unless the charge is complex or there is a fear of jury confusion.").  Multiple federal district courts have used special verdict forms in tax evasion cases far less complicated than this one to ensure that the jury unanimously finds at least one specific affirmative act.  *See, e.g.*, *Davis v. United States*, No. 3:02-CR-251-RLV-DCK, 2013 WL 5375628, at *8 (W.D.N.C. Sept. 25, 2013); *United States v. Pflum*, No. 14-40062-01-DDC, 2017 WL 1908592, at *4 (D. Kan. May 10, 2017); *United States v. Shorter*, 809 F.2d 54, 56 (D.C. Cir. 1987).

*Second*, should the jury return a guilty verdict, a special verdict form will assist the Court at the sentencing phase.  Some of the alleged affirmative acts of tax evasion produced only a small tax deficiency (e.g., alleged $263 of interest income that was not reported in 2017, *see* ECF No. 239 ¶ 52); others produced a much larger tax deficiency (e.g., alleged $500,000 diverted legal fee payment, *see id.* ¶ 85); and still others could have produced a loss only in conjunction with other evasive conduct (e.g., making false after-the-fact statements to IRS officers, *see id.* ¶ 109(c), (d)).  The amount of loss will be a critical consideration in calculating an appropriate

---

[1] It cannot be seriously disputed that the jury must reach unanimity on these questions.  *See, e.g.*, *United States v. Sarihifard*, 155 F.3d 301, 310 (4th Cir. 1998); *United States v. Adams*, 335 F. App'x 338, 348 (4th Cir. 2009) (unpub.); *see also United States v. Corona*, 359 F. App'x 848, 853 (9th Cir. 2009) (unanimity required as to specific affirmative act of tax evasion); *United States v. Duncan*, 850 F.2d 1104, 1111-13 (6th Cir. 1988) (unanimity required as to specific false statement under 26 U.S.C. § 7206(2) and 18 U.S.C. § 1014).

guidelines range, if any.  *See* U.S. Sentencing Guidelines Manual §§ 2T1.1, 2T4.1; *cf. United States v. Gregory*, 30 F. App'x 55, 56 (4th Cir. 2002) ("in the absence of a special verdict form, a defendant convicted of a conspiracy involving different kinds of drugs may only be sentenced to the maximum penalty attached to the drug carrying the least stringent penalty" in light of "the reviewing court's inability to determine upon which drugs the conviction was based"); *United States v. Atiyeh*, 330 F. Supp. 2d 499, 504 (E.D. Pa. 2004)  ("[T]he Court, if called upon and if deemed necessary at that time, will consider the use of special verdict sheets and instruct the jury as necessary to ensure that each potential sentencing factor (such as the total amount of money embezzled) has been unanimously agreed upon.").

Additionally, a conviction under Counts Five through Fourteen (aiding or abetting in the preparation of a false tax return) would merge into some of the alleged "affirmative acts" alleged in Counts One through Four—most notably, the alleged affirmative act of "causing the preparation, signing, and filing with the IRS of a false and fraudulent" Form 1040 or Form 1120S.  If the jury convicts Mr. Goldstein under both 26 U.S.C. § 7201 and § 7206(2), a special verdict form would be the only way to know whether those convictions are for the same conduct.  *See United States v. Brown*, No. 7:13-CR-00068, 2016 WL 5934771, at *3 (W.D. Va. Oct. 11, 2016) ("[W]hen a defendant may be convicted of a lesser included offense, special verdict forms can serve the important purpose of avoiding ambiguous results.").

*Third*, a special verdict form on the tax evasion counts, specifically, would substantially clarify the record for purposes of appellate review in the event of a conviction on one or more of those counts.  For example, if the jury finds that Mr. Goldstein committed an affirmative act of tax evasion within six years before the indictment, then the legal dispute over the validity of the tolling orders will be irrelevant.  In a similar vein, if the Court of Appeals were to agree with the

defense's position that certain affirmative acts alleged in the indictment are legally insufficient (*see* ECF No. 120), then it would be very helpful for the Court of Appeals to know whether the jury convicted Mr. Goldstein on the basis of those acts. *See, e.g.*, *United States v. Livingston*, 571 F. App'x 263, 264 (4th Cir. 2014) (district court used special verdict form to clarify basis of conviction when one possible basis was challenged as legally insufficient); *United States v. Libutti*, No. CRIM. A. 92-611(JBS), 1994 WL 774644, at *10-11 & n.9 (D.N.J. Sept. 6, 1994), *aff'd,* 72 F.3d 124 (3d Cir. 1995) (concerns over legal sufficiency of one of several alleged affirmative acts "could best have been alleviated through the use of the special jury verdict form").

## Conclusion

The Court should require the jury to render a special verdict in this case. The defense requests the Court use the proposed special verdict form attached hereto as Exhibit A.

Dated: December 22, 2025

Respectfully submitted,

/s/ Jonathan I. Kravis
Jonathan I. Kravis (Bar No. 31556)
Stephany Reaves (Bar No. 19658)
Sarah E. Weiner (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue NW, Suite 500E
Washington, DC 20001
(202) 220-1100
Jonathan.Kravis@mto.com
Stephany.Reaves@mto.com
Sarah.Weiner@mto.com

Adeel Mohammadi (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
350 S. Grand Avenue, 50th Floor
Los Angeles, CA 90071
(213) 683-9100
Adeel.Mohammadi@mto.com

*Attorneys for Defendant Thomas Goldstein*