IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. LKG-25-6 |
| | ) | <u>REDACTED</u> |
| THOMAS C. GOLDSTEIN | ) | |

**ATTORNEY A'S REPLY TO THE GOVERNMENT'S RESPONSE IN OPPOSITION TO ATTORNEY A'S MOTIONS TO QUASH AND TO PROCEED UNDER A PSEUDONYM**

   /s/ Steven H. Levin
Steven H. Levin (Fed Bar #28750)
Steptoe LLP
1330 Connecticut Avenue NW
Washington, DC 20036-1795
Phone: (202) 429-3000
Fax: (202) 429-3902
slevin@steptoe.com
*Counsel for Non-Party Attorney A*

   /s/ Lauren McLarney
Lauren M. McLarney (Fed Bar #20982)
Gerard P. Martin (Fed Bar #00691)
Rosenberg Martin Greenberg, LLP
25 S. Charles Street
Baltimore, MD 21201
Phone: (410) 727-6600
Fax: (410) 727-1115
lmclarney@rosenbergmartin.com
gmartin@rosenbergmartin.com
*Counsel for Non-Party Attorney A*

Non-party Attorney A has moved to proceed under a pseudonym (ECF No. 280) (the "Motion to Proceed Under a Pseudonym") and to quash the subpoena (the "Subpoena") that the United States of America (the "Government") caused to be served on him (ECF No. 283) (the "Motion to Quash"). The Government responded to the latter by arguing that Attorney A can provide relevant, non-privileged testimony at trial (*see* ECF No. 311) (the "Response Motion"). However, following this Court's recent Order on the Parties' Motions *in Limine* (ECF No. 287), a significant part of the information the Government seeks from Attorney A's testimony will be inadmissible. Any other information that the Government may seek from Attorney A is irrelevant to the charges against Defendant or not known to Attorney A at all.

Regarding Attorney A's Motion to Proceed Under a Pseudonym, the Government has argued that allowing Attorney A to proceed pseudonymously would be impractical and inefficient. As explained *infra*, and as similarly explained in non-party John Doe's Reply to the Government's Response in Opposition to John Doe's Motions (ECF No. 301), the Government misapprehends Attorney A's request, which is intended to apply to motion practice and discovery, not testimony (should Attorney A be required to testify).

For the reasons set forth herein, the Court should permit Attorney A to proceed pseudonymously for the duration of motion practice and discovery in this matter. Additionally, the Court should determine that the testimony the Government seeks from Attorney A is not relevant, largely inadmissible, and otherwise can be procured from other sources, and order quashal of the Subpoena.

I. **The Testimony the Government Seeks from Attorney A is Largely Inadmissible and Irrelevant, or Otherwise Better Procured from Other Sources.**

   A. **Attorney A's Expected Testimony is Largely Inadmissible and Irrelevant.**

On December 12, 2025, this Court issued an Order on the Parties' Motions *in Limine* (ECF No. 287), which granted in part Defendant's motion to preclude evidence of uncharged misconduct and other character evidence (ECF No. 210) (the "404(b) Motion"). In relevant part, the Order granting the 404(b) Motion excluded from admission at trial evidence that Defendant failed to timely file or pay his 2022 and 2023 federal taxes.

The Government does not state any specific topics on which it seeks Attorney A's testimony, though it incorporates its Response to non-party John Doe's Motion to Quash ("Response to John Doe") into its Response Motion. In its Response to John Doe, the Government argues that the testimony it seeks will be relevant to the 2021 charges against Defendant for tax evasion and aiding in preparation of a false tax return, both of which rely on Defendant's alleged failure to report $500,000 in legal fee income, and the 2021 charge against Goldstein for failure to pay taxes. Specifically, the Government's Response to John Doe references [REDACTED]. *See* [REDACTED]. As explained in his and John Doe's Motions to Quash, Attorney A has no personal or probative knowledge beyond the alleged facts already stated in the Second Superseding Indictment. Additionally, and significantly, information about [REDACTED] is irrelevant to how Defendant allegedly [REDACTED].

The Government's Response to John Doe (as incorporated into its Response Motion) also references evidence that Defendant allegedly [REDACTED]. As stated in John Doe's Reply to the Government's Response in Opposition to John Doe's Motions (ECF No. 301), such information would necessarily be used to show that Defendant did not timely pay his 2022 and 2023 taxes. This is the precise information that the Court's Order on the Parties' *Motion in Limine* excluded from being admitted at trial. *See* ECF No. 287. Additionally, in the case of Attorney A, he cannot testify as to [REDACTED].

Additionally, the alleged crime of tax evasion would have been completed upon Defendant not paying taxes on the day they were due, a fact that presumably can be established through the lack of recorded payment, as alleged in the Second Superseding Indictment. Testimony from Attorney A or otherwise about Defendant's [REDACTED] will have no bearing on whether Defendant evaded payment of his taxes before that.

> **B.    Any Testimony Attorney A Could Provide is Easily, and Better, Procured Elsewhere.**

Attorney A has extremely limited knowledge about [REDACTED], and, as discussed in Attorney A's Motion to Quash, he has no knowledge about [REDACTED]. As explained in John Doe's Reply to the Government's Response in Opposition to John Doe's Motions (ECF No. 301), *John Doe* himself does not have knowledge beyond that which is alleged in the Second Superseding Indictment—and any information that Attorney A has about [REDACTED] necessarily must have come from his client, John Doe. The Government ignores the fact that Defendant's client, [REDACTED], stands in a significantly better position to testify as to these matters. Thus, as similarly noted in John Doe's Reply, seeking [REDACTED]'s testimony as to [REDACTED] seems significantly more efficient than seeking Attorney A's communications with his client regarding an event in which he did not even participate.

While it is true that the Government may have broad discretion to present evidence, courts have consistently emphasized their role in imposing limitations to prevent, among other things, undue burden in the judicial process. *See United States v. Janati*, 374 F.3d 263 (4th Cir. 2004) (acknowledging that the government's latitude for proving its case must be balanced against the district court's authority to manage trials and limit evidence to prevent undue prejudice or confusion); *see generally* Fed. R. Evid. 403 (allowing courts to exclude relevant evidence if its probative value is substantially outweighed by risks such as unfair prejudice, confusing the issues,

3

misleading the jury, undue delay, or wasting time). *See also* Fed. R. Evid. 611(a). Where, as here, the information sought could be easily, and better, procured through other channels, exercise of that discretion is appropriate.

## II. Attorney A Seeks to Proceed Pseudonymously in Briefing and Discovery, Not at Trial If Required to Testify.

The Government argues in its incorporated Response to John Doe that allowing Attorney A to proceed under a pseudonym would be impractical and inefficient in trial process. As similarly explained in John Doe's Reply to the Government's Response in Opposition to John Doe's Motions (ECF No. 301), the Government misstates Attorney A's request. Attorney A seeks to prevent disclosure of his identity while his Motion to Quash is pending before the Court. Should the Court deny the Motion to Quash, and Attorney A subsequently be required to testify at Defendant's trial, Attorney A would not seek to testify anonymously. However, while his Motion to Quash remains pending, Attorney A respectfully requests that his identity be protected. The Government does not offer any authority indicating that such a request must be denied. Should the Court, as Attorney A requests, order the Subpoena to be quashed, Attorney A will not testify at Defendant's trial. In those circumstances, Attorney A's identity will remain confidential and not part of the record of this action.

## CONCLUSION

For the foregoing reasons, non-party Attorney A respectfully requests that the Court permit him to proceed pseudonymously through the motion and discovery stages of this action. Because the testimony the Government seeks from Attorney A is largely inadmissible, not relevant, burdensome to a non-party, and otherwise can be procured from other sources, Attorney A additionally requests that the Court quash the Subpoena.

Dated: January 5, 2026

                         Respectfully Submitted,

                         */s/ Steven H. Levin*
                         Steven H. Levin (Fed Bar #28750)
                         Steptoe LLP
                         1330 Connecticut Avenue NW
                         Washington, DC 20036-1795
                         Phone: (202) 429-3000
                         Fax: (202) 429-3902
                         slevin@steptoe.com
                         *Counsel for Non-Party Attorney A*

                         */s/ Lauren McLarney*
                         Lauren M. McLarney (Fed Bar #20982)
                         Gerard P. Martin (Fed Bar #00691)
                         Rosenberg Martin Greenberg, LLP
                         25 S. Charles Street
                         Baltimore, MD 21201
                         Phone: (410) 727-6600
                         Fax: (410) 727-1115
                         lmclarney@rosenbergmartin.com
                         gmartin@rosenbergmartin.com
                         *Counsel for Non-Party Attorney A*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 5, 2026, a copy of the foregoing was electronically filed via the Court's CM/ECF system and served electronically on all counsel of record.

         */s/ Steven H. Levin*_____
Steven H. Levin (Fed Bar #28750)
Steptoe LLP
1330 Connecticut Avenue NW
Washington, DC 20036-1795
Phone: (202) 429-3000
Fax: (202) 429-3902
slevin@steptoe.com
*Counsel for Non-Party Attorney A*


         */s/ Lauren McLarney*_____
Lauren M. McLarney (Fed Bar #20982)
Gerard P. Martin (Fed Bar #00691)
Rosenberg Martin Greenberg, LLP
25 S. Charles Street
Baltimore, MD 21201
Phone: (410) 727-6600
Fax: (410) 727-1115
lmclarney@rosenbergmartin.com
gmartin@rosenbergmartin.com
*Counsel for Non-Party Attorney A*