**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | **CRIMINAL NO. LKG-25-6** |
| | * | |
| **THOMAS C. GOLDSTEIN,** | * | |
| | * | |
| Defendant. | * | |
| | ******** | |

**DEFENDANT THOMAS C. GOLDSTEIN'S
REPLY IN SUPPORT OF MOTION TO EXCLUDE EMPLOYEE EVIDENCE**

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ..........................................................................................................................1

ARGUMENT .................................................................................................................................3

    I.     The Defense Motion Is Timely And The Government's Primary Argument Is Waived. ..............................................................................................................................3

    II.    The Employee Evidence Is Not Relevant To Counts 10-12. ...............................................5

          A.     The Employee 4 Evidence Is Inadmissible ................................................6

          B.     The Evidence Regarding Employees 1-3 Is Inadmissible .........................7

    III.   The Employee Evidence Is Not Admissible Under Counts 16-19. ....................................9

    IV.   The Employees Evidence Is Highly and Unfairly Prejudicial. ..........................................10

    V.    The Employees Evidence Should Be Excluded As A Sanction for Grand Jury Abuse. ...............................................................................................................................12

CONCLUSION ............................................................................................................................12

## **TABLE OF AUTHORITIES**

**Page(s)**

**FEDERAL CASES**

*United States v. Briley*,
   770 F.3d 267 (4th Cir. 2014) .................................................................................2, 9, 10

*United States v. Russell*,
   747 F. Supp. 3d 827 (D. Md. 2024) ..................................................................................6

**FEDERAL RULES**

Fed. R. Civ. P. 59(e) ...............................................................................................................6

Fed. R. Crim. P. 12(b)(3) ........................................................................................................4

Fed. R. Evid. 403 ........................................................................................................... passim

**INTRODUCTION**

The Court's December 16, 2025 Order held unconstitutional the government's theory that defendant Thomas Goldstein committed tax evasion by deducting as business expenses the salary and benefits paid to certain employees of his law firm, Goldstein & Russell. As the Court explained, this theory is void for vagueness because the government "fail[ed] to identify a clear standard for this alleged unlawful conduct based upon the relevant case law, to allow a reasonable person to distinguish the line between lawful and criminal conduct." Dkt. No. 297, at 11. That ruling properly focuses the trial in this case by removing an unconstitutional theory of criminal liability that was based on enormously prejudicial evidence. In light of that ruling, the evidence related to the particular employees has no probative value with respect to any other charge or theory of liability, and therefore the defense has moved to exclude it.

The government's opposition refuses to accept the Court's ruling. The government's primary argument for the relevance of the employees evidence—the false tax return charges—is nothing more than a repackaged version of its tax evasion theory, as evidenced by the government's repeated citations to its own opposition to the defense motion to dismiss  The Court has already considered and rejected these arguments. The government did not move for reconsideration and has made no effort to demonstrate that it can meet the applicable standard. Accordingly, the government should not be permitted to raise those arguments again as a basis for admission of the employees evidence under Counts 10-12.

Indeed, the government's opposition makes clear that admission of the employees evidence on this ground would inevitably put before the jury the very theory of liability that the Court has already held unconstitutional. And the government does not address the defense argument that the employees evidence has minimal probative value to these charges in light of the very low dollar amounts at issue.

1

The government's secondary argument—the willful failure to pay charges—contravenes the Court's clear instruction that presentation of evidence in this area will be appropriately limited. As the government itself has made clear in its prior filings, it has other evidence of personal spending that is far less prejudicial and that does not implicate an unconstitutional theory of liability. And in any event, this theory has nothing to do with the status of these individuals as brief employees of the firm or the details of their personal relationships to Mr. Goldstein.

Weighed against this negligible probative value, the employees evidence is enormously prejudicial, and the government's attempt to dismiss this prejudice as "quaint" is unavailing. As the government's lurid and detailed presentation of this evidence before the grand jury shows, it is salacious and highly susceptible to invoking moral approbation. *See United States v. Briley*, 770 F.3d 267, 277 (4th Cir. 2014) ("[T]o use this least serious charge as a conduit for bringing in unseemly acts not charged in the indictment—which then might affect consideration of the more serious charges—is a different matter. Shining such a bright light on [the defendant's] sexual activities risked directing the jury's attention to the wrong place."). The government's suggestion that a recent newspaper article about Mr. Goldstein somehow mitigates this prejudice reflects a fundamental misunderstanding of Rule 403.

Because it cannot articulate a coherent theory of admissibility that is even remotely consistent with the Court's December 16 ruling, the government resorts to arguing that the defense motion is untimely. In fact, it is the government's argument that is untimely, not the defense's. The original defense motion asked the Court to dismiss "allegations concerning employees." (That was the title of the motion.) Dkt. No. 122. In its opposition, the government argued in the alternative that the employees allegations should not be dismissed because the evidence underlying those allegations could be relevant to the willful failure to pay misdemeanors (Counts 15-19 of the

2

original Indictment).  Dkt. No. 135, at 27-28.  The government's opposition never mentioned the false tax return counts and never argued that the employees evidence would be admissible as to those counts independent of the tax evasion theory—the government first raised this point in a footnote in its supplemental filing.  The government has therefore waived that argument.

In any event, the defense was not (as the government contends) required to file this motion at the pretrial motions deadline because this motion seeks exclusion of evidence under Rule 403—relief that the defense has clearly and timely requested, *see* Dkt. No. 210, at 26—and not dismissal of charges, and therefore it is not a pretrial motion.  And because the December 16 ruling is the basis for the exclusion argument, the defense could not have raised the arguments set forth in this motion sooner.

Finally, the employees evidence is properly excluded as a sanction for the government's misconduct before the grand jury.  At the motions *in limine* hearing, the Court deferred ruling on this alternative argument for exclusion of the evidence.  The Court need not reach this argument now because the employees evidence is properly excluded under Rule 403.  But if the Court disagrees, then the defense respectfully requests that the Court exclude the evidence on this ground.

## ARGUMENT

### I. The Defense Motion Is Timely And The Government's Primary Argument Is Waived.

The original defense motion to dismiss asked the Court to dismiss "allegations concerning employees." That was the title of the motion. Dkt. No. 122.  The defense motion naturally focused on the tax evasion theory underlying these allegations because, as discussed below, the false statement theory depends entirely on the tax evasion theory.  That is, the employees evidence can be relevant to the alleged falsity of the tax returns only if the deduction of the employees' salary

3

and benefits was criminal tax evasion. But the defense motion to dismiss broadly requested dismissal of the allegations in their entirety.

In its opposition, the government argued in part that the allegations should not be dismissed in their entirety because those allegations were also relevant to the willful failure to pay misdemeanors (Counts 15-19 of the original Indictment). Dkt. No. 135, at 27-28. The government's opposition never mentioned the false tax return counts as an alternative ground to deny the defense motion to dismiss the employee allegations. Nor did the government attempt to argue that the employees evidence would be admissible as to the false return counts independent of the tax evasion theory. Had the government raised those arguments against dismissal of the employee allegations at that time, the defense would have responded to them.

In sum, the original defense motion to dismiss clearly requested full dismissal of the employee allegations, and therefore the government is just wrong when it says that the instant motion is "late." Dkt. No. 319, at 3. In its opposition to that motion, the government failed to argue that the relief requested by the defense—dismissal of the employee allegations—should be denied because the employee allegations were relevant to the false return counts. The government has therefore waived that argument.

In any event, this is a motion to exclude evidence under Rule 403 in light of the Court's ruling on the motion to dismiss—it is not a motion to dismiss additional charges, and therefore the defense was not required to file it sooner. The Court's Amended Scheduling Order set a May 16, 2025 deadline for pretrial motions. Dkt. No. 107. A motion to exclude evidence is not a pretrial motion. *See* Fed. R. Crim. P. 12(b)(3) (listing categories of "[p]retrial [m]otions" that "[m]ust [b]e [m]ade [b]efore [t]rial," not including a motion to exclude evidence). In its motion *in limine* to exclude 404(b) evidence, the defense timely requested exclusion of all "[e]vidence concerning Mr.

4

Goldstein's personal relationships, including with employees of G&R." Dkt. No. 210-2; *see also* Dkt. No. 210, at 22-24. And because the argument set forth in this motion is premised on the Court's December 16 ruling, the defense was not able to make it any earlier.

The government's argument to the contrary rests on a mischaracterization of the defense motion as a "motion to dismiss masquerading as an evidentiary one." Dkt. No. 319, at 3. That is not so. The relief sought by the defense motion is not dismissal of charges. Rather, it is the exclusion of a particular category of evidence—the evidence related to Employees 1-4—on the ground that the probative value of that evidence is vastly outweighed by its prejudicial effect in light of the Court's December 16 ruling. That argument is not complicated—as the Court has held, the government has not identified a clear legal standard that would tell an employer when the deduction of salary and benefits amounts to tax evasion in this context. Therefore, the employees evidence has no probative value with respect to the allegation that Mr. Goldstein willfully caused the filing of false tax returns by claiming the salary and benefits as business deductions on those returns. In light of that lack of probative value, the enormously prejudicial nature of this evidence warrants its exclusion under Rule 403. That is an evidentiary argument, not an argument for dismissal.

## II.     The Employee Evidence Is Not Relevant To Counts 10-12.

The government's primary argument for the relevance of the employees evidence is that the evidence tends to show that Mr. Goldstein willfully filed false tax returns that included the salary and benefits of the employees in the total deduction for employee salary and benefits on the returns. For the reasons set forth in the defense motion to dismiss, this argument is flatly inconsistent with the Court's December 16 ruling. In that Order, the Court held that the government identified "no clear standard for determining the minimum number of hours of work required to render an employee's salary a business expense." Dkt. No. 297, at 12. Accordingly,

5

evidence regarding the hours worked by the employees at issue—and their relationship to Mr. Goldstein—is not relevant to the question whether Mr. Goldstein willfully caused the filing of false tax returns. Because there is no clear standard in this context, this evidence does not tend to show that Mr. Goldstein knew the tax returns were false.

As set forth below, the government's contentions to the contrary are nothing more than efforts to relitigate arguments it has already lost. The government should not be allowed to raise these arguments again. The government did not move for reconsideration of the Court's December 16 Order. Nor could it. The government plainly cannot meet any of the grounds for reconsideration of a criminal motion: (1) an intervening change in controlling law; (2) new evidence; or (3) manifest injustice. *See United States v. Russell*, 747 F. Supp. 3d 827, 829 (D. Md. 2024) (citing Fed. R. Civ. P. 59(e)). Having failed to request reconsideration, the government should not be permitted to evade the Court's order by relitigating the same arguments that the Court rejected the first time around.

### A.     The Employee 4 Evidence Is Inadmissible

The government argues that the evidence regarding Employee 4 is relevant to Counts 10-12 because her health insurance premiums were improperly included in the business expenses deduction on the firm tax returns. Dkt. No. 319, at 6. Tellingly, this section of the government's filing repeatedly cites its own opposition to the defense motion to dismiss the tax evasion theory. *See* Dkt. No. 319, at 6 (citing Dkt. No. 135, at 24); *id.* (citing Dkt. No. 135, at 10); *id.* (citing Dkt. No. 135, at 12-13); *id.* (citing Dkt. No. 135, at 24). That is because the government argued at length that these deductions were improper in its initial opposition to the motion to dismiss, *see* Dkt No. 135, at 9-14, 24-25, and in its supplemental filing, *see* Dkt. No. 230, at 17-19, to no avail. The Court's December 16 ruling found that Employee 4 "took medical leave shortly after accepting a position with the law firm." Dkt. No. 297, at 12. Based on that finding, the Court squarely held,

6

"The Government similarly fails to identify a clear standard that would put a reasonable person on notice regarding whether and when a person commits tax evasion by continuing to pay the health insurance premiums for an employee who has taken medical leave." *Id.* On that basis, the Court included Employee 4 in its order dismissing the tax evasion theory.

The government's opposition does not begin to explain how its argument for the relevance of this evidence to Counts 10-12 is even remotely consistent with that ruling, because it cannot. Even now, after several rounds of briefing and oral argument, the government has not articulated a standard that would tell an employer when the continued payment of health insurance premiums for an employee on unpaid medical leave becomes a federal crime. Without such a standard, the evidence regarding Employee 4 has no relevance whatsoever to the allegation that Mr. Goldstein willfully caused the filing of a false tax return.

Moreover, the government's attempt to rely on a single sentence in the Court's December 16 opinion about a "so-called 'sham' employee" to admit the evidence regarding Employee 4 as relevant to Counts 10-12 raises complex legal issues that the Court has not previously considered because the government did not advance this legal position until the eve of trial. *See* Dkt. No. 319, at 6 (citing Order at 12). For example, the government's effort to adopt this legal standard at the eleventh hour begs the question whether the grand jury was instructed on this theory regarding Employee 4. If the government wanted to admit the Employee 4 evidence on the basis that she was a "sham employee," then it should have raised that argument in its prior filings so that the Court could have fully considered this argument well before trial.

B.   **The Evidence Regarding Employees 1-3 Is Inadmissible**

The government argues that the evidence regarding Employees 1-3 is relevant to Counts 10-12 because those employees did not perform enough work to allow for the deduction of the insurance premiums. The government raised this argument too in its briefing on the motion to

7

dismiss, and the Court correctly rejected it. Once again, the government's repeated citation to its own opposition to the defense motion to dismiss is telling. *See* Dkt. No. 319 at 8 (citing Dkt. No. 135, at 7-8); *id.* (citing Dkt. No. 135, at 6; *id.* (citing Dkt. No. 135, at 6, 8); *id.* (citing Dkt. No. 135, at 5).[1]

The government tries to evade the Court's December 16 ruling by seriously mischaracterizing it. The government says that it "understands the Court's ruling to be that, if [Mr.] Goldstein thought Woman 1 (or any of the women) would work enough hours to be eligible for insurance, then that insurance could have been a business expense and he would not have had adequate notice." Dkt. No. 319, at 9. That "understanding" does not remotely resemble the Court's actual ruling. The Court's decision was not based on what "Mr. Goldstein thought." Instead, it was based on whether, prior to the conduct at issue, there was a clear standard that would have advised a business owner when the deduction of salary and benefits constitutes criminal tax evasion in this context. The government never identified such a standard and so the Court ruled that the allegations were void for vagueness. After three rounds of briefing, the government still does not appear to grasp that the void for vagueness inquiry concerns the existence of a clear rule that separates lawful from unlawful conduct, and not the subjective intention of the particular defendant at the time of the conduct at issue.

In addition to being irreconcilable with the Court's December 16 ruling, this theory of relevance suffers from another fatal flaw. As the defense argued in its motion, the value of the

---

[1] The government's sole contention here—which it has made several times before—is that the employees did not work enough hours to qualify for health insurance under the firm's then-current insurance plan. But as the defense argued the first time around, Mr. Goldstein is not charged with defrauding the insurance company, and the government has cited to no legal authority to support the proposition that the details of the health insurance policy are dispositive for purposes of the tax evasion inquiry.

8

payments at issue is very low—approximately $39,000 worth of deductions in 2018 and about $6,000 worth of deductions in 2019, years when the firm took deductions of more than $6.8 million and $4.8 million respectively. In light of the miniscule value of the payments at issue compared with the total dollar amount of the deductions on the tax returns, the probative value of this evidence to the false returns charges is minimal at best. As the Fourth Circuit held in *United States v. Briley*, 770 F.3d 267, 277 (4th Cir. 2014), which the defense cited in its motion and the government did not address, admission of evidence of intimate personal relationships with such "slight probative value" seriously risks "directing the jury's attention to the wrong place."

### III.     The Employee Evidence Is Not Admissible Under Counts 16-19.

In Counts 16-19, Mr. Goldstein is charged with the misdemeanor offense of willful failure to pay his taxes when they were due. Although the defendant's ability to pay the taxes when they were due is not an element of this offense, the government has advised that it intends to introduce evidence that Mr. Goldstein spent money on personal expenses while he owed money on his taxes. In its motion *in limine* concerning the government's 404(b) notice, the defense argued that the government should not be permitted to introduce evidence regarding Mr. Goldstein's personal relationships—including his relationships with the four employees—on this ground. In its ruling on that motion, the Court cautioned that the government's presentation of this evidence would be appropriately limited.

The government appears not to have heeded that guidance. The government now argues that it should be permitted to use this ground to present all the evidence underlying a theory of tax evasion that the Court has held unconstitutionally vague.

The government's argument conflates two different categories of evidence. The personal expenditures referenced in the government's opposition are *not* the salary and benefits paid to the employees. Rather, they are personal payments directly from Mr. Goldstein to the employees

9

during periods when they were not receiving a salary from the firm. The total amount of these payments is very small—by the government's calculation approximately $80,000 over a four-year period when Mr. Goldstein owed millions of dollars in back taxes. And the government's 404(b) notice makes clear that it has other evidence of personal spending by Mr. Goldstein during this time—spending that is not connected to an unconstitutional theory of liability. Under these circumstances, the probative value of this evidence is greatly outweighed by its prejudicial effect.

Moreover, this theory of relevance has nothing whatsoever to do with the employment status of Employees 1-4 or Mr. Goldstein's relationships with them. Rather, the government's theory is that the expenditures themselves are relevant to Mr. Goldstein's intent with respect to the payment of his tax liabilities. The government should not be allowed to use this theory to smuggle in prejudicial evidence regarding the details of Mr. Goldstein's personal relationships, with Employees 1 through 4 or anyone else.

### IV. The Employees Evidence Is Highly and Unfairly Prejudicial.

As the Court properly recognized at the last hearing, the prejudicial effect of the employees evidence is enormous. The government's lurid and detailed presentation of this evidence to the grand jury leaves no doubt that the nature of these relationships is salacious, and the evidence invites moral approbation for non-criminal conduct. In short, this is the sort of evidence that courts routinely exclude under Rule 403. *See Briley*, *supra*. The government's opposition raises a grab-bag of arguments to the contrary, none of which has merit.

First, the government says that this evidence is a "substantial part" of the offenses charged in Counts 10 and 12. That is just not so. As discussed above and in the defense motion (and never addressed by the government), the deductions at issue comprise approximately $45,000 in years where the firm tax returns listed millions of dollars in deductions. The government's assertion that the "false deduction of the salary payments to Woman 4, and of all the insurance premiums paid

for Women 2, 3, and 4 cannot be proven without the evidence related to them," Dkt. No. 319, at 13, is a tautology. Of course the government cannot prove the false salary and benefits without evidence of the false salary and benefits—that is not the issue. The issue is whether this evidence is probative of the charge of willfully causing the filing of a false tax return. For the reasons set forth above, the answer is no.

Second, the government says that this evidence is relevant because it shows that Mr. Goldstein lied to the firm office managers, which reinforces his "general attitude toward his taxes." *Id.* But Mr. Goldstein's "general attitude toward his taxes" is not the issue in this case. The issue in this case is whether Mr. Goldstein committed the particular offenses charged in the Second Superseding Indictment. To be admissible, the evidence must be relevant to one of those offenses. There is (thankfully) no provision in the U.S. Code that criminalizes a "general attitude toward taxes." Moreover, the government does not—and could not—allege that any discussions about the employees with the firm managers included *any* discussion of taxes, or the fact that these employees' minimal salaries and benefits would be deducted in firm taxes. The government's suggestion otherwise is pure fallacy.

Third, the government says that Mr. Goldstein will suffer no prejudice from admission of this evidence because the New York Times recently published an article about Mr. Goldstein that included some details about his personal life. This argument reflects a fundamental misunderstanding of the rules of evidence. Rule 403 is concerned not with the defendant's reputation in the world generally but rather with the admissibility of evidence before the jury at trial. The government cites no case for the remarkable proposition that a defendant's public statements about his personal life waive the protections of Rule 403 against the admissibility of unduly prejudicial evidence at trial.

11

V.      **The Employees Evidence Should Be Excluded As A Sanction for Grand Jury Abuse.**

At the motions *in limine* hearing, the defense argued that the Court should exclude the employees evidence as a sanction for the government's misconduct in its presentation of evidence on this subject to the grand jury. The Court deferred ruling on that argument in light of its decision granting the defense motion to dismiss. For the reasons set forth above and in the defense motion, the government's arguments for the admission of that evidence on other grounds are not persuasive, but if the Court disagrees then the evidence should still be excluded as a sanction for the misconduct set forth in the defense motion to dismiss.

## CONCLUSION

The Court correctly dismissed the government's theory of tax evasion based on the deduction of the salary and benefits paid to certain firm employees. That theory is unconstitutionally vague, and the evidence supporting it is enormously prejudicial. The Court should reject the government's effort to do an end run around that holding on the eve of trial. This evidence has no probative value, and the government's arguments to the contrary are simply inconsistent with the Court's clear ruling.

Dated: January 6, 2026

Respectfully submitted,

/s/ Jonathan I. Kravis
Jonathan I. Kravis (Bar No. 31556)
Stephany Reaves (Bar No. 19658)
Sarah E. Weiner (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue NW, Suite 500E
Washington, DC 20001
(202) 220-1100
Jonathan.Kravis@mto.com
Stephany.Reaves@mto.com
Sarah.Weiner@mto.com

Adeel Mohammadi (*pro hac vice*)

12

                              MUNGER, TOLLES & OLSON LLP
                              350 S. Grand Avenue, 50th Floor
                              Los Angeles, CA 90071
                              (213) 683-9100
                              Adeel.Mohammadi@mto.com

                              *Attorneys for Defendant Thomas Goldstein*