# MUNGER, TOLLES & OLSON LLP

RONALD L. OLSON
CARY B. LERMAN
GREGORY P. STONE
BRAD D. BRIAN
GEORGE M. GARVEY
WILLIAM D. TEMKO
JOHN W. SPIEGEL
DONALD B. VERRILLI, JR. P.C.
JOSEPH D. LEE
MICHAEL R. DOYEN
MICHAEL E. SOLOFF
GLENN D. POMERANTZ
HENRY WEISSMANN
KEVIN S. ALLRED
JEFFREY A. HEINTZ
STUART N. SENATOR
KELLY M. KLAUS
LISA J. DEMSKY
MALCOLM A. HEINICKE
JAMES C. RUTTEN
RICHARD ST. JOHN
ROHIT K. SINGLA
CAROLYN HOECKER LUEDTKE
KATHERINE M. FORSTER
BLANCA FROMM YOUNG
SETH GOLDMAN
GRANT A. DAVIS-DENNY
JONATHAN H. BLAVIN
DANIEL B. LEVIN
MIRIAM KIM
HAILYN J. CHEN
BETHANY W. KRISTOVICH
JACOB S. KREILKAMP
JEFFREY Y. WU
HEATHER E. TAKAHASHI
ERIN J. COX
BENJAMIN J. HORWICH
E. MARTIN ESTRADA
BRYAN H. HECKENLIVELY
ELAINE J. GOLDENBERG P.C.
GINGER D. ANDERS P.C.
MARGARET G. MARASCHINO
JOHN M. GILDERSLEEVE
ADAM B. WEISS
ACHYUT J. PHADKE
KURUVILLA J. OLASA
JUSTIN P. RAPHAEL
ROSE LEDA EHLER
JOHN W. BERRY
ROBYN K. BACON
JORDAN D. SEGALL
JONATHAN KRAVIS P.C.

JOHN L. SCHWAB
L. ASHLEY AULL
WESLEY T.L. BURRELL
CRAIG JENNINGS LAVOIE
JENNIFER L. BRYANT
NICHOLAS D. FRAM
VINCENT Y. LING
VICTORIA A. DEGTYAREVA
JOHN B. MAJOR
RACHEL G. MILLER-ZIEGLER P.C.
FAYE PAUL TELLER
STEPHANIE G. HERRERA
JULIANA M. YEE
COLIN A. DEVINE
GIOVANNI S. SAARMAN GONZÁLEZ
ANNE K. CONLEY
DAVID W. MORESHEAD
ANDREW D. GARELICK
BRIDGET M. FITZPATRICK
ANDREW T. RADSCH
DANE P. SHIKMAN
JEREMY S. KREISBERG
XIAONAN APRIL HU
NICOLE M. HOWELL
SKYLAR B. GROVE
SAMUEL H. ALLEN
ROWLEY J. RICE
LAUREN E. ROSS
BENJAMIN G. BAROKH
ABE DYK
MEGAN MCCREADIE
RAQUEL E. DOMINGUEZ
ARIEL TESHUVA
SHANNON GALVIN AMINIRAD
CARRIE C. LITTEN
JAMES R. SALZMANN
SEAN P. BARRY
MICHAEL I. SELVIN
HUNTER V. ARMOUR
NATHANIEL F. SUSSMAN
OLIVER BROWN
PAUL E. MARTIN
MATTHEW MIYAMOTO
REBECCA L. SCIARRINO
CORY M. BATZA
BRIAN R. BOESSENECKER
ROBERT E. BOWEN
GRACE DAVIS FISHER
LAUREN N. BECK
CALEB W. PEIFFER
JAMIE LUMA

601 MASSACHUSETTS AVENUE NW
SUITE 500E
WASHINGTON, D.C. 20001-5369
TELEPHONE (202) 220-1100

———

350 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3426
TELEPHONE (213) 683-9100

———

560 MISSION STREET
SAN FRANCISCO, CALIFORNIA 94105-3089
TELEPHONE (415) 512-4000

STEVEN B. R. LEVICK
JANELLE KRUMMEN
WILLIAM M. ORR
GABRIEL M. BRONSHTEYN
ROSIO FLORES ARRIAGA
JESSICA O. LAIRD
ERICA C. TOOCH
SARAH E. WEINER
EVAN MANN
ANDREW T. NGUYEN
SARA H. WORTH
MIRANDA E. REHAUT
STEPHANY REAVES
LAUREN E. KUHN
GARRETT SOLBERG
TED KANG
ADAM W. KWON
JOSEPH N. GLYNN
SIMON K. ZHEN
CARSON J. SCOTT
ROMAN LEAL
MATTHEW W. LINSLEY
ADEEL MOHAMMADI
TAYLOR L. BENNINGER
LORRAINE L. ABDULAHAD
CLARE KANE
SIDNEY M. EISNER
HELEN ELIZABETH WHITE
ALISON A. DOYLE
JASON D. WEISS
HENRY D. SHREFFLER
MILES W. UNTERREINER
LYNDSEY FRANKLIN
ANDREW DELAPLANE
ARIELLA PARK
LAURA PERRY STONE
NATASHA GEILING
JOSEPH MANTEGANI
GRAHAM J. WYATT
WESLEY P. DEVOLL
LAUREN A. BILOW
KAYSIE GONZALEZ
ALEXIS D. CAMPBELL
KYRA E. SCHOONOVER
WENDY Q. XIAO
DANIEL KANE
ADITI NARESH GHATLIA
ALBERTO J. DE DIEGO-HABEL
KYLE A. SCHNEIDER
CARL H. JIANG
BOBBY H. KIM
CLAIRE I. ROGERSON

LIAM GENNARI
CHARLES LAM
MAGGIE BUSHELL
REBECCA J. HANSEN
CONNOR HOGE
KEVIN HAN YANG
CORDELL A. BROWN
QIANZHE DANNY ZHANG
ABIGAIL K. BESSLER
KYLE A. GROVES
ESTHENA BARLOW
CY EMEKA RAY
SUSANNAH M. L. GAGNON
DANIEL E. RUBIN
JIN NIU
SHUYU SUN
REBECCA M. HO
SASHA YUSUF
KEVIN CHIU
NICOLE R. ALLICOCK
SHANNON E. EAGEN
KAITLYN M. RUBCICH
JAKE TODD
ANGELA A. URIBE
ANDREW J. SLOTTJE
CYNTHIA Y. LONG
GRACE I. REHAUT
JOSEPH TROY YOUNG
SEAN ST. CHARLES
ANDREW L. FENNING
ANASTASIA THATCHER
JACOB M. GHANDOUR

———

OF COUNSEL

KATHLEEN M. MCDOWELL
PATRICK J. CAFFERTY, JR.
DAVID H. FRY
BRADLEY R. SCHNEIDER
PETER E. GRATZINGER
ADAM R. LAWTON
SARAH J. COLE
ALLISON M. DAY
TERESA A. REED DIPPO
DAVID T. RYAN
LAURA M. LOPEZ

SEE MTO.COM FOR
JURISDICTIONS OF ADMISSION

January 9, 2026

Writer's Direct Contact
(202)220-1130
(202)220-1130 FAX
Jonathan.Kravis@mto.com

**VIA E-MAIL**

The Honorable Lydia K. Griggsby
United States District Court
District of Maryland
6500 Cherrywood Lane, Suite 400
Greenbelt, MD 20770

   Re:  *United States v. Thomas Goldstein*, Case No. LKG-25-006

Dear Judge Griggsby:

   Last night, two business days before the start of trial, the government filed a motion to dismiss Counts Two through Six and Fifteen. The government first advised the defense of its intent to file this motion approximately 30 minutes before filing. The government's filing provides no explanation for the timing of its motion to dismiss; indeed, the government twice superseded the indictment in this case without seeking dismissal of these charges.

   The government's request to dismiss counts on the eve of trial, particularly Counts Two through Four, raises serious concerns. The defense requests the opportunity to file a response to the government's motion explaining those concerns and their impact on jury instructions, the verdict form, and the structure of the trial.

   In particular, it appears that the government is seeking to dismiss these counts to deprive Mr. Goldstein of his right to a unanimous verdict by charging tax evasion and false

MUNGER, TOLLES & OLSON LLP

January 9, 2026
Page 2

statements and then moving to dismiss the tax evasion charges at the last minute. The defense's initial research on this issue shows that where (as here) the government charges a diverse group of unlawful acts within a single count, there is a significant risk of a non-unanimous verdict, and therefore the defense is entitled to a special unanimity instruction. *See, e.g.*, *United States v. Duncan*, 850 F.2d 1104 (6th Cir. 1988), *overruled on other grounds by Schad v. Arizona*, 501 U.S. 624 (1991); *United States v. Holley*, 942 F.2d 916 (5th Cir. 1991). To address that risk, the defense requested special unanimity instructions and a special verdict form on the tax evasion charges, including Counts Two through Four. The purpose of those requests was to ensure that the jury is unanimous as to *the particular instance of conduct* that gave rise to the alleged tax evasion.

For example, Count Two charges tax evasion in 2017 based on a wide range of alleged conduct, including (1) mislabeling personal payments from the firm bank account as business expenses; (2) failing to report firm income; and (3) transferring personal funds to the firm IOLTA account. Mr. Goldstein is entitled to a jury instruction and verdict form that ensures the jury is unanimous as to which (if any) of these alleged acts underlie the jury's verdict on this count.

This same range of alleged conduct presumably also underlies the false tax returns for 2017 charged in Counts Seven and Eight. In its initial proposed jury instructions, the defense did not request this kind of special unanimity instruction on the false statements charges on the understanding that the jury would be instructed on both sets of charges for all tax years, and therefore a unanimous verdict on the tax evasion charges would carry through to the false statement charges for the same tax years.

The government's eleventh-hour change to the structure of the indictment eliminates this protection. Accordingly, if the Court grants the government's motion to dismiss, then it must give the same type of special unanimity instruction and special verdict form for the false statement counts, to ensure that the jury is unanimous as to the particular acts of evasion that gave rise to the alleged falsity. Otherwise the government could render this important protection a dead letter by proceeding in any tax case as it proposes to do here—charging tax evasion and false statements and then moving to dismiss the tax evasion counts on the eve of trial.

Further, the government's purported justification—"streamlining its case-in-chief and limiting the overall length of trial"—appears disingenuous. The defense understands from its conversation with the government shortly before the government motion was filed that the government intends to introduce all the same evidence and argue all the same theories of liability that appeared in the dismissed tax evasion counts as relevant to the false statement charges for the same years. It is therefore not at all clear that the government "is exercising its prosecutorial discretion in good faith." At a minimum, the government should be required to explain to the Court how dismissal of Counts Two through Four will "limit[] the overall length of trial." And

MUNGER, TOLLES & OLSON LLP

January 9, 2026
Page 3

in light of its representations, the government should not be permitted to introduce the few affirmative acts that were charged in Counts Two through Six but are not relevant to the false statement charges—for example, the alleged false statements to IRS officials and the purported attempt to influence a witness.  Dkt. No. 239, at paras. 111(d), 113(g); 113(h).

The defense can be prepared to file its response as soon as Monday if the Court desires.  In its response, the defense will propose revised jury instructions and a new special verdict form in the event the government's motion is granted.

Sincerely,

Jonathan Kravis