IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | CRIMINAL NO. LKG-25-6 |
| THOMAS C. GOLDSTEIN, | * | |
| | * | |
| Defendant. | * | |
| | ******** | |

**DEFENDANT THOMAS C. GOLDSTEIN'S MOTION TO EXCLUDE ALLEGATIONS
AND EVIDENCE OF UNCHARGED ACTS OF TAX EVASION**

The government recently asserted for the first time that it may ask the jury to convict Mr. Goldstein on Count One on the basis of affirmative acts of tax evasion that are not identified and charged in the streamlined Second Superseding Indictment ("the Indictment"). *See* 1/21/26 Tr. 277:18-279:5.  That is incorrect.  When as here the Indictment identifies specific affirmative acts, the defendant "can not be convicted on the basis of an affirmative act that is . . . not charged in the indictment." *United States v. McKee*, 506 F.3d 225, 231 (3d Cir. 2007).  Thus, any effort to allege or offer evidence of an uncharged affirmative act constitutes an unconstitutional constructive amendment.  *See, e.g.*, *United States v. Floresca*, 38 F.3d 706, 709-10 (4th Cir. 1994), *overruled on other grounds by United States v. Banks*, 29 F.4th 168 (4th Cir. 2022).  The defense therefore requests that this Court exclude allegations and evidence of uncharged affirmative acts of tax evasion.  Because the government has already presented such evidence, without prior notice to the defense or to the Court, the defense anticipates later requesting additional jury instructions clarifying that the jury may not convict Mr. Goldstein based on acts of evasion that are not charged in the Indictment.  And the government's muddled trial

1

presentation of charged and uncharged conduct further reinforces the need for a special verdict form.

## BACKGROUND

Shortly before trial began, the government dismissed all the tax evasion charges against Mr. Goldstein except for Count One, which charges tax evasion in 2016. ECF No. 337. That count specifies in detail precisely how Mr. Goldstein allegedly evaded the assessment and collection of his 2016 taxes. Although the Indictment does not expressly differentiate which affirmative acts relate to assessment and which relate to collection, several unquestionably relate to the government's ability to collect Mr. Goldstein's 2016 taxes. Count One thus alleges eight specific affirmative acts of tax evasion:

 a. using funds and assets of G&R to pay personal gambling debts in specific instances identified by the Indictment;

 b. providing false and incomplete information to the Accounting Firm;

 c. making false and misleading statements that the Indictment specifies to an IRS Revenue Officer in March 2018;

 d. making false and misleading statements to IRS representatives that the Indictment specifies in October 2020;

 e. transferring at least $960,000 in personal funds into G&R's IOLTA account in March 2021 to shield the funds from collection by the IRS;

 f. using foreign individuals and foreign bank accounts to receive income in a manner specified by the Indictment;

 g. causing the preparation, signing, and filing with the IRS of a false and fraudulent Form 1120S for G&R; and

      h.  causing the preparation, signing, and filing with the IRS of a false and fraudulent Form 1040 for himself and his wife.

ECF No. 337-2, ¶ 109.

On Wednesday, the government called and examined Jonathan Levitan, one of the firm office managers. Counsel for the government asked Mr. Levitan questions suggesting that Mr. Goldstein had attempted to evade collection of his 2016 taxes through means not specified by the Indictment. Specifically, counsel asked about an unsigned IRS Form 433-F bearing Mr. Goldstein's name, which Mr. Levitan had partially filled out. *See* 1/21/26 Tr. 263:14-268:17. Counsel asked the witness if he had included "Mr. Goldstein's personal Wells Fargo account" on the form; the witness answered that he had not. 1/21/26 Tr. 266:20-25.[1] The government also asked a series of questions about payments Mr. Goldstein had made to the IRS and others, and inquiries Mr. Goldstein made to Mr. Levitan regarding those payments and his account balances during that time. 1/21/26 Tr. 251:1-263:1.

In response, defense counsel objected that the government was using evidence "about Mr. Goldstein's payments to the IRS and representations made to the IRS" to "impl[y] that Mr. Goldstein was taking steps to evade collection from the IRS." *Id.* at 277:18-278:3. Defense counsel argued that, if the government were attempting to "suggest [to the jury] that Mr. Goldstein was taking other actions to evade collection that are not charged in the indictment and not mentioned in the 404(b) notice, we object." *Id.* at 278:4-16. In response, the government did not dispute that the conduct at issue is not specified by Count One, or even otherwise identified by the Indictment at all. The grand jury therefore found nothing with respect to this alleged

---

[1] The defense notes that these questions were extremely misleading for two reasons: (1) the form was never submitted to the IRS; and (2) it became apparent in the subsequent questioning of Officer Parrish that she knew about the personal Wells Fargo Account.

conduct. Further, Mr. Goldstein had no notice or opportunity to prepare a defense with respect to those claims. The government nonetheless responded that its "position" is that, because Count One generally alleges that Mr. Goldstein evaded the collection of his 2016 taxes, even *uncharged* affirmative acts of evasion can be the basis of a conviction on "Count One because it's part of the evasion of payment." *Id.* at 278:19-279:2. This was a surprise, given that it completely contradicts the government's position with respect to the jury instructions for Count One. *See infra* at 5. The government also notably did not cite any authority in support of its position.

## ARGUMENT

The government may not argue or present evidence of uncharged acts of tax evasion for two independent reasons. It would constitute a constructive amendment of the Indictment in violation of the Fifth Amendment. It would also contradict the jury instructions to which the government has expressly agreed.

### I.  THE GOVERNMENT CANNOT PURSUE UNCHARGED AFFIRMATIVE ACTS OF TAX EVASION.

"When the government, through its presentation of evidence and/or its argument . . . broadens the bases for conviction beyond those charged in the indictment, a constructive amendment [to the indictment] . . . occurs." *United States v. Randall*, 171 F.3d 195, 203 (4th Cir. 1999), *overruled on other grounds by Banks*, 29 F.4th 168. But because "[t]he Fifth Amendment to the United States Constitution … guarantees that a criminal defendant will be tried only on charges in a grand jury indictment," "only the grand jury may broaden or alter the charges in the indictment." *Id.* (citation omitted). Thus, "a constructive amendment" to an indictment "violates the Fifth Amendment right to be indicted by a grand jury." *Id.*

As relevant here, the rule against constructive amendment means that a defendant "can not be convicted on the basis of an affirmative act" of tax evasion "that is . . . not charged in the

4

indictment." *McKee*, 506 F.3d at 231. The Third Circuit's decision in *McKee* is instructive. In that case, the indictment charged the defendants "with attempted evasion of employment taxes by preparing, signing, and causing the filing of false and fraudulent federal employment tax returns." *Id.* at 230. At trial, however, the government introduced additional "evidence that books and records were falsified and information was withheld from the [company's] accountant." *Id.* at 230.

On appeal, the Third Circuit held that the trial court erred in instructing the jury that it could convict based on that "uncharged conduct." *Id.* at 231. Because the allegations that the defendants had falsified records and withheld information were "never charged in the indictment," "the court's instructions" impermissibly "had the effect of broadening the indictment." *Id.* at 230-31. Instead, the Court of Appeal explained that "the jury [could] rely *only* upon evidence of the *specific* affirmative acts charged in the indictment." *Id.* at 232 (emphasis added).

The government's effort in this case to introduce evidence of ostensible affirmative acts of tax evasion not charged in the Indictment is a violation of Mr. Goldstein's Fifth Amendment rights. It is thus important that Count One specifies the relevant acts of tax evasion, including particularly evasion of collection. "Had the government simply charged [Mr. Goldstein] generically under Section 7201 with the willful evasion of a tax, we might have a different situation. But it did not." *United States v. Farr*, 536 F.3d 1174, 1181 (10th Cir. 2008) (Gorsuch, J.). Instead, the 56-page speaking indictment lists eight affirmative acts—no more. ECF No. 337-2, ¶ 109. "It is settled law . . . that the language employed by the government in its indictments becomes an essential and delimiting part of the charge itself, such that '[i]f an

indictment charges particulars, the jury instructions and evidence introduced at trial must comport with those particulars.'" *Farr*, 536 F.3d at 1181 (citation omitted) (alteration adopted).[2]

The government's position is also flatly inconsistent with—and therefore precluded by— its own position with respect to the parties' joint proposed jury instructions. Instruction Number 46, which concerns unanimity as to affirmative acts, was agreed to by the parties. That Instruction states that "the government is required to prove that Mr. Goldstein committed at least one of the affirmative acts *that is alleged in each Count*." ECF No. 312, at 71. The government's reliance on uncharged alleged acts of evasion to convict Mr. Goldstein of tax evasion on Count One is inconsistent with this jointly-requested instruction, and necessarily contradicts the government's own position with respect to the instruction.

Going forward, the defense requests that this Court exclude any further evidence of uncharged affirmative acts of tax evasion. Further, given the likely jury confusion created by the government's suggestion that Mr. Goldstein evaded collection of taxes by engaging in *uncharged* affirmative acts of evasion, it will be essentially to ensure that the jury understands that Mr. Goldstein may be found guilty of Count One only based only upon the acts specifically alleged in that count. *See, e.g.*, *Floresca*, 38 F.3d at 711 ("Plainly and simply, 'a court cannot permit a defendant to be tried on charges that are not made in the indictment against him.'" (citation omitted)); *McKee*, 506 F.3d at 231 ("Unless the government can show with certainty

---

[2]    The defense notes that the government's position before this Court constitutes the non-acquiescence of the United States in the rulings of the Third Circuit in *McKee* and Tenth Circuit in *Farr*. That is a significant determination of criminal tax enforcement policy. Government counsel are accordingly obligated to advise the Court whether their position had in fact been approved by the relevant supervisory personnel of the Department of Justice such that it actually *did* represent the position of the government, as opposed to merely the unauthorized advocacy of the particular lawyers representing the government in this case. Counsel also should identify other cases in which the United States previously took this position.

that the jury did not convict Defendants based on those improper examples [of tax evasion], we must find plain error and reverse Defendants' convictions . . . ."); *see, e.g.*, ECF Nos. 315, 342-1 (defense request for special verdict form).  Because the government has already presented evidence of uncharged alleged acts of evasion, the defense likely will request additional corrective language in the jury instructions making clear that the jury may not convict Mr. Goldstein based on that evidence.

II. **THE GOVERNMENT MUST CLARIFY WHAT ALLEGATIONS UNDERLIE THE INDICTMENT'S TAX COUNTS.**

On the eve of trial, the government filed a motion to dismiss six counts of the Second Superseding Indictment:  the tax evasion charges for 2017, 2018, and 2021; the false return charge for 2016; and the willful failure to pay charge for 2016.  ECF No. 337.  Unhelpfully, that motion to dismiss told the Court nothing about the effect of dismissing those charges on the substantive allegations of the indictment.  As the defense argued in its response to the government's motion to dismiss, the government's decision to dismiss certain charges means that a number of alleged acts of tax evasion are simply not relevant because they are "no longer tethered to any theory of criminal liability."  ECF No. 342, at 9.

Unfortunately, the government has done nothing to clarify what its position is on the effect of the dismissal on the remaining charges in the Indictment.  That is, the defense still does not know what conduct the government believes underlies each remaining tax count (and, in particular, the Section 7206(2) false statements charges), and what conduct is no longer in the case.  This confusion has been magnified by the government's presentation of its case-in-chief, which has muddled charged conduct, uncharged conduct noticed under Rule 404(b), and uncharged conduct that was never identified to the defense.  As a result, neither the jury nor the defense has any understanding as to which uncharged acts are offered under Rule 404(b) only

7

and which uncharged acts are now being offered as a basis for conviction under Count One. This confusion is interfering substantially with Mr. Goldstein's ability to put on a defense because he does not know what conduct the government alleges continues to underlie the remaining tax counts.

This issue is likely to arise with one of the government's upcoming witnesses. The original Second Superseding Indictment alleged that between October 2020 and January 2021, Mr. Goldstein offered a firm manager "things of value . . . at least in part to dissuade the firm manager from cooperating with the IRS's ongoing criminal investigation by, among other things, providing information about" one of the four employees who was the subject of pretrial motions. ECF No. 239, ¶ 80. That allegation was listed as an alleged act of evasion only in Count Three, which charged tax evasion for 2018. *Id.* ¶ 113(h). Count Three has now been dismissed, and this conduct is obviously not connected to any alleged false statement in the tax returns. Yet the government's revised Second Superseding Indictment still includes the allegation. *See* ECF No. 337-2, ¶ 80. As a result of the government's muddled presentation of evidence and its last-minute revisions to the Indictment, the defense does not know whether the government still intends to present this evidence, and if so under what theory in light of the fact that the count charging this alleged conduct as an act of evasion has been dismissed, as well as the fact that the Court has now excluded all evidence on the four employees. Similar issues are very likely to arise with other evidence in the government's case.

Accordingly, the defense respectfully requests that the Court direct the government to produce a list of the allegations that underlie Counts 1-13 of the Second Superseding Indictment.

## **CONCLUSION**

For the reasons set forth herein, the Court should exclude evidence of affirmative acts of tax evasion not alleged in Paragraph 109 of the Second Superseding Indictment. The Court

should also direct the government to produce a list of the allegations that underlie Counts 1-13 of the Second Superseding Indictment.

Dated: January 24, 2026

Respectfully submitted,

/s/ *Jonathan I. Kravis*
Jonathan I. Kravis (Bar No. 31556)
Stephany Reaves (Bar No. 19658)
Sarah E. Weiner (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue NW, Suite 500E
Washington, DC 20001
(202) 220-1100
Jonathan.Kravis@mto.com
Stephany.Reaves@mto.com
Sarah.Weiner@mto.com

Adeel Mohammadi (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
350 S. Grand Avenue, 50th Floor
Los Angeles, CA 90071
(213) 683-9100
Adeel.Mohammadi@mto.com

*Attorneys for Defendant Thomas Goldstein*