IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | **CRIMINAL NO. LKG-25-6** |
| | ) | **REDACTED** |
| **THOMAS C. GOLDSTEIN** | ) | |

**MEMORANDUM IN SUPPORT OF JOHN DOE'S RENEWED
MOTION TO QUASH**

  /s/ Steven H. Levin
Steven H. Levin (Fed Bar #28750)
Steptoe LLP
1330 Connecticut Avenue NW
Washington, DC 20036-1795
Phone: (202) 429-3000
Fax: (202) 429-3902
slevin@steptoe.com
*Counsel for Non-Party John Doe*

  /s/ Lauren McLarney
Lauren M. McLarney (Fed Bar #20982)
Gerard P. Martin (Fed Bar #00691)
Rosenberg Martin Greenberg, LLP
25 S. Charles Street
Baltimore, MD 21201
Phone: (410) 727-6600
Fax: (410) 727-1115
lmclarney@rosenbergmartin.com
gmartin@rosenbergmartin.com
*Counsel for Non-Party John Doe*

On January 9, 2026, this Court denied without prejudice non-party John Doe's motion to quash the subpoena ("Subpoena") that the United States of America (the "Government") caused to be served on him on or about November 23, 2025 (ECF No. 263) (the "Motion to Quash"). The Subpoena requests that John Doe appear to testify in the trial against Defendant, which is ongoing before this Court. John Doe now moves to renew his Motion to Quash the Subpoena.

For the reasons set forth herein, the testimony the Government seeks from John Doe is cumulative of the evidence already presented at Defendant's trial or otherwise irrelevant. Requiring John Doe's presence to provide such testimony would impose an undue burden on a non-party. Should this Motion be set for hearing, John Doe respectfully requests that his presence not be required.

I. **The Testimony the Government Seeks from John Doe is Cumulative of Evidence Already Presented at Trial or Otherwise Irrelevant.**

In its Response in Opposition to John Doe's Motion to Quash (the "Government's Response"), the Government argued that John Doe's testimony would be relevant to the 2021 charges against Defendant for tax evasion (Count Four), aiding in the preparation of a false return (Count Fifteen) and failure to pay taxes (Count Nineteen), and to corroborate certain international travel (*see* ECF No. 274 at 4–6). On January 12, 2026, this Court granted the Government's Motion to Dismiss Counts Two through Six and Fifteen of the Second Superseding Indictment (ECF No. 343). Thus, any testimony the Government previously sought from John Doe regarding Counts Four and Fifteen is inadmissible on those grounds.

   A. **John Doe's Expected Testimony is Cumulative of Evidence Already Presented at Defendant's Trial.**

Any possibly relevant testimony that John Doe could provide is cumulative of information already provided by witnesses called by the Government to testify at Defendant's trial. The Government argued in its Response Motion that it sought testimony from John Doe to show that

1

Defendant was "prioritizing poker over paying taxes in 2022," and to show "general willfulness" regarding his tax obligations because Defendant played poker between 2022-2024 and did not file tax returns for those years. *See* ECF No. 274 at 5–6. As discussed further *infra*, evidence of Defendant's alleged poker activities—to the extent relevant to the parties' theories—is admissible only through December 8, 2022, pursuant to this Court's January 20, 2026 Order (*see* ECF No. 354). Thus, the Government may only seek testimony from John Doe related to Defendant's poker activities and "prioritizing poker" through December 8, 2022. This limitation makes any potentially relevant testimony from John Doe cumulative.

On [REDACTED], the Government called [REDACTED] to testify before this Court. Among other topics, the Government asked [REDACTED] to provide details of [REDACTED]. [REDACTED] testified that [REDACTED].

[REDACTED] further provided specific details regarding [REDACTED]—precisely the same subject matter the Government now claims it seeks to establish through John Doe's testimony. Indeed, [REDACTED] testimony already supplied the Court with the very information the Government seeks from John Doe: [REDACTED]. And, that information was <u>not</u> rebutted by Defendant—[REDACTED]. Given that the Government has already elicited this evidence from a firsthand witness, and that evidence went unrebutted by Defendant, the Government's insistence on calling John Doe is duplicative and unnecessary. The record already contains the testimony the Government seeks, rendering John Doe's appearance superfluous.

As stated in John Doe's Reply to the Government's Response in Opposition to his Motions, while the Government may have broad discretion to present evidence, courts have consistently emphasized their role in imposing limitations to prevent, among other things, undue burden in the judicial process. *See United States v. Janati*, *374* F.3d 263 (4th Cir. 2004) (acknowledging that the

government's latitude for proving its case must be balanced against the district court's authority to manage trials and limit evidence to prevent undue prejudice or confusion); *see generally* Fed. R. Evid. 403 (allowing courts to exclude relevant evidence if its probative value is substantially outweighed by risks such as unfair prejudice, confusing the issues, misleading the jury, undue delay, or wasting time). *See also* Fed. R. Evid. 611(a). Here, the information sought has already been procured in its entirety, and thus exercise of that discretion is appropriate.

### B.  John Doe's Expected Testimony is Otherwise Irrelevant.

#### 1.  The Government May Not Introduce Evidence of Poker Activities After December 8, 2022.

Any non-cumulative testimony that the Government may seek from John Doe is irrelevant. On January 20, 2026, this Court determined that evidence of Defendant engaging in poker activities through only December 8, 2022 may be admitted (ECF No. 354). As discussed in detail in John Doe's Motion to Quash and Reply to the Government's Response in Opposition to his Motions, [REDACTED]. Thus, [REDACTED]. As discussed *supra*, a witness who has already testified before the Court, [REDACTED], has provided information about [REDACTED]. Any additional, non-cumulative information that John Doe may have will necessarily be of potential events from *after* December 8, 2022, and is irrelevant and therefore inadmissible.

#### 2.  Potential Testimony About Defendant's International Travel is Wholly Irrelevant.

In its Response, the Government contends that John Doe's testimony would be relevant to rebut Defendant's statute of limitations argument. However, as reflected in Defendant's Response to the Government's Motion for Determination of Applicable Statute of Limitations (ECF No. 355), the Government has expressly acknowledged that it does not intend to argue for further tolling based on Defendant's time spent outside the United States.

3

Moreover, as set forth in John Doe's prior Motion to Quash (ECF No. 263) and his Reply to the Government's Opposition (ECF No. 301), any testimony concerning Defendant's alleged international travel—[REDACTED]—is irrelevant to the charges at issue. Whether Defendant traveled abroad has no bearing on the central question the Government seeks to prove: that Defendant lived lavishly while failing to pay federal taxes. Because the Government has disclaimed any tolling argument and because alleged international travel does not advance its theory of the case, any testimony from John Doe on this topic would serve no legitimate evidentiary purpose. It would be, by definition, irrelevant.

### 3. The Government May Seek to Introduce Inflammatory, Irrelevant Information.

Additionally, John Doe anticipates that the Government may seek to introduce testimony or certain documents containing highly sensitive and wholly irrelevant information. As discussed herein *supra*, only information that is relevant to either party's case theory[1] from prior to December 8, 2022 is admissible. Thus, the Government should not be permitted to introduce testimony or documents in full, and without redaction, that discuss [REDACTED]. The Government claims that John Doe's testimony would be relevant to show Defendant's willful failure to pay taxes—it has no basis at all to introduce patently irrelevant information. Introducing that information is unnecessary to any testimony John Doe could provide.

### II. Requiring John Doe, a Non-Party, to Provide Cumulative and Otherwise Irrelevant Testimony Would Impose an Undue Burden on a Non-Party.

Courts have interpreted the standard for quashing a Rule 17 subpoena to encompass various grounds, including undue burden, irrelevance, overbreadth, vagueness, abuse, harassment, or

---

[1] The Court ruled that the Government may introduce evidence of Defendant's poker playing prior to December 8, 2022, and that Defendant may introduce evidence of his payment of taxes in October and December 2022 to show that he was not willfully violating the law.

intrusion on significant interests outside recognized privileges. *See In re Grand Jury, John Doe No. G.J.2005-2*, 478 F.3d 581 (4th Cir. 2007). The determination as to whether a subpoena is unduly burdensome is within the discretion of the district court. *See Cook v. Howard*, 484 Fed. App'x 805, 812 n.7 (4th Cir. 2012). The question of undue burden "usually raises a question of the reasonableness of the subpoena, [which requires the court to weigh] a subpoena's benefits and burdens [and] consider whether the information is necessary and whether it is available from any other source." *Intelligent Verification Sys., LLC v. Microsoft Corp.*, No. 2:12-cv-525, 2014 WL 12544827, at *1 (E.D. Va. Jan. 9, 2014) (quoting *Maxiena, Inc. v. Marks*, 289 F.R.D. 427, 439 (D. Md. 2012)). Rule 17(c)(2) specifically "requires the district court to balance the burden of compliance, on the one hand, against the governmental interest. . ." *See U.S. v. R. Enterprises, Inc.*, 498 U.S. 292, 303 (1991) (Stevens, J., concurring in part and concurring in the judgment). The Fourth Circuit has also found that the balance of interests in this factual analysis must take into account that "[nonparties are 'strangers' to the litigation, and since they have 'no dog in [the] fight,' they have 'a different set of expectations' from the parties themselves," and that "[b]ystanders should not be drawn into the parties' dispute without some good reason, even if they have information that falls within the scope of party discovery." *Virginia Dep't of Corr. v. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019) (citation omitted). While the *Jordan* analysis was conducted in the context of deposition subpoenas, this logic may be properly applied to trial subpoenas. *See Gilliam v. Bertie Cnty. Bd. of Educ.*, No. 2:20-cv-00016, 2022 WL 6251966, at *2 n.2 (E.D.N.C. Oct. 7, 2022) (acknowledging that *Jordan* analysis applies to trial subpoenas).

  Assessing the Government's need—or lack thereof—for John Doe's testimony on one hand and the burden to John Doe on the other, both lead to the conclusion of proper quashal. As described herein, any admissible information that John Doe might be able to provide has already

5

been elicited by the Government from other witnesses. On the burden side, requesting that John Doe, who is not a party to this case, appear in this District amidst severe weather warnings to provide the cumulative testimony would impose a significant burden, which favors quashing the subpoena.

## CONCLUSION

Requiring John Doe to suspend both his professional and personal obligations in order to provide testimony that is entirely cumulative and substantively irrelevant serves no legitimate purpose. The Government's proposed examination would merely duplicate evidence already in the record, address matters with no bearing on the issues before the Court, and impose an undue burden on a non-party.

Under these circumstances, compelling John Doe's appearance would contravene the principles embodied in Federal Rule of Criminal Procedure 17(c)(2), which protects non-parties from unnecessary and burdensome discovery. Because the testimony the Government seeks is duplicative, irrelevant, and unduly burdensome, John Doe respectfully requests that the Court quash the Subpoena in its entirety.

Dated: January 26, 2026

    Respectfully Submitted,
    */s/ Steven H. Levin*
    Steven H. Levin (Fed Bar #28750)
    Steptoe LLP
    1330 Connecticut Avenue NW
    Washington, DC 20036-1795
    Phone: (202) 429-3000
    Fax: (202) 429-3902
    slevin@steptoe.com
    *Counsel for Non-Party John Doe*

    */s/ Lauren McLarney*
    Lauren M. McLarney (Fed Bar #20982)
    Gerard P. Martin (Fed Bar #00691)
    Rosenberg Martin Greenberg, LLP
    25 S. Charles Street
    Baltimore, MD 21201
    Phone: (410) 727-6600
    Fax: (410) 727-1115
    lmclarney@rosenbergmartin.com
    gmartin@rosenbergmartin.com
    *Counsel for Non-Party John Doe*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 26, 2026, a copy of the foregoing was electronically filed via the Court's CM/ECF system and served electronically on all counsel of record.

                 _/s/ Steven H. Levin_____
Steven H. Levin (Fed Bar #28750)
Steptoe LLP
1330 Connecticut Avenue NW
Washington, DC 20036-1795
Phone: (202) 429-3000
Fax: (202) 429-3902
slevin@steptoe.com
*Counsel for Non-Party John Doe*

                 _/s/ Lauren McLarney_____
Lauren M. McLarney (Fed Bar #20982)
Gerard P. Martin (Fed Bar #00691)
Rosenberg Martin Greenberg, LLP
25 S. Charles Street
Baltimore, MD 21201
Phone: (410) 727-6600
Fax: (410) 727-1115
lmclarney@rosenbergmartin.com
gmartin@rosenbergmartin.com
*Counsel for Non-Party John Doe*