# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### SOUTHERN DIVISION

|                              |     |                            |
|------------------------------|-----|----------------------------|
| **UNITED STATES OF AMERICA** | )   |                            |
|                              | )   |                            |
| **v.**                       | )   | **CRIMINAL NO. LKG-25-6**  |
|                              | )   | **REDACTED**               |
| **THOMAS C. GOLDSTEIN**      | )   |                            |

## MEMORANDUM IN SUPPORT OF ATTORNEY A'S RENEWED
## MOTION TO QUASH

 _/s/ Steven H. Levin_____
Steven H. Levin (Fed Bar #28750)
Steptoe LLP
1330 Connecticut Avenue NW
Washington, DC 20036-1795
Phone: (202) 429-3000
Fax: (202) 429-3902
slevin@steptoe.com
*Counsel for Non-Party Attorney A*

 _/s/ Lauren McLarney_____
Lauren M. McLarney (Fed Bar #20982)
Gerard P. Martin (Fed Bar #00691)
Rosenberg Martin Greenberg, LLP
25 S. Charles Street
Baltimore, MD 21201
Phone: (410) 727-6600
Fax: (410) 727-1115
lmclarney@rosenbergmartin.com
gmartin@rosenbergmartin.com
*Counsel for Non-Party Attorney A*

On January 9, 2026, this Court denied without prejudice non-party Attorney A's motion to quash the subpoena ("Subpoena") that the United States of America (the "Government") caused to be served on him on or about December 2, 2025 (ECF No. 283) (the "Motion to Quash"). The Subpoena requests that Attorney A appear to testify in the trial against Defendant, which is ongoing before this Court. Attorney A now moves to renew his Motion to Quash the Subpoena.

For the reasons set forth herein, the testimony the Government seeks from Attorney A falls within the attorney-client privilege or is otherwise irrelevant. Requiring Attorney A's presence to provide such testimony would impose an undue burden on a non-party. Should this Motion be set for hearing, Attorney A respectfully requests that his presence not be required.

## I.     The Testimony the Government Seeks from Attorney A is Highly Limited, Better Procured from Other Sources, Largely Privileged or Otherwise Irrelevant.

In its Response in Opposition to Attorney A's Motion to Quash ("Government's Response"), the Government fails to identify any specific subject matter for which it seeks Attorney A's testimony. Instead, it merely incorporates by reference its Response to non-party John Doe's Motion to Quash ("Response to John Doe") into its opposition to Attorney A. In its Response to John Doe, the Government argued that the testimony it seeks would be relevant to the 2021 charges against Defendant for tax evasion (Count Four), aiding in the preparation of a false return (Count Fifteen) and failure to pay taxes (Count Nineteen), and to corroborate certain international travel (*see* ECF No. 274 at 4–6). On January 12, 2026, this Court granted the Government's Motion to Dismiss Counts Two through Six and Fifteen of the Second Superseding Indictment (ECF No. 343). Thus, any testimony the Government previously sought from Attorney A regarding Counts Four and Fifteen is inadmissible on those grounds.

### A.     Attorney A's Expected Testimony is Extremely Limited and Better Procured from Other Sources.

In discussing the testimony that it seeks, the Government's Response to John Doe references [REDACTED]. *See* [REDACTED]. As discussed in his prior Motion to Quash and Reply to the Government's Response in Opposition to his Motions, Attorney A has no personal or probative knowledge of [REDACTED] beyond the facts already alleged in the Second Superseding Indictment. With respect to the Defendant's poker activities in 2022, Attorney A has no personal knowledge of, and therefore cannot testify to, the details of any alleged matches in which he did not participate. As enumerated in Attorney A's Reply to the Government's Response in Opposition to his Motions, [REDACTED]—who the Government already intends to call as a witness—is in a significantly better position to testify as to these matters. *See* ECF No. 324.

While the Government may have broad discretion to present evidence, courts have consistently emphasized their role in imposing limitations to prevent, among other things, undue burden in the judicial process. *See United States v. Janati*, 374 F.3d 263 (4th Cir. 2004) (acknowledging that the government's latitude for proving its case must be balanced against the district court's authority to manage trials and limit evidence to prevent undue prejudice or confusion); *see generally* Fed. R. Evid. 403 (allowing courts to exclude relevant evidence if its probative value is substantially outweighed by risks such as unfair prejudice, confusing the issues, misleading the jury, undue delay, or wasting time). *See also* Fed. R. Evid. 611(a). Here, the information, which Attorney A does not possess, is plainly better procured from other sources, and thus exercise of this Court's discretion is appropriate.

### B.     Attorney A's Highly Limited Expected Testimony is Largely Privileged.

Moreover, any knowledge Attorney A may have regarding [REDACTED] necessarily derives from conversations with his client, John Doe, during the course of legal representation. The Government, in its Response (ECF No. 311), asserts that it will not question Attorney A about attorney–client communications or other privileged matters. This concession leaves virtually no

permissible subject matter for examination. Attorney A has never played poker with the Defendant and was not present at any poker matches in which the Defendant allegedly participated. Thus, any testimony by Attorney A regarding the Defendant "prioritizing poker in 2022," as the Government proposes, would be based entirely on privileged communications with his client. The Government asserts that it intends to question Attorney A about [REDACTED] and not about "privileged matters." To the extent the Government seeks the substance of those communications, it can introduce documentary evidence, which could be admitted by stipulation without the need for live testimony. Calling Attorney A solely to confirm whether certain statements were made would serve no practical purpose. It is therefore reasonable to infer that the Government seeks testimony on additional details surrounding those communications. However, beyond the mere fact of any statements, Attorney A's knowledge is inextricably intertwined with attorney–client privileged information. He cannot explain the reasons for any statements allegedly made to the Defendant without revealing legal strategy, mental impressions, or decision-making shared between himself and his client, John Doe.

Compelling such testimony would risk a clear infringement of the attorney–client privilege, which Attorney A is ethically and legally obligated to protect under Texas Disciplinary Rule 1.05. Accordingly, any potentially relevant information the Government might seek from Attorney A is privileged and therefore unavailable through his testimony.

### C.    Attorney A's Highly Limited Expected Testimony is Otherwise Irrelevant.

#### 1.    The Government May Not Introduce Evidence of Poker Activities After December 8, 2022.

On January 20, 2026, this Court determined that evidence of Defendant engaging in poker activities through only December 8, 2022 may be admitted (ECF No. 354). Thus, Attorney A's already narrow testimony would be highly limited based on this temporal restriction. On

[REDACTED], the Government called [REDACTED] to testify before this Court. [REDACTED] testified as to [REDACTED]. Any additional information that Attorney A may have—which, as discussed *supra*, would come from his discussions with his client and thus is largely covered by the attorney-client privilege—will necessarily be of potential events from *after* December 8, 2022, and is therefore irrelevant and inadmissible.

### 2. Potential Testimony About Defendant's International Travel is Wholly Irrelevant.

In the Government's Response, the Government argued that it sought testimony relevant to rebut Defendant's statute of limitations argument. However, Attorney A understands, and as is stated in Defendant's Response to the Government's Motion for Determination of Applicable Statute of Limitations (ECF No. 355), that the Government does not intend to argue that the statute of limitations should be further tolled by Defendant's time spent outside the United States. Any testimony that the Government may seek from Attorney A regarding international travel—which he did not partake in—would thus have no argument to support and therefore is irrelevant.

## II. Requiring Attorney A, a Non-Party, to Provide Highly Limited and Otherwise Irrelevant Testimony Would Impose an Undue Burden on a Non-Party.

Courts have interpreted the standard for quashing a Rule 17 subpoena to encompass various grounds, including undue burden, irrelevance, overbreadth, vagueness, abuse, harassment, or intrusion on significant interests outside recognized privileges. *See In re Grand Jury, John Doe No. G.J.2005-2*, 478 F.3d 581 (4th Cir. 2007). The determination as to whether a subpoena is unduly burdensome is within the discretion of the district court. *See Cook v. Howard*, 484 Fed. App'x 805, 812 n.7 (4th Cir. 2012). The question of undue burden "usually raises a question of the reasonableness of the subpoena, [which requires the court to weigh] a subpoena's benefits and burdens [and] consider whether the information is necessary and whether it is available from any other source." *Intelligent Verification Sys., LLC v. Microsoft Corp.*, No. 2:12-cv-525, 2014 WL

12544827, at *1 (E.D. Va. Jan. 9, 2014) (quoting *Maxiena, Inc. v. Marks*, 289 F.R.D. 427, 439 (D. Md. 2012)). Rule 17(c)(2) specifically "requires the district court to balance the burden of compliance, on the one hand, against the governmental interest. . ." *See U.S. v. R. Enterprises, Inc.*, 498 U.S. 292, 303 (1991) (Stevens, J., concurring in part and concurring in the judgment). The Fourth Circuit has also found that the balance of interests in this factual analysis must take into account that "[nonparties are 'strangers' to the litigation, and since they have 'no dog in [the] fight,' they have 'a different set of expectations' from the parties themselves," and that "[b]ystanders should not be drawn into the parties' dispute without some good reason, even if they have information that falls within the scope of party discovery." *Virginia Dep't of Corr. v. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019) (citation omitted). While the *Jordan* analysis was conducted in the context of deposition subpoenas, this logic may be properly applied to trial subpoenas. *See Gilliam v. Bertie Cnty. Bd. of Educ.*, No. 2:20-cv-00016, 2022 WL 6251966, at *2 n.2 (E.D.N.C. Oct. 7, 2022) (acknowledging that *Jordan* analysis applies to trial subpoenas).

Assessing the Government's need for Attorney A's highly limited testimony on one hand and the burden to Attorney on the other, both lead to the conclusion of proper quashal. As described herein, beyond mere factual statements that may be admitted via stipulation, Attorney A's knowledge is covered by the attorney-client privilege and thus unavailable through testimony. On the burden side, requesting that Attorney A, who is not a party to this case, appear in this District amidst severe weather warnings to provide the cumulative testimony would impose a significant burden, which favors quashing the subpoena.

## CONCLUSION

Because the testimony the Government seeks from Attorney A is cumulative, largely privileged, otherwise irrelevant, and burdensome to a non-party, Attorney A respectfully requests that the Court quash the Subpoena.

Dated: January 26, 2026

Respectfully Submitted,

_/s/ Steven H. Levin_

Steven H. Levin (Fed Bar #28750)
Steptoe LLP
1330 Connecticut Avenue NW
Washington, DC 20036-1795
Phone: (202) 429-3000
Fax: (202) 429-3902
slevin@steptoe.com
*Counsel for Non-Party Attorney A*

_/s/ Lauren McLarney_

Lauren M. McLarney (Fed Bar #20982)
Gerard P. Martin (Fed Bar #00691)
Rosenberg Martin Greenberg, LLP
25 S. Charles Street
Baltimore, MD 21201
Phone: (410) 727-6600
Fax: (410) 727-1115
lmclarney@rosenbergmartin.com
gmartin@rosenbergmartin.com
*Counsel for Non-Party Attorney A*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 26, 2026, a copy of the foregoing was electronically

filed via the Court's CM/ECF system and served electronically on all counsel of record.


_/s/ Steven H. Levin_____
Steven H. Levin (Fed Bar #28750)
Steptoe LLP
1330 Connecticut Avenue NW
Washington, DC 20036-1795
Phone: (202) 429-3000
Fax: (202) 429-3902
slevin@steptoe.com
*Counsel for Non-Party Attorney A*

_/s/ Lauren McLarney_____
Lauren M. McLarney (Fed Bar #20982)
Gerard P. Martin (Fed Bar #00691)
Rosenberg Martin Greenberg, LLP
25 S. Charles Street
Baltimore, MD 21201
Phone: (410) 727-6600
Fax: (410) 727-1115
lmclarney@rosenbergmartin.com
gmartin@rosenbergmartin.com
*Counsel for Non-Party Attorney A*