IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | CRIMINAL NO. LKG-25-6 |
| THOMAS C. GOLDSTEIN, | * | |
| | * | |
| Defendant. | * | |
| | ******** | |

**<u>DEFENDANT THOMAS C. GOLDSTEIN'S MOTION TO EXCLUDE TESTIMONY</u>**

This evening, the government advised the defense that it intends to call Katie Bart, one of G&R's former office managers, tomorrow. The defense anticipates that the government may seek to elicit testimony from Ms. Bart regarding whether Mr. Goldstein attempted "to dissuade [her] from cooperating with the IRS's ongoing criminal investigation by, among other things, providing information about a woman" (i.e., "Employee 4") whom Mr. Goldstein allegedly "caused to be listed and paid as an employee of G&R and covered under the G&R health insurance policy even though she did no work for G&R." ECF No. 337-2, ¶ 80 (internal quotation marks omitted). That testimony would be relevant (if at all) only to counts that have been *dismissed*, theories of liability that are *void for vagueness*, and allegations that this Court has ruled are *more prejudicial than probative*. And this testimony is not relevant to willfulness. Any testimony on this subject should be excluded.

1

## BACKGROUND

In the Second Superseding Indictment returned on November 20, 2025, Mr. Goldstein was charged with four counts of tax evasion in years 2016 (Count 1), 2017 (former Count 2), 2018 (former Count 3), and 2021 (former Count 4). *See* ECF No. 239, ¶¶ 108-115. With respect to the offense of tax evasion in 2018, the Second Superseding Indictment charged eight affirmative acts, including "repeatedly offering a G&R firm manager things of value, including cryptocurrency, at least in part to dissuade her from cooperating with the IRS's ongoing criminal investigation by, among other things, providing information about a woman whom [Mr. Goldstein] caused to be listed and paid as an 'employee' of G&R and covered under the G&R health insurance policy even though she did no work for G&R." ECF No. 239, ¶ 113(h).

Shortly before trial began, the government dismissed all the tax evasion charges against Mr. Goldstein except for Count One, which charges tax evasion in 2016. *See* ECF No. 337-2. As the defense has previously noted, *see* ECF No. 366, that count alleges eight specific affirmative acts of tax evasion:

   a. using funds and assets of G&R to pay personal gambling debts in specific instances identified by the Indictment;

   b. providing false and incomplete information to the Accounting Firm;

   c. making false and misleading statements that the Indictment specifies to an IRS Revenue Officer in March 2018;

   d. making false and misleading statements to IRS representatives that the Indictment specifies in October 2020;

   e. transferring at least $960,000 in personal funds into G&R's IOLTA account in March 2021 to shield the funds from collection by the IRS;

    f. using foreign individuals and foreign bank accounts to receive income in a manner specified by the Indictment;

    g. causing the preparation, signing, and filing with the IRS of a false and fraudulent Form 1120S for G&R; and

    h. causing the preparation, signing, and filing with the IRS of a false and fraudulent Form 1040 for himself and his wife.

ECF No. 337-2, ¶ 109.  Attempting to dissuade a firm manager from cooperating with the IRS's investigation is *not* charged as an affirmative act of tax evasion with respect to tax year 2016. *See id.*

Also shortly before trial, the government requested a jury instruction "that, to convict [Mr.] Goldstein on Count One, [the jury] must find that he committed an affirmative act of evasion on or after January 1, 2018." ECF No. 341, at 1. In other words, to find Mr. Goldstein guilty of the government's sole remaining tax evasion charge, the jury must find that one of the eight acts of evasion alleged in Paragraph 109 actually occurred, that it was done willfully, *and* that it occurred in 2018 or later. As this Court recently ruled, the government may not rely on any *uncharged* act of evasion to carry that burden.

## **ARGUMENT**

The government should not be permitted to elicit testimony from Ms. Bart regarding any alleged attempt by Mr. Goldstein to dissuade her from cooperating with the IRS.

First, any such testimony by Ms. Bart is self-evidently not admissible to prove an affirmative act of evasion with respect to Count One—the only tax evasion charge left in the case—because "attempting to dissuade" is not a charged affirmative act of evasion. As this Court ruled earlier today, the government may not seek to convict Mr. Goldstein on the basis of any affirmative act of tax evasion not listed in Paragraph 109 of the Second Superseding

3

Indictment. And the allegation that Mr. Goldstein attempted to dissuade Ms. Bart from "providing information about a woman" whom Mr. Goldstein "caused to be listed and paid as an 'employee' of G&R," ECF No. 337-2, ¶ 80, is not even *relevant* to Count One (much less intrinsic to that charge), because the now-dismissed employee allegations pertained only to tax year 2018. *See* ECF No. 337-2, ¶ 60; *see also United States v. McBride*, 676 F.3d 385, 396 (4th Cir. 2012) (evidence is intrinsic if it "aris[es] out of the same series of transactions as the charged offense" or "'serve[s] to complete the story of the crime on trial'").

For related reasons, the allegation that Mr. Goldstein attempted to dissuade Ms. Bart from disclosing information about a G&R employee is not relevant to Counts 4 or 5, which charge aiding and abetting the filing of false tax returns in 2018, because this Court has already ruled that evidence regarding the employees is more prejudicial than probative. *See* 1/21/26 Tr. 21:8-23:3; ECF No. 360.

The government has previously taken the position that its decision to dismiss the tax evasion counts for 2017 through 2021 does not affect in any way the scope of evidence that the government may present at trial. As Ms. Bart's proposed testimony shows, that position is incorrect. Contrary to the government's suggestion, filing a false tax return is a lesser included offense of tax evasion only in limited circumstances (i.e., where the alleged affirmative act is filing the false return), *cf. United States v. Snyder*, 766 F.2d 167, 171 (4th Cir. 1985), and therefore there will be some allegations that were relevant only to the dismissed tax evasion charges. The purported bribery allegation is one of them. Indeed, the fact that it is necessary for the defense to file a motion just to determine what allegations remain in the case after the government's eleventh-hour dismissal underscores the unreasonableness and unfairness of the

4

government's repeated claims that *everything* remains charged conduct—not to mention the deep confusion the jury must be feeling over what evidence pertains to what counts (if any).

The Court has admitted some evidence of uncharged conduct on the theory that such evidence might be relevant to willfulness, but that theory does not apply here. Ms. Bart began working at Goldstein & Russell in July 2019, *see* DX-663, at 10:8-10, long after nearly all the charged conduct in this case. The government does not and cannot allege that Ms. Bart had any knowledge about any purported attempt to evade taxes in 2016, or any alleged false statement in any tax return (other than the allegations concerning Employee 4, which have been excluded). Accordingly, her testimony regarding things of value that Mr. Goldstein allegedly offered her when she told him she was leaving the firm have no relevance to Mr. Goldstein's state of mind.

Indeed, Ms. Bart herself testified in the grand jury that she did not know "what [Mr. Goldstein's] intentions were" in offering her things of value, but her "interpretation was that he was trying to" ensure that Ms. Bart—who had recently announced her resignation—"wouldn't be mad at him" and would have "a good impression of him." DX-663, at 56:7-14, 57:8-9. Ms. Bart further testified that Mr. Goldstein "never said" or even "implied" that she should not cooperate with the IRS investigation. *Id.* at 56:25-57:2.

## **CONCLUSION**

For the reasons set forth herein, the Court should exclude testimony by Ms. Bart regarding alleged attempts by Mr. Goldstein to dissuade her from cooperating with the IRS.

Dated: January 28, 2026                     Respectfully submitted,

/s/ *Jonathan I. Kravis*
Jonathan I. Kravis (Bar No. 31556)
Stephany Reaves (Bar No. 19658)
Sarah E. Weiner (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue NW, Suite 500E
Washington, DC 20001
(202) 220-1100
Jonathan.Kravis@mto.com
Stephany.Reaves@mto.com
Sarah.Weiner@mto.com

Adeel Mohammadi (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
350 S. Grand Avenue, 50th Floor
Los Angeles, CA 90071
(213) 683-9100
Adeel.Mohammadi@mto.com

*Attorneys for Defendant Thomas Goldstein*