IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>THOMAS C. GOLDSTEIN,<br><br>Defendant. | CRIMINAL NO. LKG-25-0006 |

**GOVERNMENT'S RESPONSE TO GOLDSTEIN'S STATEMENT OF INTEREST REGARDING *THE NEW YORK TIMES*' MOTION TO QUASH (Dkt. 378)**

The United States opposes the relief Goldstein requests in his "statement of interest" (Dkt. 378) regarding the *Times*' motion to quash the subpoenas for testimony from Lee and Toobin ("the *Times* witnesses"). In that filing, Goldstein argues that—if the Court orders the *Times* witnesses to testify, Goldstein should be permitted to cross-examine the *Times* witnesses about "statements made by Mr. Goldstein that did *not* make their way into print" as well as "the editorial choices the Journalists made about which quotations to include and exclude, what information to paraphrase (and how to paraphrase it), and what context and 'color' to provide the reader." Dkt. 378 at 3-4 (emphasis in original). Clearly, Goldstein's strategy is to introduce his own self-serving exculpatory statements made to Toobin through the *Times* witnesses' testimony.[1]

When offered by the government, a defendant's out-of-court statements are those of a party opponent and thus not hearsay. Fed. R. Evid. 801(d)(2). Permitting the government to introduce portions of Goldstein's statements to the *Times* in this case does not 'open the door' to let Goldstein

---

[1] For example, the article quoted Goldstein as saying, "Millions of people file and then pay [their taxes] late, as I did," (Dkt. 327-1 at 16), and "I have never, ever believed that I did anything wrong," *id.* at 18. Not only are these statements inadmissible hearsay (Goldstein's own out of court statements offered by Goldstein for their truth), but they raise the precise jury nullification concerns the government raised in pretrial motions. *See* Dkt. 204.

offer other portions of the *Times* article into evidence. As the Eleventh Circuit recently held, Fed. R. Evid 106 "'does not automatically make the entire document admissible' once one portion has been introduced." *United States v. Santos*, 947 F.3d 711, 730 (11th Cir. 2020) (*quoting United States v. Pendas-Martinez*, 845 F.2d 938, 944 (11th Cir. 1988)). Once the government introduces Goldstein's statements, he can only introduce other statements "that in fairness ought to be considered at the same time." Fed. R. Evid. 106. But Rule 106 "applies only to the *narrow circumstances* in which a party has created a *misimpression* about the statement, and the adverse party proffers a statement that in fact corrects the misimpression." Rules 106, Advisory Committee Notes (emphases added). *See also United States v. Bailey*, 322 F. Supp. 3d 661, 675 (D. Md. 2017) ("Neither Rule 106 nor the common-law rule of completeness is triggered unless some clearly identifiably unfairness would exist without allowing the party that would be prejudiced the opportunity to offer information that would clarify or explain."); *Pendas-Martinez*, 845 F.2d at 944 (holding that Fed. R. Evid. 106 "permits introduction only of additional material that is relevant and is necessary to qualify, explain, or place into context the portion already introduced.").

Simply put, "a defendant cannot attempt to introduce an exculpatory statement […] without subjecting himself to cross-examination." *United States v. Cunningham*, 194 F.3d 1186, 1199 (11th Cir. 1999) (*citing United States v. Willis*, 759 F.2d 1486 (11th Cir. 1985)). Goldstein's statements to Toobin for the *Times* article are inadmissible when Goldstein offers them. In short, if Goldstein wants to tell his story to the jury, he must take the stand to do it.

Goldstein's filing also baldly asserts that the Confrontation Clause applies to his statements to the *Times*. *See* Dkt. 378 at 3. As the government explained in its prior briefing (Dkt. 327 at 10-11), it does not. Goldstein's statements to the *Times* were not "testimonial," which is the triggering requirement for reliance on the Confrontation Clause. *Crawford v. Washington*, 541 U.S. 36

(2004). Non-testimonial statements—like those that Goldstein made to the *Times* witnesses—do not implicate the Confrontation Clause and are subject only to the "traditional limitations upon hearsay evidence." *Davis v. Washington*, 547 U.S. 813, 821, (2006).

The government's proposal is simple: it should be permitted a narrow examination of the *Times* witnesses to confirm that Goldstein said what is reflected in the article, Gov't Ex. 5. Then, if Goldstein can credibly articulate for the Court testimony by the *Times* witnesses that "created a misimpression," Goldstein can cross-examine them with other statements that would "correct" that "misimpression." The government is confident that the Court and the parties can operate under these clear guidelines.

## Conclusion

The *Times'* motion to quash should be denied so that the jury can consider Goldstein's relevant, admissible statements from the *Times* article. And Goldstein's cross-examination should be limited to correcting *specific* misimpressions with *specific* statements he made to the witnesses. This approach will help ascertain the truth and secure a just determination while respecting the constitutional rights of all involved.

Respectfully submitted,

Kelly O. Hayes
United States Attorney

Sean Beaty
Senior Litigation Counsel
Hayter L. Whitman
Emerson Gordon-Marvin
Trial Attorney
Department of Justice—Criminal Division

Adeyemi Adenrele
Assistant United States Attorney
District of Maryland