**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | **CRIMINAL NO. LKG-25-6** |
| | * | |
| **THOMAS C. GOLDSTEIN,** | * | |
| | * | |
| Defendant. | * | |
| ******** | | |

# DEFENDANT THOMAS C. GOLDSTEIN'S RESPONSE TO THE GOVERNMENT'S MOTION IN LIMINE TO ADMIT EVIDENCE ABOUT 2022-2024 TAX RETURNS

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ...................................................................................................................1

ARGUMENT.........................................................................................................................2

I.    THERE IS NO REASON TO REVISIT THE COURT'S PRIOR HOLDING
ABOUT POST-2021 TAX RETURNS. ..................................................................2

II.   THE COURT'S PRIOR HOLDING EXCLUDING POST-2021 RETURN
INFORMATION REMAINS CORRECT. ...............................................................5

CONCLUSION.....................................................................................................................7

## **INTRODUCTION**

Having already twice struck out, the government now requests — for a *third* time — permission to present irrelevant and unduly prejudicial evidence that Mr. Goldstein has not filed tax returns for the 2022-2024 tax years. At the December 2025 pretrial motions hearing, the Court unequivocally held that this evidence would be improper at trial and ordered that it be excluded. ECF No. 287, ¶ 10(3). In doing so, the Court acknowledged that evidence that Mr. Goldstein did not file or pay his taxes after 2021 is both prejudicial and "not intrinsic to the specific tax charges in this case." 12/12/25 Tr. 270:24-271:6.

Unsatisfied with the Court's holding, the government once before attempted to relitigate this issue through a previous mid-trial motion in limine arguing that the defense "opened the door" to the 2022-2024 tax return issue in its opening statements. ECF No. 352. The Court correctly rejected the government's attempts and denied the "opening the door" arguments on January 20, 2026. *See* 1/20/26 Tr. 7, 9.

The government is now trying for a third bite at the apple. *See* ECF No. 400. In light of this Court's December holding that the post-2021 return evidence is inadmissible and its recent rejection of the government's invitation to revisit that holding, the government's *only* argument for what has changed is that evidence about accounting firm Gelman, Rosenberg & Freedman ("GRF")'s numerous errors has somehow "opened the door" to the completely separate 2022-2024 tax return issue. ECF No. 400, at 1. That argument makes no sense. Nothing about the defense's trial presentation concerning GRF has "opened the door" to the admission of evidence about Mr. Goldstein's 2022-2024 tax returns — the two are distinct and unrelated. As the Court has already recognized, the 2022-2024 tax return information is not intrinsic to any of the

1

charges in this case.  12/12/25 Tr. 270:24-271:6.[1]  Indeed, the defense has presented *zero* evidence about failure-to-file since, after all, it is undisputed that Mr. Goldstein timely filed tax returns for each of the tax years charged in this case.  The "opening the door" doctrine only permits the introduction of evidence that is "directly responsive," *United States v. McDonald*, — F.4th—, No. 24-4362, 2026 WL 303592, at *7 (4th Cir. Feb. 5, 2026), and here, nothing about the 2022-2024 tax return information is responsive (let alone *directly* responsive) to the defense's evidence about GRF errors.

Moreover, the government has provided no justification for its request that the Court depart from its prior pretrial holding that the later years' tax return information is inadmissible at trial.  As this Court is well aware from the extensive motion practice over the last year, GRF's role in introducing errors on Mr. Goldstein's tax returns over the charged period was always going to be a principal defense theory at trial.  The Court did not find the defense's theory about GRF to justify admission of the 2022-2024 return information back in December.  The fact that the defense has now presented evidence in support of that theory — to no one's surprise — should not change the Court's prior decision.

## ARGUMENT

I. **There Is No Reason to Revisit the Court's Prior Holding About Post-2021 Tax Returns.**

This Court has already and unequivocally ruled in December that "evidence that [Mr. Goldstein] did not timely file or pay his 2022 and 2023 federal taxes" is "**EXCLUDE[D]** … from being admitted at trial."  ECF No. 287, ¶ 10(3).  Just like its prior mid-trial motion, the

---

[1] The Court did not address Mr. Goldstein's 2024 taxes in its December holding because the government only included the 2022 and 2023 tax years in its Rule 404(b) notice.  *See* ECF No. 212, at 4.  But evidence regarding Mr. Goldstein's 2024 taxes is inadmissible for the same reasons as his 2022 and 2023 taxes.  *See* ECF No. 249, at 8 n.6.

current motion *in limine* is nothing more than a belated motion for reconsideration of the Court's December pretrial ruling. That request is untimely and it can be denied on that basis alone. *See* LR 105.10 ("[A]ny motion to reconsider any order issued by the Court shall be filed with the Clerk not later than fourteen (14) days after entry of the order.").

The government's purported cause for this latest motion — *i.e.*, that the defense has offered significant evidence shedding light on GRF's error-prone conduct and practices *during the charged period* — is a feint. *See* ECF No. 400, at 7-8. From the beginning of this case, the defense has been clear with the Court and with the government that evidence regarding GRF's subpar bookkeeping and accounting services will form a key piece of Mr. Goldstein's defense to the charged offenses because GRF's mistakes and bad advice directly rebut the element of willfulness. The government's feigned surprise that the defense is presenting evidence to support this theory is disingenuous, to say the least. *See, e.g.*, ECF No. 208, at 12-15 (government motion to exclude expert testimony about GRF's conduct and practices).[2]

Moreover, the government's tortured logic for why the defense's perfectly legitimate criticism of GRF's work during the charged period somehow requires "rebut[tal]" with evidence that Mr. Goldstein failed to file and/or pay taxes after the charged period, ECF No. 400, at 9, is incoherent. Mr. Goldstein's argument is that GRF is responsible (at least in part) for the errors in his 2016-2021 tax returns that the government has charged as criminal acts of willful tax evasion

---

[2]   The government's opening-the-door claim about testimony concerning GRF's error-prone practices is particularly egregious given that — in the case of GRF accountant Walter Deyhle — the defense was required to elicit that testimony at least in part because of the government's *Brady* violation. *See generally* ECF No. 397. Had the government turned over exculpatory materials concerning the government and Mr. Deyhle's mid-trial discovery of the key October 2017 email decimating both Mr. Deyhle's previous sworn testimony and the government theory of the case, the defense could have learned the facts surrounding these issues outside the presence of the jury.

3

or willful assistance in the preparation of false returns.  Whether Mr. Goldstein did not file a tax return "after he stopped using [GRF] for tax preparation," ECF No. 400, at 8, has no connection to whether GRF's deficient work during the charged period undermines the government's charge that Mr. Goldstein willfully evaded paying his taxes.  Evidence is only admissible under the "opening the door" doctrine where it is "directly responsive" and "directly contradict[s] the evidence previously received."  *McDonald*, 2026 WL 303592, at *7 (citation omitted).  Here, the 2022-2024 tax return information has no bearing, let alone a direct one, on the entirely predictable evidence that the defense has offered about GRF's deficient performance and practices.

The "open the door" doctrine is also inapplicable for a separate reason:  This doctrine is only triggered by "the introduction of inadmissible or irrelevant evidence by one party," in which case the other party is similarly permitted to admit responsive but otherwise inadmissible evidence.  *United States v. Brown*, 921 F.2d 1304, 1307 (D.C. Cir. 1990) ("[T]he precondition for curative admissibility had not been met" because "defense counsel did not 'open the door' by introducing inadmissible or irrelevant evidence.")  Here, the evidence that the government points to as having triggered the "open the door" doctrine — evidence of GRF's shoddy bookkeeping and tax preparation — is neither inadmissible nor irrelevant.  As the Court recognized in granting the defense's request to offer Mr. Marks's expert testimony on this topic, GRF's errors are a "central issue for the defense" and both relevant and admissible as a key part of Mr. Goldstein's defense.  1/9/26 Tr. 31:7-9.  In other words, the door was never closed for Mr. Marks's testimony to have opened it.

## II. The Court's Prior Holding Excluding Post-2021 Return Information Remains Correct.

In all events, even if the government could show good cause for its untimely motion for reconsideration (which it cannot), the government remains wrong on the merits. As this Court already ruled, evidence that Mr. Goldstein did not file or pay his taxes after 2021 is "not intrinsic to the specific tax charges in this case." 12/12/25 Tr. 270:24-271:2. And such evidence is inadmissible under both Rules 403 and 404(b) because the "probative value" of such evidence, if any, is substantially "outweighed [by] concerns about prejudice to Mr. Goldstein"—especially because this evidence "is not about the time period for which the government has brought the tax charges here." *Id.* at 271:2-6.

The government's contention that evidence of non-payment *after* 2021 is "admissible to prove intent" with respect to failures to pay *before* 2021 all but answers itself. ECF No. 400, at 8. Mr. Goldstein does not dispute the Superseding Indictment's allegations that he finished paying his tax liability for tax years 2017 and 2019 in 2021, *see* ECF No. 337-2 ¶¶ 55, 73, and his tax liability for tax years 2020 and 2021 in 2022, *see id.* ¶¶ 79, 91. The dates on which Mr. Goldstein paid his taxes in *other* years is entirely irrelevant to the charged crimes — and certainly not necessary to prove any element of those offenses. *See United States v. Brizuela*, 962 F.3d 784, 793-97 (4th Cir. 2020). In fact, in other filings submitted to this Court, the government itself has taken the position that "[w]hat [Mr.] Goldstein thought about the importance of paying his taxes *after* [2020] could not possibly have any bearing on what was in his mind when his obligation to pay his taxes arose under the law."[3] ECF No. 204, at 9.

---

[3] The government's brief also rehashes a number of cases that the government previously cited in its opposition to the defense's motion *in limine* to exclude Rule 404(b) evidence and in its prior mid-trial motion *in limine*. *Compare* ECF No. 400, at 8-9 & n.2, *with* ECF No. 352, at 13-14 & n.3, *and* ECF No. 224, at 19-20. The defense incorporates by reference its prior discussion of those cases, *see* ECF No. 249, at 8-9 & n.7 — including the overarching point that

5

The government's argument that post-2021 non-payment evidence cannot be prejudicial because Mr. Goldstein is charged with the crime of willful failure to pay, *see* ECF No. 400, at 10, gets it exactly backwards:  Because Mr. Goldstein is charged with willful failure to pay in tax years 2017, 2019, 2020, and 2021, evidence that Mr. Goldstein did not file and/or pay taxes in 2022, 2023, and 2024 invites the jury to convict Mr. Goldstein based on the inappropriate inference that he had a propensity for not paying his taxes.  *See United States v. Hall*, 858 F.3d 254, 270 (4th Cir. 2017) ("When other crimes evidence is of 'marginal probative value' and other evidence supporting a drug trafficking defendant's guilt is 'scarce and equivocal,' there is 'an unacceptable risk that the jury will assume that the defendant has a propensity for drug trafficking and convict on that basis alone." (citation modified)).  This evidence is not prejudicial because it is "sensational," as the government suggests, ECF No. 400, at 10; rather, it is overwhelmingly prejudicial because there is a serious risk that the jury would "becom[e] confused by the purpose of the admitted acts and us[e] th[ose] acts improperly in arriving at a verdict."  *United States v. Queen*, 132 F.3d 991, 996 (4th Cir. 1997).

The Fourth Circuit's decision in *United States v. Chaudhri*, 134 F.4th 166 (4th Cir. 2025) — which the government could have cited in its opposition to the defense's 404(b) motion (ECF No. 224), but chose not to — is not to the contrary.  In *Chaudhri*, the Court held that evidence that was *intrinsic* to the charged offense was not prejudicial "[w]here the evidence is substantially similar, or at least no more sensational, than the crimes charged."  *Id.* at 184.  But, as this Court has already ruled, Mr. Goldstein's failure to pay taxes in 2022 through 2024 is "*not intrinsic* to the specific tax charges in this case."  12/12/25 Tr. 270:24-271:6 (emphasis added).

---

appellate decisions declining to find error in the admission failure-to-file evidence after the charged period necessarily do so under the lenient abuse-of-discretion standard of review.

6

And, as just noted, Mr. Goldstein's objection to this evidence is not that it is "sensational," *Chaudhri*, 134 F.4th at 184, but rather that it is improper propensity evidence under Rule 404(b).

## CONCLUSION

For the reasons set forth herein, the Court should deny the government's motion at ECF No. 400.

Dated: February 8, 2026

Respectfully submitted,

/s/ Jonathan Kravis
Jonathan I. Kravis (Bar No. 31556)
Stephany Reaves (Bar No. 19658)
Sarah E. Weiner (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue NW, Suite 500E
Washington, DC 20001
(202) 220-1100
Jonathan.Kravis@mto.com
Stephany.Reaves@mto.com
Sarah.Weiner@mto.com

Adeel Mohammadi (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
350 S. Grand Avenue, 50th Floor
Los Angeles, CA 90071
(213) 683-9100
Adeel.Mohammadi@mto.com

*Attorneys for Defendant Thomas Goldstein*