IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>THOMAS GOLDSTEIN,<br><br>**Defendant.** | CRIMINAL NO. LKG-25-0006 |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO PRECLUDE THE GOVERNMENT FROM SEEKING CONVICTION ON THE BASIS OF UNCHARGED ACTS OF AIDING AND ASSISTING (DKT. 399)**

Defendant Thomas Goldstein requested a ruling that the government may not seek a conviction on the 26 U.S.C. § 7206(2) charges (counts 2 through 9) based on alleged acts of aiding and assisting that are not charged in the indictment. Dkt. 399 at 3 ("The defense is simply requesting a ruling that the government may not seek to convict Mr. Goldstein of aiding and assisting in the preparation of a false return on the basis of alleged acts of aiding and assisting that are not charged in the indictment."). In particular, Goldstein's motion focuses on testimony about whether he failed to report *income derived from* cryptocurrency transactions. Dkt. 399 at 7-8 (citing Mr. Deyhle's testimony on the topic).

The United States does not believe that such a ruling is necessary. The government *will not* ask the jury—through jury instructions or otherwise—to convict Goldstein on counts 2 through 9 based on *uncharged acts*, and the government does not plan to argue that the Total Income lines on Goldstein's 2020 and 2021 tax returns are false because of net unreported income derived from cryptocurrency transactions. To be clear, however, the government *will* ask the jury to convict Goldstein on counts 8 and 9 (the § 7206(2) charges for his 2020 and 2021 returns) in part based on his failure to report cryptocurrency transactions generally. As Goldstein's motion

1

acknowledges, Goldstein's failure to report cryptocurrency transactions for those years is charged in the indictment. Dkt. 399 at 7 (chart listing allegations for counts 8 and 9). The fact that Goldstein had significant transactions in his Binance and Coinbase accounts was offered as evidence of—and starkly shows—willfulness: it is harder to believe that Goldstein forgot to "check the box" regarding his virtual currency transactions when he had hundreds of thousands and then millions of dollars of transactions in those accounts.

The government respectfully requests that the Court deny Goldstein's motion as moot considering the government's representations that it will not ask the jury to convict on the § 7206(2) charges (counts 2 through 9) based on uncharged acts of aiding and assisting.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | Kelly O. Hayes<br>United States Attorney |
| Dated: February 9, 2026 | /s/_____<br>Hayter L. Whitman<br>Trial Attorney<br>Department of Justice—Criminal Division |
|  | Sean Beaty<br>Senior Litigation Counsel<br>Emerson Gordon-Marvin<br>Trial Attorney<br>Department of Justice—Criminal Division |
|  | Adeyemi Adenrele<br>Assistant United States Attorney<br>District of Maryland |