IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | CRIMINAL NO. LKG-25-6 |
| **THOMAS C. GOLDSTEIN,** | * | |
| | * | |
| Defendant. | * | |
| | ******** | |

**REPLY IN SUPPORT OF DEFENDANT THOMAS C. GOLDSTEIN'S MOTION TO PRECLUDE THE GOVERNMENT FROM SEEKING CONVICTION ON THE BASIS OF UNCHARGED ACTS OF AIDING AND ASSISTING THE PREPARATION OF A <u>FALSE RETURN</u>**

The government's purported "opposition" to the defense's motion to preclude the government from seeking conviction on the basis of uncharged acts of assistance (Counts 2-9) neither contests the defense's catalogue of what constitutes a charged act of assistance, *see* ECF No. 399, at 4-7, nor disputes that it would be unconstitutional to seek to convict Mr. Goldstein on the basis of conduct not identified in that list.

As a result, the motion should be granted. The government's suggestion that the motion should be denied "as moot" based on "the government's representations that it will not ask the jury to convict on the § 7206(2) charges … based on uncharged acts of aiding and assisting," ECF No. 403, at 2, proves too much—either the government intends to honor that representation, in which case it should have no reason to resist the defense's request for a ruling; or the government hopes to maintain some sort of flexibility that a ruling by this Court would foreclose, in which case a ruling is all the more necessary. Moreover, regardless of the government's intentions, a definitive ruling by this Court on the defense's motion is essential to the clarity of

the record and the parties' ability to prepare final proposed jury instructions. Among other instructions, the defense anticipates requesting an instruction that identifies the precise acts of assisting that are charged in the indictment, so the jury is clear on the bases upon which it could (and could not) convict.

## **CONCLUSION**

For the reasons set forth herein, the defense's motion should be granted.

Dated: February 9, 2026

Respectfully submitted,

/s/ *Jonathan I. Kravis*
Jonathan I. Kravis (Bar No. 31556)
Stephany Reaves (Bar No. 19658)
Sarah E. Weiner (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue NW, Suite 500E
Washington, DC 20001
(202) 220-1100
Jonathan.Kravis@mto.com
Stephany.Reaves@mto.com
Sarah.Weiner@mto.com

Adeel Mohammadi (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
350 S. Grand Avenue, 50th Floor
Los Angeles, CA 90071
(213) 683-9100
Adeel.Mohammadi@mto.com

*Attorneys for Defendant Thomas Goldstein*