## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **CRIMINAL NO. LKG-25-0006** |
| **THOMAS C. GOLDSTEIN,** | |
| **Defendant.** | |

### JOINT PROPOSED AND DISPUTED JURY INSTRUCTIONS

The parties hereby jointly submit updated proposed and disputed jury instructions in advance of the charge conference in this case.

The parties are updating their previous submission of joint proposed and disputed jury instructions (Dkt. 312). The updates account for the government's dismissal of certain counts (Dkts. 337, 343); the Court's preliminary jury instructions; the arguments and evidence at trial; and continued review of applicable law and authorities.

Where appropriate, the proposed instructions are taken from the Court's preliminary instructions on January 15, 2026 as well as from L. Sand, J. Siffert, W. Loughlin, S. Reiss, & N. Batterman, *Modern Federal Jury Instructions: Criminal*.

The parties reserve the right to add, withdraw, and/or amend the proposed instructions and their corresponding legal arguments through the charge conference.

The defense's objections and requested instructions are denoted in **blue**. For the avoidance of doubt, where the defense has requested a revision to an instruction, the defense objects to giving the instruction without the revision and requests an instruction with the revision. Where the defense has requested an alternative instruction, the defense objects to giving the government's proposed instruction. The government's responses to the defense's objections and proposals are in **green**.

The parties will continue to meet-and-confer prior to the charge conference about the proposed instructions with the aim of eliminating or narrowing disputes.

The parties further request that the Court, in accordance with Rule 30 of the Federal Rules of Criminal Procedure, inform counsel before arguments to the jury of its proposed action on the requested instructions.

Respectfully submitted,

KELLY O. HAYES
United States Attorney

Dated: February 16, 2026

/s/ Hayter L. Whitman
Hayter L. Whitman
Trial Attorney
Department of Justice, Criminal Division

Sean Beaty
Senior Litigation Counsel
Emerson Gordon-Marvin
Trial Attorney
Department of Justice, Criminal Division

Adeyemi Adenrele
Assistant United States Attorney
District of Maryland

*Attorneys for the United States of America*

/s/ Jonathan I. Kravis
Jonathan I. Kravis (Bar No. 31556)
Stephany Reaves (Bar No. 19658)
Sarah E. Weiner (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue NW, Suite 500E
Washington, DC 20001
(202) 220-1100
Jonathan.Kravis@mto.com
Stephany.Reaves@mto.com
Sarah.Weiner@mto.com

2

Adeel Mohammadi (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
350 S. Grand Avenue, 50th Floor
Los Angeles, CA 90071
(213) 683-9100
Adeel.Mohammadi@mto.com

*Attorneys for Defendant Thomas Goldstein*

**TABLE OF CONTENTS**

INSTRUCTION NO. 1 (INTRODUCTION) ................................................................................. 10

INSTRUCTION NO. 2 (ROLE OF THE COURT) ...................................................................... 11

INSTRUCTION NO. 3 (ROLE OF THE JURY) ......................................................................... 12

INSTRUCTION NO. 4 (JUROR OBLIGATIONS) ..................................................................... 14

INSTRUCTION NO. 5 (THE GOVERNMENT AS A PARTY) ................................................. 15

INSTRUCTION NO. 6 (CONDUCT OF COUNSEL) ................................................................ 16

INSTRUCTION NO. 7 (DEFENSE THEORY OF THE CASE) ................................................ 17

INSTRUCTION NO. 8 (IMPROPER CONSIDERATIONS) ...................................................... 18

INSTRUCTION NO. 9 (SYMPATHY) ........................................................................................ 19

INSTRUCTION NO. 10 (JURY TO CONSIDER ONLY THIS DEFENDANT) ....................... 20

INSTRUCTION NO. 11 (CONTACT WITH OTHERS) ............................................................. 21

INSTRUCTION NO. 12 (INDICTMENT IS NOT EVIDENCE) ............................................... 22

INSTRUCTION NO. 13 (FAILURE TO NAME A DEFENDANT) ........................................... 23

INSTRUCTION NO. 14 (MULTIPLE COUNTS – ONE DEFENDANT) ................................. 24

INSTRUCTION NO. 15 (VARIANCE – DATES) ...................................................................... 25

INSTRUCTION NO. 16 (BURDEN OF PROOF, PRESUMPTION OF INNOCENCE) ........... 26

INSTRUCTION NO. 17 (REASONABLE DOUBT) .................................................................. 27

INSTRUCTION NO. 18 (DIRECT AND CIRCUMSTANTIAL EVIDENCE) .......................... 29

INSTRUCTION NO. 19 (TESTIMONY, EXHIBITS, AND STIPULATIONS) ........................ 30

INSTRUCTION NO. 20 (CHARTS AND SUMMARIES) ......................................................... 31

INSTRUCTION NO. 21 (WITNESS CREDIBILITY) ............................................................... 32

INSTRUCTION NO. 22 (DEFENDANT'S INTEREST) ............................................................ 34

INSTRUCTION NO. 23 (LAW ENFORCEMENT WITNESS) ................................................. 35

INSTRUCTION NO. 24 (EXPERT WITNESS) .......................................................................... 36

INSTRUCTION NO. 25 (TESTIMONY AS BOTH EXPERT AND LAY WITNESS) ............. 37

INSTRUCTION NO. 26 (LOST OR DESTROYED EVIDENCE) ............................................... 38

INSTRUCTION NO. 27 (*BRADY* VIOLATION) ......................................................................... 39

INSTRUCTION NO. 28 (TAX COUNTS – STATUTORY PURPOSE) .................................... 41

INSTRUCTION NO. 29 (TAX COUNTS – CALCULATION OF TAXABLE INCOME) ....... 42

INSTRUCTION NO. 30 (TAX COUNTS – ORDINARY AND NECESSARY BUSINESS
EXPENSES) ..................................................................................................................................... 44

INSTRUCTION NO. 31 (TAX COUNTS – WILLFULNESS) [GOVERNMENT'S VERSION]
............................................................................................................................................................. 45

INSTRUCTION NO. 31 (TAX COUNTS – WILLFULNESS) [DEFENSE'S VERSION] ........ 47

INSTRUCTION NO. 32 (RELIANCE ON TAX PREPARER) [GOVERNMENT'S VERSION]
............................................................................................................................................................. 49

INSTRUCTION NO. 32 (RELIANCE ON TAX PREPARER) [DEFENSE'S VERSION] ....... 51

INSTRUCTION NO. 33 (TAX COUNTS – WILLFULNESS – KNOWLEDGE OF A
LAWYER) ........................................................................................................................................ 53

INSTRUCTION NO. 34 (DUTY TO REPORT GAMBLING INCOME) .................................. 55

INSTRUCTION NO. 35 (FORM 1099) [GOVERNMENT'S VERSION] ................................. 56

INSTRUCTION NO. 35 (FORM 1099) [DEFENSE'S VERSION, IN THE ALTERNATIVE] 57

INSTRUCTION NO. 36 (ASSIGNMENT OF INCOME) ............................................................ 58

INSTRUCTION NO. 37 (NO DUTY TO AMEND A TAX RETURN) ..................................... 59

INSTRUCTION NO. 38 (TAX EVASION – INDICTMENT AND STATUTE)
[GOVERNMENT'S VERSION] .................................................................................................... 60

INSTRUCTION NO. 38 (TAX EVASION – INDICTMENT AND STATUTE) [DEFENSE'S
VERSION] ........................................................................................................................................ 62

INSTRUCTION NO. 39 (TAX EVASION – ELEMENTS OF THE OFFENSE) ...................... 63

INSTRUCTION NO. 40 (TAX EVASION – FIRST ELEMENT – TAX DUE)
[GOVERNMENT'S VERSION] .................................................................................................... 64

INSTRUCTION NO. 40 (TAX EVASION – FIRST ELEMENT – TAX DUE) [DEFENSE'S
VERSION] ........................................................................................................................................ 65

INSTRUCTION NO. 41 (TAX EVASION – SECOND ELEMENT – AFFIRMATIVE ACT CONSTITUTING EVASION)  [GOVERNMENT'S VERSION] .............................................. 66

INSTRUCTION NO. 41 (TAX EVASION – SECOND ELEMENT – AFFIRMATIVE ACT CONSTITUTING EVASION) [DEFENSE'S VERSION] ......................................... 70

INSTRUCTION NO. 42 (TAX EVASION – SECOND ELEMENT – STATUTE OF LIMITATIONS) ................................................................................. 73

INSTRUCTION NO. 43 (TAX EVASION – SECOND ELEMENT – UNANIMITY REQUIRED AS TO AFFIRMATIVE ACT CONSTITUTING EVASION ............................... 74

INSTRUCTION NO. 44 (TAX EVASION – SECOND ELEMENT – ONLY NEED TO PROVE ONE ACT) ....................................................................... 77

INSTRUCTION NO. 45 (TAX EVASION – SECOND ELEMENT – CONDUCT NOT PER SE UNLAWFUL) ...................................................................... 79

INSTRUCTION NO. 46 (TAX EVASION – SECOND ELEMENT – IRS ABILITY TO LEVY AN IOLTA ACCOUNT) .................................................................. 80

INSTRUCTION NO. 47 (TAX EVASION – SECOND ELEMENT – STATEMENTS TO IRS OFFICERS) ........................................................................ 82

INSTRUCTION NO. 48 (TAX EVASION – THIRD ELEMENT – WILLFULNESS) [GOVERNMENT'S VERSION] .............................................................. 83

INSTRUCTION NO. 48 (TAX EVASION – THIRD ELEMENT – WILLFULNESS) [DEFENSE'S VERSION] ................................................................... 84

INSTRUCTION NO. 49 (FALSE RETURNS – INDICTMENT AND STATUTE) [GOVERNMENT'S VERSION] .............................................................. 85

INSTRUCTION NO. 49 (FALSE RETURNS – INDICTMENT AND STATUTE) [DEFENSE'S VERSION] ................................................................... 89

INSTRUCTION NO. 50 (FALSE RETURNS – ELEMENTS OF THE OFFENSE) ................. 92

INSTRUCTION NO. 51 (FALSE RETURNS – FIRST ELEMENT – DEFENDANT ADVISED OR ASSISTED IN THE PREPARATION OF A RETURN) [GOVERNMENT'S VERSION]. 93

INSTRUCTION NO. 51 (FALSE RETURNS – FIRST ELEMENT – DEFENDANT ADVISED OR ASSISTED IN THE PREPARATION OF A RETURN) [DEFENSE'S VERSION] ........... 95

INSTRUCTION NO. 52 (FALSE RETURNS – SECOND ELEMENT – RETURN WAS FALSE) ...................................................................................... 98

INSTRUCTION NO. 53 (FALSE RETURNS – THIRD ELEMENT – WILLFULNESS) [GOVERNMENT'S VERSION] .............................................................. 100

INSTRUCTION NO. 53 (FALSE RETURNS – THIRD ELEMENT – WILLFULNESS) [DEFENSE'S VERSION] ........................................................................................... 101

INSTRUCTION NO. 54 (FAILURE TO PAY – INDICTMENT AND STATUTE)............... 103

INSTRUCTION NO. 55 (FAILURE TO PAY – ELEMENTS OF THE OFFENSE).............. 105

INSTRUCTION NO. 56 (FAILURE TO PAY – FIRST ELEMENT – TAX OWED) ............. 106

INSTRUCTION NO. 57 (FAILURE TO PAY – SECOND ELEMENT – PAYMENT DUE DATES) [GOVERNMENT'S VERSION].................................................................................. 107

INSTRUCTION NO. 57 (FAILURE TO PAY – SECOND ELEMENT – PAYMENT DUE DATES) [DEFENSE'S VERSION] ........................................................................................... 109

INSTRUCTION NO. 58 (FAILURE TO PAY – SECOND ELEMENT – WHEN CRIME IS COMPLETE) [GOVERNMENT'S VERSION]......................................................................... 110

INSTRUCTION NO. 58 (FAILURE TO PAY – SECOND ELEMENT – EFFECT OF LATE PAYMENT) [DEFENSE'S VERSION]..................................................................................... 112

INSTRUCTION NO. 59 (FAILURE TO PAY – THIRD ELEMENT – WILLFULNESS) [GOVERNMENT'S VERSION].................................................................................................. 114

INSTRUCTION NO. 59 (FAILURE TO PAY – THIRD ELEMENT – WILLFULNESS) [DEFENSE'S VERSION] ........................................................................................................... 115

INSTRUCTION NO. 60 (UNCHARGED CONDUCT)............................................................ 117

INSTRUCTION NO. 61 (FALSE STATEMENT ON A LOAN APPLICATION – INDICTMENT AND STATUTE) [GOVERNMENT'S VERSION] ........................................ 119

INSTRUCTION NO. 61 (FALSE STATEMENT ON A LOAN APPLICATION – INDICTMENT AND STATUTE) [DEFENSE'S VERSION].................................................... 122

INSTRUCTION NO. 62 (FALSE STATEMENT ON A LOAN APPLICATION – PURPOSE OF THE STATUTE)................................................................................................................... 125

INSTRUCTION NO. 63 (FALSE STATEMENT ON A LOAN APPLICATION – ELEMENTS OF THE OFFENSE) [GOVERNMENT'S VERSION] ............................................................. 126

INSTRUCTION NO. 63 (FALSE STATEMENT ON A LOAN APPLICATION – ELEMENTS OF THE OFFENSE) [DEFENSE'S VERSION]....................................................................... 128

INSTRUCTION NO. 64 (FALSE STATEMENT ON A LOAN APPLICATION – FIRST ELEMENT – DEFENDANT MADE A FALSE STATEMENT) [GOVERNMENT'S VERSION]................................................................................................................................... 129

INSTRUCTION NO. 64 (FALSE STATEMENT ON A LOAN APPLICATION – FIRST ELEMENT – DEFENDANT MADE A FALSE STATEMENT) [DEFENSE'S VERSION]... 132

INSTRUCTION NO. 65 (FALSE STATEMENT ON A LOAN APPLICATION – SECOND ELEMENT – STATEMENT KNOWINGLY MADE) ............................................................. 134

INSTRUCTION NO. 65 (FALSE STATEMENT ON A LOAN APPLICATION – SECOND ELEMENT – STATEMENT KNOWINGLY MADE) ............................................................. 135

INSTRUCTION NO. 66 (FALSE STATEMENT ON A LOAN APPLICATION – THIRD ELEMENT – PURPOSE OF THE STATEMENT) [GOVERNMENT'S VERSION] .............. 136

INSTRUCTION NO. 66 (FALSE STATEMENT ON A LOAN APPLICATION – THIRD ELEMENT – PURPOSE OF THE STATEMENT) [DEFENSE'S VERSION] ........................ 138

INSTRUCTION NO. 67 (FALSE STATEMENT ON A LOAN APPLICATION – FOURTH ELEMENT – STATEMENT MADE TO A MORTGAGE LENDING BUSINESS) ............... 139

INSTRUCTION NO. 68 (FALSE STATEMENT ON A LOAN APPLICATION – VENUE) [GOVERNMENT'S VERSION] ................................................................................... 140

INSTRUCTION NO. 68 (FALSE STATEMENT ON A LOAN APPLICATION – VENUE) [DEFENSE'S VERSION] ......................................................................................... 142

INSTRUCTION NO. 69 (AIDING AND ABETTING)............................................................. 143

INSTRUCTION NO. 70 (CONSCIOUS AVOIDANCE; DELIBERATELY CLOSING EYES) ........................................................................................................................... 147

INSTRUCTION NO. 71 (PUNISHMENT)................................................................................ 149

INSTRUCTION NO. 72 (RIGHT TO SEE EXHIBITS AND HEAR TESTIMONY; COMMUNICATIONS WITH COURT) ..................................................................... 150

INSTRUCTION NO. 73 (SELECTION OF A FOREPERSON) ................................................ 151

INSTRUCTION NO. 74 (DUTY TO CONSULT AND NEED FOR UNANIMITY) .............. 152

INSTRUCTION NO. 75 (ALTERNATE JURORS)................................................................... 154

Members of the Jury,

Thank you for your patience and attention throughout this case. I shall now instruct you as to the law applicable to the case before you.

Please keep in mind that you will be provided a copy of these instructions for your use during your deliberations.

## <u>INSTRUCTION NO. 1</u>
(Introduction)

Ladies and gentlemen, you are about to enter your final duty, which is to decide the fact issues in the case.

Before you do that, I will instruct you on the law. You must pay close attention to me now. I will go as slowly as I can and be as clear as possible.

I told you at the very start of the trial that your principal function during the taking of testimony would be to listen carefully and observe each witness who testified. It has been obvious to me and to counsel that you have faithfully discharged this duty. Your interest never flagged, and it is evident that you followed the testimony with close attention.

I ask you to give me that same careful attention, as I instruct you on the law.

<u>Sources:</u>

1 Modern Federal Jury Instructions-Criminal P 2.01, Instruction 2-1 (2025)

## INSTRUCTION NO. 2
(Role Of The Court)

You have now heard all the evidence in the case as well as the final arguments of the lawyers for the parties.

My duty at this point is to instruct you as to the law. It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you. If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.

You should not, any of you, be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be—or ought to be—it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.


Sources:

1 Modern Federal Jury Instructions-Criminal P 2.01, Instruction 2-2 (2025) (modified)

## INSTRUCTION NO. 3
(Role Of The Jury)

Your final role is to pass upon and decide the fact issues that are in the case. You, the members of the jury, are the sole and exclusive judges of the facts. You pass upon the weight of the evidence; you determine the credibility of the witnesses; you resolve such conflicts as there may be in the testimony, and you draw whatever reasonable inferences you decide to draw from the facts as you have determined them.

I shall later discuss with you how to pass upon the credibility—or believability—of the witnesses.

In determining the facts, you must rely upon your own recollection of the evidence. What the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions is not evidence. In this connection, you should bear in mind that a question put to a witness is never evidence. It is only the answer that is evidence. But you may not consider any answer that I directed you to disregard or that I directed struck from the record. Do not consider such answers.

Nor is anything I may have said during the trial or may say during these instructions with respect to a fact matter to be taken in substitution for your own independent recollection. What I say is not evidence.

The evidence before you consists of the answers given by witnesses—the testimony they gave, as you recall it—and the exhibits that were received in evidence. You may also consider any stipulations of the parties as evidence.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trial

12

are not any indication of my views of what your decision should be as to whether the guilt of Mr. Goldstein has been proven beyond a reasonable doubt.

I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses. These questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should render or whether any of the witnesses may have been more credible than any other witness. You are expressly to understand that the court has no opinion as to the verdict you should render in this case.

As to the facts, ladies and gentlemen, you are the exclusive judges. You are to perform the duty of finding the facts without bias or prejudice as to any party.

Sources:

1 Modern Federal Jury Instructions-Criminal P 2.01, Instruction 2-3 (2025) (modified)

## **INSTRUCTION NO. 4**
### (Juror Obligations)

In determining the facts, the jury is reminded that before each member was accepted and sworn to act as a juror, he or she was asked questions concerning competency, qualifications, fairness and freedom from prejudice and bias. On the faith of those answers, the juror was accepted by the parties. Therefore, those answers are as binding on each of the jurors now as they were then, and should remain so, until the jury is discharged from consideration of this case.

Sources:

1 Modern Federal Jury Instructions-Criminal P 2.01, Instruction 2-4 (2025)

## INSTRUCTION NO. 5
### (The Government As A Party)

You are to perform the duty of finding the facts without bias or prejudice as to any party. You are to perform your final duty in an attitude of complete fairness and impartiality.

The case is important to the government, for the enforcement of criminal laws is a matter of prime concern to the community. Equally, it is important to Mr. Goldstein, who is charged with serious crimes.

The fact that the prosecution is brought in the name of the United States of America entitles the government to no greater consideration than that accorded to any other party to a litigation. By the same token, it is entitled to no less consideration. All parties, whether government or individuals, stand as equals at the bar of justice.

**The question before you can never be: will the government win or lose the case.  The government always wins when justice is done, regardless of whether the verdict is guilty or not guilty.**

Sources:

1 Modern Federal Jury Instructions-Criminal P 2.01, Instruction 2-5 (2025) (modified)

The defense requests the additional language noted above.  *See* 1 Modern Federal Jury Instructions-Criminal P 2.01, Instruction 2-5 comment (2025) (citing *United States v. Linton*, No. Cr.-R-80-24 ECR, Instr. No. 114 (D. Nev. 1980); *United States v. Robinson*, 78 Cr. 106 (E.D. Wis. 1979); *United States v. Eisenberg*, 76 Cr. 5 (E.D. Wis. 1976)).

The government objects to the additional language. It is unnecessary in light of the rest of the instruction and the instructions as a whole.

## **INSTRUCTION NO. 6**
(Conduct Of Counsel)

It is the duty of the attorney for each side of a case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. Counsel also have the right and duty to ask the court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. All those questions of law must be decided by me, the court. You should not show any prejudice against an attorney or his client because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury or asked the court for a ruling on the law.

Sources:

1 Modern Federal Jury Instructions-Criminal P 2.01, Instruction 2-8 (2025) (modified)

## INSTRUCTION NO. 7
### (Defense Theory Of The Case)

[The defense anticipates that, after the close of all evidence, it will request an instruction regarding the defense's theory of the case.  The defense will provide its requested instruction to the Court and the government as soon as practicable after the close of all evidence.]

The government reserves the right to object to Mr. Goldstein's proposed instruction once it is disclosed.

## INSTRUCTION NO. 8
### (Improper Considerations)

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence.

It would be improper for you to consider, in reaching your decision as to whether the government sustained its burden of proof, any personal feelings you may have about Mr. Goldstein's race, religion, national origin, sex, age, **lifestyle,** or the state of his marriage. All persons are entitled to the presumption of innocence and the government has the burden of proof, as I will discuss in a moment.

It would be equally improper for you to allow any feelings you might have about the nature of the crime charged to interfere with your decisionmaking process.

To repeat, your verdict must be based exclusively upon the evidence or the lack of evidence in the case.

Sources:

1 Modern Federal Jury Instructions-Criminal P 2.01, Instruction 2-11 (2025) (modified)

Over the defense's objection, the government presented significant amounts of evidence regarding Mr. Goldstein's lifestyle, including his spending habits.  The government argued that such evidence was relevant to whether Mr. Goldstein willfully failed to pay his taxes when due.  This instruction is necessary to ensure that the jury uses that evidence *only* for that limited purpose, and not to draw impermissible inferences about Mr. Goldstein's character.

The government objects to adding "or lifestyle" to the model instruction.  The instructions when read as a whole make clear what the jury can and cannot base its decision on.  The sentence edited by the defense should end with "or the state of his marriage."  Mr. Goldstein's counsel has repeatedly characterized evidence of his personal spending while owing taxes as "lifestyle" evidence.  If that is how Mr. Goldstein characterizes "lifestyle" evidence, then the jury *can* convict Mr. Goldstein in part based on that evidence insomuch as it proves his willfulness in failing to pay taxes year after year.

**INSTRUCTION NO. 9**
(Sympathy)

Under your oath as jurors you are not to be swayed by sympathy. You are to be guided solely by the evidence in this case, and the crucial, hard-core question that you must ask yourselves as you sift through the evidence is: Has the government proven the guilt of Mr. Goldstein beyond a reasonable doubt?

It is for you alone to decide whether the government has proven that Mr. Goldstein is guilty of the crimes charged solely on the basis of the evidence and subject to the law as I charge you. You are to perform your duty of finding the facts and applying the law without bias or prejudice to any party. You are to perform your final duty in an attitude of complete fairness and impartiality. It must be clear to you that once you let fear or prejudice, or bias or sympathy interfere with your thinking there is a risk that you will not arrive at a true and just verdict. So, do not be guided by anything except clear thinking and calm analysis of the evidence.

If you have a reasonable doubt as to Mr. Goldstein's guilt, you should not hesitate for any reason to find a verdict of acquittal. But on the other hand, if you should find that the government has met its burden of proving Mr. Goldstein's guilt beyond a reasonable doubt, you should not hesitate because of sympathy or any other reason to render a verdict of guilty.

Sources:

1 Modern Federal Jury Instructions-Criminal P 2.01, Instruction 2-12 (2025)

The defense objects to this instruction as unnecessary in light of the evidence at trial and the other instructions that will be given to the jury (e.g., the statement in the foregoing instruction that "your verdict must be based exclusively upon the evidence or the lack of evidence in the case").

The government's instruction is appropriate and should be read to the jury especially in light of the evidence at trial and Mr. Goldstein's campaign to portray himself as the victim of mistakes and wrongdoing by other people and companies.

## INSTRUCTION NO. 10
### (Jury To Consider Only This Defendant)

You are about to be asked to decide whether the government has proven beyond a reasonable doubt the guilt of Mr. Goldstein. You are not being asked whether any other person has been proven guilty. Your verdict should be based solely upon the evidence or lack of evidence as to Mr. Goldstein, in accordance with my instructions and without regard to whether the guilt of other people has or has not been proven.

Sources:

1 Modern Federal Jury Instructions-Criminal P 2.01, Instruction 2-18 (2025) (modified)

In the event that the Court gives an aiding-and-abetting instruction (to which the defense objects), the defense objects to the sentence above, "You are not being asked whether any other person has been proven guilty." *See* 1 Modern Federal Jury Instructions-Criminal P 2.01, Instruction 2-18 comment (2025) ("As a general rule, the jury, in reaching its verdict, should consider only whether the guilt of the defendant on trial has been proven; the guilt of others is not a proper consideration. However, the Federal Judicial Center cautions that in cases involving allegations of vicarious liability, such as conspiracy or aiding and abetting, 'the jury may be required to decide (at least as a preliminary matter) whether other persons are guilty of a crime. If the recommended instruction is given in those circumstances, some modification may be in order.'").

The aiding and abetting instructions speak for themselves and are supported by sufficient evidence. And it remains true, regardless of those instructions, that the jury is not being asked whether any other person or company has been proven guilty. This instruction is necessary because, among other things, Mr. Goldstein has sought throughout trial to portray himself as the victim of mistakes and wrongdoing by other people and companies.

## INSTRUCTION NO. 11
(Contact With Others)

During your deliberations, you should not discuss, or provide any information about, the case with anyone. This includes discussing the case in person, in writing, by phone or by any electronic means, via text messaging, e-mail, Facebook, LinkedIn, Twitter, blogging, or any Internet chat room, web site, or other feature. In other words, do not talk to anyone on the phone or in person, correspond with anyone, or communicate by electronic means about this case with anyone except with your fellow jurors and then only while you are in the jury room.

If you are asked or approached in any way about your jury service or anything about this case, you should respond that you have been ordered by the judge not to discuss the matter, and you should report the contact to the court as soon as possible.

Along the same lines, you should not try to access any information about the case or do research on any issue that arose during the trial from any outside source, including dictionaries, reference books, or anything on the Internet. Information that you may find on the Internet or in a printed reference might be incorrect or incomplete. In our court system, it is important that you not be influenced by anyone or anything outside this courtroom. Your sworn duty is to decide this case solely and wholly on the evidence that was presented to you in this courtroom.

Sources:

1 Modern Federal Jury Instructions-Criminal P 2.01, Instruction 2-21 (2025)

## **INSTRUCTION NO. 12**
(Indictment Is Not Evidence)

The defendant here, Thomas Goldstein, is charged with various crimes about which I will instruct you shortly. Each charge is called a "count." I will refer to each count by the number assigned to it in the charging instrument, called an indictment, but you will not be furnished with the indictment itself, because an indictment is merely a statement of charges and not itself evidence. At times my instructions may reference language from the indictment. Even if I read a portion of the indictment to you, it is not evidence; it is only a statement of charges.

Sources:

1 Modern Federal Jury Instructions-Criminal P 3.01, Instruction 3-1 (2025) (modified)

## INSTRUCTION NO. 13
### (Failure To Name A Defendant)

You may not draw any inference, favorable or unfavorable, towards the government or the defendant on trial, from the fact that certain persons were not named as defendants in the indictment. The circumstances that these persons were not indicted must play no part in your deliberations.

Whether a person should be indicted as a defendant is a matter within the sole discretion of the United States Attorney and the grand jury. Therefore, you may not consider it in any way in reaching your verdict as to Mr. Goldstein.

Sources:

1 Modern Federal Jury Instructions-Criminal P 3.01, Instruction 3-4 (2025) (modified)

The defense objects to this instruction on the ground that it is unnecessary, misleading, and prejudicially interferes with Mr. Goldstein's right to present a defense. The defense has presented evidence that the errors on Mr. Goldstein's tax returns were caused by GRF's negligence, and by any willful attempt by Mr. Goldstein to evade taxes or file false tax returns. This instruction risk confusing the jury into disregarding that critical evidence. *See* Sixth Circuit Committee on Pattern Criminal Jury Instructions, Instruction No. 8.08 comment (May 1, 2025) (explaining that the instruction "whether anyone else should be prosecuted and convicted for this crime is not a proper matter for you to consider" "should not be given in every case"; for example, "[w]here the defendant claims that someone else committed crime, it may be confusing to instruct the jurors that they should not be concerned with anyone else's guilt").

The government's instruction is appropriate and should be read to the jury especially in light of the evidence at trial and Mr. Goldstein's campaign to portray himself as the victim of mistakes and wrongdoing by other people. The evidence showed Mr. Goldstein ensnared numerous other people and companies in his tax and mortgage crimes, and has heaped blame on certain of them during the trial—most notably Gelman. Mr. Goldstein also has argued that various individuals violated the law by failing to issue Forms 1099 to Mr. Goldstein and/or his law firm. In sum, Mr. Goldstein has argued extensively that others were in the wrong, so the jury should be read this instruction.

## **INSTRUCTION NO. 14**
(Multiple Counts – One Defendant)

The indictment contains a total of 16 counts. Each count charges Mr. Goldstein with a different crime. You must consider each count separately and return a separate verdict of guilty or not guilty for each. Whether you find Mr. Goldstein guilty or not guilty as to one offense should not affect your verdict as to any other offense charged.

Sources:

1 Modern Federal Jury Instructions-Criminal P 3.01, Instruction 3-6 (2025) (modified)

## <u>INSTRUCTION NO. 15</u>
(Variance – Dates)

While we are on the subject of the indictment, I should draw your attention to the fact that it does not matter if the indictment charges that a specific act occurred on or about a certain date, and the evidence indicates that, in fact, it was on another date. The law only requires a substantial similarity between the dates alleged in the indictment and the date established by testimony or exhibits.

While generally these dates only need to be substantially similar to the dates alleged in the indictment, for count 1, the date on which certain acts occurred is important for the statute of limitations. I will instruct you later on that issue.

<u>Sources:</u>

1 Modern Federal Jury Instructions-Criminal P 3.01, Instruction 3-12 (2025) (modified)

The defense objects to this instruction on the ground that it is confusing and misleading, especially because the statute of limitations is at issue.  *See* 1 Modern Federal Jury Instructions-Criminal P 3.01, Instruction 3-12 comment (2025) (noting authorities cautioning against giving a variance instruction when the statute of limitations is at issue).  Instructing the jury that the date on which "certain" unspecified acts is "important" is not sufficient to dispel that confusion.  Moreover, this instruction is unnecessary because the only specific dates charged in the indictment are the dates on which the mortgage applications were submitted, and those dates are not in dispute.

The government's instruction is appropriate and should be read to the jury.  When read in context of the other instructions, is not confusing nor misleading.

**INSTRUCTION NO. 16**
(Burden Of Proof, Presumption Of Innocence)

Mr. Goldstein has pleaded not guilty to the charges in the indictment. To convict Mr.

Goldstein, the burden is on the prosecution to prove Mr. Goldstein's guilt of each element of the

charges beyond a reasonable doubt. This burden never shifts to Mr. Goldstein, for the simple

reason that the law presumes a defendant to be innocent and never imposes upon a defendant in a

criminal case the burden or duty of calling any witness or producing any evidence.

In other words, Mr. Goldstein starts with a clean slate and is presumed innocent of each

charge until such time, if ever, that you as a jury are satisfied that the government has proven Mr.

Goldstein is guilty of a given charge beyond a reasonable doubt.


Sources:

1 Modern Federal Jury Instructions-Criminal P 4.01, Instruction 4-1 (2025) (modified)

**INSTRUCTION NO. 17**
(Reasonable Doubt)

Since, in order to convict Mr. Goldstein of a given charge, the government is required to prove that charge beyond a reasonable doubt, the question then is: What is a reasonable doubt? The words almost define themselves. It is a doubt based upon reason. It is doubt that a reasonable person has after carefully weighing all the evidence. It is a doubt that would cause a reasonable person to hesitate to act in a matter of importance in his or her personal life. Proof beyond a reasonable doubt must, therefore, be proof of a convincing character that a reasonable person would not hesitate to rely upon in making an important decision.

A reasonable doubt is not caprice or whim. It is not speculation or suspicion. It is not an excuse to avoid the performance of an unpleasant duty. The law does not require that the government prove guilt beyond all possible doubt: proof beyond a reasonable doubt is sufficient to convict.

If, after fair and impartial consideration of the evidence, you have a reasonable doubt as to Mr. Goldstein's guilt with respect to a particular charge against him, you must find Mr. Goldstein not guilty of that charge. On the other hand, if after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of Mr. Goldstein's guilt with respect to a particular charge against him, you should find the defendant guilty of that charge.

Sources:

1 Modern Federal Jury Instructions-Criminal P 4.01, Instruction 4-2 (2025) (modified)

1 Modern Federal Jury Instructions-Criminal P 4.01, Instruction 4-2 comment (2025) ("[W]ith the exception of the Seventh Circuit … and the First Circuit … , all of the circuit courts have approved some version of the 'hesitate to act' language adopted in Instruction 4-2 with minor variations.").

ECF No. 312, p. 25 (jointly proposed Instruction No. 16)

*United States v. Nolasco*, 881 F.2d 678, 679 (9th Cir. 1989), *on reh'g,* 926 F.2d 869 (9th Cir. 1991) ("[E]xplaining the meaning of the term reasonable doubt could be of considerable assistance to a jury and could well increase the chances that the verdict will be consistent with the mandates of the constitution. … [T]he better practice is for the district court to give a reasonable doubt instruction in all cases. Certainly, a district court would be well-advised to give such an instruction whenever either party requests it to do so.").

The government does not believe that this instruction is appropriate.  *See United States v. Walton*, 207 F.3d 694, 696–97 (4th Cir. 2000) (en banc) ("although the district court may define reasonable doubt to a jury upon request, the district court is not required to do so," and multiple federal circuits "share our unwillingness to require the district court to define reasonable doubt"); *United States v. Moss*, 756 F.2d 329, 333 (4th Cir. 1985) (noting that although it is not "reversible error per se," "[t]he practice of defining reasonable doubt in the charge to the jury has been widely condemned").

The Fourth Circuit (sitting *en banc*) has held that it is "the well-established rule of this Circuit" that a "district court may define reasonable doubt to a jury upon request."  *United States v. Walton*, 207 F.3d 694, 696–97 (4th Cir. 2000) (en banc); *accord United States v. Frazer*, 98 F.4th 102, 115 (4th Cir. 2024).  Multiple circuits, including the Fifth and Ninth, have adopted model instructions that instruct the jury on the meaning of "reasonable doubt."  *See, e.g.*, Fifth Circuit Pattern Jury Instructions (Criminal Cases), Instruction No. 1.05 (2024) ("A 'reasonable doubt' is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case. Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in making the most important decisions of your own affairs."); Ninth Circuit Manual of Model Criminal Jury Instructions, Instruction No. 6.5 (2022) ("Reasonable Doubt—Defined").  The defense submits that, given the complexity of the case, a reasonable doubt instruction is appropriate in this case.  **The government previously agreed to include a reasonable doubt instruction, but changed its position mid-trial.  *See* ECF No. 312, at 25 (Instruction No. 16). The government's change in position is highly prejudicial to the defense's ability to prepare and present its case.**

## **INSTRUCTION NO. 18**
### (Direct And Circumstantial Evidence)

In deciding whether the government has met its burden of proof, you may consider both direct evidence and circumstantial evidence.

Direct evidence is evidence that proves a disputed fact directly. For example, when a witness testifies to what he or she saw, heard or observed, that is called direct evidence.

Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts. To give a simple example, suppose that when you came into the courthouse today the sun was shining and it was a nice day, but the courtroom blinds were drawn and you could not look outside. Then later, as you were sitting here, someone walked in with a dripping wet umbrella and, soon after, somebody else walked in with a dripping wet raincoat. Now, on our assumed facts, you cannot look outside of the courtroom and you cannot see whether it is raining. So you have no direct evidence of that fact. But, on the combination of the facts about the umbrella and the raincoat, it would be reasonable for you to infer that it had begun to rain.

That is all there is to circumstantial evidence. Using your reason and experience, you infer from established facts the existence or the nonexistence of some other fact. Please note, however, that it is not a matter of speculation or guess: it is a matter of logical inference.

The law makes no distinction between direct and circumstantial evidence. Circumstantial evidence is of no less value than direct evidence, and you may consider either or both, and may give them such weight as you conclude is warranted.


Sources:

1 Modern Federal Jury Instructions-Criminal P 5.01, Instruction 5-2 (2025) (modified)

## INSTRUCTION NO. 19
### (Testimony, Exhibits, And Stipulations)

The evidence in this case consists of the sworn testimony of the witnesses, the exhibits received in evidence, and stipulations.

Exhibits which have been marked for identification but not received into evidence may not be considered by you as evidence. Only those exhibits received into evidence may be considered as evidence.

Similarly, as I indicated before, only the witnesses' answers are evidence and you are not to consider a question as evidence. Statements by counsel are not evidence.

A stipulation is an agreement among the parties that a certain fact is true. You should regard such agreed facts as true.

You should consider the evidence in light of your own common sense and experience, and you may draw reasonable inferences from the evidence.

Anything you may have seen or heard about this case outside the courtroom is not evidence and must be entirely disregarded.

Sources:

1 Modern Federal Jury Instructions-Criminal P 5.02, Instruction 5-4 (2025) (modified)

1 Modern Federal Jury Instructions-Criminal P 5.02, Instruction 5-6 (2025) (modified)

## INSTRUCTION NO. 20
(Charts And Summaries)

The parties have presented several exhibits in the form of charts and summaries. Some of these charts and summaries were admitted as evidence and will go back with you for deliberations, and some were not.

Where a chart or summary prepared by one of the parties was admitted as evidence, I decided to admit that chart or summary in place of the underlying documents that it represents in order to save time and avoid unnecessary inconvenience. You should consider these charts and summaries as you would any other evidence.

Where a chart or summary was not admitted as evidence, that chart or summary was shown to you in order to make the other evidence more meaningful and to aid you in considering the evidence. Charts and summaries that were not admitted as evidence are no better than the testimony or the documents upon which they are based, and are not themselves independent evidence. Therefore, you are to give no greater consideration to these charts or summaries than you would give to the evidence upon which they are based. As to charts and summaries not admitted as evidence, it is for you to decide whether they correctly present the information contained in the testimony and in the exhibits on which they were based. You are entitled to consider these charts and summaries if you find that they are of assistance to you in analyzing and understanding the evidence.


Sources:

1 Modern Federal Jury Instructions-Criminal P 5.05, Instructions 5-12, 5-13 (2025) (modified)

# INSTRUCTION NO. 21
(Witness Credibility)

It must be clear to you by now that the government and Mr. Goldstein are asking you to draw very different conclusions about various factual issues in the case. Deciding these issues will involve making judgments about the testimony of the witnesses you have listened to and observed. In making these judgments, you should carefully scrutinize all the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you to decide the truth and the importance of each witness's testimony.

Your decision whether to believe a witness may depend on how that witness impressed you. How did the witness appear? Was the witness candid, frank, and forthright; or, did the witness seem to be evasive or suspect in some way? How did the way the witness testified on direct examination compare with how the witness testified on cross-examination? Was the witness consistent or contradictory? Did the witness appear to know what he or she was talking about? Did the witness strike you as someone who was trying to report his or her knowledge accurately? These are examples of the kinds of common sense questions you should ask yourselves in deciding whether a witness is, or is not, truthful.

How much you choose to believe a witness may also be influenced by the witness's bias. Does the witness have a relationship with the government or Mr. Goldstein that may affect how he or she testified? Does the witness have some incentive, loyalty, or motive that might cause him or her to shade the truth? Does the witness have some bias, prejudice, or hostility that may cause the witness to give you something other than a completely accurate account of the facts he or she testified to?

You should also consider whether a witness had an opportunity to observe the facts he or she testified about. Also, you should consider whether the witness's recollection of the facts stands up in light of the other evidence in the case.

In other words, what you must try to do in deciding credibility is to size up a person just as you would in any important matter when you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection.

Sources:

1 Modern Federal Jury Instructions-Criminal P 7.01, Instruction 7-1 (2025) (modified)

**<u>INSTRUCTION NO. 22</u>**
(Defendant's Interest)

In a criminal case, the defendant has a constitutional right not to testify. However, if he chooses to testify, he is, of course, permitted to take the witness stand on his own behalf. In this case, Mr. Goldstein testified. You should examine and evaluate his testimony just as you would the testimony of any other witness.

As I have instructed you, the burden is on the prosecution to prove Mr. Goldstein's guilt of each element of the charges beyond a reasonable doubt.  This burden does not shift to Mr. Goldstein because he chose to testify.


<u>Sources:</u>

Third Circuit Model Criminal Jury Instructions, Instruction No. 4.28 (Apr. 2024) (first paragraph); *see also* Ninth Circuit Manual of Model Criminal Jury Instructions, Instruction No. 6.4 (2022)

1 Modern Federal Jury Instructions-Criminal P 4.01, Instruction 4-1 (2025) (modified) (second paragraph)

## INSTRUCTION NO. 23
(Law Enforcement Witness)

You have heard the testimony of multiple law enforcement officials. The fact that a witness may be employed by the federal government as a law enforcement official does not mean that his testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

Sources:

1 Modern Federal Jury Instructions-Criminal P 7.01, Instruction 7-16 (2025)

## INSTRUCTION NO. 24
### (Expert Witness)

In this case, I have permitted certain witnesses to express their opinions about matters that are in issue. A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience and training. Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness' qualifications, his or her opinions, the reasons for testifying, as well as all the other considerations that ordinarily apply when you are deciding whether to believe a witness' testimony. You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his or her opinion. Nor should you substitute it for your own reason, judgment and common sense. The determination of the facts in this case rests solely with you.

Sources:

1 Modern Federal Jury Instructions-Criminal P 7.01, Instruction 7-21 (2025) (modified)

**INSTRUCTION NO. 25**
(Testimony As Both Expert And Lay Witness)

You have heard the testimony of [name of witness] who testified to both facts and opinions. You should consider each of those types of testimony separately, and give them the proper weight.

As to the testimony about facts, you should consider the factors that I discussed earlier in these instructions about how to weigh the credibility of witnesses.

As to the testimony that included opinions, you may consider the witness's qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony. You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his or her opinion. Nor should you substitute it for your own reason, judgment and common sense. The determination of the facts in this case rests solely with you.

Again you may give both the fact testimony and the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case.

Sources:

1 Modern Federal Jury Instructions-Criminal P 7.01, Instruction 7-24 (2025)

The government objects to this instruction unless and until such a witness is called to testify.

## INSTRUCTION NO. 26
### (Lost Or Destroyed Evidence)

You have heard evidence that Mr. Goldstein's accounting firm, GRF, did not produce certain internal emails in response a defense subpoena.  If you find that GRF intentionally destroyed or failed to preserve emails that it knew or should have known would be evidence in this case, you may infer, but are not required to infer, that this evidence was unfavorable to GRF.


Sources:

Ninth Circuit Manual of Model Criminal Jury Instructions, Instruction No. 3.19 (2022) (modified)

The government objects to this instruction as irrelevant and unfairly prejudicial.  The evidence at trial was insufficient to establish that any relevant emails were destroyed or unavailable, much less that any of the relevant witnesses from Gelman—or the government—were involved.

Mr. Goldstein has failed to make the requisite showing for giving an adverse inference instruction.  That is, Mr. Goldstein has not shown that anyone at GRF "knew [that] evidence was relevant to some issue at trial," and Mr. Goldstein has not shown that anyone with that knowledge "willful[ly]" caused its "loss or destruction."  *United States v. Johnson*, 996 F.3d 200, 206 (4th Cir. 2021) (quoting *Vodusek v. Bayliner Marine Corp.*, 71 F.3d 148, 155 (4th Cir. 1995)).  After all the testimony presented to the jury at trial, including that of Gelman representatives, there is not a shred of evidence indicating what if any relevant documents are unavailable or missing.  Mr. Goldstein's vigorous cross-examination of the Gelman representatives utterly failed to establish that any of them had willfully destroyed evidence.

This instruction is unnecessary especially because the jury has heard those cross-examinations, and been able to evaluate the credibility of the Gelman representatives including in response to questions about this very topic.

The undisputed evidence at trial is that GRF destroyed internal emails after receiving subpoenas from the government, and after the defense requested those internal emails from GRF (but before the defense had subpoena power to compel their production).  Those emails may very well have been favorable to the defense, as those are the emails in which GRF would have candidly discussed its mistakes on Mr. Goldstein's tax returns.  (In fact, that is precisely what happened in one of the few internal emails the defense was able to obtain.)  If the jury finds that GRF destroyed those emails pursuant to a *new* document retention policy that it adopted *after* it received the government's subpoenas and *after* it was on notice that the defense was requesting production of those internal emails, then the jury is entitled to draw an adverse inference about the contents of those destroyed documents.

## INSTRUCTION NO. 27
### (*Brady* Violation)

In a criminal trial, the government has an obligation to inform the defense of any information known to the government that tends to suggest the defendant might not have committed the crimes charged and any information that casts doubt on the credibility of the government's own evidence.  In this case, the government failed to turn over favorable evidence to the defense.  In evaluating the merits of this case, you can decide what weight, if any, to give to the government's violation of this obligation. The government's actions, standing alone or in combination with other facts presented in this case, may create a reasonable doubt in your mind about Mr. Goldstein's guilt.

Sources

*United States v. Garrison*, 888 F.3d 1057, 1063 n. 3 (9th Cir. 2018)

Ninth Circuit Manual of Model Criminal Jury Instructions, Instruction No. 3.20 (2022) (citing *Garrison*)

ECF No. 381 (granting in part defense motion for relief related to the government's discovery violations)

1/28/26 Tr. 37:3-8 ("I am going to find a *Brady* violation with regards at least to the e-mail attached to the motion.  I think the remedy here is a combination of the defense's broad latitude on cross-examination, any closing statements and an instruction to the jury that I will work out with the parties as we move forward."); *id.* at 11-18 (Q: "With respect to any instruction given to the jury, is Your Honor saying that we will give an instruction or that we can argue about whether we will and what that may look like later?"  A: "I think an instruction is probably appropriate, but I think we need to work out what the language is going to be first.")

1/27/25 Tr. 10:5-14 (initial appearance) ("**THE COURT:** As required by Rule 5(f), the United States is ordered to produce all exculpatory evidence of the defendant pursuant to *Brady v. Maryland* and its prodigy. Not doing so in a timely manner may result in sanctions, including exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, vacating a conviction, or disciplinary action against the prosecution. Mr. Kibbe, do you understand the Government's obligations?  **MR. KIBBE:** Yes.").

*United States v. Burke*, 571 F.3d 1048, 1054 (10th Cir. 2009) ("Where the district court concludes that the government was dilatory in its compliance with *Brady,* to the prejudice of the defendant, the district court has discretion to determine an appropriate remedy, whether it be exclusion of the witness, limitations on the scope of permitted testimony, instructions to the jury, or even mistrial. The choice of remedy is in the sound discretion of the district court." (citing Fed. R. Crim. P. 16(d)(2)).

The government objects to this instruction including for the reasons cited its motion for reconsideration of the *Brady* decision.  Dkt. 390.

Notably, many courts have declined to give jury instructions on *Brady* if the defendant had other remedies available such as cross-examination of relevant witnesses. *United States v. Primm*, No. 4:20-CR-00329-SRC, 2022 WL 225627, at *7-8 (E.D. Mo. Jan. 26, 2022) (in lieu of jury instruction, allowing for latitude on cross-examination of a relevant witness), *aff'd*, 63 F.4th 1186 (8th Cir. 2023); *United States v. Garcia*, No. 18-CR-00466-BLF, 2022 WL 1801496, at *3 (N.D. Cal. June 2, 2022), *aff'd*, No. 22-10291, 2025 WL 314126 (9th Cir. Jan. 28, 2025) (distinguishing *United States v. Garrison*, 888 F.3d 1057, 1063 n. 3 (9th Cir. 2018)); *Gardner v. Fisher*, 556 F. Supp. 2d 183, 195-96 (E.D.N.Y. 2008) (jury instruction on *Brady* violation unnecessary where the defense had ample opportunity to use the document on cross-examination during the trial, in part because "[t]he proposed jury instruction would not have created more confidence in the outcome; in fact, if the proposed instruction had been given, the verdict would arguably have been less worthy of confidence because the instruction would have encouraged the jury to engage in improper speculation").  Here, Mr. Goldstein had plenty of opportunity to cross-examine Ian Shuman on the email (DX788) at issue in the *Brady* litigation.  2/10/2026 Tr. 37-41.  An instruction is unnecessary and would be confusing.

Although the government strenuously opposes giving such an instruction, if one is given, the second sentence should read: "In this case, the government failed to turn over DX788 until trial was underway, and you heard testimony from Ian Shuman about the document."

The government was ordered at the beginning of these proceedings "to produce all exculpatory evidence of the defendant pursuant to *Brady*," and it was warned that "[n]ot doing so in a timely manner may result in sanctions, including … adverse jury instructions."  1/27/25 Tr. 10:5-14.  The government did not heed that warning:  This Court found a *Brady* violation and indicated that a jury instruction would be an appropriate remedy.  *See* 1/28/26 Tr. 37:3-8, ECF No. 381.  The government's position that it need not suffer *any* consequence for its *Brady* violation because the defense was able to cross-examine Mr. Shuman both punishes the defense for its diligence, and would allow the government to withhold *Brady* material until the eleventh hour—moments before the relevant witness takes the stand.

## INSTRUCTION NO. 28
### (Tax Counts – Statutory Purpose)

Counts 1-13 of the indictment are federal tax charges. The system of tax collection in the United States relies upon the honesty of taxpayers. The government needs taxpayers to report timely, completely, and honestly all taxes they owe so that it can collect the taxes due. Congress, therefore, has made it a criminal offense for a taxpayer to evade taxes, to file a false return, or to fail to pay taxes under certain circumstances.


Sources:

1 Modern Federal Jury Instructions-Criminal P 59.01, Instruction 59-2 (2025) (modified)

The defense objects to the government's proposed instruction on the grounds that it is irrelevant, duplicative of other instructions, and prejudicial.  *See United States v. Automated Scis. Grp., Inc.*, 962 F.2d 7 (4th Cir. 1992) ("an instruction regarding the purposes behind a statute should be used sparingly"); *Stillman v. Norfolk & W. Ry. Co.*, 811 F.2d 834, 838 (4th Cir. 1987) ("So long as the jury was properly instructed on the applicable law, we can see no reason why it would be either necessary or appropriate for the jury to hear an argument about Congress's intent in enacting the law.").  The instruction also misstates the law by, among other things, omitting the critical element of willfulness.  *See Cheek v. United States*, 498 U.S. 192, 201 (1991).  For example, the instruction wrongly implies that "it [is] a criminal offense … to file a false return," when in fact it is a criminal offense to file a false return only if the false statement was material and the defendant knew the statement was false.

The government's instruction is appropriate and should be read to the jury.  It is accurate and not confusing especially when read in context of the rest of the instructions.

**INSTRUCTION NO. 29**
(Tax Counts – Calculation Of Taxable Income)

During the trial, you heard reference to the concept of "taxable income," so I will explain to you the basics of how taxable income is determined.

The first step in arriving at an individual's taxable income is to determine the gross income of that individual. "Gross income" generally means all income from whatever source derived. Gross income includes, but is not limited to, compensation for services, such as wages, salaries, fees, or commissions, income derived from a trade or business, gains from dealings in property, interest, royalties, and dividends. Gross income includes both lawful and unlawful earnings.

After having determined an individual's gross income, the next step in arriving at the income upon which the tax is imposed is to subtract from the gross income such deductions and losses as the law provides. In this connection, an individual is permitted to deduct from gross income all the ordinary and necessary expenses paid or incurred during the tax year in carrying on any trade or business or other profit-seeking endeavors, to the extent those expenses are not reimbursed by the business.

The amount remaining after subtracting the allowable deductions and losses from gross income is termed "adjusted gross income." In arriving at income upon which the tax is imposed, the individual is permitted to deduct from adjusted gross income either the zero bracket amount allowed by law or, in the alternative, amounts paid during the year for itemized deductions, which are limited by law, such as medical expenses, state income and property taxes, interest, charitable contributions, and other miscellaneous items. An individual is then allowed a deduction for each qualified exemption. The resulting figure is termed "taxable income," that is to say, the sum on which the income tax is normally imposed.

<u>Sources:</u>

1/15/2026 Trial Tr. 17:23-19:7

U.S. Dep't of Justice Criminal Tax Manual, Proposed Jury Instruction No. Misc-23 (citing 26 U.S.C. §§ 61 through 223 (Corporations, 26 U.S.C. §§ 61 through 281)) (modified)

## INSTRUCTION NO. 30
(Tax Counts – Ordinary And Necessary Business Expenses)

I have instructed you that an individual is permitted to deduct from gross income all the ordinary and necessary expenses paid or incurred during the tax year in carrying on any trade or business or other profit-seeking endeavors, to the extent those expenses are not reimbursed by the business.

Federal law states that "[t]here shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including (1) a reasonable allowance for salaries or other compensation for personal services actually rendered; (2) traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business; and (3) rentals or other payments required to be made as a condition to the continued use or possession, for purposes of the trade or business, of property to which the taxpayer has not taken or is not taking title or in which he has no equity."

An expense is "ordinary" if it is common to the business community or industry of which it is a part. An expense is "necessary" if it is helpful and appropriate for the trade or business. An expense does not have to be indispensable to be considered necessary.

Sources:

26 U.S.C. § 162(a)

IRS Publication 535, p. 3 (2022), https://www.irs.gov/forms-pubs/guide-to-business-expense-resources

## INSTRUCTION NO. 31
(Tax Counts – Willfulness) [Government's Version]

The federal tax charges (counts 1-13) require the government to prove Mr. Goldstein acted willfully. A willful act is defined as a voluntary and intentional violation of a known legal duty. "Willfully" means purposefully and deliberately and not because of mistake, accident or negligence.

A defendant is not willful if he had a good faith misunderstanding of the law, even if that belief was unreasonable or irrational, as long as that belief was honestly and genuinely held. You may, however, consider whether a purported belief was reasonable as a factor in determining whether the belief was genuine. Innocent mistakes caused by the complexity of the Internal Revenue Code or negligence, even gross negligence, are not enough to meet the "willfulness" requirement.

To prove willfulness, the government does not need to prove that Mr. Goldstein was aware of the criminal consequences for his conduct.

Sources:

1/15/2026 Trial Tr. 26:20-23 (first paragraph)

*Cheek v. United States*, 498 U.S. 192 (1991) (second paragraph)

*United States v. Pensyl*, 387 F.3d 456, 459 (6th Cir. 2004) (second paragraph)

*United States v. Menner*, No. 3:08CR322-HEH, 2008 WL 11412180, at *1 (E.D. Va. Sept. 17, 2008) (second paragraph)

2/4/2026 Trial Tr. 152:17-155:12 (third paragraph)

*United States v. Gilmore*, 837 F. App'x 101, 105 (3d Cir. 2020) (affirming jury instruction over defendant-appellant's objection that it should have said "criminal" instead of "unlawful" in defining willfulness) (third paragraph)

*United States v. Rosenfield*, 469 F.2d 598, 600-01 & n.1 (3d Cir. 1972) (affirming jury instruction in § 7203 case defining "willfully" as "deliberately intending not to file a return which defendant knew he should have filed") (third paragraph)

The defense objects to the third paragraph of this instruction as misleading, confusing, and a misstatement of the law. To prove willfulness, the government must prove beyond a reasonable doubt that Mr. Goldstein understood that his conduct was criminal in nature. *See, e.g.*, *Bryan v. United States*, 524 U.S. 184, 194 (1998) (to convict a defendant for a "willful violations of the tax laws," the "jury must find that the defendant was aware of the specific provision of the tax code that he was charged with violating"); *United States v. Efthimiatos*, 799 F. App'x 75, 77 (2d Cir. 2020) ("subjective knowledge of [a] criminal violation[]"—and not that conduct is "merely unlawful"—"is necessary for willful conduct" in "the tax … context[]"); *United States v. Marder*, 48 F.3d 564, 572 n.6 (1st Cir. 1995) (in the "tax evasion context[]," willfulness "requir[es] specific knowledge that the conduct at issue was criminal," which is different from merely "act[ing] in violation of some known legal duty"); *United States v. Bunchuk*, 799 F. App'x 100, 103 (3d Cir. 2019) ("To act willfully requires knowledge of a legal duty, and a defendant is not guilty if she honestly believed … that her conduct was not criminal under the law."); *cf. United States v. Whab*, 355 F.3d 155, 161-62 (2d Cir. 2004) ("[W]ith the exception of … cases involving willful violations of tax laws, 'willfully' does not require specific knowledge that a defendant's conduct is criminal ….").

The defense requests an alternative paragraph in place of the government's third paragraph. **Notably, the defense's proposed text is language that the government** *previously agreed to*. *See* **ECF No. 312, at 74 (jointly proposed Instruction No. 48) ("Innocent mistakes caused by the complexity of the Internal Revenue Code or negligence, even gross negligence, are not enough to meet the "willfulness" requirement. If Mr. Goldstein actually believed that what he was doing was in accord with the tax statutes, he cannot be said to have had the criminal intent to willfully evade taxes.").** The government, on the other hand, proposes a new instruction that "the government does not need to prove that Mr. Goldstein was aware of the criminal consequences for his conduct." That position is not only incorrect, but it is a material and prejudicial departure from what the government has previously agreed to.

The government's instruction is appropriate and should be read to the jury. The instruction is based on applicable case law (cited above) and the evidence at trial. Mr. Goldstein's legal support for the proposition that he needs to have known his conduct was criminal is pulled from non-tax cases or dicta in tax cases. None of the decisions Mr. Goldstein cited analyzed and approved the type of language he is suggesting. The government, on the other hand, cited to *United States v. Gilmore*, in which a federal appeals court expressly affirmed the trial court's decision *not* to instruct the jury that the defendant must have known his conduct was "criminal" instead of merely "unlawful." 837 F. App'x 101, 105 (3d Cir. 2020).

**INSTRUCTION NO. 31**
(Tax Counts – Willfulness) [Defense's Version]

The federal tax charges (counts 1-13) require the government to prove Mr. Goldstein acted willfully. A willful act is defined as a voluntary and intentional violation of a known legal duty. "Willfully" means purposefully and deliberately and not because of mistake, accident or negligence.

A defendant is not willful if he had a good faith misunderstanding of the law, even if that belief was unreasonable or irrational, as long as that belief was honestly and genuinely held. You may, however, consider whether a purported belief was reasonable as a factor in determining whether the belief was genuine.

Innocent mistakes caused by the complexity of the Internal Revenue Code or negligence, even gross negligence, are not enough to meet the "willfulness" requirement.  If Mr. Goldstein actually believed that what he was doing was in accord with the tax statutes, he cannot be said to have had the criminal intent to have acted willfully.


Sources:

1/15/2026 Trial Tr. 26:20-23 (first paragraph)

*Cheek v. United States*, 498 U.S. 192 (1991) (second paragraph)

*United States v. Pensyl*, 387 F.3d 456, 459 (6th Cir. 2004) (second paragraph)

*United States v. Menner*, No. 3:08CR322-HEH, 2008 WL 11412180, at *1 (E.D. Va. Sept. 17, 2008) (second paragraph)

Pattern Criminal Jury Instructions for the District Courts of the First Circuit, Instruction No. 4.26.7201 (Feb. 6, 2024) (modified) ("Innocent mistakes caused by the complexity of the Internal Revenue Code or negligence, even gross negligence, are not enough to meet the "willfulness" requirement.") (third paragraph)

*United States v. Dorsey*, No. CR MJG-08-0174, 2008 WL 11409394, at *1 (D. Md. Dec. 3, 2008) (jury instruction provided that "if [the defendant] actually believed in good faith that what

he was doing was in accord with the tax statutes, he cannot be said to have had the criminal intent to willfully evade taxes"); *United States v. Allen*, 670 F.3d 12, 17 (1st Cir. 2012) (jury instruction provided that "if the defendant … subjectively believed that what he or she was doing was in compliance with the tax statutes, he or she cannot be said to have had the criminal intent required to engage in tax evasion or to fail to file federal income returns"); *United States v. Murphy*, 469 F.3d 1130, 1138 (7th Cir. 2006) (same); *United States v. Salisbury*, 365 F. App'x 622, 627 (6th Cir. 2010) (same).

The government objects to the last sentence of this instruction because it is a backdoor attempt to argue that the government must prove Mr. Goldstein knew his conduct was criminal. As explained in the authorities cited in support of the government's proposed instruction, including *Gilmore* and *Cheek*, that is not true.

The defense notes that the third paragraph above—including the last sentence to which the government now objects—was previously *jointly* proposed by the parties. See ECF No. 312, at 74 (jointly proposed Instruction No. 48). The defense merely changed the phrase "he cannot be said to have had the criminal intent to willfully evade taxes" to "he cannot be said to have had the criminal intent to have acted willfully," in order to generalize the instruction to apply across the tax counts. As noted above, this instruction is well-supported across the circuits.

# INSTRUCTION NO. 32
(Reliance On Tax Preparer) [Government's Version]

You have heard evidence that Mr. Goldstein received advice from a tax preparer and you may consider that evidence in deciding whether Mr. Goldstein acted willfully and with knowledge.

The mere fact that Mr. Goldstein may have received tax advice does not, in itself, necessarily constitute a complete defense. Instead, you must ask yourselves whether Mr. Goldstein honestly and in good faith sought the advice of a competent tax preparer as to what he may lawfully do; whether he fully and honestly laid all the facts before his tax preparer; and whether in good faith he honestly followed such advice, relying on it and believing it to be correct. In short you should consider whether, in seeking and obtaining advice from a tax preparer, Mr. Goldstein intended that his acts shall be lawful. If he did so, it is the law that Mr. Goldstein cannot be convicted of a crime that involves willful and unlawful intent, even if such advice were inaccurate.

On the other hand, no man can willfully and knowingly violate the law and excuse himself from the consequences of his conduct by pleading that he followed the advice of his tax preparer.

Whether Mr. Goldstein acted in good faith for the purpose of seeking guidance as to the specific acts in this case, and whether he made a full and complete report to his tax preparer, and whether he acted substantially in accordance with the advice received, are questions for you to determine.

Sources:

1 Modern Federal Jury Instructions-Criminal P 8.04, Instruction 8-4 (2025) (modified)

*United States v. Witasick*, 443 F. App'x 838, 841 (4th Cir. 2011) ("Good faith reliance on a qualified accountant has long been a defense to willfulness in cases of tax fraud and evasion. The good faith reliance defense is not applicable, however, where the defendant has failed to fully and accurately disclose all relevant tax-related information to the accountant upon whose advice the defendant claims reliance..") (quotations and citations omitted)

The defense objects to this instruction on the ground that it is confusing, misleading, unconstitutionally shifts the burden to the defendant to prove his innocence, and misstates the law.  In particular, the proposed instruction implies that a taxpayer is legally required to "fully and honestly la[y] all the facts before his tax preparer" and "ma[ke] a full and complete report to his tax preparer."  That is not the law.  Instead, the law only criminalizes the conduct of a taxpayer who acts *willfully*—that is, in violation of a known legal duty.  If a taxpayer does not know that his accountant requires certain information to complete his returns accurately—as Mr. Goldstein has argued in this case—then he does not violate commit a crime by failing to provide that information.

Moreover, this instruction is incredibly misleading because the government has charged both tax evasion under Section 7201 and assisting the preparation of a false return under Section 7206(2).  This instruction would give the jury the precisely backwards impression that Mr. Goldstein could have willfully assisted the preparation of a false return merely by failing to provide information to GRF that could have prevented their errors—*even if* there is no evidence that Mr. Goldstein had reason to know the information was needed.  That is a far cry from the government's burden of proof under Section 7206(2).  *See, e.g.*. Instruction No. 51, *infra*; *United States v. Gambone*, 314 F.3d 163, 173 (3d Cir. 2003) ("the relevant inquiry" under Section 7206(2) "is whether the defendant engages in 'some affirmative participation which at least encourages'" another "to prepare or present a false return") (citation omitted); *United States v. Snider*, 502 F.2d 645, 655 (4th Cir. 1974) (interpreting "false or fraudulent" in the context of 26 U.S.C. § 7205 to require that "the information must either be (1) supplied with an intent to deceive, or (2) false in the sense of deceptive").

The defense also objects that the government's proposed instruction omits a key sentence recommended by *Sand*:  "The criminal law does not penalize a taxpayer for delegating the responsibility of the preparation of his tax returns to a person whom he has reason to believe is competent … to prepare his returns and relies upon him to prepare and file proper returns, he has done all that the law requires of him."  1 Modern Federal Jury Instructions-Criminal P 8.04, Instruction 8-4 comment (2025).

The defense requests an alternative instruction.

The government's instruction, which is based on *Sand*, is appropriate and should be read to the jury.  The instruction is also consistent with the discussion of good faith reliance in *United States v. Witasick*, 443 F. App'x 838, 841 (4th Cir. 2011).

## INSTRUCTION NO. 32
### (Reliance On Tax Preparer) [Defense's Version]

You have heard evidence that Mr. Goldstein received advice from a tax preparer and you may consider that evidence in deciding whether Mr. Goldstein acted willfully and with knowledge.

The mere fact that Mr. Goldstein may have received tax advice does not, in itself, necessarily constitute a complete defense. Instead, you must ask yourselves whether Mr. Goldstein honestly and in good faith sought the advice of a competent tax preparer as to what he may lawfully do; whether he willfully and knowingly withheld facts from tax preparer; and whether in good faith he honestly followed such advice, relying on it and believing it to be correct. In short you should consider whether, in seeking and obtaining advice from a tax preparer, Mr. Goldstein intended that his acts shall be lawful. If he did so, it is the law that Mr. Goldstein cannot be convicted of a crime that involves willful and unlawful intent, even if such advice were inaccurate.

The criminal law does not penalize a taxpayer for delegating the responsibility of the preparation of his tax returns to a person whom he has reason to believe is competent to handle such matters. If a taxpayer selects a person believed competent to prepare his returns and relies upon him to prepare and file proper returns, he has done all that the law requires of him.

On the other hand, no man can willfully and knowingly violate the law and excuse himself from the consequences of his conduct by pleading that he followed the advice of his tax preparer.

Whether Mr. Goldstein acted in good faith for the purpose of seeking guidance as to the specific acts in this case, and whether he willfully and knowingly failed to make a full and

complete report to his tax preparer, and whether he acted substantially in accordance with the advice received, are questions for you to determine.

Sources:

1 Modern Federal Jury Instructions-Criminal P 8.04, Instruction 8-4 (2025) (modified)

1 Modern Federal Jury Instructions-Criminal P 8.04, Instruction 8-4 comment (2025) (third paragraph)

*United States v. Platt*, 435 F.2d 789, 791 n.4 (2d Cir. 1970) (reversing conviction for failing to give the following instruction:  "The criminal law does not penalize a taxpayer for delegating the responsibility of the preparation of his tax returns to a person whom he has reason to believe is competent to handle such matters. The mistakes of such a person are not attributable to the taxpayer. Thus, if a taxpayer selects a person believed competent to prepare his returns and relies upon him to prepare and file proper returns, he has done all that the law requires of him.") (third paragraph)

The government objects to Mr. Goldstein's proposed alternative instruction, which deviates substantially from the *Sand* instruction in an attempt to argue his case.  Mr. Goldstein's proposed instruction also is inconsistent with *United States v. Witasick*, 443 F. App'x 838, 841 (4th Cir. 2011) ("Good faith reliance on a qualified accountant has long been a defense to willfulness in cases of tax fraud and evasion.  The good faith reliance defense is not applicable, however, where the defendant has failed to fully and accurately disclose all relevant tax-related information to the accountant upon whose advice the defendant claims reliance.") (quotations and citations omitted).

## INSTRUCTION NO. 33
### (Tax Counts – Willfulness – Knowledge Of A Lawyer)

You have heard evidence that Mr. Goldstein is a lawyer.  I instruct you that an attorney is not held to a higher standard of conduct, or legal obligation, than other taxpayers.  You cannot presume that Mr. Goldstein understood his legal duties simply because he is a lawyer.

I also instruct you that the fact that Mr. Goldstein was the sole owner of Goldstein & Russell is not sufficient, in and of itself, to determine that he was aware of each and every act that took place in the office or that he approved or encouraged such actions.

As I have instructed you, it is the government's burden to prove beyond a reasonable doubt that Mr. Goldstein voluntarily and intentionally violated a known legal duty.


Sources:

*United States v. Maniego*, 710 F.2d 24, 28 (2d Cir. 1983) ("[T]he court adequately instructed the jury that an attorney is not held to a higher standard of conduct, or legal obligation, to verify independently the truth of the information given by a client ….")

*United States v. Phillips*, 543 F.3d 1197, 1209 (10th Cir. 2008) ("A reasonable jury could not infer from the mere fact that Mr. Phillips was the only lawyer in the office that he was aware of every illegal action committed by his employees and that he approved, or even encouraged, those actions. Such an inference would subject the supervising lawyers in law firms to something approaching strict criminal liability for the acts of their employees.").

*United States v. Archer*, 671 F.3d 149, 158-60 (2d Cir. 2011) (holding that defendant's requested "*Phillips* instruction" and "*Maniego* instruction" "accurately state[d] the law").

*Cheek v. United States*, 498 U.S. 192 (1991)

The government objects to this instruction as unnecessary, confusing, unhelpful, and inaccurate (at least because Mr. Goldstein as an attorney is held to a higher standard of conduct regarding IOLTA accounts and the evidence shows he violated that). A lot of evidence was introduced at trial about what Mr. Goldstein did or did not understand about his legal duties and his role at and knowledge of operations of his law firm.  The jury does not need additional instructions on evaluating that evidence or its relevance.

The government repeatedly asked witnesses questions about Mr. Goldstein's legal acumen and management role at G&R.  The jury must be instructed that these are merely *facts* that the jury

may consider in deciding whether Mr. Goldstien acted willfully—not sufficient to support a presumption of knowledge.  (Additionally, the defense's proposed instruction is accurate in saying that Mr. Goldstein is not "held to a higher standard of conduct, or legal obligation, than other *taxpayers*"—whether he is held to a higher standard of conduct in his legal practice is entirely irrelevant to the charges in the case.)

**INSTRUCTION NO. 34**
(Duty To Report Gambling Income)

Taxpayers are required to report their gross income from their gambling activities, not their net income.  In other words, taxpayers are required to report their full winnings from gambling activities, rather than only the amount of their winnings that exceed their losses.

Taxpayers may deduct gambling losses from their gambling income, but such losses are deductible only to the extent of gambling winnings, and a net loss cannot offset other income.

Sources:

Mertens, Law Of Federal Income Taxation § 28:151 (2025)

26 U.S.C. § 165(d) (note that that law was recently amended and going forward, only 90% of losses are deductible).

*In re Berardi*, 70 F. App'x 660, 662 (3d Cir. 2003) (finding that "there is absolutely no legal basis for that conclusion" that gamblers only need to report net winnings).

*Stein v. Comm'r*, 48 T.C.M. (CCH) 724 (T.C. 1984), *aff'd,* 770 F.2d 1075 (3d Cir. 1985) (similar)

The defense objects to this instruction on the grounds that it is unnecessary and misleading.  The jury has heard testimony from several government witnesses, including Agent Ranahan, about the rules regarding reporting gambling winnings.  Giving this instruction risks misleading the jury about the government's burden to prove willfulness by stating what the law requires, when a key issue in the case is whether Mr. Goldstein understood what the law required.

The defense also objects on the ground that this instruction misstates the law.  Among other things, it fails to explain that, in calculating gains from wagering activities, the basis (cost) of the wager is excluded from gross gambling winnings.  *See* Rev. Rul. 83-103, 1983-2 C.B. 148, at 149; Office of Chief Counsel Internal Revenue Service Memorandum, Release Number AM2008-011 (Dec. 5, 2008), https://www.irs.gov/pub/irs-counsel/am2008011.pdf.  It also fails to explain how a taxpayer should determine the relevant gambling "session" for purposes of calculating "gross income"—e.g., per hand, per hour, per day, etc.

The government's instruction is appropriate and accurate, and should be read to the jury.

## INSTRUCTION NO. 35
### (Form 1099) [Government's Version]

A taxpayer must report all the income he received, regardless of whether he received a

Form 1099 for that income.

Sources:

*Reinhardt v. Comm'r,* 66 T.C.M. (CCH) 566, *6 (T.C. 1993) (taxpayer's belief that "income is not taxable unless there is a Form 1099 or W-2" was "wrong").

*Welker v. Comm'r,* 74 T.C.M. (CCH) 956, *2 (T.C. 1997) (noting taxpayer "was aware that he had to report all his income on his tax return regardless of whether he received a Form 1099")

The defense objects to this instruction on the grounds that it is incomplete, confusing, and unnecessary.  The defense has not taken the position that a taxpayer is not legally required to report income for which he did not receive a Form 1099.  The defense has, however, offered evidence that Mr. Goldstein believed certain income would have been reported as income *because* the payors were obligation to send Form 1099s.  Giving this instruction risks misleading the jury into thinking that Mr. Goldstein's willfulness defense is foreclosed by law.  And this instruction is totally unnecessary, as the jury has already heard evidence that a taxpayer must report all the income he received, regardless of whether he received a Form 1099 for that income.

If, however, this Court is inclined to give an instruction on this topic, then the defense requests an alternative instruction.

The government's instruction is appropriate, and should be read to the jury.  The government's instruction is necessary based on substantial evidence at trial tending to leave a misimpression that Mr. Goldstein's duty to report income was somehow modified by whether he received Forms 1099 relating to the income.

## INSTRUCTION NO. 35
### (Form 1099) [Defense's Version, In The Alternative]

A taxpayer must report all the income he received, regardless of whether he received a Form 1099 for that income. A taxpayer who has received a Form 1099 does not have a legal obligation to provide that Form 1099 to his tax preparer.

Payors who make payments of $600 or more to law firms or other providers of legal services in the course of their trade or business are required to send to the attorney payee, and to file with the IRS, a Form 1099 reporting those gross proceeds.

You have heard evidence that Mr. Goldstein believed that certain payors would send Form 1099s that would be received by his tax preparer. You may consider that evidence in deciding whether Mr. Goldstein acted willfully.

Sources:

*Reinhardt v. Comm'r,* 66 T.C.M. (CCH) 566, *6 (T.C. 1993) (taxpayer's belief that "income is not taxable unless there is a Form 1099 or W-2" was "wrong").

*Welker v. Comm'r,* 74 T.C.M. (CCH) 956, *2 (T.C. 1997) (noting taxpayer "was aware that he had to report all his income on his tax return regardless of whether he received a Form 1099")

26 C.F.R. § 1.6045-5(a)(1) (obligation to provide Form 1099 for legal services).

The government objects to Mr. Goldstein's alternative instruction because it unduly focuses on the legal obligations of other people. Mr. Goldstein's instruction concedes that he must report all income regardless of whether he received a Form 1099, so the additional detail and context is unnecessary and distracting. Mr. Goldstein can still argue, as he has throughout trial, that the Form 1099 issue somehow informs his willfulness. The issue now is correcting the misimpression left by Mr. Goldstein's arguments and evidence.

The government's objection is a reason why no instruction on Forms 1099 is necessary. But if the government insists on instructing the jury that a taxpayer must report all income regardless of whether he received a Form 1099—a point Mr. Goldstein did not contest at trial—then the defense's additional requested language is necessary to avoid leaving the jury with a misimpression about what the law does and does not require, and what the government must prove.

# INSTRUCTION NO. 36
(Assignment Of Income)

Income is taxable to the person who earns it.  The assignment or diversion of income not yet received to another individual or entity does not relieve the assignor of tax liability on that income.

Sources:

*U.S. v. Josephberg*, No. 4-cr-1002 (S.D.N.Y.) (modified)

*Lucas v. Earl*, 281 U.S. 111 (1930)

*Young v. Comm'r*, 240 F.3d 369, 376 (4th Cir. 2001) ("The Court has long held that the assignment to another of income not yet received does not relieve the assignor of tax liability on that income.")

Mertens, Law Of Federal Income Taxation § 5:25 (2025) ("The determination of the proper taxpayer depends upon which person or entity in fact controls the earning of the income rather than who ultimately receives the income.")

**INSTRUCTION NO. 37**
(No Duty To Amend A Tax Return)

You have heard testimony about whether Mr. Goldstein's filed amended tax returns.  I instruct you that a taxpayer has no legal duty to file an amended return upon the discovery of a mistake or error on a prior year's return.  I also instruct you that Mr. Goldstein is not charged with making a false statement on any amended return.

Sources:

15 Mertens Law of Fed. Income Tax'n § 56:75 (2025) ("Based on the Supreme Court's decision and the language in the applicable Regulations, it would appear that there is no clear statutory, regulatory or judicial authority for the proposition that the taxpayer is under a legal obligation to file an amended return upon the discovery of a mistake or error on a prior year's return.").

2/10/26 Tr. 152:1-3 (government counsel stating that "Mr. Kravis is entirely correct that there is no affirmative obligation or legal duty to file an amended return").

**INSTRUCTION NO. 38**
(Tax Evasion – Indictment And Statute) [Government's Version]

Count 1 of the indictment charges Mr. Goldstein with evasion of income tax, and aiding, abetting, counseling, commanding, inducing, or procuring such an offense.

Count 1 alleges that from in or about January 2016 through in or about March 2021, in the District of Maryland and elsewhere, Mr. Goldstein willfully attempted to evade and defeat the income tax due and owing and the payment thereof by him to the United States of America, for the tax year 2016.

The indictment alleges that Mr. Goldstein violated section 7201 of Title 26 of the United States Code, which provides in pertinent part: "Any person who willfully attempts in any manner to evade or defeat any tax imposed by [the Internal Revenue Code shall be guilty of a crime]." The indictment also alleges that Mr. Goldstein violated section 2 of Title 18 of the United States Code, which provides in pertinent part: "Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal" and "[w]hoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal."

Sources:

1 Modern Federal Jury Instructions-Criminal P 59.01, Instruction 59-1 (2025) (modified)

The defense objects to including an aiding-and-abetting instruction on the ground that it lacks any evidentiary basis. *See United States v. Narcisse*, No. 18-4572, 2022 WL 2828222, at *2 (4th Cir. July 20, 2022) (court "'acted within its discretion' in giving" "aiding and abetting instructions" "because there was an "evidentiary basis" to support the[m]") (citation omitted); *see also, e.g.*, *United States v. McCoy*, No. 3:14CR044, 2014 WL 4656245, at *8 (E.D. Va. Sept. 17, 2014) ("An instruction for aiding and abetting is proper whenever the evidence supports it."); *United States v. Horton*, 921 F.2d 540, 543 (4th Cir. 1990) ("No instruction may be given unless there is 'a foundation in the evidence' to support it." (citation omitted)). There is no evidence from which a reasonable jury could find that Mr. Goldstein aided and abetted any principal in the commission of any charged offense. In fact, the government has consistently argued that GRF

60

did nothing wrong, and that any GRF mistakes are either uncharged or immaterial.  Giving this instruction could only serve to confuse and mislead the jury.  The defense requests an alternative instruction.

The government has introduced more than sufficient evidence to support an aiding and abetting instruction.  Notably, Mr. Goldstein did not meaningfully challenge the aiding and abetting allegations as part of his motion for judgment of acquittal or in-court argument on that motion.  The evidence showed Mr. Goldstein ensnared numerous other people and companies in his tax and mortgage crimes.

## INSTRUCTION NO. 38
### (Tax Evasion – Indictment And Statute) [Defense's Version]

Count 1 of the indictment charges Mr. Goldstein with evasion of income tax, and aiding, abetting, counseling, commanding, inducing, or procuring such an offense.

Count 1 alleges that from in or about January 2016 through in or about March 2021, in the District of Maryland and elsewhere, Mr. Goldstein willfully attempted to evade and defeat the income tax due and owing and the payment thereof by him to the United States of America, for the tax year 2016.

The indictment alleges that Mr. Goldstein violated section 7201 of Title 26 of the United States Code, which provides in pertinent part: "Any person who willfully attempts in any manner to evade or defeat any tax imposed by [the Internal Revenue Code shall be guilty of a crime]."

Sources:

1 Modern Federal Jury Instructions-Criminal P 59.01, Instruction 59-1 (2025) (modified)

The government objects to this instruction because it does not include reference to the aiding and abetting allegations in the indictment.  As explained above, the government has introduced more than sufficient evidence to support an aiding and abetting instruction.

### INSTRUCTION NO. 39
(Tax Evasion – Elements Of The Offense)

In order for the crime of income tax evasion to be proved, the government must establish

beyond a reasonable doubt each of the following elements:

First, that Mr. Goldstein had a substantial tax deficiency for tax year 2016.

Second, that Mr. Goldstein attempted to evade or defeat the assessment or payment of the

tax by committing at least one affirmative act described in the indictment after January 1, 2018.

Third, that in attempting to evade or defeat the tax, Mr. Goldstein acted willfully.


Sources:

1/15/2025 Tr. 20:6-15 (changing the second element from "assessment **and** payment" to
"assessment **or** payment" because some of the affirmative acts alleged arguably concern only
one of the two)

1 Modern Federal Jury Instructions-Criminal P 59.01, Instruction 59-3 (2025) (modified)

*United States v. Wilson*, 118 F.3d 228, 236 (4th Cir. 1997) (holding that government "introduced
sufficient evidence that a 'substantial tax deficiency' existed)

As discussed in connection with the defense's motion for judgment of acquittal, the defense's
position is that there is insufficient evidence to sustain a conviction under an evasion-of-payment
theory.  *See* ECF No. 408, at 10-14.  The defense objects to the inclusion of the phrase "or
payment" in the government's proposed instruction.

The government's instruction is appropriate and should be read to the jury.  The government
disagrees that there is insufficient evidence to prove evasion of payment.  There is more than
sufficient evidence to prove that Goldstein's false statements to the IRS in 2018 and 2020 were
attempts to evade the payment of his overdue taxes because he was hiding his ongoing poker
activities from the government.

## INSTRUCTION NO. 40
(Tax Evasion – First Element – Tax Due) [Government's Version]

The first element of the offense that the government must prove beyond a reasonable

doubt is that Mr. Goldstein had a substantial tax deficiency for tax year 2016.

The government does not have to prove the exact amount Mr. Goldstein owed. Nor does

the government have to prove that all the tax charged in the indictment was evaded.


Sources:

1 Modern Federal Jury Instructions-Criminal P 59.01, Instruction 59-4 (2025) (modified)

*United States v. Wilson*, 118 F.3d 228, 236 (4th Cir. 1997) (holding that government "introduced
sufficient evidence that a 'substantial tax deficiency' existed)

The defense objects to the government's proposed instruction on the grounds that it is confusing
and imprecise, insofar as the phrase "had a substantial tax deficiency" is undefined. For
example, the jury might believe that "deficiency" means "error." The defense requests an
alternative instruction.

The government's instruction is appropriate and should be read to the jury. There is no need to
further define "substantial tax deficiency."

### INSTRUCTION NO. 40
(Tax Evasion – First Element – Tax Due) [Defense's Version]

The first element of the offense that the government must prove beyond a reasonable doubt is that Mr. Goldstein owed substantially more federal income taxes for tax year 2016 than was declared due on his income tax return for that year.

The government does not have to prove the exact amount Mr. Goldstein owes. Nor does the government have to prove that all the tax charged in the indictment was evaded.

Sources:

1 Modern Federal Jury Instructions-Criminal P 59.01, Instruction 59-4 (2025) (modified)

U.S. Dep't of Justice Criminal Tax Manual, Proposed Jury Instruction No. 26.7201-14 ("Each year must be considered separately. In other words, the defendant's tax obligation in any one year must be determined separately from his [her] tax obligations in any other year.")

The government objects to the first paragraph of this instruction, and urges that its version be read to the jury. The first paragraph of Mr. Goldstein's proposal conflicts with the elements read to the jury in the preliminary instructions. *See* 1/15/2025 Tr. 20:6-15. It also ignores that Mr. Goldstein is charged with evasion of payment and not just assessment. Therefore, even if Mr. Goldstein owed the exact amount of taxes for 2016 that he declared on his return, the jury could still find that he evaded the payment of those taxes in subsequent years by making false statements to the IRS and funneling money through an IOLTA account.

The defense's proposed instruction does not conflict with the elements read to the jury in the preliminary instructions. Rather, it merely defines the term "substantial tax deficiency"—which appears in Instruction No. 39, above—because the jury cannot be expected to understand what that term of art means, absent further instruction.

**INSTRUCTION NO. 41**
(Tax Evasion – Second Element – Affirmative Act Constituting Evasion)
[Government's Version]

The second element that the government must prove beyond a reasonable doubt is that Mr. Goldstein committed an affirmative act constituting tax evasion after January 1, 2018.

The Internal Revenue Code makes it a crime to attempt, in any manner, to evade or defeat any income tax imposed by law. There are many different ways in which a tax may be evaded, or an attempt may be made to evade it.

The affirmative act requirement can be met by affirmative acts of concealment of taxable income such as keeping a double set of books, making false entries or invoices or documents, destroying books or records, concealing assets or covering up sources of income, handling one's affairs so as to avoid keeping records, and/or other conduct whose likely effect would be to mislead the Internal Revenue Service or conceal income.

To prove an affirmative act, the government must show that Mr. Goldstein committed the act with the intent to evade or defeat tax.  If the tax evasion motive plays any part in such conduct, it can be an affirmative act even though the conduct may also serve other purposes such as concealment of other crime.  An otherwise lawful act can be an affirmative act as long as the government proves that Mr. Goldstein had the required intent to evade or defeat tax.

The indictment alleges that Mr. Goldstein committed affirmative acts of evasion of assessment and payment. Affirmative acts of evasion of assessment are attempts to prevent the government from determining a taxpayer's true tax liability. Affirmative acts of evasion of payment are attempts to conceal a taxpayer's ability to pay a tax due and owing.

Count 1 alleges that from in or about January 2016 through in or about March 2021, in the District of Maryland and elsewhere, Mr. Goldstein committed and caused to be committed the following affirmative acts of evasion:

(a) using funds and assets of G&R to pay personal gambling debts;

(b) providing false and incomplete information to the Accounting Firm;

(c) making false and misleading statements to an IRS Revenue Officer in March 2018;

(d) making false and misleading statements to IRS representatives in October 2020;

(e) transferring at least $960,000 in personal funds into G&R's IOLTA account in March 2021 to shield the funds from collection by the IRS;

(f) using foreign individuals and foreign bank accounts to receive income;

(g) causing the preparation, signing, and filing with the IRS of a false and fraudulent Form 1120S for G&R; and

(h) causing the preparation, signing, and filing with the IRS of a false and fraudulent Form 1040 for himself and his wife.

You may not find Mr. Goldstein guilty of Count 1 on the basis of any affirmative acts other than the ones I have just listed.


Sources:

1 Modern Federal Jury Instructions-Criminal P 59.01, Instruction 59-7 (2025) (modified)

U.S. Dep't of Justice Criminal Tax Manual, §§ 8.03, 8.06[2] (collecting cases and authorities supporting the fourth paragraph)

*United States v. Gorrell*, 922 F.3d 1117, 1124 (10th Cir. 2019) (fourth paragraph)

*United States v. Valenti*, 121 F.3d 327, 333 (7th Cir. 1997) (fourth paragraph)

*United States v. Voigt*, 89 F.3d 1050, 1090 (3d Cir. 1996) (fourth paragraph)

The defense objects to the government's proposed instruction on the grounds that it is redundant, confusing, and misstates the law.

First, by describing the alleged acts as "the following affirmative acts of evasion," the instruction incorrectly implies that the second element of tax evasion is satisfied if the government proves that the conduct alleged to constitute an affirmative act actually occurred as a factual matter.

However, as this Court has recognized, whether the "alleged conduct … constitute[s] an affirmative act" depends on whether the defendant "commit[ted] these acts with the requisite intent to evade taxes," which "is a question for the jury to decide."  ECF No. 237, at 21.

Second, the government's proposed instruction incorrectly fails to instruct the jury that it may not convict based on an act of omission.  *See, e.g.*, *United States v. McGill*, 964 F.2d 222, 233 (3d Cir. 1992) ("Omissions … do not satisfy the requirements of § 7201; the Government must prove a specific act to mislead or conceal.").

Third, the government's third, fourth, and fifth paragraphs are not based on any pattern instruction; notably, although the U.S. Department of Justice Criminal Tax Manual includes pattern instructions, the government relies on a different portion of that Manual—i.e., the portion of that Manual intended to provide internal guidance to Department of Justice attorneys, not instructions to juries.

Fourth, as discussed in connection with the defense's motion for judgment of acquittal, the defense's position is that there is insufficient evidence to sustain a conviction that rests on any of the affirmative acts:  "(a) using funds and assets of G&R to pay personal gambling debts," "(c) making false and misleading statements to an IRS Revenue Officer in March 2018," and "(e) transferring at least $960,000 in personal funds into G&R's IOLTA account in March 2021 to shield the funds from collection by the IRS."  *See* ECF No. 408, at 9-18.  The defense objects to the inclusion of those affirmative acts in the proposed instruction.

Finally, the defense objects to this instruction on the ground that it fails to instruct the jury that they must unanimously agree on which specific affirmative act was committed.  *See, e.g.*, *United States v. Tipton*, 90 F.3d 861, 885 (4th Cir. 1996) ("A special unanimity instruction is required … when there is a genuine risk of juror confusion or that a conviction could result from different jurors having concluded that the defendant committed quite different acts within those of a prescribed set or among multiple means of violating a statute," for example, where "multiple false statements [are] charged in single count"); *United States v. Sarihifard*, 155 F.3d 301, 310 (4th Cir. 1998) ("[W]hen an indictment charges multiple instances of conduct listed in the conjunctive, a jury verdict of guilty will stand if the jurors unanimously agree as to only one of the instances of conduct alleged in the indictment."); *United States v. Corona*, 359 F. App'x 848, 853 (9th Cir. 2009); *see also* ECF No. 315, at 4 n.1 (collecting cases).  **The government previously agreed to a special unanimity instruction, but changed its position mid-trial. *See* ECF No. 312, at 65 ("[T]he government agrees to the unanimity instruction proposed by the defense.").  The government's change in position is highly prejudicial to the defense's ability to prepare and present its case.**

The defense requests alternative instructions.

The government's instruction is appropriate and should be read to the jury.  The government has adopted various language from Mr. Goldstein's alternative instruction.

The government does not believe that the evidence or case law supports a unanimity instruction, and is prepared to address that point with the Court.  "[A] federal jury need not always decide unanimously which of several possible sets of underlying brute facts make up a particular

element, say, which of several possible means the defendant used to commit an element of the crime." *Richardson v. United States*, 526 U.S. 813, 817 (1999). "Different jurors may be persuaded by different pieces of evidence, even when they agree upon the bottom line. Plainly there is no general requirement that the jury reach agreement on the preliminary factual issues which underlie the verdict. *Schad v. Arizona*, 501 U.S.624, 632 (1991) (plurality) (quoted in *United States v. Tipton*, 90 F.3d 861, 885 (4th Cir. 1996)).

Mr. Goldstein has not identified any "genuine risk of juror confusion" based on the evidence, and the rest of the jury instructions clearly explain what the jury must find as to the various crimes charged. *See Tipton*, 90 F.3d at 885.

Moreover, in tax evasion cases, courts generally reject specific unanimity instructions. *See United States v. Damra*, 621 F.3d 474, 503-04 (6th Cir. 2010); *United States v. Schiff*, 801 F.2d 108, 115 (2d Cir. 1986).

Otherwise, the government disagrees with Mr. Goldstein's arguments that insufficient evidence supports the instruction proposed.

### INSTRUCTION NO. 41
#### (Tax Evasion – Second Element – Affirmative Act Constituting Evasion) [Defense's Version]

The second element that the government must prove beyond a reasonable doubt is that Mr. Goldstein committed an affirmative act constituting tax evasion after January 1, 2018.

An affirmative act is an act done to mislead the government with respect to the amount of taxes due and owing for the year in question or to conceal income to avoid the assessment or payment of a tax.

The phrase "affirmative act constituting tax evasion" involves two things: first, the formation of an intent to evade or defeat a tax; and, second, willfully performing some act to accomplish the intent to evade or defeat that tax.

The government must first prove beyond a reasonable doubt that Mr. Goldstein knew and understood that during the relevant calendar year, he had a tax deficiency. The government then must prove beyond a reasonable doubt that Mr. Goldstein intended to evade or defeat the tax due and that Mr. Goldstein also willfully did some affirmative act to try to accomplish this intent to evade or defeat that tax.

A person may not be convicted of attempting to evade or defeat the federal income tax on the basis of a willful omission alone, such as mere failure to pay the tax due; he or she must have undertaken an affirmative act of evasion. An affirmative act must have the likely effect to mislead or to conceal. Additionally, an "affirmative act" does not include the lawful avoidance of taxes.

I will now describe to you the affirmative acts alleged in the indictment. It is up to you to decide whether or not the government has proven beyond a reasonable doubt that any of these alleged acts are "affirmative acts constituting tax evasion" as I have defined that term for you.

Count 1 of the indictment alleges that Mr. Goldstein willfully attempted to evade and defeat the income tax due and owing and the payment thereof, for the calendar year 2016, by committing and causing to be committed the following acts:

(a) using funds and assets of G&R to pay personal gambling debts;

(b) providing false and incomplete information to his accounting firm;

(c) making false and misleading statements to an IRS Revenue Officer in March 2018—namely, by falsely telling the IRS Revenue Officer that his outstanding tax liability for 2016 was attributable to his receipt of a significant legal fee;

(d) making false and misleading statements to IRS representatives in October 2020—namely, by falsely indicating that the income on his 2016 Form 1040 was accurate, including regarding his winnings from Gores; falsely telling the IRS representatives that he did not have investors in other poker games besides those in 2016 against Gores; and falsely stating that the funds he brought back from Hong Kong and the funds he received from Phua in September 2018 through his Montenegrin bank accounts represented loans;

(e) transferring at least $960,000 in personal funds into G&R's IOLTA account in March 2021 to shield the funds from collection by the IRS;

(f) using foreign individuals and foreign bank accounts to receive income;

(g) causing the preparation, signing, and filing with the IRS of a false and fraudulent Form 1120S for G&R; and

(h) causing the preparation, signing, and filing with the IRS of a false and fraudulent Form 1040 for himself and his wife.

You may not find Mr. Goldstein guilty of Count 1 on the basis of any affirmative acts other than the ones I have just listed.

Sources:

1 Modern Federal Jury Instructions-Criminal P 59.01, Instruction 59-7 (2025) (modified) (first paragraph)

Third Circuit Model Criminal Jury Instructions, Instruction No. 6.26.7201-3 (Feb. 2021) (modified) (second, third, and fourth paragraphs)

Pattern Criminal Jury Instructions for the District Courts of the First Circuit, Instruction No. 4.26.7201 (Mar. 25, 2015) (modified) (fifth paragraph)

Eighth Circuit Model Jury Instructions, Instruction No. 6.26.7201 (2025 ed.) (modified) (fifth paragraph)

*Spies v. United States*, 317 U.S. 492, 499 (1943) (fifth paragraph)

ECF No. 237, at 21 (sixth paragraph) ("While the Defendant argues that this alleged conduct cannot constitute an affirmative act, because he did not commit these acts with the requisite intent to evade taxes, that is a question for the jury to decide.")

*United States v. Randall*, 171 F.3d 195, 203 (4th Cir. 1999)

ECF No. 337-2, ¶¶ 28, 42 (allegedly false statement to Officer Parrish in March 2018); *id.* ¶¶ 43, 59 (allegedly false statements to IRS representatives in October 2020)

**Note**:  For the Court's convenience, in the instruction above, the defense has listed every charged affirmative act of tax evasion, including allegations as to which the defense has argued that there is insufficient evidence to sustain a conviction.  The defense renews those arguments here.  *See* ECF No. 408, at 9-18.  To the extent the Court concludes that the jury should not be permitted to convict on any of these bases, the defense requests that such allegation be removed from the jury instruction.

The government objects to Mr. Goldstein's proposed alternative instruction, which deviates significantly from *Sand*.  The government has incorporated certain of Mr. Goldstein's proposed language in its proposed instruction, and reiterated the applicable date (January 1, 2018) for statute of limitations purposes.  The government does not believe that the evidence or case law supports a unanimity instruction—for the reasons laid out in support of its proposed instruction omitting a unanimity requirement—and is prepared to address that point with the Court.  Otherwise, the government disagrees with Mr. Goldstein's arguments that insufficient evidence supports the instruction proposed.

# **INSTRUCTION NO. 42**
### (Tax Evasion – Second Element – Statute Of Limitations)

You also must determine whether the government has proved beyond a reasonable doubt that Mr. Goldstein was charged within the statute of limitations.  I instruct you that, to meet this burden, the government must prove beyond a reasonable doubt that Mr. Goldstein committed an affirmative act after January 1, 2018, to evade or defeat a tax.  Therefore, if you do not unanimously find that Mr. Goldstein committed an affirmative act constituting tax evasion after January 1, 2018, then you must find Mr. Goldstein not guilty.

Sources:

U.S. Dep't of Justice Criminal Tax Manual, Proposed Jury Instruction No. Misc-83 (modified)

*United States v. Walker*, No. 1:12-CR-1 (WLS), 2015 WL 7713931 (M.D. Ga. Nov. 19, 2015) (modified)

### INSTRUCTION NO. 43
(Tax Evasion – Second Element – Unanimity Required As To Affirmative Act Constituting Evasion

The government is not required to prove that Mr. Goldstein committed every one of the affirmative acts alleged in the indictment. However, the government is required to prove that Mr. Goldstein committed at least one of the affirmative acts alleged.  To find that the government has proved this, you must agree unanimously on which particular affirmative act Mr. Goldstein committed, in addition to agreeing unanimously on all of the other elements of the crime charged.

For example, if some of you were to find that the government has proved beyond a reasonable doubt that Mr. Goldstein committed an affirmative act of tax evasion by making false and misleading statements to an IRS Revenue Officer in March 2018, and the rest of you were to find that the government has proved beyond a reasonable doubt that Mr. Goldstein committed an affirmative act of tax evasion by transferring at least $960,000 in personal funds into G&R's IOLTA account in March 2021 to shield the funds from collection by the IRS, then there would be no unanimous agreement on which affirmative act the government has proved. On the other hand, if all of you were to find that the government has proved beyond a reasonable doubt that the defendant committed an affirmative act of tax evasion by making false and misleading statements to an IRS Revenue Officer in March 2018, then there would be a unanimous agreement on which affirmative act the government proved.

Where the government has alleged that Mr. Goldstein engaged in the same type of affirmative act of tax evasion on multiple occasions, for example, "using funds and assets of G&R to be used to pay a personal gambling debt," you must agree unanimously on which specific instance of that conduct Mr. Goldstein committed that constituted an attempted evasion of tax payments.  Likewise, where the government has alleged that Mr. Goldstein engaged in an

affirmative act of tax evasion by making multiple false statements, you must agree unanimously on which specific statement constituted an attempted evasion of tax payments.

Sources:

The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit, Instruction No. 4.04 & p. 1062 (2023 ed.) (modified); *see also, e.g.*, Third Circuit Model Criminal Jury Instructions, Instruction No. 6.26.7201-3 & comment (Feb. 2021); Eighth Circuit Model Jury Instructions, Instruction No. 6.26.7201 & n.2 (2025 ed.)

ECF No. 312, at 71 (jointly proposed Instruction No. 46) (modified to reflect evidence at trial)

The government objects to this instruction. The government does not believe that the evidence or case law supports a unanimity instruction, and is prepared to address that point with the Court.

As noted above, "a federal jury need not always decide unanimously which of several possible sets of underlying brute facts make up a particular element, say, which of several possible means the defendant used to commit an element of the crime." *Richardson v. United States*, 526 U.S. 813, 817 (1999). "Different jurors may be persuaded by different pieces of evidence, even when they agree upon the bottom line. Plainly there is no general requirement that the jury reach agreement on the preliminary factual issues which underlie the verdict. *Schad v. Arizona*, 501 U.S. 624, 632 (1991) (plurality) (quoted in *United States v. Tipton*, 90 F.3d 861, 885 (4th Cir. 1996)).

Mr. Goldstein has not identified any "genuine risk of juror confusion" based on the evidence, and the rest of the jury instructions clearly explain what the jury must find as to the various crimes charged. *See Tipton*, 90 F.3d at 885.

Moreover, in tax evasion cases, courts generally reject specific unanimity instructions. *See United States v. Damra*, 621 F.3d 474, 503-04 (6th Cir. 2010); *United States v. Schiff*, 801 F.2d 108, 115 (2d Cir. 1986).

The government is wrong: the jury must unanimously agree on which specific affirmative act was committed. *See, e.g.*, *United States v. Tipton*, 90 F.3d 861, 885 (4th Cir. 1996) ("A special unanimity instruction is required … when there is a genuine risk of juror confusion or that a conviction could result from different jurors having concluded that the defendant committed quite different acts within those of a prescribed set or among multiple means of violating a statute," for example, where "multiple false statements [are] charged in single count"); *United States v. Sarihifard*, 155 F.3d 301, 310 (4th Cir. 1998) ("[W]hen an indictment charges multiple instances of conduct listed in the conjunctive, a jury verdict of guilty will stand if the jurors unanimously agree as to only one of the instances of conduct alleged in the indictment."); *United States v. Corona*, 359 F. App'x 848, 853 (9th Cir. 2009); *see also* ECF No. 315, at 4 n.1 (collecting cases). **The government previously agreed to a special unanimity instruction, but changed its position mid-trial. *See* ECF No. 312, at 65 ("[T]he government agrees to**

the unanimity instruction proposed by the defense.").  The government's change in position is highly prejudicial to the defense's ability to prepare and present its case.

**INSTRUCTION NO. 44**

(Tax Evasion – Second Element – Only Need To Prove One Act)

The government is not required to prove that Mr. Goldstein committed every one of the affirmative acts alleged in the indictment. However, the government is required to prove that Mr. Goldstein committed at least one of the affirmative acts alleged. You must unanimously agree that Mr. Goldstein committed at least one affirmative act occurring after January 1, 2018, but you do not need to all agree on the specific act committed.

Sources:

The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit, Instruction No. 4.04 & p. 1062 (2023 ed.) (modified)

Third Circuit Model Criminal Jury Instructions, Instruction No. 6.26.7201-3 & comment (Feb. 2021)

Eighth Circuit Model Jury Instructions, Instruction No. 6.26.7201 & n.2 (2025 ed.)

*United States v. Tipton*, 90 F.3d 861, 885 (4th Cir. 1996) (quoting *Schad v. Arizona*, 501 U.S.624, 632 (1991) (plurality)) ("There is no general requirement of jury unanimity 'on the preliminary factual issues which underlie the verdict.'")

*United States v. Damra*, 621 F.3d 474, 503-04 (6th Cir. 2010) (no specific unanimity for evasion)

*United States v. Schiff*, 801 F.2d 108, 115 (2d Cir. 1986) (same)

As noted above, the defense objects to this instruction on the ground that it misstates the law. The jury must unanimously agree on which specific affirmative act was committed. *See, e.g.*, *United States v. Tipton*, 90 F.3d 861, 885 (4th Cir. 1996) ("A special unanimity instruction is required … when there is a genuine risk of juror confusion or that a conviction could result from different jurors having concluded that the defendant committed quite different acts within those of a prescribed set or among multiple means of violating a statute," for example, where "multiple false statements [are] charged in single count"); *United States v. Sarihifard*, 155 F.3d 301, 310 (4th Cir. 1998) ("[W]hen an indictment charges multiple instances of conduct listed in the conjunctive, a jury verdict of guilty will stand if the jurors unanimously agree as to only one of the instances of conduct alleged in the indictment."); *United States v. Corona*, 359 F. App'x 848, 853 (9th Cir. 2009); *see also* ECF No. 315, at 4 n.1 (collecting cases). **The government previously agreed to a special unanimity instruction, but changed its position mid-trial. *See* ECF No. 312, at 65 ("[T]he government agrees to the unanimity instruction proposed**

by the defense."). **The government's change in position is highly prejudicial to the defense's ability to prepare and present its case.**

The government's instruction is appropriate and should be read to the jury. The government does not believe that the evidence or case law supports a unanimity instruction—for the reasons laid out in support of its proposed tax evasion-willfulness instruction omitting a unanimity requirement—and is prepared to address that point with the Court.

## INSTRUCTION NO. 45
### (Tax Evasion – Second Element – Conduct Not Per Se Unlawful)

You have heard evidence that Mr. Goldstein sometimes used G&R funds to pay personal expenses, requested payment for legal services to be made to his personal account, requested payment for legal services to be made to a third party, cancelled a debt owed to G&R to resolve a personal debt, and used foreign individuals and/or foreign bank accounts to receive income.  I instruct you that this conduct is entirely lawful in and of itself.  For example, because Mr. Goldstein was the sole owner of Goldstein & Russell, it was not unlawful for him to use firm funds to pay personal expenses, or to receive payment for G&R's services into his personal accounts.  This otherwise innocent conduct constitutes an affirmative act of tax evasion only if the government proves beyond a reasonable doubt that Mr. Goldstein engaged in that conduct with the specific intent to mislead the government with respect to the amount of taxes due and owing for tax year 2016 or to conceal income to avoid the assessment or payment of a tax.

You have also heard evidence that Mr. Goldstein sometimes used a "Virtual Private Network" (also known as a "VPN") and cryptocurrency.  I you that this conduct, too, is entirely lawful in and of itself.

Sources:

ECF No. 237, at 10-11, 19-21

ECF No. 208, at 10 ("The Superseding Indictment does not allege that it was illegal—per se or otherwise—for Goldstein to make personal payments (including poker debts) from a G&R bank account.")

The government objects to this instruction as unnecessary especially in light of Mr. Goldstein's ability to propose a "theory of the case" instruction.

The government has repeatedly suggested that the jury should draw negative inferences about Mr. Goldstein's state of mind based on perfectly lawful conduct.  It is essential that the jury be instructed that the conduct above is not unlawful, in and of itself.

## INSTRUCTION NO. 46
### (Tax Evasion – Second Element – IRS Ability To Levy An IOLTA Account)

You have heard evidence that Mr. Goldstein transferred money into Goldstein and Russell's "IOLTA" account for a short period of time in March 2021.  The indictment alleges that Mr. Goldstein transferred those funds into the IOLTA account to shield the funds from collection by the IRS.  I instruct you that the IRS has authority to levy IOLTA accounts.  I further instruct you that it is not unlawful for an attorney to transfer personal funds into an IOLTA account.

Sources:

*L. Offs. of Scott E. Combs v. United States*, 767 F. Supp. 2d 758, 760 (E.D. Mich. 2011) (cited in the defense's motion for judgment of acquittal, ECF No. 408, at 12)

*Hwang L. Firm, LLC v. United States*, No. 07-2973, 2008 WL 2704316, at *1 (E.D. Pa. July 9, 2008) (cited in the defense's motion for judgment of acquittal, ECF No. 408, at 12)

2/11/26 Tr. 49:19-24 (Q: "So, as I asked your opposing counsel, does it matter whether there was a levy on the account or they could levy the account, or does it matter mostly what Mr. Goldstein understood the situation to be vis-a-vis the IOLTA account and potential levies?" A: It's the latter, Your Honor.")

2/11/26 Tr. 51:3-7 (government counsels stating "So certainly, we think that his state of mind in terms of why he funneled the money through the IOLTA account matters. The government does not believe that whether or not the IRS could or would, in fact, have levied the account really matters here for purposes of whether was an affirmative act of evasion.").

The government objects to this instruction as irrelevant.  Legal or factual impossibility is irrelevant to the jury's determination of whether Mr. Goldstein's conduct was an affirmative act of evasion (which the jury could find even if the conduct was innocent).  Further, the instruction is argumentative in characterizing the transfer of funds into the IOLTA account as "for a short period of time."

The defense continues the take the position that legal impossibility is a defense to the IOLTA allegation.  *See* ECF No. 408, at 11-12 & n.4.  And, in any event, there is no evidence from which a reasonable juror could conclude that Mr. Goldstein thought he was evading payment by transferring funds into the IOLTA account—Mr. Goldstein testified just the opposite, and the government has *no* contrary evidence.

That issue aside, if the government is permitted to pursue its IOLTA allegation, then the jury must be instructed that that the IRS has authority to levy IOLTA accounts—a legal premise the government has never contested—because, without that instruction, the jury will be left with the seriously incorrect impression that Mr. Goldstein's actions *did, in fact,* shield funds from collection by the IRS.  In other words, the fact that Mr. Goldstein could not have shield funds from collection by transferring funds into the IOLTA account is highly relevant to the jury's determination regarding whether Mr. Goldstein undertook that conduct with the intent to shield those funds from collection.

The funds were in the IOLTA account for less than five days.  That is a "short period of time."

## INSTRUCTION NO. 47
### (Tax Evasion – Second Element – Statements To IRS Officers)

You have heard evidence about a meeting that Mr. Goldstien had with IRS Revenue Officer Parrish in March 2018 and a meeting that Mr. Goldstein had with IRS Agents McDonald, Accardi, and Walker in October 2020. The indictment alleges that Mr. Goldstein committed an affirmative act constituting tax evasion by making false and misleading statements to the IRS Revenue Officer in March 2018 and making false and misleading statements to the IRS representatives in October 2020. I instruct you that failing to disclose information to the government that the government already has, and which a taxpayer knows the government has, is not an affirmative act constituting tax evasion.

Sources:

*United States v. Romano*, 938 F.2d 1569, 1574 (2d Cir. 1991) ("[G]iven that [the defendant] was required to provide only the bare minimum of information … , information which the government already had and which [the defendant] knew the government had, we cannot accept the government's claim that [the defendant's] failure to file under these circumstances has probative weight in establishing the more serious crime of tax evasion.").

The government objects to this instruction as unnecessary especially in light of Mr. Goldstein's ability to propose a "theory of the case" instruction. The question of whether Mr. Goldstein made false statements to specific people at the IRS tasked with collecting on his tax debt or investigating his crimes is totally separate from the question of what information the IRS had access to. The evidence showed that Mr. Goldstein's false statements in fact did mislead and frustrate the IRS representatives in their official duties. The false statements are affirmative acts of evasion and this instruction—based on one quote from one case—is unnecessary, irrelevant, and confusing.

The government is free to make its factual arguments above to the jury. That does not change that fact that the jury should be instructed correctly on the law: failing to disclose information to the government that the government already has, and which a taxpayer knows the government has, is not an affirmative act constituting tax evasion.

**INSTRUCTION NO. 48**

(Tax Evasion – Third Element – Willfulness) [Government's Version]

The third element of the offense that the government must prove beyond a reasonable doubt is that Mr. Goldstein acted willfully. As I previously instructed you, a willful act is defined as a voluntary and intentional violation of a known legal duty. "Willfully" means purposefully and deliberately and not because of mistake, accident, or negligence.

Sources:

1/15/2026 Trial Tr. 26:20-23 (defining willfulness)

1 Modern Federal Jury Instructions-Criminal P 59.01, Instruction 59-8 (2025) (modified)

Pattern Criminal Jury Instructions for the District Courts of the First Circuit, Instruction No. 4.26.7201 (modified) (Feb. 6, 2024)

The defense objects to the government's proposed instruction on the grounds that it is confusing, insofar as it fails to instruct the jury on how to apply the general definition of willfulness to the specific offense of tax evasion.  The defense requests an alternative instruction, **which adds only language to which the government previously agreed.  *See* ECF No. 312, at 74 (jointly proposed Instruction No. 48).**

The government's instruction is appropriate and should be read to the jury.  The government objects to Mr. Goldstein's proposed alternative instruction because the second paragraph is confusing and unnecessary in light of the evidence at trial.

## INSTRUCTION NO. 48
### (Tax Evasion – Third Element – Willfulness) [Defense's Version]

The third element of the offense that the government must prove beyond a reasonable doubt is that Mr. Goldstein acted willfully. As I previously instructed you, a willful act is defined as a voluntary and intentional violation of a known legal duty. "Willfully" means purposefully and deliberately and not because of mistake, accident, or negligence.

Thus, the government must prove beyond a reasonable doubt that Mr. Goldstein possessed the specific intent to defeat or evade the assessment and/or payment of taxes that the defendant knew it was his duty to pay.


Sources:

1 Modern Federal Jury Instructions-Criminal P 59.01, Instruction 59-8 (2025) (modified)

Pattern Criminal Jury Instructions for the District Courts of the First Circuit, Instruction No. 4.26.7201 (modified) (Feb. 6, 2024)

ECF No. 312, at 74 (jointly proposed Instruction No. 48)

The government objects to the second paragraph of this instruction because it is confusing and unnecessary in light of the evidence at trial.  The government believes that the longer willfulness instruction at the outset of the tax charges should be sufficient.

The government previously agreed to this instruction and has provided no justification for its prejudicial change in position.  *See* ECF No. 312, at 74 (jointly proposed Instruction No. 48) ("Thus, the government must prove beyond a reasonable doubt that the defendant possessed the specific intent to violate the law defeat or evade the assessment and/or payment of taxes that the defendant knew it was his duty to pay.").

**INSTRUCTION NO. 49**
(False Returns – Indictment And Statute) [Government's Version]

Counts 2-9 of the indictment charge Mr. Goldstein with aiding or assisting in the filing of a false tax return, and aiding, abetting, counseling, commanding, inducing, or procuring such an offense. The indictment reads as follows:

On or about the dates set forth below, in the District of Maryland and elsewhere, the defendant did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation under, and in connection with a matter arising under, the internal revenue laws, of returns, claims, and other documents, that is, the IRS Forms 1040 and 1120S and attached schedules set forth below, for the tax years set forth below, each of which returns, claims and other documents, as Mr. Goldstein then and there knew, were false and fraudulent as to one or more material matters, as set forth below:

| COUNT | TAXPAYER/ RETURN | TAX YEAR | FILING DATE (Approximate) | FALSE ITEMS |
|---|---|---|---|---|
| 2 | **GOLDSTEIN** Form 1040 | 2017 | 10/15/2018 | a) Line 17: S Corp Income from Schedule E of $3,214,887<br><br>b) Line 21: Other Income of $0<br><br>c) Line 22: Total Income of $3,374,846<br><br>d) Line 78: Amount Owed of $1,037,595 |
| 3 | G&R Form 1120S | 2017 | 09/15/2018 | a) Line 1a: Gross Receipts and Sales of $7,258,225<br><br>b) Line 19: Other Deductions of $1,491,487<br><br>c) Line 20: Total Deductions of $3,948,019 |

| COUNT | TAXPAYER/ RETURN | TAX YEAR | FILING DATE (Approximate) | FALSE ITEMS |
|---|---|---|---|---|
| 4 | **GOLDSTEIN** Form 1040 | 2018 | 10/15/2019 | a) Schedule 1, Line 17: S Corp Income from Schedule E of $336,763<br><br>b) Schedule 1, Line 21: Other Income of $0<br><br>c) Line 6: Total Income of $527,879<br><br>d) Line 22: Amount Owed of $25,109 |
| 5 | G&R Form 1120S | 2018 | 04/15/2019 | a) Line 1a: Gross Receipts and Sales of $7,354,028<br><br>b) Line 19: Other Deductions of $3,231,942<br><br>c) Line 20: Total Deductions of $6,839,880 |
| 6 | **GOLDSTEIN** Form 1040 | 2019 | 10/15/2020 | a) Schedule 1, Line 5: S Corp Income from Schedule E of $1,973,681<br><br>b) Schedule 1, Line 8: Other Income of $12,400<br><br>c) Line 7a: Other Income from Schedule 1 of $2,011,519<br><br>d) Line 23: Amount Owed of $681,515 |
| 7 | G&R Form 1120S | 2019 | 09/15/2020 | a) Line 1a Gross Receipts and Sales of $6,828,938<br><br>b) Line 19 Other Deductions of $928,755<br><br>c) Line 20: Total Deductions of $4,845,868 |

| COUNT | TAXPAYER/ RETURN | TAX YEAR | FILING DATE (Approximate) | FALSE ITEMS |
|---|---|---|---|---|
| 8 | **GOLDSTEIN** Form 1040 | 2020 | 10/15/2021 | a) Answer "No" to question whether, at any time during 2020, the defendant had received, sold, sent, exchanged, or otherwise acquired any financial interest in any virtual currency<br><br>b) Schedule 1, Line 5: S Corp Income from Schedule E of $2,818,297<br><br>c) Schedule 1, Line 8: Other Income of $0<br><br>d) Line 9: Total Income of $2,976,261 |
| 9 | **GOLDSTEIN** Form 1040 | 2021 | 10/15/2022 | a) Answer "No" to question whether, at any time during 2021, the defendant had received, sold, sent, exchanged, or otherwise disposed of any financial interest in any virtual currency<br><br>b) Schedule 1, Line 5: S Corp Income from Schedule E of $3,517,770<br><br>c) Schedule 1, Line 8b: Gambling Income of $0<br><br>d) Line 9: Total Income of $3,675,863<br><br>e) Line 37: Amount Owed of $1,139,488 |

The indictment alleges that the defendant violated section 7206(2) of Title 26 of the United States Code, which provides that: "Any person who willfully aids or assists in, or procures, counsels or advises the preparation or presentation under, or in connection with any

matter arising under, the internal revenue laws, of a return, affidavit, claim or other document, which is fraudulent or is false as to any material matter … [shall be guilty of a crime]." The indictment also alleges that the defendant violated section 2 of Title 18 of the United States Code, which provides in pertinent part: "Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal" and "[w]hoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal."

Sources:

1 Modern Federal Jury Instructions-Criminal P 59.04, Instruction 59-25 (2025) (modified)

The defense objects to including an aiding-and-abetting instruction on the ground that it lacks any evidentiary basis. *See United States v. Narcisse*, No. 18-4572, 2022 WL 2828222, at *2 (4th Cir. July 20, 2022) (court "'acted within its discretion' in giving" "aiding and abetting instructions" "because there was an "evidentiary basis" to support the[m]") (citation omitted); *see also, e.g.*, *United States v. McCoy*, No. 3:14CR044, 2014 WL 4656245, at *8 (E.D. Va. Sept. 17, 2014) ("An instruction for aiding and abetting is proper whenever the evidence supports it."); *United States v. Horton*, 921 F.2d 540, 543 (4th Cir. 1990) ("No instruction may be given unless there is 'a foundation in the evidence' to support it." (citation omitted)). The defense requests an alternative instruction.

The government has introduced more than sufficient evidence to support an aiding and abetting instruction. Notably, Mr. Goldstein did not meaningfully challenge the aiding and abetting allegations as part of his motion for judgment of acquittal or in-court argument on that motion. The evidence showed Mr. Goldstein ensnared numerous other people and companies in his tax and mortgage crimes.

## INSTRUCTION NO. 49
(False Returns – Indictment And Statute) [Defense's Version]

Counts 2-9 of the indictment charge Mr. Goldstein with aiding or assisting in the filing of a false tax return, and aiding, abetting, counseling, commanding, inducing, or procuring such an offense. The indictment reads as follows:

On or about the dates set forth below, in the District of Maryland and elsewhere, the defendant did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation under, and in connection with a matter arising under, the internal revenue laws, of returns, claims, and other documents, that is, the IRS Forms 1040 and 1120S and attached schedules set forth below, for the tax years set forth below, each of which returns, claims and other documents, as Mr. Goldstein then and there knew, were false and fraudulent as to one or more material matters, as set forth below:

| COUNT | TAXPAYER/ RETURN | TAX YEAR | FILING DATE (Approximate) | FALSE ITEMS |
|---|---|---|---|---|
| 2 | **GOLDSTEIN** Form 1040 | 2017 | 10/15/2018 | a) Line 17: S Corp Income from Schedule E of $3,214,887<br><br>b) Line 21: Other Income of $0<br><br>c) Line 22: Total Income of $3,374,846<br><br>d) Line 78: Amount Owed of $1,037,595 |
| 3 | G&R Form 1120S | 2017 | 09/15/2018 | a) Line 1a: Gross Receipts and Sales of $7,258,225<br><br>b) Line 19: Other Deductions of $1,491,487<br><br>c) Line 20: Total Deductions of $3,948,019 |

| COUNT | TAXPAYER/ RETURN | TAX YEAR | FILING DATE (Approximate) | FALSE ITEMS |
|---|---|---|---|---|
| 4 | **GOLDSTEIN** Form 1040 | 2018 | 10/15/2019 | a) Schedule 1, Line 17: S Corp Income from Schedule E of $336,763<br><br>b) Schedule 1, Line 21: Other Income of $0<br><br>c) Line 6: Total Income of $527,879<br><br>d) Line 22: Amount Owed of $25,109 |
| 5 | G&R Form 1120S | 2018 | 04/15/2019 | a) Line 1a: Gross Receipts and Sales of $7,354,028<br><br>b) Line 19: Other Deductions of $3,231,942<br><br>c) Line 20: Total Deductions of $6,839,880 |
| 6 | **GOLDSTEIN** Form 1040 | 2019 | 10/15/2020 | a) Schedule 1, Line 5: S Corp Income from Schedule E of $1,973,681<br><br>b) Schedule 1, Line 8: Other Income of $12,400<br><br>c) Line 7a: Other Income from Schedule 1 of $2,011,519<br><br>d) Line 23: Amount Owed of $681,515 |
| 7 | G&R Form 1120S | 2019 | 09/15/2020 | a) Line 1a Gross Receipts and Sales of $6,828,938<br><br>b) Line 19 Other Deductions of $928,755<br><br>c) Line 20 Total Deductions of $4,845,868 |
| 8 | **GOLDSTEIN** Form 1040 | 2020 | 10/15/2021 | a) Answer "No" to question whether, at any time during 2020, the defendant had received, sold, sent, exchanged, or otherwise acquired any financial interest in any virtual currency<br><br>b) Schedule 1, Line 5: S Corp Income from Schedule E of $2,818,297<br><br>c) Schedule 1, Line 8: Other Income of $0<br><br>d) Line 9: Total Income of $2,976,261 |

| COUNT | TAXPAYER/ RETURN | TAX YEAR | FILING DATE (Approximate) | FALSE ITEMS |
|-------|------------------|----------|---------------------------|-------------|
| 9 | **GOLDSTEIN** Form 1040 | 2021 | 10/15/2022 | a) Answer "No" to question whether, at any time during 2021, the defendant had received, sold, sent, exchanged, or otherwise disposed of any financial interest in any virtual currency <br><br> b) Schedule 1, Line 5: S Corp Income from Schedule E of $3,517,770 <br><br> c) Schedule 1, Line 8b: Gambling Income of $0 <br><br> d) Line 9: Total Income of $3,675,863 <br><br> e) Line 37: Amount Owed of $1,139,488 |

The indictment alleges that the defendant violated section 7206(2) of Title 26 of the United States Code, which provides that: "Any person who willfully aids or assists in, or procures, counsels or advises the preparation or presentation under, or in connection with any matter arising under, the internal revenue laws, of a return, affidavit, claim or other document, which is fraudulent or is false as to any material matter … [shall be guilty of a crime]."

Sources:

1 Modern Federal Jury Instructions-Criminal P 59.04, Instruction 59-25 (2025) (modified)

The government objects to this instruction because it does not include reference to the aiding and abetting allegations in the indictment.  As explained above, the government has introduced more than sufficient evidence to support an aiding and abetting instruction.

**INSTRUCTION NO. 50**
(False Returns – Elements Of The Offense)

To prove Mr. Goldstein guilty of aiding or assisting in the filing of a false tax return, the government must prove each of the following elements beyond a reasonable doubt:

First, that Mr. Goldstein advised or assisted in the preparation of a tax return that was subsequently filed.

Second, that the return was false as to any material matter.

Third, that Mr. Goldstein acted willfully.

Sources:

1/15/2026 Trial Tr. 24:9-16

1 Modern Federal Jury Instructions-Criminal P 59.04, Instruction 59-27 (2025)

## INSTRUCTION NO. 51

(False Returns – First Element – Defendant Advised Or Assisted In The Preparation Of A Return) [Government's Version]

The first element that the government must prove beyond a reasonable doubt is that Mr. Goldstein advised or assisted in the preparation of a tax return that was subsequently filed with the Internal Revenue Service.

It is not required that the government prove that Mr. Goldstein actually prepared or signed the return in order to prove that he aided in its preparation. It is also not required that the government prove that Mr. Goldstein was aware of the false statements in the tax return itself. Instead, proof that Mr. Goldstein knowingly provided false information (or directions) with the expectation that the information he provided would be used to file a tax return is sufficient to satisfy this element.

Sources:

1 Modern Federal Jury Instructions-Criminal P 59.04, Instruction 59-28 (2025) (second paragraph is from the "if applicable" language)

*United States v. Nealy*, 729 F.2d 961, 963 (4th Cir. 1984)

The defense objects to the government's proposed instruction on the ground that it fails to identify the charged acts of aiding or assisting in the preparation of a false return, which presents an unacceptable risk that Mr. Goldstein may be convicted upon the basis of uncharged conduct, in violation of his Fifth Amendment rights. *See United States v. Randall*, 171 F.3d 195, 203 (4th Cir. 1999).

The defense also objects to the proposed instruction on the ground that it fails to instruct the jury that they must unanimously agree on which particular act Mr. Goldstein committed to aid or assist the preparation of a false return. *See, e.g., United States v. Tipton*, 90 F.3d 861, 885 (4th Cir. 1996) ("A special unanimity instruction is required … when there is a genuine risk of juror confusion or that a conviction could result from different jurors having concluded that the defendant committed quite different acts within those of a prescribed set or among multiple means of violating a statute," for example, where "multiple false statements [are] charged in single count"); *United States v. Sarihifard*, 155 F.3d 301, 310 (4th Cir. 1998) ("[W]hen an indictment charges multiple instances of conduct listed in the conjunctive, a jury verdict of guilty will stand if the jurors unanimously agree as to only one of the instances of conduct alleged in

the indictment."); *United States v. Duncan*, 850 F.2d 1104, 1111-13 (6th Cir. 1988) (unanimity required as to specific false statement under 26 U.S.C. § 7206(2)); *see also* ECF No. 315, at 4 n.1 (collecting cases).

The defense has proposed an alternative instruction.

The government's instruction is appropriate and should be read to the jury.  The alleged false items are listed in a prior instruction.  The government does not believe that the evidence or case law supports a unanimity instruction, and is prepared to address that point with the Court.  "[A] federal jury need not always decide unanimously which of several possible sets of underlying brute facts make up a particular element, say, which of several possible means the defendant used to commit an element of the crime."  *Richardson v. United States*, 526 U.S. 813, 817 (1999).  "Different jurors may be persuaded by different pieces of evidence, even when they agree upon the bottom line.  Plainly there is no general requirement that the jury reach agreement on the preliminary factual issues which underlie the verdict.  *Schad v. Arizona*, 501 U.S.624, 632 (1991) (plurality) (quoted in *United States v. Tipton*, 90 F.3d 861, 885 (4th Cir. 1996)).

Mr. Goldstein has not identified any "genuine risk of juror confusion" based on the evidence, and the rest of the jury instructions clearly explain what the jury must find as to the various crimes charged.  *See Tipton*, 90 F.3d at 885.

Moreover, in false return cases, courts commonly reject or express disapproval for specific unanimity instructions.  *See United States v. Newson*, 534 F. App'x 604, 605 (9th Cir. 2013); *United States v. Duncan*, 850 F.2d 1104, 1113 (6th Cir. 1988); *United States v. Helmsley*, 941 F.2d 71, 93 (2d Cir. 1991); *United States v. Fairchild*, 819 F.3d 399, 409-12 (8th Cir. 2016).

## INSTRUCTION NO. 51
### (False Returns – First Element – Defendant Advised Or Assisted In The Preparation Of A Return) [Defense's Version]

The first element that the government must prove beyond a reasonable doubt is that Mr. Goldstein advised or assisted in the preparation of a tax return that was subsequently filed with the Internal Revenue Service.

It is not required that the government prove that Mr. Goldstein actually prepared or signed the return in order to prove that he aided in its preparation. It is also not required that the government prove that Mr. Goldstein was aware of the false statements in the tax return itself. Instead, proof that Mr. Goldstein knowingly provided false information (or directions) with the expectation that the information he provided would be used to file a tax return is sufficient to satisfy this element.

I will now describe to you the acts alleged in the indictment to have advised or assisted in the preparation of a tax return that was false as to a material matter. It is up to you to decide whether or not the government has proven beyond a reasonable doubt that any of these alleged acts "advised or assisted in the preparation of a tax return that was subsequently filed" as I have defined that term for you. As to each count, you must agree unanimously on which particular act Mr. Goldstein committed that aided or assisted in the filing of a false tax return.

Count 2 alleges that, in connection with Mr. Goldstein's Form 1040 for tax year 2017, Mr. Goldstein (1) failed to report $3,250,000 in gross gambling winnings, (2) omitted $215,971 in pension-related income, and (3) omitted $263 in interest income.

Count 3 alleges that, in connection with Goldstein & Russell's Form 1120S for tax year 2017, Mr. Goldstein (1) diverted a $250,000 legal fee from Robbins Geller to his personal account, and (2) used $175,000 of firm funds to pay a personal debt to Napoli Shkolnik.

Count 4 alleges that, in connection with Mr. Goldstein's Form 1040 for tax year 2018, Mr. Goldstein (1) omitted $968,000 in cash income, and (2) omitted interest income.

Count 5 alleges that, in connection with Goldstein & Russell's Form 1120S for tax year 2018, Mr. Goldstein (1) used $125,000 legal fee due from Napoli Shkolnik to satisfy a personal debt of $125,000, (2) omitted approximately $1,000,000 in income transferred into a Montenegrin account by Paul Phua, and (3) omitted $968,000 in cash income.

Count 6 alleges that, in connection with Mr. Goldstein's Form 1040 for tax year 2019, Mr. Goldstein failed to report $359,000 in gross gambling winnings.

Count 7 alleges that, in connection with Goldstein & Russell's Form 1120S for tax year 2019, Mr. Goldstein (1) used $170,000 of firm funds to pay a personal debt to Chuck Pacheco, and (2) omitted $235,000 in legal fee income from Paul Phua.

Count 8 alleges that, in connection with Mr. Goldstein's Form 1040 for tax year 2020, Mr. Goldstein (1) failed to report $93,180 in gross gambling winnings, and (2) answered "no" to the question whether, at any time during 2020, he had received, sold, sent, exchanged, or otherwise acquired any financial interest in any virtual currency.

Count 9 alleges that, in connection with Mr. Goldstein's Form 1040 for tax year 2021, Mr. Goldstein (1) redirected a $500,000 legal fee payment from Tobey Maguire to Bob Safai, (2) failed to report $267,000 in gross gambling winnings, and (3) answered "no" to the question whether, at any time during 2021, he had received, sold, sent, exchanged, or otherwise disposed of any financial interest in any virtual currency.

You may not find Mr. Goldstein guilty of Counts 2 through 9 on the basis of any acts other than the ones I have just listed.

Sources:

1 Modern Federal Jury Instructions-Criminal P 59.04, Instruction 59-28 (2025) (second paragraph is from the "if applicable" language)

*United States v. Nealy*, 729 F.2d 961, 963 (4th Cir. 1984)

*United States v. Randall*, 171 F.3d 195, 203 (4th Cir. 1999)


**Note**:  For the Court's convenience, in the instruction above, the defense has listed every act of assistance charged in the indictment, *except* for the employees-related allegations, including allegations as to which the defense has argued that there is insufficient evidence to sustain a conviction.  The defense renews those arguments here.  *See* ECF No. 408, at 19-27.  To the extent the Court concludes that the jury should not be permitted to convict on any of these bases, the defense requests that such allegation be removed from the jury instruction.

The government objects to this instruction.  Listing the specific alleged false items again in this instruction is duplicative of the prior instruction introducing the charge.  Also, the government does not believe that the evidence or case law supports a unanimity instruction—for the reasons laid out in support of its proposed instruction omitting a unanimity requirement—and is prepared to address that point with the Court.

The instruction is not duplicative; this is the only proposed instruction that would identify the charged acts of assisting the preparation of a false return for the jury.  The government has conceded that it would be unconstitutional to seek to convict Mr. Goldstein on the basis of uncharged acts, *see* ECF Nos. 399, 403, and the government even promised that it would "will not ask the jury—through jury instructions or otherwise—to convict Goldstein on counts 2 through 9 based on uncharged acts," ECF No. 403, at 1.  The government should be held to that position.

## INSTRUCTION NO. 52
### (False Returns – Second Element – Return Was False)

The second element that the government must prove beyond a reasonable doubt is that the return was false as to a material matter.

An income tax return may be false not only by reason of understatement of income, but also because of an overstatement of lawful deductions or because deductible expenses are mischaracterized on the return.

**Government's version**:  The false statement in the return must be material. This means that it must be essential to an accurate determination of defendant's tax liability. However, the false statement need not cause a tax loss or understatement of Mr. Goldstein's income or taxes due.

**Defense's version**:  The false statement in the return must be material. This means that it must be essential to an accurate determination of defendant's tax liability.  A false statement is not material if it causes an error in the government's favor.

As to each count, you must agree unanimously on which particular statement was false.


Sources:

1 Modern Federal Jury Instructions-Criminal P 59.04, Instruction 59-29 (2025)

*Baker v. United States*, 401 F.2d 958, 987 (D.C. Cir. 1968) (*citing Sansone v. United States*, 380 U.S. 343, 353 (1965))

The defense objects to the inclusion of the sentence, "However, the false statement need not cause a tax loss or understatement of the defendant's income or taxes due," on the grounds that it misstates the law and is confusing.  *See, e.g.*, *United States v. Tull*, No. 21-4196, 2022 WL 2452357, at *5 (4th Cir. July 6, 2022) ("Regarding the second element, material falsity, the taxpayers' testimony, if credited, establishes that each return at issue included at least one falsified item that was material because it altered their refund amount."); *United States v. Null*, 415 F.2d 1178, 1181 (4th Cir. 1969) ("Under § 7206(1) the test of materiality is whether a particular item must be reported 'in order that the taxpayer estimate and compute his tax correctly.'"); *United States v. Smith*, No. 21-4190, 2022 WL 16948593, at *5 (4th Cir. Nov. 15,

2022) (unpub.) (similar).  For example, a false statement that causes an error in the government's favor would not be material.  *See, e.g.*, *Neder v. United States*, 527 U.S. 1, 16 (1999) ("In general, a false statement is material if it has 'a natural tendency to influence, or is capable of influencing, the decision of the decisionmaking body to which it was addressed.'" (citation omitted, alterations accepted)); *United States v. Statin*, 367 F. App'x 492, 496 (5th Cir. 2010) (similar).

The defense also objects to the proposed instruction on the ground that it fails to instruct the jury that they must unanimously agree on which particular statement was false.  *See, e.g.*, *United States v. Tipton*, 90 F.3d 861, 885 (4th Cir. 1996) ("A special unanimity instruction is required … when there is a genuine risk of juror confusion or that a conviction could result from different jurors having concluded that the defendant committed quite different acts within those of a prescribed set or among multiple means of violating a statute," for example, where "multiple false statements [are] charged in single count"); *United States v. Sarihifard*, 155 F.3d 301, 310 (4th Cir. 1998) (similar); *United States v. Siragy*, 947 F.2d 943, *1 (4th Cir. 1991) (unpub.) ("[T]he better practice, because of the possibility of a non-unanimous verdict when one charge encompasses multiple falsities, is for the trial judge to give an augmented unanimity instruction to the jury."); *United States v. Adams*, 335 F. App'x 338, 348 (4th Cir. 2009) (unpub.) (the "jury must 'unanimously agree upon at least one' statement the Government alleged was 'false, fictitious, or fraudulent when made or used by' [the defendant]"); *United States v. Duncan*, 850 F.2d 1104, 1111-13 (6th Cir. 1988) (unanimity required as to specific false statement under 26 U.S.C. § 7206(2)); *see also* ECF No. 315, at 4 n.1 (collecting cases).

The government's proposed instruction is appropriate and should be read to the jury without the additions proposed by Mr. Goldstein.  The government does not believe that the evidence or case law supports a unanimity instruction—for the reasons laid out in support of its proposed instruction on the first element of false returns omitting a unanimity requirement—and is prepared to address that point with the Court.

## INSTRUCTION NO. 53

(False Returns – Third Element – Willfulness) [Government's Version]

The third element of the offense that the government must prove beyond a reasonable doubt is that Mr. Goldstein acted willfully. As I previously instructed you, a willful act is defined as a voluntary and intentional violation of a known legal duty. "Willfully" means purposefully and deliberately and not because of mistake, accident, or negligence.

Sources:

1/15/2026 Trial Tr. 26:20-23 (defining willfulness)

1 Modern Federal Jury Instructions-Criminal P 59.01, Instruction 59-8 (2025) (modified)

1 Modern Federal Jury Instructions-Criminal P 59.04, Instruction 59-30 (2025) (modified)

The defense objects to the government's proposed instruction on the grounds that it is confusing, insofar as it fails to instruct the jury on how to apply the general definition of willfulness to the specific offense of assisting the preparation of a false return. The defense requests an alternative instruction.

The government's instruction is appropriate and should be read to the jury. The government objects to Mr. Goldstein's proposed alternative instruction because the second paragraph is confusing and unnecessary in light of the evidence at trial.

## INSTRUCTION NO. 53
### (False Returns – Third Element – Willfulness) [Defense's Version]

The third element of the offense that the government must prove beyond a reasonable doubt is that Mr. Goldstein acted willfully. As I previously instructed you, a willful act is defined as a voluntary and intentional violation of a known legal duty. "Willfully" means purposefully and deliberately and not because of mistake, accident, or negligence.

Thus, in order for the government to prove this element, it must establish beyond a reasonable doubt that Mr. Goldstein acted voluntarily and intentionally, with the specific intent to aid and assist in the filing of a false tax return.  It is not enough for the government to prove simply that the tax return was erroneous.  The government must prove beyond a reasonable doubt that Mr. Goldstein knew that the income tax return was false, that is, that the income tax return was untrue when it was made.


Sources:

1/15/2026 Trial Tr. 26:20-23 (defining willfulness)

1 Modern Federal Jury Instructions-Criminal P 59.01, Instruction 59-8 (2025) (modified) (first paragraph)

1 Modern Federal Jury Instructions-Criminal P 59.04, Instruction 59-30 (2025) (modified) (first and second paragraphs)

Eric Wm. Ruschky, Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina, p. 570 (2024) (second paragraph)

The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit, p. 1074 (2023 ed.) (second paragraph)

The government objects to the second paragraph proposed by Mr. Goldstein as confusing and unnecessary in light of the evidence at trial.  The government's version, which is based on the preliminary instructions, should be read to the jury.

The defense's requested instruction is well-supported in the caselaw and pattern instructions. It is not inconsistent with the preliminary instructions, but merely explains how to apply the preliminary willfulness instruction to the crime defined by Section 7206(2).

**INSTRUCTION NO. 54**
(Failure To Pay – Indictment And Statute)

Counts 10-13 of the indictment charge Mr. Goldstein with failing to timely pay income taxes, and aiding, abetting, counseling, commanding, inducing, or procuring such an offense. The indictment reads as follows:

In the tax years set forth below, in the District of Maryland and elsewhere, Mr. Goldstein received taxable income of at least the amounts set forth below, on which taxable income there was owing to the United States of America an income tax of at least the amounts set forth below, which required the defendant to pay, on or before the payment due dates set forth below, that income tax to the Internal Revenue Service. Well-knowing the foregoing, on or about the tax payment due dates set forth below, the defendant did willfully fail to pay the income tax due, as follows:

| COUNT | TAX YEAR | TAXABLE INCOME (Reported on Tax Return) | APPROXIMATE TAX DUE | PAYMENT DUE DATE |
|---|---|---|---|---|
| 10 | 2017 | $2,707,866 | $1,037,595 | 04/17/2018 |
| 11 | 2019 | $2,004,734 | $512,522 | 07/15/2020 |
| 12 | 2020 | $2,941,485 | $947,137 | 05/17/2021 |
| 13 | 2021 | $3,675,863 | $1,139,488 | 04/18/2022 |

The indictment alleges that Mr. Goldstein violated section 7203 of Title 26 of the United States Code, which provides in pertinent part: "Any person required under this title to pay any estimated tax or tax . . . who willfully fails to pay such estimated tax or tax . . . at the time or times required by law or regulations, [shall be guilty of a crime]."

<u>Sources:</u>

1 Modern Federal Jury Instructions-Criminal P 59.02, Instruction 59-12 (2025) (modified)

**INSTRUCTION NO. 55**

(Failure To Pay – Elements Of The Offense)

In order for the government to prove the charge of failure to pay taxes, it must establish beyond a reasonable doubt each of the following elements:

First, that Mr. Goldstein owed income taxes for the tax year in question;

Second, that Mr. Goldstein failed to pay the tax by the due date for the tax year in question; and

Third, that Mr. Goldstein's failure to pay the tax was knowing and willful.


Sources:

1/15/2026 Trial Tr. 26:9-17

1 Modern Federal Jury Instructions-Criminal P 59.02, Instruction 59-14 (2025) (modified)

## INSTRUCTION NO. 56
(Failure To Pay – First Element – Tax Owed)

The first element that the government must establish beyond a reasonable doubt is that

Mr. Goldstein owed income taxes for the tax year in question. Mr. Goldstein owed income taxes

for the tax year in question if he had a duty to pay the tax and the tax was unpaid.


Sources:

1/15/2026 Trial Tr. 26:12-13 (first sentence)

U.S. Dep't of Justice Criminal Tax Manual, § 10.06[2] ("When a return that shows a tax due and owing is filed and less than the full amount of tax is paid, there are at least two possible charges, depending on the facts -- an attempted evasion of payment, in violation of 26 U.S.C. § 7201, or a failure to pay a tax, in violation of 26 U.S.C. § 7203.")

*United States v. McGill*, 964 F.2d 222, 239-40 (3d Cir. 1992) ("A § 7203 claim is made out by showing 1) the failure to pay a tax that is due, and 2) willfulness," where "failure to pay a tax" requires showing "1) a duty to pay the tax, [and] 2) the tax was unpaid")

## INSTRUCTION NO. 57

(Failure To Pay – Second Element – Payment Due Dates) [Government's Version]

The second element that the government must establish beyond a reasonable doubt is that Mr. Goldstein failed to pay the tax by the due date for the tax year in question.

I instruct you that an individual taxpayer who is required by law to pay income taxes for a given tax year must do so on or before the deadline for that year. Therefore, in order to satisfy this second element, the government must prove beyond a reasonable doubt that Mr. Goldstein failed to pay income taxes on or before the following dates:

| COUNT | TAX YEAR | PAYMENT DUE DATE |
|-------|----------|------------------|
| 10 | 2017 | 04/17/2018 |
| 11 | 2019 | 07/15/2020 |
| 12 | 2020 | 05/17/2021 |
| 13 | 2021 | 04/18/2022 |

Sources:

1/15/2026 Trial Tr. 26:14-15 (first paragraph), 25:7-19 (due dates and amounts owed for counts 10-13)

1 Modern Federal Jury Instructions-Criminal P 59.02, Instruction 59-16 (2025)

The defense objects to the government's proposed instruction on the ground that it unconstitutionally relieves the government of its burden to prove an essential element of the crime—namely, the day on which the taxes were due.  *See United States v. Bourque*, 541 F.2d 290, 293 (1st Cir. 1976) ("[T]he date that the duty to file arises is an essential element of the s 7203 offense, and the government had the burden to prove that [the defendant] was obligated to file a corporate income tax return on the charged date." (citation omitted)); *United States v. Pandilidis*, 524 F.2d 644, 647 (6th Cir. 1975) ("Since a crime is committed under 26 U.S.C. s 7203 only if the defendant fails to file a return on the date established by statute, regulation or

administrative action, time is an essential element of the offense and any change in the date as charged is a substantial variation.").

The defense requests an alternative instruction.

The government's instruction is appropriate and should be read to the jury. It is consistent with the preliminary instructions, and there is no genuine dispute about the day on which the taxes were due for any of these tax years.

**INSTRUCTION NO. 57**
(Failure To Pay – Second Element – Payment Due Dates) [Defense's Version]

The second element that the government must establish beyond a reasonable doubt is that Mr. Goldstein failed to pay the tax by the due date for the tax year in question.

I instruct you that an individual taxpayer who is required by law to pay income taxes for a given tax year must do so on or before the deadline for that year. Therefore, in order to satisfy this second element, the government must prove beyond a reasonable doubt both the due date for the tax year in question and that Mr. Goldstein failed to pay income taxes on or before that date. The indictment alleges the following due dates:

| COUNT | TAX YEAR | PAYMENT DUE DATE |
|-------|----------|------------------|
| 10 | 2017 | 04/17/2018 |
| 11 | 2019 | 07/15/2020 |
| 12 | 2020 | 05/17/2021 |
| 13 | 2021 | 04/18/2022 |

Sources:

1/15/2026 Trial Tr. 26:14-15 (first paragraph)

1 Modern Federal Jury Instructions-Criminal P 59.02, Instruction 59-16 (2025)

*United States v. Bourque*, 541 F.2d 290, 293 (1st Cir. 1976)

*United States v. Pandilidis*, 524 F.2d 644, 647 (6th Cir. 1975)

The government objects to this instruction for the same reasons its proposed instruction should be read to the jury. Mr. Goldstein's instruction is inconsistent with the preliminary instructions and there is no genuine dispute about the day on which the taxes were due for any of these tax years.

**INSTRUCTION NO. 58**

(Failure To Pay – Second Element – When Crime Is Complete) [Government's Version]

You have heard evidence that for the tax years in question in counts 10-13 of the indictment, Mr. Goldstein sought and received automatic extensions of time to file his income tax returns. You also have heard evidence that Mr. Goldstein eventually paid the income taxes he owed for the tax years in question in counts 10-13.

However, an automatic extension of time for filing a return does not extend the time for payment of any tax due on such return. And the government must only prove that the tax was not paid on time; the government does not have to show that the tax was never paid.

Sources:

26 U.S.C. § 6151(a) ("[W]hen a return of tax is required under this title or regulations, the person required to make such return . . . shall pay such tax at the time and place fixed for filing the return (*determined without regard to any extension of time for filing the return*)" (emphasis added))

26 C.F.R. § 1.6081-4(c) ("An automatic extension of time for filing a return granted under paragraph a of this section will not extend the time for payment of any tax due on such return.")

J. Mertens, Law of Fed. Income Taxation § 49E:2 (2025) ("The general rule for the payment of taxes for which a return is required is that the tax must be paid at the time the return is due, without regard to any extension of time.")

*Sansone v. United States*, 380 U.S. 343, 354 (1965) ("[T]he intent to report the income and pay the tax sometime in the future does not vitiate the willfulness required by [26 U.S.C. § 7203].")

The defense objects to the government's proposed instruction on the grounds that it misstates the law, is prejudicial, and improperly relieves the government of its burden of proof on the element of willfulness. As this Court has already ruled, the jury may consider evidence that Mr. Goldstein belatedly paid his taxes to the extent the jury finds it relevant to Mr. Goldstein's state of mind. *See, e.g.*, *Turner v. United States*, 222 F.2d 926, 933 (4th Cir. 1955); *United States v. Dalton*, No. 1:17CR00024, 2018 WL 356205, at *2 (W.D. Va. Jan. 10, 2018). The government's proposed instruction incorrectly directs the jury to disregard such evidence, especially by stating that "the government must *only* prove that the tax was not paid on time." The defense requests an alternative instruction.

The government's instruction is appropriate and should be read to the jury.  The instruction as drafted does not impact Mr. Goldstein's ability to argue willfulness.

### INSTRUCTION NO. 58
(Failure To Pay – Second Element – Effect Of Late Payment) [Defense's Version]

You have heard evidence that, for the calendar years in question in Counts 10-13 of the indictment, Mr. Goldstein sought and received automatic extensions of time to file his income tax returns. You also have heard evidence that Mr. Goldstein eventually paid the income taxes he owed for those tax years.

I instruct you that an automatic extension of time for filing a return does not extend the time for payment of any tax due on such return. It is up to you to decide how the fact that Mr. Goldstein sought and received automatic extensions of time to file his income tax returns bears on the question of whether Mr. Goldstein's failure to pay those taxes was knowing and willful. Similarly, it is up to you to decide how the fact that Mr. Goldstein eventually paid the income taxes he owed for the calendar years in question bears on the question of whether Mr. Goldstein's failure to pay those taxes was knowing and willful.

Sources:

ECF No. 287, ¶ 4

12/12/25 Tr. 100:17-101:8

The government objects to this instruction and proposes that its version be read to the jury. The jury has already been instructed on how it should determine willfulness. The government needs its version of the instruction to be read to clarify that the evidence Mr. Goldstein harped on (automatic extensions and eventual payment for the years at issue) has appropriate context. As the Court knows, the government believes this evidence and argument from Mr. Goldstein has been highly problematic and opened the door multiple times to evidence that he continued to violate the tax laws even after supposedly squaring up with the IRS in 2022. The government's proposal is an attempt to help the jury evaluate the evidence, whereas Mr. Goldstein's proposal is an attempt to argue his case.

The defense stands by its objection to the government's proposed instruction. Notably, the government does not argue that the defense's proposed instruction is a misstatement of the law. *See, e.g.*, *Kornahrens v. Evatt*, 66 F.3d 1350, 1354 (4th Cir. 1995) ("[I]f a defendant has a

particular theory of defense, he is constitutionally entitled to an instruction on that theory if the evidence supports it.").

**INSTRUCTION NO. 59**

(Failure To Pay – Third Element – Willfulness) [Government's Version]

The third element of the offense that the government must prove beyond a reasonable doubt is that Mr. Goldstein's failure to pay the tax was knowing and willful. As I previously instructed you, a willful act is defined as a voluntary and intentional violation of a known legal duty. "Willfully" means purposefully and deliberately and not because of mistake, accident, or negligence.

Sources:

1/15/2026 Trial Tr. 26:16-23

1 Modern Federal Jury Instructions-Criminal P 59.01, Instruction 59-8 (2025) (modified)

The defense objects to the government's proposed instruction on the grounds that it is confusing, insofar as it fails to instruct the jury on how to apply the general definition of willfulness to the specific offense of willful failure to pay. The defense requests an alternative instruction.

The government's instruction is appropriate and should be read to the jury. It is consistent with the preliminary instruction read to the jury and the willfulness instruction the government has proposed for all of the tax counts. Mr. Goldstein's attempts to argue that he did not violate the law because he did not know his failure to pay was criminal is highly problematic and unfairly prejudicial. The language he added to his proposed alternative is another such attempt and the Court should not permit it. Instead, the Court should read this instruction and the government's proposed general willfulness instruction, which makes clear that the government need not prove that Mr. Goldstein knew the criminal consequences of his conduct.

**INSTRUCTION NO. 59**
(Failure To Pay – Third Element – Willfulness) [Defense's Version]

The third element of the offense that the government must prove beyond a reasonable doubt is that Mr. Goldstein's failure to pay the tax was knowing and willful. As I previously instructed you, a willful act is defined as a voluntary and intentional violation of a known legal duty. "Willfully" means purposefully and deliberately and not because of mistake, accident, or negligence.

Therefore, in order for the government to prove this element, it must establish beyond a reasonable doubt that Mr. Goldstein was aware that his conduct was criminal.

Sources:

1/15/2026 Trial Tr. 26:16-23

1 Modern Federal Jury Instructions-Criminal P 59.01, Instruction 59-8 (2025) (modified)

*Bryan v. United States*, 524 U.S. 184, 194 (1998) ("jury must find that the defendant was aware of the *specific provision of the tax code* that he was charged with violating")

*United States v. Efthimiatos*, 799 F. App''x 75, 77 (2d Cir. 2020) ("[T]he Supreme Court has held that subjective knowledge of criminal violations is necessary for willful conduct in … the tax … context[]" ….").

*United States v. Marder*, 48 F.3d 564, 572 n.6 (1st Cir. 1995) (in the "tax evasion context[]," willfulness "requir[es] specific knowledge that the conduct at issue was criminal," which is different from merely "act[ing] in violation of some known legal duty")

*United States v. Bunchuk*, 799 F. App'x 100, 103 (3d Cir. 2019) ("To act willfully requires knowledge of a legal duty, and a defendant is not guilty if she honestly believed … that her conduct was not criminal under the law.")

*United States v. Whab*, 355 F.3d 155, 161-62 (2d Cir. 2004) ("[W]ith the exception of … cases involving willful violations of tax laws, 'willfully' does not require specific knowledge that a defendant's conduct is criminal ….")

The government objects to the second paragraph of this instruction and proposes that its version be read to the jury. Mr. Goldstein's attempts to argue that he did not violate the law because he did not know his failure to pay was criminal is highly problematic and unfairly prejudicial. The

language he added to his proposed alternative is another such attempt and the Court should not permit it.  Instead, the Court should read this instruction and the government's proposed general willfulness instruction, which makes clear that the government need <u>not</u> prove that Mr. Goldstein knew the criminal consequences of his conduct.

The defense stands by its request, which is well supported by the cases noted above.

**INSTRUCTION NO. 60**
(Uncharged Conduct)

You heard evidence during this trial about payments made by Vivek Rajkumar (or his associate Jason Somerville) to Mr. Goldstein and payments made by Mr. Goldstein to Micheal McGuinness.  You also heard evidence about Mr. Goldstein offering items of value to Ms. Bart in October 2020 to January 2021, as well as evidence about the timing of her departure from the firm.

I instruct you that Mr. Goldstein is not charged with any crime in connection with any payments he received from Mr. Rajkumar or Mr. Somerville, any payments he made to Mr. McGuinness, or the offers he made to Ms. Bart or her departure from the firm.  Those payments and offers are not affirmative acts of evasion alleged in support of count 1 of the indictment (Tax Evasion for 2016).  Nor are they acts aiding or assisting the filing of a false tax return alleged in support of counts 2-9 of the indictment (Assisting the Preparation of a False Return for 2017 through 2021).

Therefore, even if you find that the payments or offers were made, that is not sufficient to prove an affirmative act of evasion as required by count 1.  Likewise, even if you find that the payments or offers were made, that is not sufficient to prove an act assisting the preparation of a false return as required by counts 2-9.

This evidence may be considered by you only to the extent that it bears upon whether Mr. Goldstein willfully violated the tax laws as alleged in counts 1-13 (Tax Evasion, False Returns, and Willful Failure to Pay).  You may not consider testimony on this topic as any kind of reflection on Mr. Goldstein's character.

<u>Sources:</u>

1/15/2026 Trial Tr. 95:20-96:12

ECF No. 212 (government's 404(b) notice)

### INSTRUCTION NO. 61

(False Statement On A Loan Application – Indictment And Statute) [Government's Version]

Counts 14-16 of the indictment charge Mr. Goldstein with making a false statement on a mortgage loan application, and aiding, abetting, counseling, commanding, inducing, or procuring such an offense.

Count 14 alleges that on or about February 24th of 2021, in the District of Maryland and elsewhere Mr. Goldstein did knowingly make false statements and reports for the purpose of influencing in any way the actions of First Savings Mortgage Corporation, a mortgage lending business as defined in Title 18, in connection with an application, advance, discount, purchase, purchase agreement, repurchase agreement, commitment, and loan, in that, in connection with the loan application seeking approximately $2 million, Mr. Goldstein represented that the information he provided in the application was true, accurate and complete as of the date of the application, when in truth and fact Mr. Goldstein knew that the application had omitted liabilities totaling over $15 million based on the amounts owed under Note 1 and Note 2 and omitted over $512,000 that Mr. Goldstein then owed to the Internal Revenue Service for the 2019 tax year and that Mr. Goldstein answered "no" in response to the question whether Mr. Goldstein was currently delinquent or in default on a federal debt, when in truth and in fact, Mr. Goldstein knew that he had unpaid tax liability of over $512,000 for tax year 2019.

Count 15 alleges that on or about March 1st of 2021, in the District of Maryland and elsewhere, Mr. Goldstein did knowingly make false statements and reports for the purpose of influencing in any way the action of First Savings Mortgage Corporation, a mortgage lending business as defined in Title 18, in connection with an application, advance, discount, purchase, purchase agreement, repurchase agreement, commitment and loan, in that, in connection with the loan application seeking approximately $180,000, Mr. Goldstein represented that the information

he provided in the application was true, accurate and complete as of the date of this application, when in truth and fact, Mr. Goldstein knew that the application omitted liabilities totaling over $15 million based on the amounts owed under Note 1 and Note 2 and omitted over $512,000 that Mr. Goldstein then owed to the Internal Revenue Service for the 2019 tax year, and that Mr. Goldstein answered "no" in response to the question whether Mr. Goldstein was currently delinquent or in default on a federal debt when, in truth and in fact, Mr. Goldstein knew that he had unpaid tax liability of over $512,000 for the 2019 tax year.

Count 16 alleges that on or about September 29th of 2021, in the District of Maryland and elsewhere, Mr. Goldstein did knowingly make false statements and reports for the purpose of influencing in any way the action of NFM Lending, a mortgage lending business as defined in Title 18, in connection with an application, advance, discount, purchase, purchase agreement, repurchase agreement, commitment and loan, in that, in connection with a loan application seeking approximately $1,987,500, Mr. Goldstein represented that the information he provided in the application was true, accurate and complete as of the date he signed the application, when in truth and fact, Mr. Goldstein knew that the application had omitted liabilities totaling over $14,500,000 based on the amounts owed under Note 1 and Note 2, and that Mr. Goldstein answered "no" in response to the question whether Mr. Goldstein was a co-signer or guarantor on any debt or loan that is not disclosed in this application when, in truth and fact, Mr. Goldstein knew that he was a guarantor on the two financing agreements between Goldstein & Russell and Parabellum, which were in the amounts of $1,600,000 and $4 million, respectively.

The relevant statute on this subject is section 1014 of Title 18 of the United States Code. That section provides, whoever knowingly makes any false statement or report for the purpose of

influencing in any way the actions of a mortgage lending business upon any application loan shall be guilty of a crime.

The indictment also alleges that Mr. Goldstein violated Section 2 of Title 18 of the United States Code. This provision provides in pertinent part as follows: Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission is punishable as the principal, and whoever willfully causes an act to be done, which if directly performed by him or another would be an offense against the United States, is punishable as the principal.

Sources:

1/15/2026 Trial Tr. 26:14-30:11

1 Modern Federal Jury Instructions-Criminal P 37.03, Instruction 37-15 (2025) (modified)

The defense objects to including an aiding-and-abetting instruction on the ground that it lacks any evidentiary basis. *See United States v. Narcisse*, No. 18-4572, 2022 WL 2828222, at *2 (4th Cir. July 20, 2022) (court "'acted within its discretion' in giving" "aiding and abetting instructions" "because there was an "evidentiary basis" to support the[m]") (citation omitted); *see also, e.g.*, *United States v. McCoy*, No. 3:14CR044, 2014 WL 4656245, at *8 (E.D. Va. Sept. 17, 2014) ("An instruction for aiding and abetting is proper whenever the evidence supports it."); *United States v. Horton*, 921 F.2d 540, 543 (4th Cir. 1990) ("No instruction may be given unless there is 'a foundation in the evidence' to support it." (citation omitted)). The defense requests an alternative instruction.

The government has introduced more than sufficient evidence to support an aiding and abetting instruction. Notably, Mr. Goldstein did not meaningfully challenge the aiding and abetting allegations as part of his motion for judgment of acquittal or in-court argument on that motion. The evidence showed Mr. Goldstein ensnared numerous other people and companies in his tax and mortgage crimes.

## INSTRUCTION NO. 61

(False Statement On A Loan Application – Indictment And Statute) [Defense's Version]

Counts 14-16 of the indictment charge Mr. Goldstein with making a false statement on a mortgage loan application, and aiding, abetting, counseling, commanding, inducing, or procuring such an offense.

Count 14 alleges that on or about February 24th of 2021, in the District of Maryland and elsewhere Mr. Goldstein did knowingly make false statements and reports for the purpose of influencing in any way the actions of First Savings Mortgage Corporation, a mortgage lending business as defined in Title 18, in connection with an application, advance, discount, purchase, purchase agreement, repurchase agreement, commitment, and loan, in that, in connection with the loan application seeking approximately $2 million, Mr. Goldstein represented that the information he provided in the application was true, accurate and complete as of the date of the application, when in truth and fact Mr. Goldstein knew that the application had omitted liabilities totaling over $15 million based on the amounts owed under Note 1 and Note 2 and omitted over $512,000 that Mr. Goldstein then owed to the Internal Revenue Service for the 2019 tax year and that Mr. Goldstein answered "no" in response to the question whether Mr. Goldstein was currently delinquent or in default on a federal debt, when in truth and in fact, Mr. Goldstein knew that he had unpaid tax liability of over $512,000 for tax year 2019.

Count 15 alleges that on or about March 1st of 2021, in the District of Maryland and elsewhere, Mr. Goldstein did knowingly make false statements and reports for the purpose of influencing in any way the action of First Savings Mortgage Corporation, a mortgage lending business as defined in Title 18, in connection with an application, advance, discount, purchase, purchase agreement, repurchase agreement, commitment and loan, in that, in connection with the loan application seeking approximately $180,000, Mr. Goldstein represented that the information

he provided in the application was true, accurate and complete as of the date of this application, when in truth and fact, Mr. Goldstein knew that the application omitted liabilities totaling over $15 million based on the amounts owed under Note 1 and Note 2 and omitted over $512,000 that Mr. Goldstein then owed to the Internal Revenue Service for the 2019 tax year, and that Mr. Goldstein answered "no" in response to the question whether Mr. Goldstein was currently delinquent or in default on a federal debt when, in truth and in fact, Mr. Goldstein knew that he had unpaid tax liability of over $512,000 for the 2019 tax year.

Count 16 alleges that on or about September 29th of 2021, in the District of Maryland and elsewhere, Mr. Goldstein did knowingly make false statements and reports for the purpose of influencing in any way the action of NFM Lending, a mortgage lending business as defined in Title 18, in connection with an application, advance, discount, purchase, purchase agreement, repurchase agreement, commitment and loan, in that, in connection with a loan application seeking approximately $1,987,500, Mr. Goldstein represented that the information he provided in the application was true, accurate and complete as of the date he signed the application, when in truth and fact, Mr. Goldstein knew that the application had omitted liabilities totaling over $14,500,000 based on the amounts owed under Note 1 and Note 2, and that Mr. Goldstein answered "no" in response to the question whether Mr. Goldstein was a co-signer or guarantor on any debt or loan that is not disclosed in this application when, in truth and fact, Mr. Goldstein knew that he was a guarantor on the two financing agreements between Goldstein & Russell and Parabellum, which were in the amounts of $1,600,000 and $4 million, respectively.

The relevant statute on this subject is section 1014 of Title 18 of the United States Code. That section provides, whoever knowingly makes any false statement or report for the purpose of

influencing in any way the actions of a mortgage lending business upon any application loan

shall be guilty of a crime.


Sources:

1/15/2026 Trial Tr. 26:14-30:11

1 Modern Federal Jury Instructions-Criminal P 37.03, Instruction 37-15 (2025) (modified)

The government objects to this instruction because it does not include reference to the aiding and abetting allegations in the indictment. The government has introduced more than sufficient evidence to support an aiding and abetting instruction.

## INSTRUCTION NO. 62
(False Statement On A Loan Application – Purpose Of The Statute)

The essence of the crime charged in counts 14-16 of the indictment is the making of a false statement in a mortgage application for the purpose of influencing in any way the action of the mortgage lending business from which a loan is sought. It is not dependent upon the accomplishment of that purpose.

The statute does not require proof that the mortgage lending business's officials relied upon the allegedly false statements. It has nothing whatsoever to do with defrauding the mortgage lending business or whether the mortgage lending business is actually defrauded. Similarly, the statute has nothing to do with defrauding the government. Thus, it is of no consequence whether the application was granted, or, if granted, whether the mortgage lending business suffered no loss. The fact that no pecuniary losses may have been sustained by the mortgage lending business is not relevant under this law.

Sources:

1 Modern Federal Jury Instructions-Criminal P 37.03, Instruction 37-16 (2025) (modified)

The defense objects to this instruction on the grounds that it is irrelevant, duplicative of other instructions, and prejudicial. *See United States v. Automated Scis. Grp., Inc.*, 962 F.2d 7 (4th Cir. 1992) ("an instruction regarding the purposes behind a statute should be used sparingly); *Stillman v. Norfolk & W. Ry. Co.*, 811 F.2d 834, 838 (4th Cir. 1987) ("So long as the jury was properly instructed on the applicable law, we can see no reason why it would be either necessary or appropriate for the jury to hear an argument about Congress's intent in enacting the law.").

The government's instruction is appropriate and should be read to the jury. That is especially true in light of Mr. Goldstein's attempts throughout trial to argue—although irrelevant to the case—that he always repaid the lenders.

**INSTRUCTION NO. 63**

(False Statement On A Loan Application – Elements Of The Offense) [Government's Version]

In order to prove Mr. Goldstein guilty of counts 14-16 of the indictment, the government must prove each of the following elements beyond a reasonable doubt:

First, that Mr. Goldstein made or caused to be made a false statement or report relating to an application to a mortgage lending business;

Second, that Mr. Goldstein acted knowingly;

Third, that the false statement or report was made for the purpose of influencing in any way the mortgage lending business's action; and

Fourth, that the statement was submitted to a mortgage lending business.

Sources:

1/15/2026 Trial Tr. 30:15-23

1 Modern Federal Jury Instructions-Criminal P 37.03, Instruction 37-17 (2025) (modified)

Jury Instructions, *United States v. Mosby*, No. 22-cr-0007 (D. Md. Feb. 7, 2024), Dkt. 471 at 27

The defense objects to the phrase "caused to be made" on multiple grounds. First, the indictment charges only that Mr. Goldstein "did knowing make false statements and reports." *See* ECF No. 33702, ¶¶ 121, 12, 125. The indictment does not charge that Mr. Goldstein *caused* false statements to be made (other than by making them himself). Permitting the jury to convict Mr. Goldstein on the basis of *causing* a false statement to be made would violate his Fifth Amendment grand-jury right. *See United States v. Floresca*, 38 F.3d 706, 711 (4th Cir. 1994), *overruled on other grounds by United States v. Banks*, 29 F.4th 168 (4th Cir. 2022) (quoting *Stirone v. United States*, 361 U.S. 212, 217 (1960)) ("[A] court cannot permit a defendant to be tried on charges that are not made in the indictment against him.").

Second, the proposed instruction misstates the law in the Fourth Circuit. "[T]o establish a violation of § 1014, the Government must prove that … *the defendant made a false statement*." *United States v. Trador*, No. 24-4417, 2025 WL 2375357, at *2 (4th Cir. Aug. 15, 2025) (unpub. per curiam) (emphasis added); *see also, e.g.*, *United States v. Sparks*, 67 F.3d 1145, 1151 (4th Cir. 1995) ("We have previously identified the four essential elements of the crime [under 18 U.S.C. § 1014] which the government must prove beyond a reasonable doubt: '(1) that defendant made a false statement to a bank; (2) that he did so for the purpose of influencing the bank's action; (3) that the statement was false as to a material fact; and (4) that the defendant made the

false statement knowingly.'" (citation omitted)); *United States v. Smith*, 29 F.3d 914, 916 (4th Cir. 1994) (same); *see also Thompson v. United States*, 604 U.S. 408, 413 (2025) ("Section 1014 criminalizes 'knowingly mak[ing] any false statement or report.'").  The defense is not aware of any Fourth Circuit decision, whether published or unpublished, that has suggested that the government can prove the first element of an offense under Section 1014 by establishing merely that the defendant "caused to be made" a false statement.

Third, the government has not offered any evidence that Mr. Goldstein "caused" some other person to make a false statement.  A "Court must not instruct the jury on a theory 'unsupported by the evidence presented at trial.'"  *Micro Focus (U.S.), Inc. v. Express Scripts, Inc.*, No. CV PX-16-0971, 2020 WL 292053, at *7 (D. Md. Jan. 21, 2020) (quoting *Aldridge v. Balt. & Ohio R.R. Co.*, 789 F.2d 1061, 1066 (4th Cir. 1986)).

The defense requests an alternative instruction that omits "or caused to be made."

The government's instruction is appropriate and should be read to the jury.  First, the "caused to be made" language appeared in the preliminary instructions already read to the jury.  1/15/2026 Trial Tr. 30:15-23.  The same language should be included in the final instructions.

Second, there is ample case law that defendants violate § 1014 by "causing to be made" false statements to a lending institution.  *See, e.g.*, *United States v. Pinto*, 646 F.2d 833, 837-38 (3d Cir. 1981) (affirming § 1014 conviction based on the defendant "caus[ing]" his attorney to make false representations to a lender); *United States v. Miller*, 676 F.2d 359, 360 (9th Cir. 1982) (affirming § 1014 convictions based on defendants "mak[ing] or caus[ing] to be made false statements" to a lender in a case involving straw purchasers).

Third, there has been evidence at trial that Mr. Goldstein caused the making of false statements that were ultimately communicated/transmitted to FSM (the first mortgage lender) from an IP address associated with Mr. Goldstein and Ms. Howe's Verizon internet service at their home in Chevy Chase, Maryland.

## INSTRUCTION NO. 63

### (False Statement On A Loan Application – Elements Of The Offense) [Defense's Version]

In order to prove Mr. Goldstein guilty of counts 14-16 of the indictment, the government must prove each of the following elements beyond a reasonable doubt:

First, that Mr. Goldstein made a false statement or report relating to an application to a mortgage lending business;

Second, that Mr. Goldstein acted knowingly;

Third, that the false statement or report was made for the purpose of influencing in any way the mortgage lending business's action; and

Fourth, that the statement was submitted to a mortgage lending business.

Sources:

1/15/2026 Trial Tr. 30:15-23 (modified

1 Modern Federal Jury Instructions-Criminal P 37.03, Instruction 37-17 (2025) (modified)

Jury Instructions, *United States v. Mosby*, No. 22-cr-0007 (D. Md. Feb. 7, 2024), Dkt. 471 at 27

*United States v. Sparks*, 67 F.3d 1145, 1151 (4th Cir. 1995) ("We have previously identified the four essential elements of the crime [under 18 U.S.C. § 1014] which the government must prove beyond a reasonable doubt: '(1) that defendant made a false statement to a bank; (2) that he did so for the purpose of influencing the bank's action; (3) that the statement was false as to a material fact; and (4) that the defendant made the false statement knowingly.'" (citation omitted))

*United States v. Trador*, No. 24-4417, 2025 WL 2375357, at *2 (4th Cir. Aug. 15, 2025)

*United States v. Smith*, 29 F.3d 914, 916 (4th Cir. 1994)

The government objects to this instruction because it does not include reference to "caused to be made" language read to the jury in the preliminary instructions. 1/15/2026 Trial Tr. 30:15-23. The same language should be included in the final instructions, especially based on the evidence at trial indicating that Mr. Goldstein caused the making of false statements that were ultimately communicated/transmitted to FSM (the first mortgage lender) from an IP address associated with Mr. Goldstein and Ms. Howe's Verizon internet service at their home in Chevy Chase, Maryland.

## **INSTRUCTION NO. 64**
(False Statement On A Loan Application – First Element – Defendant Made A False Statement)
[Government's Version]

The first element that the government must prove beyond a reasonable doubt is that Mr. Goldstein made or caused to be made a false statement or report relating to an application to a mortgage lending business.

I previously instructed you on the statements that the government alleges are false with respect to counts 14-16.

The first thing that the government must prove to satisfy this element is that an application was made to the mortgage lending business. This requires that an application sufficient for the mortgage lending business to act on was made. Thus, if the mortgage lending business accepted oral applications, then an oral application would be sufficient. If the mortgage lending business required a written application, then that would be sufficient, but an oral application would not be. And if a signed application is required, then an unsigned application would not be sufficient.

The second part of this element that the government must prove is that a false statement was made relating to the application.

The last part of this element is that the statement was false. A statement is false if it was untrue when made. The literal truth of the allegedly false statement is a defense to the making of a false statement element.

If you find that Mr. Goldstein did not make or cause to be made a false statement, or if you find that the statement was not false—or if you have a reasonable doubt as to this element—then it is your duty to acquit.

<u>Sources:</u>

1/15/2026 Trial Tr. 30:15-17 (first paragraph)

1 Modern Federal Jury Instructions-Criminal P 37.03, Instruction 37-18 (2025) (modified)

The defense objects to this instruction on the ground that it is incomplete, misleading, and misstates the law.

As to the first and last paragraphs, as noted above, the inclusion of the phrase "or caused to be made" is unconstitutional (as it is not charged in the indictment), an inaccurate statement of the law, and unsupported by the evidence in this case.

As to the second paragraph, it fails to instruct the jury that they must unanimously agree on which particular statement was false. *See, e.g.*, *United States v. Tipton*, 90 F.3d 861, 885 (4th Cir. 1996) ("A special unanimity instruction is required … when there is a genuine risk of juror confusion or that a conviction could result from different jurors having concluded that the defendant committed quite different acts within those of a prescribed set or among multiple means of violating a statute," for example, where "multiple false statements [are] charged in single count"); *United States v. Sarihifard*, 155 F.3d 301, 310 (4th Cir. 1998) (similar); *United States v. Siragy*, 947 F.2d 943, *1 (4th Cir. 1991) (unpub.) ("[T]he better practice, because of the possibility of a non-unanimous verdict when one charge encompasses multiple falsities, is for the trial judge to give an augmented unanimity instruction to the jury."); *United States v. Adams*, 335 F. App'x 338, 348 (4th Cir. 2009) (unpub.) (the "jury must 'unanimously agree upon at least one' statement the Government alleged was 'false, fictitious, or fraudulent when made or used by' [the defendant]"); *United States v. Duncan*, 850 F.2d 1104, 1111-13 (6th Cir. 1988) (unanimity required as to specific false statement under 18 U.S.C. § 1014); *see also* ECF No. 315, at 4 n.1 (collecting cases). **The government previously agreed to instruct the jury that they must "agree[] … unanimously, that at least one specific statement on a given count is false." ECF No. 312, at 115. The government's change in position is highly prejudicial to the defense's ability to prepare and present its case.**

As to the fifth paragraph, the following sentence is confusing, misleading, and misstates the law in that it shifts the burden to the defense to prove literal truth: "The literal truth of the allegedly false statement is a defense to the making of a false statement element."

The defense requests an alternative instruction.

The government's instruction is appropriate and should be read to the jury. First, the "caused to be made" language appeared in the preliminary instructions already read to the jury. 1/15/2026 Trial Tr. 30:15-23. The same language should be included in the final instructions, especially based on the evidence at trial indicating that Mr. Goldstein caused the making of false statements that were ultimately communicated/transmitted to FSM (the first mortgage lender) from an IP address associated with Mr. Goldstein and Ms. Howe's Verizon internet service at their home in Chevy Chase, Maryland.

Second, the government does not believe that the evidence or case law supports a unanimity instruction, and is prepared to address that point with the Court. As noted above, "a federal jury need not always decide unanimously which of several possible sets of underlying brute facts make up a particular element, say, which of several possible means the defendant used to commit an element of the crime." *Richardson v. United States*, 526 U.S. 813, 817 (1999). "Different jurors may be persuaded by different pieces of evidence, even when they agree upon the bottom line. Plainly there is no general requirement that the jury reach agreement on the preliminary factual issues which underlie the verdict. *Schad v. Arizona*, 501 U.S.624, 632 (1991) (plurality) (quoted in <u>United States v. Tipton</u>, 90 F.3d 861, 885 (4th Cir. 1996)).

Mr. Goldstein has not identified any "genuine risk of juror confusion" based on the evidence, and the rest of the jury instructions clearly explain what the jury must find as to the various crimes charged. *See Tipton*, 90 F.3d at 885.

Moreover, in mortgage fraud cases, courts commonly reject or express disapproval of specific unanimity instructions. *See, e.g.*, *United States v. Mason*, 736 F.3d 682, 684 (5th Cir. 2013) ("Simply put, a general unanimity instruction is ordinarily sufficient, and it was in this case."); *United States v. Miller*, 734 F.3d 530, 539 (6th Cir. 2013) (affirming omission of specific unanimity instruction on six different false statements where "the evidence was not exceptionally complex," they were "substantially similar manifestations of the" same false statement, the false statements were "not contradictory or marginally related," and "the record contain[ed] no tangible indication of juror confusion").

## INSTRUCTION NO. 64
### (False Statement On A Loan Application – First Element – Defendant Made A False Statement)
### [Defense's Version]

The first element that the government must prove beyond a reasonable doubt is that Mr. Goldstein made a false statement or report relating to an application to a mortgage lending business.

I previously instructed you on the statements that the government alleges are false with respect to counts 14-16. **As to each count, you must agree unanimously on which particular statement was false.**

The first thing that the government must prove to satisfy this element is that an application was made to the mortgage lending business. This requires that an application sufficient for the mortgage lending business to act on was made. Thus, if the mortgage lending business accepted oral applications, then an oral application would be sufficient. If the mortgage lending business required a written application, then that would be sufficient, but an oral application would not be. And if a signed application is required, then an unsigned application would not be sufficient.

The second part of this element that the government must prove is that a false statement was made relating to the application.

The last part of this element is that the statement was false. A statement is false if it was untrue when made. The literal truth of the allegedly false statement is a defense to the making of a false statement element. **Statements that are merely misleading are not false.**

If you find that Mr. Goldstein did not make a false statement, or if you find that the statement was not false—or if you have a reasonable doubt as to this element—then it is your duty to acquit.

Sources:

1 Modern Federal Jury Instructions-Criminal P 37.03, Instruction 37-18 (2025) (modified)

*United States v. Sparks*, 67 F.3d 1145, 1151 (4th Cir. 1995); *United States v. Trador*, No. 24-4417, 2025 WL 2375357, at *2 (4th Cir. Aug. 15, 2025); *United States v. Smith*, 29 F.3d 914, 916 (4th Cir. 1994) (first paragraph)

*United States v. Tipton*, 90 F.3d 861, 885 (4th Cir. 1996) ("A special unanimity instruction is required … when there is a genuine risk of juror confusion or that a conviction could result from different jurors having concluded that the defendant committed quite different acts within those of a prescribed set or among multiple means of violating a statute," for example, where "multiple false statements [are] charged in single count"); *United States v. Sarihifard*, 155 F.3d 301, 310 (4th Cir. 1998) (similar); *United States v. Siragy*, 947 F.2d 943, *1 (4th Cir. 1991) (unpub.) ("[T]he better practice, because of the possibility of a non-unanimous verdict when one charge encompasses multiple falsities, is for the trial judge to give an augmented unanimity instruction to the jury."); *United States v. Adams*, 335 F. App'x 338, 348 (4th Cir. 2009) (unpub.) (the "jury must 'unanimously agree upon at least one' statement the Government alleged was 'false, fictitious, or fraudulent when made or used by' [the defendant]"); *United States v. Duncan*, 850 F.2d 1104, 1111-13 (6th Cir. 1988) (unanimity required as to specific false statement under 18 U.S.C. § 1014); *see also* ECF No. 315, at 4 n.1 (collecting cases) (second paragraph)

*Thompson v. United States*, 604 U.S. 408, 418 (2025) ("Section 1014 does not criminalize statements that are misleading but true.  Under the statute, it is not enough that a statement is misleading.  It must be 'false.'") (fifth paragraph)

2 Modern Federal Jury Instructions-Criminal P 37.03, Instruction 37-18 ("A statement is false if it was untrue when made. Statements that are merely misleading are not false.") (fifth paragraph)

The government objects to Mr. Goldstein's proposed alternative instruction for the same reasons that its instruction is appropriate.  First, the "caused to be made" language (which is not in Mr. Goldstein's alternative instruction) appeared in the preliminary instructions already read to the jury.  1/15/2026 Trial Tr. 30:15-23.  The same language should be included in the final instructions, especially based on the evidence at trial indicating that Mr. Goldstein caused the making of false statements that were ultimately communicated/transmitted to FSM (the first mortgage lender) from an IP address associated with Mr. Goldstein and Ms. Howe's Verizon internet service at their home in Chevy Chase, Maryland.

Second, the government does not believe that the evidence or case law supports a unanimity instruction—for the reasons laid out in support of its proposed instruction omitting a unanimity requirement—and is prepared to address that point with the Court.

## <u>INSTRUCTION NO. 65</u>

(False Statement On A Loan Application – Second Element – Statement Knowingly Made)

The second element that the government must prove beyond a reasonable doubt is that Mr. Goldstein acted "knowingly."

It is not a crime to make a false statement inadvertently or negligently. Thus, before you can find that the government has established the second element, that Mr. Goldstein acted knowingly, you must be satisfied beyond a reasonable doubt that Mr. Goldstein, in making or causing to be made a statement, acted deliberately, intentionally, and understandingly; that is, that he knew what he was doing, and that he knew the statement was false at the time it was made.

<u>Sources:</u>

1/15/2026 Trial Tr. 30:18 (first paragraph)

1 Modern Federal Jury Instructions-Criminal P 37.03, Instruction 37-19 (2025) (modified)

1 Modern Federal Jury Instructions-Criminal P 3A.01, Instruction 3A-2 (2025) (modified) (last paragraph)

As noted above, the inclusion of the phrase "or causing to be made" is unconstitutional (as it is not charged in the indictment), an inaccurate statement of the law, and unsupported by the evidence in this case.  The defendant requests an alternative instruction.

The government's instruction is appropriate and should be read to the jury.  The government understands that Mr. Goldstein is objecting only to the "or causing to be made" phrasing in the second sentence of the second paragraph.  That phrasing is consistent with the preliminary instructions, allegations in the indictment (which include aiding and abetting), and the evidence at trial, where the jury has heard that Mr. Goldstein ensnared numerous other people and companies in his tax and mortgage crimes.

## INSTRUCTION NO. 65

(False Statement On A Loan Application – Second Element – Statement Knowingly Made)

The second element that the government must prove beyond a reasonable doubt is that Mr. Goldstein acted "knowingly."

It is not a crime to make a false statement inadvertently or negligently. Thus, before you can find that the government has established the second element, that Mr. Goldstein acted knowingly, you must be satisfied beyond a reasonable doubt that Mr. Goldstein, in making a statement, acted deliberately, intentionally, and understandingly; that is, that he knew what he was doing, and that he knew the statement was false at the time it was made.

Sources:

1/15/2026 Trial Tr. 30:18 (first paragraph)

1 Modern Federal Jury Instructions-Criminal P 37.03, Instruction 37-19 (2025) (modified)

## INSTRUCTION NO. 66
(False Statement On A Loan Application – Third Element – Purpose Of The Statement)
[Government's Version]

The third element the government must establish is that Mr. Goldstein made or caused to be made such false statement "for the purpose of influencing in any way" the mortgage lending business's action.

The quoted words almost define themselves. The emphasis of the statute is upon the person making or causing to be made the false statement. Thus, to act "for the purpose of influencing" the mortgage lending business means that the person making or causing to be made the false statement intended that the mortgage lending business take action based on that statement.

The government is not required to prove that Mr. Goldstein's only purpose for making a false statement was influencing the mortgage lending business.

The government is not required to prove that the mortgage lending business actually relied upon the alleged false statement.


Sources:

1/15/2026 Trial Tr. 30:19-21 (first paragraph)

1 Modern Federal Jury Instructions-Criminal P 37.03, Instruction 37-20 (2025) (modified)

The defense objects to this instruction on the ground that it is incomplete, misleading, and misstates the law.

As to the first and second paragraphs, as noted above, the inclusion of the phrases "or caused to be made" and "or causing to be made" is unconstitutional (as it is not charged in the indictment), an inaccurate statement of the law, and unsupported by the evidence in this case.

The defense also objects to the third paragraph of the proposed instruction on the grounds that it is unnecessary, misleading, and a misstatement of the law.  **The parties previously agreed to, and jointly proposed, an instruction on this element; now, the government at the eleventh hour has changed its position and requested to add the third paragraph above.** *See* **ECF**

**No. 312, at 122 (jointly proposed Instruction No. 78). The government's change in position is highly prejudicial to the defense's ability to prepare and present its case.**

The defense requests an alternative instruction, which is the instruction the parties previously agreed to.

The government's instruction, including the third paragraph, is appropriate and should be read to the jury. There is no requirement that the government prove that influencing the mortgage lender was Mr. Goldstein's sole purpose in making or causing the making of the false statements. *See, e.g.*, *United States v. Sandlin*, 589 F.3d 749, 759 (5th Cir. 2009) ("[W]e do not accept that Section 1014 requires the Government to prove that Sandlin's *only* intent in omitting the Ricketts Loan was to influence the bank. Even if Sandlin was attempting to conceal illegal activities in Arizona, it does not follow that his omission could not also have been intended to prevent the bank from discovering that his collateral was tainted with unlawfully obtained funds, which might have prevented an extension of credit."). But, such an instruction is necessary given Mr. Goldstein's attempt to disclaim responsibility for his mortgage fraud by arguing he was only trying to mislead his wife, and not the mortgage companies.

The Court should reject Mr. Goldstein's objection to the "or causing to be made" phrasing, which is consistent with the preliminary instructions, the allegations in the indictment (which include aiding and abetting), and the evidence at trial, where the jury has heard that Mr. Goldstein ensnared numerous other people and companies in his tax and mortgage crimes.

## INSTRUCTION NO. 66
### (False Statement On A Loan Application – Third Element – Purpose Of The Statement)
### [Defense's Version]

The third element the government must establish is that Mr. Goldstein made such false statement "for the purpose of influencing in any way" the mortgage lending business's action.

The quoted words almost define themselves. The emphasis of the statute is upon the person making the false statement. Thus, to act "for the purpose of influencing" the mortgage lending business means that the person making the false statement intended that the mortgage lending business take action based on that statement.

The government is not required to prove that the mortgage lending business actually relied upon the alleged false statement.


Sources:

1 Modern Federal Jury Instructions-Criminal P 37.03, Instruction 37-20 (2025) (modified)

ECF No. 312, at 122 (jointly proposed Instruction No. 78)


The government objects to this proposed alternative instruction because it omits the "or causing to be made" language, which is consistent with the preliminary instructions, the allegations in the indictment (which include aiding and abetting), and the evidence at trial, where the jury has heard that Mr. Goldstein ensnared numerous other people and companies in his tax and mortgage crimes.

The government also objects because the instruction omits the government's proposed phrasing making clear that Mr. Goldstein can be convicted of false statements even if one of his purposes was to mislead his wife—because the government is not required to prove that Mr. Goldstein's sole purpose in making or causing to be made the false statements was influencing the mortgage companies.

**<u>INSTRUCTION NO. 67</u>**

(False Statement On A Loan Application – Fourth Element – Statement Made To A Mortgage Lending Business)

The fourth element that the government must prove beyond a reasonable doubt is that the statement was submitted to a mortgage lending business.

The phrase "mortgage lending business" means an organization which finances or refinances any debt secured by an interest in real estate, including private mortgage companies and any subsidiaries of such organizations, and whose activities affect interstate or foreign commerce.


<u>Sources:</u>

1/15/2026 Trial Tr. 30:22-23

18 U.S.C. §§ 20, 27 (second paragraph)

## INSTRUCTION NO. 68
(False Statement On A Loan Application – Venue) [Government's Version]

In addition to the foregoing elements of the offense of making a false statement on a mortgage loan application (counts 14-16), you must consider whether the government has proved venue.  In this regard, as to each count, the government must prove that Mr. Goldstein made or caused to be made the alleged false statement to the mortgage lending business from a location within the District of Maryland.

Unlike with proving the elements of the offense, the government only needs to prove venue by a preponderance of the evidence, which means that the government must prove that it is more likely than not that the alleged false statement was communicated from a location within the District of Maryland.

The District of Maryland is made up of all counties in the state of Maryland.

Sources:

1 Modern Federal Jury Instructions-Criminal P 3.01, Instruction 3-11 (2025) (modified)

*United States v. Mosby*, 143 F.4th 264 (4th Cir. 2025)

*United States v. Ebersole*, 411 F.3d 517, 524 (4th Cir. 2005) (venue need only be proven by a preponderance)

The defense objects to the government's proposed instruction on the ground that it misstates the law, insofar as it fails to inform the jury that preparatory acts, such as preparing, filling out, or signing mortgage applications, are not sufficient to establish venue.  *See United States v. Mosby*, 143 F.4th 264, 279-80 (4th Cir. 2025) (instruction that venue was established "if any act in furtherance of the crime occurred" in the district was erroneous because "acts which are merely 'preparatory' to the underlying offense and its essential conduct cannot provide a basis for venue" (alterations accepted, citation omitted)).  As noted above, the defense also objects to the inclusion of the phrase "or caused to be made" is unconstitutional (as it is not charged in the indictment), an inaccurate statement of the law, and unsupported by the evidence in this case.

Additionally, the proposed instruction risks confusing the jury about the government's burden of proof. The defense requests an alternative instruction, in accordance with the *Sand* pattern instruction, that requires proof beyond a reasonable doubt. *See* 1 Modern Federal Jury Instructions-Criminal P 3.01, Instruction 3-11 (2025) ("If you find that the government his failed to prove that any act in furtherance of the crime occurred within this district—or if you have a reasonable doubt on this issue—then you must acquit."). "This approach is adopted in order to avoid confusion by interjecting a lower standard of preponderance of the evidence." 1 Modern Federal Jury Instructions-Criminal P 3.01, Instruction 3-11 comment (2025). **The government previously agreed to instruct the jury that venue must be proven beyond a reasonable doubt. *See* ECF No. 312, at 125 (government's proposed Instruction No. 81) ("For any of Counts 20-22, if you find that the government has failed to prove that Mr. Goldstein communicated at least one false statement to the recipient mortgage lender from a location within the District of Maryland—or if you have a reasonable doubt on this issue—then you must acquit."). The government's change in position is highly prejudicial to the defense's ability to prepare and present its case.**

The defense requests an alternative instruction.

The government's instruction is appropriate and should be read to the jury. The applicable standard for proving venue is by a preponderance of evidence, not beyond a reasonable doubt. *United States v. Ebersole*, 411 F.3d 517, 524 (4th Cir. 2005) (venue need only be proven by a preponderance). Because the *Sand* instruction suggests otherwise, the government has proposed a modification.

The government does not believe the "mere preparatory acts" language from *Mosby* should be read in this case because there is no "gift letter" or similar paperwork. There are only the mortgage applications that Mr. Goldstein signed.

## INSTRUCTION NO. 68
### (False Statement On A Loan Application – Venue) [Defense's Version]

In addition to the foregoing elements of the offense of making a false statement on a mortgage loan application (Counts 14-16), you must consider whether the government has proved venue. In this regard, as to each count, the government must prove that Mr. Goldstein communicated the alleged false statement to the relevant mortgage lending business from a location within the District of Maryland. Preparatory acts, such as preparing, filling out, or signing the mortgage applications, are not sufficient. As to each count, if you find that the government has failed to prove that Mr. Goldstein communicated at least one false statement to the recipient mortgage lending business from a location within the District of Maryland—or if you have a reasonable doubt on this issue—then you must acquit.

Sources:

1 Modern Federal Jury Instructions-Criminal P 3.01, Instruction 3-11 (2025) (modified)

*United States v. Mosby*, 143 F.4th 264, 280 (4th Cir. 2025) ("[I]t was only when the fraudulent material was 'communicated ... that the crime takes place'"); *see also id.* at 281–82 ("[T]o establish venue pursuant to *Sterling*, the jury here had to find that Appellant transmitted the Gift Letter to her Florida mortgage lender from the District of Maryland. Preparatory acts, such as preparing, filling out, or signing the Gift Letter do not suffice.")

The government objects to this proposed alternative instruction for the same reasons that its version is appropriate. Mr. Goldstein's proposal misstates the applicable standard for proving venue; it should be preponderance of evidence and not beyond a reasonable doubt. *See United States v. Ebersole*, 411 F.3d 517, 524 (4th Cir. 2005) (venue need only be proven by a preponderance).

Additionally, the "mere preparatory acts" language from *Mosby* should be read in this case because there is no "gift letter" or similar paperwork. There are only the mortgage applications that Mr. Goldstein signed.

Nothing about *Mosby*'s holding turns on the fact that that case involved a "gift letter." *Mosby*'s holding is clear: "it [is] only when the fraudulent material [is] 'communicated ... that the crime takes place.'" *United States v. Mosby*, 143 F.4th 264, 280 (4th Cir. 2025) (citation omitted).

142

## INSTRUCTION NO. 69
(Aiding And Abetting)

You have been instructed that for counts 1-16, Mr. Goldstein has been charged both with committing the underlying offenses and also aiding and abetting those offenses.

Under the aiding and abetting statute, it is not necessary for the government to show that a defendant himself physically committed the crime with which he is charged in order for the government to sustain its burden of proof. A person who aids or abets another to commit an offense is just as guilty of that offense as if he committed it himself.

Accordingly, you may find Mr. Goldstein guilty of the offense charged if you find beyond a reasonable doubt that the government has proven that another person actually committed **every element of** the offense with which Mr. Goldstein is charged, and that Mr. Goldstein aided or abetted that person in the commission of the offense.

As you can see, the first requirement is that you find that another person has committed the crime charged. Obviously, no one can be convicted of aiding or abetting the criminal acts of another if no crime was committed by the other person in the first place. **Therefore, you must find beyond a reasonable doubt that every element of the offense as defined in these instructions was committed by some person or persons.** But if you do find that a crime was committed, then you must consider whether Mr. Goldstein aided or abetted the commission of that crime.

In order to aid or abet another to commit a crime, it is necessary that Mr. Goldstein knowingly associate himself in some way with the crime, and that he participate in the crime by doing some act to help make the crime succeed.

For counts 1-13, to establish that defendant knowingly associated himself with the crime, the government must establish that Mr. Goldstein acted knowingly and willfully—and you have previously been instructed on the definitions of those terms in the context of counts 1-13.

For counts 14-16, to establish that defendant knowingly associated himself with the crime, the government must establish that Mr. Goldstein knowingly made or caused the making of a false statement on a mortgage loan application for the purpose of influencing in any way the mortgage lending business's action.

To establish that Mr. Goldstein participated in the commission of the crime, the government must prove that defendant engaged in some affirmative conduct or overt act for the specific purpose of bringing about that crime.

**Participation in a crime is willful if done voluntarily and intentionally, and with the specific intent to do something which the law forbids or with the specific intent to fail to do something the law requires to be done; that is to say, with a bad purpose either to disobey or to disregard the law.**

The mere presence of Mr. Goldstein where a crime is being committed, even coupled with knowledge by Mr. Goldstein that a crime is being committed, or merely associating with others who were committing a crime is not sufficient to establish aiding and abetting. One who has no knowledge that a crime is being committed or is about to be committed but inadvertently does something that aids in the commission of that crime is not an aider and abettor. An aider and abettor must know that the crime is being committed and act in a way that is intended to bring about the success of the criminal venture.

To determine whether Mr. Goldstein aided or abetted the commission of the crime with which he is charged, ask yourself these questions:

144

Did he participate in the crime charged as something he wished to bring about?

Did he knowingly associate himself with the criminal venture?

Did he seek by his actions to make the criminal venture succeed?

If he did, then Mr. Goldstein is an aider and abettor, and therefore guilty of the offense.

If, on the other hand, your answer to any one of these questions is "no," then Mr. Goldstein is not an aider and abettor, and you must find him not guilty of aiding and abetting.

Sources:

1 Modern Federal Jury Instructions-Criminal P 11.01, Instruction 11-2 (2025) (modified)

The defense objects to this instruction on the ground that it lacks any evidentiary basis. *See United States v. Narcisse*, No. 18-4572, 2022 WL 2828222, at *2 (4th Cir. July 20, 2022) (court "'acted within its discretion' in giving" "aiding and abetting instructions" "because there was an "evidentiary basis" to support the[m]") (citation omitted); *see also, e.g.*, *United States v. McCoy*, No. 3:14CR044, 2014 WL 4656245, at *8 (E.D. Va. Sept. 17, 2014) ("An instruction for aiding and abetting is proper whenever the evidence supports it."); *United States v. Horton*, 921 F.2d 540, 543 (4th Cir. 1990) ("No instruction may be given unless there is 'a foundation in the evidence' to support it." (citation omitted)). There is no evidence from which a reasonable jury could find that Mr. Goldstein aided and abetted any principal in the commission of any charged offense. Giving this instruction could only serve to confuse and mislead the jury.

The defense also objects to the government's proposed instruction on the ground that it is incomplete and misstates the law as to (1) the requirement that the jury must find beyond a reasonable doubt that some other person committed <u>every element</u> of the charged offense, and (2) the element of willfulness. The defense requests an alternative instruction, as noted above, in the event that the Court gives an aiding-and-abetting instruction. *See United States v. Anderson*, No. 1:06CR20-8, 2006 WL 8435902, at *3 (N.D.W. Va. Dec. 20, 2006) (instructing jury that "you may not find the defendant guilty unless you find beyond a reasonable doubt that every element of the offense of distribution as defined in these instructions was committed by some person or persons"); *Coppedge v. United States*, No. 4:09-CR-00064-F-1, 2016 WL 2901740, at *6 (E.D.N.C. May 18, 2016) (similar); 1 Modern Federal Jury Instructions-Criminal P 11.01, Instruction 11-2 (2025) ("***If willfulness is charged***: Participation in a crime is willful if done voluntarily and intentionally, and with the specific intent to do something which the law forbids or with the specific intent to fail to do something the law requires to be done; that is to say, with a bad purpose either to disobey or to disregard the law."); 1 Modern Federal Jury Instructions-Criminal P 11.01, Instruction 11-2 comment (2025) ("Of course, if the evidence fails to indicate the commission of an offense by a principal, an aiding and abetting conviction would be improper.").

The government's instruction is appropriate and should be read to the jury. The government has incorporated certain language proposed by Mr. Goldstein but objects to the rest of it. Mr. Goldstein's proposed additions in paragraphs 3 and 4 of the instruction are not from *Sand* and are unnecessary in light of the instructions as a whole. The proposed addition of a willfulness definition is duplicative of and unnecessary in light of the prior definitions given as part of the instructions. In lieu of the paragraph re-defining willfulness, the government would agree to including a sentence mentioning that "you [the jury] have already been instructed on the meaning of willfulness as it relates to counts 1-13 of the indictment," or some similar formulation.

**INSTRUCTION NO. 70**
(Conscious Avoidance; Deliberately Closing Eyes)

In determining whether Mr. Goldstein acted knowingly, you may consider whether Mr. Goldstein deliberately closed his eyes to what would otherwise have been obvious to him.

A person who attempts to cheat the justice system by consciously preserving a lack of actual knowledge of a subjectively obvious fact is just as culpable as a person who has actual knowledge of that fact. A showing of negligence is not sufficient to support a finding of willfulness or knowledge. I caution you that the willful blindness charge does not authorize you to find that Mr. Goldstein acted knowingly because he should have known what was occurring, or that in the exercise of hindsight he should have known what was occurring, or because he was negligent in failing to recognize what was occurring, or even because he was reckless or foolish in failing to recognize what was occurring. Instead, the government must prove beyond a reasonable doubt that Mr. Goldstein purposely and deliberately contrived to avoid learning all of the facts.

If you find that Mr. Goldstein was aware of a high probability that a fact exists, and took deliberate action to avoid learning of that fact, you may find that Mr. Goldstein acted knowingly.

Sources:

*United States v. Jinwright*, 683 F.3d 471, 479-80 (4th Cir. 2012)

*United States v. Joiner*, No. 23-4126, 2024 WL 5244679, at *4 (4th Cir. Dec. 30, 2024) (quoting *Glob.-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 769 (2011))

The defense objects to this instruction on the ground that it is not supported by the evidence offered at trial. *See, e.g.*, *id.* ("A willful blindness instruction is appropriate if evidence indicates that a defendant deliberately maintains his ignorance."); *United States v. Ravenell*, 66 F.4th 472, 490 (4th Cir. 2023) (similar). The Fourth Circuit has cautioned that "requests for willful blindness instructions should be handled with caution." *United States v. Seck*, No. 23-4401, 2026 WL 85051, at *4 (4th Cir. Jan. 12, 2026) (citation omitted). In particular, "[i]n a tax case, a willful blindness instruction is warranted if the record supports a finding that the defendant was

aware of a high probability that his understanding of the tax laws was erroneous and consciously avoided obtaining actual knowledge of his obligations." *United States v. Dantzler*, 45 F. App'x 259, 261 (4th Cir. 2002); *see also United States v. Tzeuton*, 370 F. App'x 415, 422 (4th Cir. 2010). There is simply no such evidence here. On the contrary, the evidence at trial confirms that Mr. Goldstein was not subjectively aware of *any* probability "that his understanding of the tax laws was erroneous," *id.*—much less a "high probability." *Id.* Giving this instruction would risk confusing and misleading the jurors about the government's burden to prove willfulness— i.e., an intentional violation of a known legal duty—in tax cases.

The defense also objects to the government's proposed instruction on the grounds that it is confusing, prejudicial, and a misstatement of the law, including because it fails to instruct the jury that it must "find beyond a reasonable doubt that the defendant acted with … a conscious purpose to avoid learning the truth" and fails to inform the jury that "[i]t is entirely up to you whether you find that the defendant deliberately closed his eyes and any inferences to be drawn from the evidence on this issue." 1 Modern Federal Jury Instructions-Criminal P 3A.01, Instruction 3A-2 (2025).

The government's instruction is appropriate and should be read to the jury. There was ample evidence at trial supporting such an instruction. For example, Mr. Goldstein conceded that his tax returns are his responsibility, but that he generally chose not to review them in detail before they were submitted. Also, while Mr. Goldstein now blames Gelman and his firm managers for the charges he faces, he chose to ignore for years the errors and issues about which he now complains—and continued to work with Gelman and to hire firm managers directly out of college without any formal accounting or bookkeeping experience. Mr. Goldstein's habit of sending poker losses from his law firm's bank account—instead of first wiring the funds to his personal account so they would be classified as distributions—is another reason why this instruction is appropriate and should be read.

The government's arguments underscore why this instruction is inappropriate and misleading in this case. For example, failing to review a return "in detail" and hiring a professional tax preparer falls far, far short of supporting an inference that Mr. Goldstein "was aware of a high probability that his understanding of the tax laws was erroneous and consciously avoided obtaining actual knowledge of his obligations." *Dantzler*, 45 F. App'x at 261. Giving this instruction would grievously mislead the jury as to the willfulness element that is so central to this case.

## INSTRUCTION NO. 71
(Punishment)

The question of possible punishment of Mr. Goldstein is of no concern to the jury and should not, in any sense, enter into or influence your deliberations. The duty of imposing sentence rests exclusively upon the court. Your function is to weigh the evidence in the case and to determine whether Mr. Goldstein is guilty beyond a reasonable doubt, solely upon the basis of such evidence. Under your oath as jurors, you cannot allow a consideration of the punishment that may be imposed upon Mr. Goldstein, if he is convicted, to influence your verdict, in any way, or, in any sense, enter into your deliberations.

Sources:

1 Modern Federal Jury Instructions-Criminal P 9.01, Instruction 9-1 (2025) (modified)

**INSTRUCTION NO. 72**
(Right To See Exhibits And Hear Testimony; Communications With Court)

You are about to go into the jury room and begin your deliberations. If during those deliberations you want to see any of the exhibits, they will be sent to you in the jury room upon request. If you want any of the testimony read, that can also be done. But, please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting exhibits or portions of testimony that you may want.

Your requests for exhibits or testimony—in fact any communication with the court—should be made to me in writing, signed by your foreperson, and given to one of the marshals. I will respond to any questions or requests you have as promptly as possible, either in writing or by having you return to the courtroom so I can speak with you in person. In any event, do not tell me or anyone else how the jury stands on the issue of Mr. Goldstein's guilt until after a unanimous verdict is reached.

Sources:

1 Modern Federal Jury Instructions-Criminal P 9.03, Instruction 9-3 (2025)

## **INSTRUCTION NO. 73**
(Selection Of A Foreperson)

When you get into the jury room, before you begin your deliberations, you should select someone to be the foreperson. The foreperson will be responsible for signing all communications to the court and for handing them to the marshal during your deliberations.

Sources:

1 Modern Federal Jury Instructions-Criminal P 9.05, Instruction 9-5 (2025)

## INSTRUCTION NO. 74
### (Duty To Consult And Need For Unanimity)

**Government's version (paragraph 1)**:  The government, to prevail on a given count, must prove the essential elements by the required degree of proof, as already explained in these instructions. If it succeeds, your verdict should be guilty; if it fails, it should be not guilty. To report a verdict on a given count, it must be unanimous.

**Defense's version (paragraph 1)**:  The government, to prevail on a given count, must prove the each and every element beyond a reasonable doubt, as already explained in these instructions. If it succeeds, your verdict should be guilty; if it fails, it should be not guilty. To report a verdict on a given count, it must be unanimous.

Your function is to weigh the evidence in the case and determine whether Mr. Goldstein is guilty, solely upon the basis of such evidence.

Each juror is entitled to his or her opinion; each should, however, exchange views with his or her fellow jurors. That is the very purpose of jury deliberation—to discuss and consider the evidence; to listen to the arguments of fellow jurors; to present your individual views; to consult with one another; and to reach an agreement based solely and wholly on the evidence—if you can do so without violence to your own individual judgment.

Each of you must decide the case for yourself, after consideration, with your fellow jurors, of the evidence in the case.

But you should not hesitate to change an opinion that, after discussion with your fellow jurors, appears erroneous.

However, if, after carefully considering all the evidence and the arguments of your fellow jurors, you entertain a conscientious view that differs from the others, you are not to yield your conviction simply because you are outnumbered.

Your final vote must reflect your conscientious conviction as to how the issues should be decided. Your verdict, whether guilty or not guilty, must be unanimous.

Sources:

1 Modern Federal Jury Instructions-Criminal P 9.07, Instruction 9-7 (2025) (modified)

The defense objects to the first paragraph of this proposed instruction, which is confusing in that (1) it refers to "essential" elements, which incorrectly implies that some elements are non-essential, and (2) it refers to "the required degree of proof," which is unnecessarily vague in light of the fact that the government's burden of proof as to the elements of the offenses charged is "beyond a reasonable doubt."

The government's instruction is appropriate and should be read to the jury. The phrasing of the government's first paragraph is necessary because Mr. Goldstein is pressing a venue challenge to counts 14-16, and venue need only be proven by a preponderance of evidence. Therefore, it would be inappropriate to suggest to the jury through this instruction that the burden of proof for all the elements is beyond a reasonable doubt.

## <u>INSTRUCTION NO. 75</u>
(Alternate Jurors)

At this time, the regular jurors will begin deliberations. At the same time, I am going to ask that the alternate jurors remain here during deliberations. [Describe where and when alternate jurors should be present in courthouse.]

During the time that the jury is deliberating, you should not talk about this case with anyone, even among yourselves. That is, do not discuss it with each other, with the regular jurors, with other people involved in the trial, with court personnel or other people in the courthouse, or with family, friends or anyone else. There is always a possibility until a verdict is reached that one (or more) of you could be called upon to deliberate with the jury, so it is very important that you not talk about the case until a verdict is reached. If anyone even attempts to talk to you about the case, please report that to me immediately.

<u>Sources:</u>

1 Modern Federal Jury Instructions-Criminal P 9.08, Instruction 9-15 (2025)