IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CRIMINAL NO. LKG-25-6 |
| | * | |
| THOMAS C. GOLDSTEIN, | * | |
| | * | |
| Defendant. | * | |
| | ******** | |

## DEFENDANT THOMAS C. GOLDSTEIN'S REQUEST FOR JURY INSTRUCTIONS

On Wednesday of last week, this Court denied without prejudice the defense's motion for judgment of acquittal as a matter of law or, in the alternative, request for jury instructions. *See* 2/11/26 Tr. 68:4-13. The defense hereby renews its request that the jury be instructed that it cannot convict Mr. Goldstein on the basis of certain conduct as to which the evidence is legally insufficient to sustain a conviction. *See* ECF No. 408, at 8-31; *see, e.g.*, *United States v. Horton*, 921 F.2d 540, 543 (4th Cir. 1990) ("No instruction may be given unless there is 'a foundation in the evidence' to support it." (citation omitted)).

Specifically, because the evidence is legally insufficient to sustain a conviction, the jury should not be permitted to convict Mr. Goldstein on Count 1 on the basis of any of the following alleged affirmative acts of tax evasion:

- "transferring at least $960,000 in personal funds into G&R's IOLTA account in March 202 l to shield the funds from collection by the IRS," ECF No. 337-2, ¶ 109(e); *see* ECF No. 408, at 10-12;

- "making false and misleading statements to an IRS Revenue Officer in March 2018," ECF No. 337-2, ¶ 109(c); *see* ECF No. 408, at 13-14; and

- "using funds and assets of G&R to pay personal gambling debts," ECF No. 337-2, ¶ 109(a); *see* ECF No. 408, at 15-18.

Likewise, because the evidence is legally insufficient to sustain a conviction, the jury should not be permitted to convict Mr. Goldstein on Counts 2 through 9 on the basis of any of the following alleged acts of assisting the preparation of a false return:

- Omitting interest income, *see* ECF No. 337-2, ¶¶ 52, 62; ECF No. 408, at 19-20;

- Omitting a 401(k) distribution from income, *see* ECF No. 337-2, ¶ 52, 62; ECF No. 408, at 20;

- Failing to separately report gambling wins and losses, *see* ECF No. 337-2, ¶¶ 52, 72, 77, 89; ECF No. 408, at 20-22;

- Accepting legal fee payments by means other than wire into firm accounts, *see* ECF No. 337-2, ¶¶ 46-47, 52, 56-57, 61, 81-86, 99; ECF No. 408, at 22-25;

- Using firm funds to pay personal debts, ECF No. 337-2, ¶¶ 51-52, 67-68, 72; ECF No. 408, at 25-27;

- Causing salary and/or benefits to be paid to certain employees, ECF No. 337-2, ¶¶ 60-61, 72, 77; ECF No. 408, at 27; and

- Answering "no" to the question whether, at any time during 2020 or 2021, he had received, sold, sent, exchanged, or otherwise acquired any financial interest in any virtual currency, ECF No. 337-2, ¶¶ 77, 89.

Finally, because the evidence is legally insufficient to sustain a conviction, the jury should not be permitted to convict Mr. Goldstein on Counts 10 through 13.  *See* ECF No. 408, at 28-31.

For the avoidance of doubt, as to each and every instruction proposed by the defense with respect to the foregoing counts, the defense proposes those instructions in the alternative to its request that the jury be instructed that it may not convict Mr. Goldstein on the basis of the foregoing alleged acts.

Dated: February 16, 2026                          Respectfully submitted,

/s/ *Jonathan I. Kravis*
Jonathan I. Kravis (Bar No. 31556)
Stephany Reaves (Bar No. 19658)
Sarah E. Weiner (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue NW, Suite 500E
Washington, DC 20001
(202) 220-1100
Jonathan.Kravis@mto.com
Stephany.Reaves@mto.com
Sarah.Weiner@mto.com

Adeel Mohammadi (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
350 S. Grand Avenue, 50th Floor
Los Angeles, CA 90071
(213) 683-9100
Adeel.Mohammadi@mto.com

*Attorneys for Defendant Thomas Goldstein*