# EXHIBIT A

**Mohammadi, Adeel**

| | |
|---|---|
| **From:** | Kravis, Jonathan |
| **Sent:** | Tuesday, February 17, 2026 9:09 AM |
| **To:** | ▉▉▉▉▉▉▉▉▉▉ |
| **Cc:** | Whitman, Hayter (CRM); Gordon-Marvin, Emerson (CRM); Adenrele, Adeyemi (USAMD); Beaty, Sean P (CRM); Mohammadi, Adeel; Reaves, Stephany; Weiner, Sarah |
| **Subject:** | US v. Goldstein |

To Chambers,

The two decisions from Kentucky on page 9 of our prior filing address forwarded and attached communications in the spousal communication context.

The defense appreciates the opportunity to elaborate on this issue.

The government is seeking to use the emails at issue here, GX-1066 through GX-1068, to establish the substance of communications between Mr. Goldstein and his spouse. The government is attempting to do this by showing the jury the bottom email in each exhibit—the email from docs@docmagic.com to Mr. Goldstein—as well as the header of the top email in each exhibit, showing that Mr. Goldstein and his spouse communicated above the bottom email. The only possible relevance of this evidence would be to ask the jury to infer that Mr. Goldstein and his spouse communicated about the content of the bottom email.

That is improper. When a client forwards an email or attachment to an attorney for the purpose of seeking legal advice with respect to that communication, the content of the forwarded email or attachment is privileged in the context of the exchange with the lawyer. "Imagine, for example, that a company executive sent the company's counsel a news article about alleged bid-rigging activities within the company's industry; if the executive did so for the confidential purpose of seeking advice about the company's legal obligations or liability exposure, the fact that the news article is a quintessentially public document would not defeat a claim of privilege." *Gen. Elec. Co. v. United States*, No. 3:14-CV-00190 (JAM), 2015 WL 5443479, at *2 (D. Conn. Sept. 15, 2015); *see also Am. W. Bank Members, L.C. v. Utah*, No. 2:16-CV-00326-CW-DAO, 2022 WL 103736, at *9 (D. Utah Jan. 11, 2022) ("[T]he identity of an unprotected document a client sends her lawyer could reveal that it was communicated in confidence to an attorney in connection with the seeking or receipt of legal advice."); *Phipps v. Camp Pendleton & Quantico Hous., LLC*, No. 321CV01514DMSAHG, 2022 WL 16639292, at *7 (S.D. Cal. Nov. 2, 2022) ("The privilege protects not only the contents of a communication but also the fact that certain information has been communicated to the attorney by the client.") This is because "[t]he privilege attaches not to the information *but to the communication of the information*." *United States v. Cunningham,* 672 F.2d 1064, 1073, n.8 (2d Cir.1982) (emphasis added)

Critically, as shown in the defense's motion, the courts have applied this same rule in the context of the spousal communications privilege. *See* Dkt. No. 417, at 9 (citing cases).

This is distinct from a very different issue that may arise in the attorney-client privilege context. There, a client may not create a privilege merely by forwarding an email to a lawyer. But it remains the case that of course the fact that the client sought legal advice with respect to the email is privileged. That is precisely the analogy here. The government is seeking to use the document to show a privileged communication.

Here, this rule requires redaction of either the bottom or the top half of the emails at issue. If the government wants to redact the header showing that the emails were forwarded to Ms. Howe, and introduce only the bottom email from docs@docmagic.com to Mr. Goldstein, that would be fine. Similarly, if the government wants to redact

the entire bottom half of the email, to show that Mr. Goldstein and Ms. Howe communicated on March 1, 2021 in some fashion, that would be permissible under the Court's ruling. But the precedents make clear that the government cannot show the jury *both* the content of the bottom email *and* the header at the top, because that presentation invites the jury to draw the impermissible inference that Mr. Goldstein and his spouse communicated *about the bottom email*.

Adhering to that rule here is essential. The defense is not being given any opportunity to address these communications through expert or witness testimony. All of the inferences that the government asks the jury to draw – that Ms. Howe could sign Mr. Goldstein's name, that she did, and that she had his permission – appear nowhere in evidence. It would be grossly unfair for the government to use a protected spousal communication to encourage that jury speculation when the defense has no opportunity to respond through actual evidence. And there is no argument whatsoever that the defense should have anticipated any of this.

**Jonathan I. Kravis** | **Munger, Tolles & Olson LLP**
601 Massachusetts Ave. NW, Suite 500E | Washington, DC 20001-5369
Tel:  202-220-1130 | jonathan.kravis@mto.com | www.mto.com

*\*\*\*NOTICE\*\*\**

*This message is confidential and may contain information that is privileged, attorney work product or otherwise exempt from disclosure under applicable law.  It is not intended for transmission to, or receipt by, any unauthorized person.  If you have received this message in error, do not read it.  Please delete it without copying it, and notify the sender by separate e-mail so that our address record can be corrected.  Thank you.*