IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>THOMAS C. GOLDSTEIN,<br><br>Defendant. | CRIMINAL NO. LKG-25-0006 |

### DEFENSE OBJECTION TO GOVERNMENT'S PROPOSED JURY INSTRUCTION (ECF No. 426)

The defense strenuously objects to the government's eleventh-hour request for a new instruction on the "constructive receipt" and "claim of right" doctrines.

First, this instruction is a flagrant attempt by the government to argue its case to the jury through jury instructions. At the charge conference yesterday, this Court repeatedly rejected instructions by both parties on the ground that it is inappropriate to instruct the jury on niche legal doctrines that support one side's theory of the case. The government's new instruction is the most egregious example of that yet; it even cites specific evidence from the trial, like the amount of Mr. Phua's share of the Gores games.

As the government acknowledges, Agent Ranahan offered testimony on the concept of constructive receipt during cross-examination. *See* 2/1/0/26 Tr. 195:10-200:11. If the government felt her testimony needed clarification or elaboration, it could have done so on redirect. A bespoke jury instruction is not an acceptable substitute. Meanwhile, *no witness* has ever breathed a word about the "claim of right" doctrine to the jury. It would be incredibly confusing—not to mention highly prejudicial to the defense—to introduce the concept for the first time in jury instructions.

Second, like the government's proposed instructions on the duty to report gambling income (No. 34) and Forms 1099 (No. 35)—both of which this Court rightly rejected—the government's

new instruction raises a serious risk of confusing and misleading the jury about the government's burden to prove willfulness.  Even if Mr. Phua's share of the Gores games was income to Mr. Goldstein (which it was not), the government must prove beyond a reasonable doubt that Mr. Goldstein *knew* that it was his income—and that he willfully failed to report it anyway.  There is no evidence in this case that Mr. Goldstein knew about the constructive receipt or claim of right doctrines.  As a result, a jury instruction on those concepts is dangerously confusing.

Third, the government's proposed instruction is misleading and irrelevant to the facts of this case.  Neither doctrine addresses the circumstance here, where a party came into possession of money that was *not income* when received, but which the IRS contends *became* income to that person over time.  The claim of right doctrine applies to the opposite situation—that is, to money that was "income" when "receive[d]," "even though it is later determined that the taxpayer must repay the amount."  *Culley v. United States*, 222 F.3d 1331, 1333–34 (Fed. Cir. 2000) (cited by the government).  And the constructive receipt doctrine is not concerned with the person in possession of the money at all; rather, that doctrine defines the circumstances in which money in the possession of one party becomes income to some other non-possessing party.  *See, e.g.*, *United States v. Burks*, 746 F. App'x 191, 199 n.4 (4th Cir. 2018) (cited by the government).  In other words, on the facts of this case, the constructive receipt doctrine might clarify when Mr. Phua's share of the Gores games was income to Mr. Phua, but it does not convert Mr. Phua's share into income to Mr. Goldstein.

Finally, the timing of the government's proposed instruction is enormously prejudicial.  Evidence is closed.  The charge conference is over.  And closings are set to begin in 4 hours.  It is now impossible for the defense to effectively counter the government's newest theory of its tax-

evasion case. The government's gambit to buttress its closing argument with new theories embedded in jury instructions—which, of course, the defense could do, too—should be rejected.

The government argues that its instruction "is necessary in light of testimony that Mr. Goldstein's counsel elicited at trial from IRS Revenue Agent Colleen Ranahan and Mr. Goldstein." ECF No. 426, at 1. But Agent Ranahan testified more than a week ago, and Mr. Goldstein finished testifying five days before the charge conference. The government has offered no justification for waiting until midnight the night before closing arguments to request a jury instruction on an entirely new theory of tax evasion.[1]

Dated: February 18, 2026                Respectfully submitted,

/s/ *Jonathan I. Kravis*
Jonathan I. Kravis (Bar No. 31556)
Stephany Reaves (Bar No. 19658)
Sarah E. Weiner (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue NW, Suite 500E
Washington, DC 20001
(202) 220-1100
Jonathan.Kravis@mto.com
Stephany.Reaves@mto.com
Sarah.Weiner@mto.com

Adeel Mohammadi (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
350 S. Grand Avenue, 50th Floor
Los Angeles, CA 90071
(213) 683-9100
Adeel.Mohammadi@mto.com

*Attorneys for Defendant Thomas Goldstein*

---

[1] The lateness of the government's filing has also left the defense (not to mention the Court) with very little time to vet the substance of the government's proposed instruction. The defense reserves the right to supplement its objections as appropriate.