## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **CRIMINAL NO. LKG-25-0006** |
| **THOMAS C. GOLDSTEIN,** | |
| **Defendant.** | |

### SUPPLEMENTARY JOINT PROPOSED AND DISPUTED JURY INSTRUCTIONS

In light of the Court's rulings at the charge conference, the parties hereby jointly submit updated proposed and disputed jury instructions on a handful of instructions that remain unresolved. Also, the parties have highlighted language in the Court's draft instructions that they believe should be edited before being read to the jury.

The defense's objections and requested instructions are denoted in blue. For the avoidance of doubt, where the defense has requested a revision to an instruction, the defense objects to giving the instruction without the revision and requests an instruction with the revision. Where the defense has requested an alternative instruction, the defense objects to giving the government's proposed instruction. The government's responses to the defense's objections and proposals are in green. The parties' agreements are **bolded and underlined**.

The parties further request that the Court, in accordance with Rule 30 of the Federal Rules of Criminal Procedure, inform counsel before arguments to the jury of its proposed action on the requested instructions.

Respectfully submitted,

KELLY O. HAYES
United States Attorney

Dated: February 18, 2026          */s/ Hayter L. Whitman*
                                  Hayter L. Whitman
                                  Trial Attorney
                                  Department of Justice, Criminal Division

                                  Sean Beaty
                                  Senior Litigation Counsel
                                  Emerson Gordon-Marvin
                                  Trial Attorney
                                  Department of Justice, Criminal Division

                                  Adeyemi Adenrele
                                  Assistant United States Attorney
                                  District of Maryland

                                  *Attorneys for the United States of America*

                                  /s/ *Jonathan I. Kravis*
                                  Jonathan I. Kravis (Bar No. 31556)
                                  Stephany Reaves (Bar No. 19658)
                                  Sarah E. Weiner (*pro hac vice*)
                                  MUNGER, TOLLES & OLSON LLP
                                  601 Massachusetts Avenue NW, Suite 500E
                                  Washington, DC 20001
                                  (202) 220-1100
                                  Jonathan.Kravis@mto.com
                                  Stephany.Reaves@mto.com
                                  Sarah.Weiner@mto.com

                                  Adeel Mohammadi (*pro hac vice*)
                                  MUNGER, TOLLES & OLSON LLP
                                  350 S. Grand Avenue, 50th Floor
                                  Los Angeles, CA 90071
                                  (213) 683-9100
                                  Adeel.Mohammadi@mto.com

                                  *Attorneys for Defendant Thomas Goldstein*

## **TABLE OF CONTENTS**

INSTRUCTION NO. 7 (DEFENSE THEORY OF THE CASE)....................................................... 4

INSTRUCTION NO. 10  (JURY TO CONSIDER ONLY THIS DEFENDANT) ........................ 6

INSTRUCTION NO. 27  (*BRADY* VIOLATION) ........................................................................ 7

INSTRUCTION NO. 32  (RELIANCE ON TAX PREPARER) ................................................... 9

INSTRUCTION NO. 40  (TAX EVASION – FIRST ELEMENT – TAX DUE) ....................... 11

INSTRUCTION NO. 52  (FALSE RETURNS – SECOND ELEMENT – RETURN WAS FALSE) .................................................................................................................................. 12

INSTRUCTION NO. 63  (FALSE STATEMENT ON A LOAN APPLICATION – ELEMENTS OF THE OFFENSE) ............................................................................................................... 13

INSTRUCTION NO. 64  (FALSE STATEMENT ON A LOAN APPLICATION – FIRST ELEMENT – DEFENDANT MADE A FALSE STATEMENT) ................................................ 14

INSTRUCTION NO. 66  (FALSE STATEMENT ON A LOAN APPLICATION – THIRD ELEMENT – PURPOSE OF THE STATEMENT) ...................................................................... 16

INSTRUCTION NO. 68  (FALSE STATEMENT ON A LOAN APPLICATION – VENUE) .. 17

INSTRUCTION NO. 69  (AIDING AND ABETTING) ............................................................. 19

**INSTRUCTION NO. 7**
(Defense Theory Of The Case)

Count 1 alleges that Mr. Goldstein engaged in tax evasion for his 2016 taxes. Mr.

Goldstein asserts that the charge was brought outside the statute of limitations, denies that there

was a substantial tax deficiency, and denies that he willfully committed any act of tax evasion.

Counts 2 through 9 allege that Mr. Goldstein assisted GRF in preparing false personal

and business tax returns from 2017 to 2021. Mr. Goldstein in certain respects denies that the tax

returns were false and in all respects denies that he willfully assisted GRF in preparing false tax

returns.

Counts 10 through 13 allege that Mr. Goldstein willfully failed to pay his taxes in 2017,

2019, 2020, and 2021. Mr. Goldstein denies that he willfully failed to pay his taxes for those

years.

Counts 14 through 16 allege that Mr. Goldstein knowingly made false statements on three

mortgage loan applications. Mr. Goldstein contends that venue is improper for these charges and

denies making false statements for the purpose of influencing the mortgage lending businesses.


Sources:

*Kornahrens v. Evatt*, 66 F.3d 1350, 1354 (4th Cir. 1995) ("[I]f a defendant has a particular
theory of defense, he is constitutionally entitled to an instruction on that theory if the evidence
supports it.").

*United States v. Hicks*, 748 F.2d 854, 857 (4th Cir. 1984) ("It is settled law in this circuit as well
as in other circuits that, at least upon proper request, a defendant is entitled to an instruction
submitting to the jury any theory of defense for which there is a foundation in the evidence.")

*United States v. Miller*, 658 F.2d 235, 237 (4th Cir. 1981) ("Instructing a jury that the
government must prove that a defendant intended to commit an offense is quite different from
explaining to the jury how the defendant can legitimately counter the government's proof of this
essential element of the crime. Our precedent on this point establishes that a district court's
charge to the jury must be 'sufficiently precise to instruct the jury in the defendant's theory of
defense.'" (citing *United States v. Mitchell*, 495 F.2d 285, 288 (4th Cir. 1977))

4

**<u>The parties agree to this proposed instruction.</u>**

## <u>INSTRUCTION NO. 10</u>
(Jury To Consider Only This Defendant)

You are about to be asked to decide whether the government has proven beyond a

reasonable doubt the guilt of Mr. Goldstein. <mark>You are not being asked whether any other person

has been proven guilty.</mark> Your verdict should be based solely upon the evidence or lack of

evidence as to Mr. Goldstein, in accordance with my instructions and without regard to whether

the guilt of other people has or has not been proven.


<u>Sources:</u>

1 Modern Federal Jury Instructions-Criminal P 2.01, Instruction 2-18 (2025) (modified)


**<u>The parties agree to removing the highlighted language.</u>**

## INSTRUCTION NO. 27
### (*Brady* Violation)

Defense exhibit 788 is an email exchange between Ian Shuman and Agent Accardi.  In this case, the government failed to turn over that email to the defense before trial; instead, the defense discovered it in the middle of trial.  You heard testimony from Mr. Shuman about this document.  In a criminal trial, the government has an obligation to timely inform the defense of any information known to the government that tends to suggest the defendant might not have committed the crimes charged and any information that casts doubt on the credibility of the government's own evidence.  In evaluating the merits of this case, you can decide what weight, if any, to give to the government's failure to timely fulfill this obligation.


Sources

*United States v. Garrison*, 888 F.3d 1057, 1063 n. 3 (9th Cir. 2018)

Ninth Circuit Manual of Model Criminal Jury Instructions, Instruction No. 3.20 (2022) (citing *Garrison*)

ECF No. 381 (granting in part defense motion for relief related to the government's discovery violations)

1/28/26 Tr. 37:3-8 ("I am going to find a *Brady* violation with regards at least to the e-mail attached to the motion.  I think the remedy here is a combination of the defense's broad latitude on cross-examination, any closing statements and an instruction to the jury that I will work out with the parties as we move forward."); *id.* at 11-18 (Q: "With respect to any instruction given to the jury, is Your Honor saying that we will give an instruction or that we can argue about whether we will and what that may look like later?"  A: "I think an instruction is probably appropriate, but I think we need to work out what the language is going to be first.")

1/27/25 Tr. 10:5-14 (initial appearance) ("**THE COURT:** As required by Rule 5(f), the United States is ordered to produce all exculpatory evidence of the defendant pursuant to *Brady v. Maryland* and its prodigy. Not doing so in a timely manner may result in sanctions, including exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, vacating a conviction, or disciplinary action against the prosecution. Mr. Kibbe, do you understand the Government's obligations?  **MR. KIBBE:** Yes.").

*United States v. Burke*, 571 F.3d 1048, 1054 (10th Cir. 2009) ("Where the district court concludes that the government was dilatory in its compliance with *Brady,* to the prejudice of the defendant, the district court has discretion to determine an appropriate remedy, whether it be exclusion of the witness, limitations on the scope of permitted testimony, instructions to the jury, or even mistrial. The choice of remedy is in the sound discretion of the district court." (citing Fed. R. Crim. P. 16(d)(2)).

**The government objects to this instruction as unnecessarily argumentative and confusing to the jury.**

**Relatedly, the government also objects to the instruction being titled "*Brady* Violation."**

**If the Court decides to give an instruction over the government's objection, the government would propose a title of "Defense Exhibit 788" and language reading:**

> **Defense exhibit 788 is an email exchange between Ian Shuman and IRS Criminal Investigations Special Agent Accardi.  In this case, the government failed to turn over that email to the defense before trial, and the defense discovered it during trial. You heard testimony from Mr. Shuman about this document during trial.  In evaluating the merits of this case, you can decide what weight, if any, to give to the government's failure to turn over the email to the defense before trial.**

**<u>INSTRUCTION NO. 32</u>**
(Reliance On Tax Preparer)

You have heard evidence that Mr. Goldstein received advice from a tax preparer and you may consider that evidence in deciding whether Mr. Goldstein acted willfully and with knowledge.

The mere fact that Mr. Goldstein may have received tax advice does not, in itself, necessarily constitute a complete defense. Instead, you must ask yourselves whether Mr. Goldstein honestly and in good faith sought the advice of a competent tax preparer as to what he may lawfully do; whether he fully and honestly laid all the facts before his tax preparer; and whether in good faith he honestly followed such advice, relying on it and believing it to be correct. In short you should consider whether, in seeking and obtaining advice from a tax preparer, Mr. Goldstein intended that his acts shall be lawful. If he did so, it is the law that Mr. Goldstein cannot be convicted of a crime that involves willful and unlawful intent, even if such advice were inaccurate.

On the other hand, no man can willfully and knowingly violate the law and excuse himself from the consequences of his conduct by pleading that he followed the advice of his tax preparer. Whether Mr. Goldstein acted in good faith for the purpose of seeking guidance as to the specific acts in this case, and whether he made a full and complete report to his tax preparer, and whether he acted substantially in accordance with the advice received, are questions for you to determine.

==The criminal law does not penalize a taxpayer for delegating the responsibility of the preparation of his tax returns to a person whom he has reason to believe is competent … to prepare his returns and relies upon him to prepare and file proper returns, he has done all that the law requires of him.==

<u>Sources:</u> 1 Modern Federal Jury Instructions-Criminal P 8.04, Instruction 8-4 (2025) (modified); *United States v. Witasick*, 443 F. App'x 838, 841 (4th Cir. 2011) ("Good faith reliance on a qualified accountant has long been a defense to willfulness in cases of tax fraud and evasion. The good faith reliance defense is not applicable, however, where the defendant has failed to fully and accurately disclose all relevant tax-related information to the accountant upon whose advice the defendant claims reliance..") (quotations and citations omitted)

**The parties agree to editing the highlighted language to read: "The criminal law does not penalize a taxpayer for delegating the responsibility of the preparation of his tax returns to a person whom he has reason to believe is competent to handle such matters.  If a taxpayer selects a person believed competent to prepare his returns and relies upon him to prepare and file proper returns, he has done all that the law requires of him."**

## INSTRUCTION NO. 40
(Tax Evasion – First Element – Tax Due)

The first element of the offense that the government must prove beyond a reasonable

doubt is that Mr. Goldstein had a substantial tax deficiency for tax year 2016.

The government does not have to prove the exact amount Mr. Goldstein owed. Nor does

the government have to prove that all the tax charged in the indictment was evaded.


Sources:

1 Modern Federal Jury Instructions-Criminal P 59.01, Instruction 59-4 (2025) (modified)

*United States v. Wilson*, 118 F.3d 228, 236 (4th Cir. 1997) (holding that government "introduced
sufficient evidence that a 'substantial tax deficiency' existed)

**The defense withdraws its request to add a definition for "substantial tax deficiency."**

**The parties agree that this instruction as drafted should be read to the jury.**

**INSTRUCTION NO. 52**
(False Returns – Second Element – Return Was False)

The second element that the government must prove beyond a reasonable doubt is that the return was false as to a material matter.

An income tax return may be false not only by reason of understatement of income, but also because of an overstatement of lawful deductions or because deductible expenses are mischaracterized on the return.

The false statement in the return must be material. This means that it must be essential to an accurate determination of defendant's tax liability. As to each count, you must agree unanimously on which particular statement was false.

Sources: 1 Modern Federal Jury Instructions-Criminal P 59.04, Instruction 59-29 (2025); *Baker v. United States*, 401 F.2d 958, 987 (D.C. Cir. 1968) (*citing Sansone v. United States*, 380 U.S. 343, 353 (1965))

**The parties agree to editing the highlighted language to read: "Mr. Goldstein's"**

## INSTRUCTION NO. 63
(False Statement On A Loan Application – Elements Of The Offense)

In order to prove Mr. Goldstein guilty of counts 14-16 of the indictment, the government must prove each of the following elements beyond a reasonable doubt:

First, that Mr. Goldstein made or knowingly made a false statement or report relating to an application to a mortgage lending business;

Second, that Mr. Goldstein acted knowingly;

Third, that the false statement or report was made for the purpose of influencing in any way the mortgage lending business's action; and

Fourth, that the statement was submitted to a mortgage lending business.

Sources: 1/15/2026 Trial Tr. 30:15-23; 1 Modern Federal Jury Instructions-Criminal P 37.03, Instruction 37-17 (2025) (modified); Jury Instructions, *United States v. Mosby*, No. 22-cr-0007 (D. Md. Feb. 7, 2024), Dkt. 471 at 27

**The parties agree to removing the highlighted language.**

**INSTRUCTION NO. 64**

(False Statement On A Loan Application – First Element – Defendant Made A False Statement)

The first element that the government must prove beyond a reasonable doubt is that Mr. Goldstein made <mark>or knowingly made</mark> a false statement or report relating to an application to a mortgage lending business.

I previously instructed you on the statements that the government alleges are false with respect to counts 14-16.

The first thing that the government must prove to satisfy this element is that an application was made to the mortgage lending business. This requires that an application sufficient for the mortgage lending business to act on was made. Thus, if the mortgage lending business accepted oral applications, then an oral application would be sufficient. If the mortgage lending business required a written application, then that would be sufficient, but an oral application would not be. And if a signed application is required, then an unsigned application would not be sufficient.

The second part of this element that the government must prove is that a false statement was made relating to the application.

The last part of this element is that the statement was false. A statement is false if it was untrue. The literal truth of the allegedly false statement is a defense to the making of a false statement element.

If you find that Mr. Goldstein did not make <mark>or knowingly made</mark> a false statement, or if you find that the statement was not false—or if you have a reasonable doubt as to this element— then it is your duty to acquit.  As to each count, you must agree unanimously on which particular statement was false.

<u>Sources:</u> 1/15/2026 Trial Tr. 30:15-17 (first paragraph); 1 Modern Federal Jury Instructions-Criminal P 37.03, Instruction 37-18 (2025) (modified)

**<u>The parties agree to removing the highlighted language.</u>**

## INSTRUCTION NO. 66

(False Statement On A Loan Application – Third Element – Purpose Of The Statement)

The third element the government must establish is that Mr. Goldstein made such false statement "for the purpose of influencing in any way" the mortgage lending business's action.

The quoted words almost define themselves. The emphasis of the statute is upon the person making or causing to be made the false statement. Thus, to act "for the purpose of influencing" the mortgage lending business means that the person made the false statement intended that the mortgage lending business take action based on that statement.

The government is not required to prove that the mortgage lending business actually relied upon the alleged false statement.

Sources: 1/15/2026 Trial Tr. 30:19-21 (first paragraph); 1 Modern Federal Jury Instructions-Criminal P 37.03, Instruction 37-20 (2025) (modified)

**The parties agree to removing the first highlighted passage.**

**The parties believe that the paragraph in the second highlighted passage was removed inadvertently.**

### INSTRUCTION NO. 68
(False Statement On A Loan Application – Venue)

In addition to the foregoing elements of the offense of making a false statement on a mortgage loan application (counts 14-16), you must consider whether the government has proved venue.  In this regard, as to each count, the government must prove that Mr. Goldstein made the alleged false statement to the mortgage lending business from a location within the District of Maryland.  Mere preparatory acts, such as preparing, filling out, or signing the mortgage applications, are not sufficient.

Unlike with proving the elements of the offense, the government only needs to prove venue by a preponderance of the evidence, which means that the government must prove that it is more likely than not that the alleged false statement was communicated from a location within the District of Maryland.

The District of Maryland is made up of all counties in the state of Maryland.


Sources:

1 Modern Federal Jury Instructions-Criminal P 3.01, Instruction 3-11 (2025) (modified)

*United States v. Mosby*, 143 F.4th 264 (4th Cir. 2025)

*United States v. Ebersole*, 411 F.3d 517, 524 (4th Cir. 2005) (venue need only be proven by a preponderance)

**The government's understanding is that this is where the Court and parties landed on the venue instruction for mortgage fraud.  The government has two objections to the highlighted passages.**

**On the first highlighted passage, the government requests that it instead read "the alleged false statement was communicated."  This is consistent with case law indicating that for purposes of venue, the defendant need not have *personally* made the statement from a *physical* location within the district, so long as the defendant caused such a statement to be made from within the district, or where it was foreseeable that such a statement would be made from within the district.  *See, e.g.*, *United States v. Svoboda*, 347 F.3d 471, 483 (2d Cir. 2003) (noting that venue in a conspiracy case is proper in any district where the defendant**

intentionally or knowingly caused an act in furtherance or where it is foreseeable that such an act would occur); *United States v. Goldberg*, 830 F. 2d 459, 466 (3d Cir. 1987) ("The constitution requires only that the venue chosen be determined from the nature of the crime charged as well as from the location of the act or acts constituting it, and that it not be contrary to an explicit policy underlying venue law.") (quoting *United States v. Reed*, 773 F.2d 477, 480 (2d Cir.1985)). This change is also consistent with the instruction's third paragraph, which is in the passive tense.

On the second highlighted passage, the government requests that it instead read "such as preparing or filling out." Under the facts of this case, Mr. Goldstein signed the relevant applications around the same time they were submitted (which is when the allegedly false statements were communicated). Therefore, it would be confusing and inconsistent to instruct the jury that *signing* the applications is insufficient to prove venue, whereas *communicating* the allegedly false statements is sufficient—when both of those acts occurred nearly contemporaneously.

The defense objects to the government's proposed edits. *Mosby* makes clear that "venue is proper 'only in a district in which an essential conduct element of the offense took place.'" *United States v. Mosby*, 143 F.4th 264, 280 (4th Cir. 2025) (citation omitted). And as this Court has ruled, the crime defined by Section 1014 is making a false statement—not merely causing one to be made. *See United States v. Sparks*, 67 F.3d 1145, 1151 (4th Cir. 1995) ("We have previously identified the four essential elements of the crime [under 18 U.S.C. § 1014] which the government must prove beyond a reasonable doubt: '(1) that defendant made a false statement to a bank; (2) that he did so for the purpose of influencing the bank's action; (3) that the statement was false as to a material fact; and (4) that the defendant made the false statement knowingly.'" (citation omitted)); *United States v. Trador*, No. 24-4417, 2025 WL 2375357, at *2 (4th Cir. Aug. 15, 2025) (same); *United States v. Smith*, 29 F.3d 914, 916 (4th Cir. 1994) (same).

The authority cited by the government is not from the Fourth Circuit—meaning that it is inconsistent with Mosby—and does not even pertain to an offense under Section 1014. That the third paragraph is phrased in the passive voice makes it all the more important that the first paragraph is clear.

As to the government's second suggested edit, Mosby again makes clear that "signing" is a preparatory act. *See* 143 F.4th at 282 ("Preparatory acts, such as preparing, filling out, or signing the Gift Letter do not suffice."). The government is not relieved of its burden to prove venue simply because a preparatory act (i.e., signing) allegedly happened close in time to the essential elements of the offense (i.e., making the statement).

**INSTRUCTION NO. 69**
(Aiding And Abetting)

You have been instructed that for counts 1-16, Mr. Goldstein has been charged both with committing the underlying offenses and also aiding and abetting those offenses.

Under the aiding and abetting statute, it is not necessary for the government to show that a defendant himself physically committed the crime with which he is charged in order for the government to sustain its burden of proof. A person who aids or abets another to commit an offense is just as guilty of that offense as if he committed it himself.

Accordingly, you may find Mr. Goldstein guilty of the offense charged if you find beyond a reasonable doubt that the government has proven that another person actually committed every element of the offense with which Mr. Goldstein is charged, and that Mr. Goldstein aided or abetted that person in the commission of the offense.

As you can see, the first requirement is that you find that another person has committed the crime charged. Obviously, no one can be convicted of aiding or abetting the criminal acts of another if no crime was committed by the other person in the first place. Therefore, you must find beyond a reasonable doubt that every element of the offense as defined in these instructions was committed by some person or persons. But if you do find that a crime was committed, then you must consider whether Mr. Goldstein aided or abetted the commission of that crime.

In order to aid or abet another to commit a crime, it is necessary that Mr. Goldstein knowingly associate himself in some way with the crime, and that he participate in the crime by doing some act to help make the crime succeed.

For counts 1-13, to establish that defendant knowingly associated himself with the crime, the government must establish that Mr. Goldstein acted knowingly and willfully—and you have previously been instructed on the definitions of those terms in the context of counts 1-13.

19

For counts 14-16, to establish that defendant knowingly associated himself with the crime, the government must establish that Mr. Goldstein knowingly made <mark>or caused the making of</mark> a false statement on a mortgage loan application for the purpose of influencing in any way the mortgage lending business's action.

To establish that Mr. Goldstein participated in the commission of the crime, the government must prove that defendant engaged in some affirmative conduct or overt act for the specific purpose of bringing about that crime.

<mark>Participation in a crime is willful if done voluntarily and intentionally, and with the specific intent to do something which the law forbids or with the specific intent to fail to do something the law requires to be done; that is to say, with a bad purpose either to disobey or to disregard the law.</mark>

The mere presence of Mr. Goldstein where a crime is being committed, even coupled with knowledge by Mr. Goldstein that a crime is being committed, or merely associating with others who were committing a crime is not sufficient to establish aiding and abetting. One who has no knowledge that a crime is being committed or is about to be committed but inadvertently does something that aids in the commission of that crime is not an aider and abettor. An aider and abettor must know that the crime is being committed and act in a way that is intended to bring about the success of the criminal venture.

To determine whether Mr. Goldstein aided or abetted the commission of the crime with which he is charged, ask yourself these questions:

Did he participate in the crime charged as something he wished to bring about?

Did he knowingly associate himself with the criminal venture?

Did he seek by his actions to make the criminal venture succeed?

If he did, then Mr. Goldstein is an aider and abettor, and therefore guilty of the offense. If, on the other hand, your answer to any one of these questions is "no," then Mr. Goldstein is not an aider and abettor, and you must find him not guilty of aiding and abetting.

<u>Sources:</u> 1 Modern Federal Jury Instructions-Criminal P 11.01, Instruction 11-2 (2025) (modified)

**<u>The parties agree to removing the first highlighted passage.</u>**

**<u>On the second highlighted passage, the parties' recollection is that the Court did not expressly rule on whether the highlighted paragraph should be read or not.</u>**

**The government objects to the highlighted paragraph being read to the jury because the instructions clearly and precisely explain the standard for willfulness elsewhere. The definition within this instruction is at least duplicative and arguably inconsistent with the explanation of the standard in other instructions.**

**The defense's position is that the highlighted paragraph is accurate and consistent with the *Sand* pattern instruction. 1 Modern Federal Jury Instructions-Criminal P 11.01, Instruction 11-2 (2025) ("*If willfulness is charged:* Participation in a crime is willful if done voluntarily and intentionally, and with the specific intent to do something which the law forbids or with the specific intent to fail to do something the law requires to be done; that is to say, with a bad purpose either to disobey or to disregard the law."); 1 Modern Federal Jury Instructions-Criminal P 11.01, Instruction 11-2 comment (2025) ("Of course, if the evidence fails to indicate the commission of an offense by a principal, an aiding and abetting conviction would be improper.").**