IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA <br><br> v. <br><br> THOMAS C. GOLDSTEIN, <br><br> Defendant. | CRIMINAL NO. LKG-25-0006 |

**GOVERNMENT'S SUPPLEMENT REGARDING JURY INSTRUCTIONS**

The government appreciates the Court circulating the jury instructions and verdict form. The government has reviewed those materials and respectfully submits three requests/objections, which concern two instructions:

**Instruction No. 27 (Defense Exhibit 788):** The government requests—and Mr. Goldstein does not oppose—removing the words "before trial" in the second and fourth sentences of the instruction. This request is based on Fourth Circuit case law that "*Brady* does not require disclosure before trial." *See, e.g.*, *United States v. Richardson*, 2010 WL 2292210, at *2 (D. Md. June 3, 2010), *aff'd*, 461 F. App'x 308 (4th Cir. 2012); *United States v. Smith Grading & Paving, Inc.*, 760 F.2d 527, 532 (4th Cir.1985).

The government also reiterates its objection to reading this instruction at all. Notably, Mr. Goldstein hardly used the document in closing argument—after hardly using the document in trial. Mr. Goldstein's apparent disinterest in using the document calls into further question the materiality of the non-disclosure, and counsels against giving this instruction here.[1]

---

[1] That is especially true absent a showing of willfulness in failing to timely disclose the document. *See United States v. Gaines*, 22-cr-00125, 2025 WL 1884839, *7 (D. Md. Jul. 7, 2025).

**Instruction No. 69 (Aiding And Abetting):** The government requests that the Court <u>not</u> read this instruction. The government has charged Mr. Goldstein for violating 18 U.S.C. § 2, which has two subsections, (a) and (b). The substantive instructions already make that clear by quoting both subsections. *See* Instruction Nos. 38 (Tax Evasion – Indictment and Statute) ("'Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal' and '[w]hoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.'"); 49 (False Returns – Indictment And Statute) (same); 61 (False Statement On A Loan Application – Indictment And Statute) (same).

However, upon reviewing the instructions circulated by the Court, the government realized that the model instruction forming the basis for Instruction No. 69 is <u>inappropriate</u> for cases involving violations of subsection (b), which does not require proof that another person actually committed every element of the charged offense  *See* 1 Modern Federal Jury Instructions-Criminal P 11.02 (2026): Commentary ("when the evidence shows that the defendant acted through an innocent intermediary, the jury should be instructed under section 2(b) alone").

Because the relevant statutory language is straightforward and already set forth in the instructions, the government requests that the Court <u>not</u> read Instruction No. 69 to the jury.

The government notified Mr. Goldstein of its position on Instruction No. 69 prior to filing, and understands that Mr. Goldstein may want to be heard on the request.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | KELLY O. HAYES<br>United States Attorney |
| Dated: February 18, 2026 | */s/ Hayter L. Whitman*<br>Hayter L. Whitman<br>Trial Attorney<br>Department of Justice, Criminal Division |
|  | Sean Beaty<br>Senior Litigation Counsel<br>Emerson Gordon-Marvin<br>Trial Attorney<br>Department of Justice, Criminal Division |
|  | Adeyemi Adenrele<br>Assistant United States Attorney<br>District of Maryland |
|  | *Attorneys for the United States of America* |