# EXHIBIT B
# PRE-CLOSING JURY INSTRUCTIONS

| **From:** | MDD_LKGChambers |
|---|---|
| **To:** | Reaves, Stephany; Mohammadi, Adeel; Kravis, Jonathan; Weiner, Sarah; adeyemi.adenrele@usdoj.gov; sean.p.beaty@usdoj.gov; hayter.whitman@usdoj.gov; emerson.gordon-marvin@usdoj.gov |
| **Subject:** | 8:25-cr-00006-LKG USA v. Goldstein |
| **Date:** | Wednesday, February 18, 2026 10:36:50 AM |
| **Attachments:** | shield-advisory.png <br> chevron-light.png <br> 2026.02.18 Final Jury Instructions.docx |

 External email

Good morning counsel,

Attached for your review are the final jury instructions in the above-referenced case.

Thank you,

**Melissa Urquhart**
Judicial Assistant to Judge Lydia K. Griggsby
U.S. District Court for the District of Maryland
6500 Cherrywood Lane, Suite 400
Greenbelt, MD  20770
(410) 962-7700 (chambers line)
(410) 962-7894 (direct line)
melissa_urquhart@mdd.uscourts.gov

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **CRIMINAL NO. LKG-25-0006** |
| **THOMAS C. GOLDSTEIN,** | |
| **Defendant.** | |

**JOINT PROPOSED AND DISPUTED JURY INSTRUCTIONS**

# **TABLE OF CONTENTS**

INSTRUCTION NO. 1 (INTRODUCTION) ............................................................................. 6

INSTRUCTION NO. 2 (ROLE OF THE COURT) .................................................................. 7

INSTRUCTION NO. 3 (ROLE OF THE JURY) ..................................................................... 8

INSTRUCTION NO. 4 (JUROR OBLIGATIONS) ................................................................ 10

INSTRUCTION NO. 5 (THE GOVERNMENT AS A PARTY) ............................................ 11

INSTRUCTION NO. 6 (CONDUCT OF COUNSEL) ........................................................... 12

INSTRUCTION NO. 7 (DEFENSE THEORY OF THE CASE) ............................................ 13

INSTRUCTION NO. 8 (IMPROPER CONSIDERATIONS) ................................................. 14

INSTRUCTION NO. 9 (SYMPATHY) ................................................................................... 15

INSTRUCTION NO. 10  (JURY TO CONSIDER ONLY THIS DEFENDANT) ..................... 16

INSTRUCTION NO. 11 (CONTACT WITH OTHERS) ......................................................... 17

INSTRUCTION NO. 12 (INDICTMENT IS NOT EVIDENCE) ............................................ 18

INSTRUCTION NO. 13 (FAILURE TO NAME A DEFENDANT) ......................................... 19

INSTRUCTION NO. 14  (MULTIPLE COUNTS – ONE DEFENDANT) ............................... 20

INSTRUCTION NO. 15 (VARIANCE – DATES) ................................................................... 21

INSTRUCTION NO. 16  (BURDEN OF PROOF, PRESUMPTION OF INNOCENCE) .......... 22

INSTRUCTION NO. 18  (DIRECT AND CIRCUMSTANTIAL EVIDENCE) ........................ 23

INSTRUCTION NO. 19 (TESTIMONY, EXHIBITS, AND STIPULATIONS) ........................ 24

INSTRUCTION NO. 20  (CHARTS AND SUMMARIES) ....................................................... 25

INSTRUCTION NO. 21 (WITNESS CREDIBILITY) ............................................................. 26

INSTRUCTION NO. 22  (DEFENDANT'S INTEREST) .......................................................... 28

INSTRUCTION NO. 23  (LAW ENFORCEMENT WITNESS) ............................................... 29

INSTRUCTION NO. 24  (EXPERT WITNESS) ....................................................................... 30

INSTRUCTION NO. 27  (*DEFENSE EXHIBIT 788*) .............................................................. 31

INSTRUCTION NO. 28 (TAX COUNTS – STATUTORY PURPOSE) .................................... 32

INSTRUCTION NO. 29  (TAX COUNTS – CALCULATION OF TAXABLE INCOME) ...... 33

INSTRUCTION NO. 30  (TAX COUNTS – ORDINARY AND NECESSARY BUSINESS EXPENSES) ................................................................................................................... 35

INSTRUCTION NO. 31  (TAX COUNTS – WILLFULNESS) .................................................. 36

INSTRUCTION NO. 32  (RELIANCE ON TAX PREPARER) ..................................................... 37

INSTRUCTION NO. 36  (ASSIGNMENT OF INCOME) .......................................................... 38

INSTRUCTION NO. 37  (NO DUTY TO AMEND A TAX RETURN) .................................... 39

INSTRUCTION NO. 38  (TAX EVASION – INDICTMENT AND STATUTE) ...................... 40

INSTRUCTION NO. 39  (TAX EVASION – ELEMENTS OF THE OFFENSE) ...................... 41

INSTRUCTION NO. 40  (TAX EVASION – FIRST ELEMENT – TAX DUE) ........................ 42

INSTRUCTION NO. 41  (TAX EVASION – SECOND ELEMENT – AFFIRMATIVE ACT CONSTITUTING EVASION) ........................................................................................... 43

INSTRUCTION NO. 42  (TAX EVASION – SECOND ELEMENT – STATUTE OF LIMITATIONS) .............................................................................................................. 45

INSTRUCTION NO. 44  (TAX EVASION – SECOND ELEMENT – ONLY NEED TO PROVE ONE ACT) ......................................................................................................... 46

INSTRUCTION NO. 48  (TAX EVASION – THIRD ELEMENT – WILLFULNESS) ............ 47

INSTRUCTION NO. 49  (FALSE RETURNS – INDICTMENT AND STATUTE) .................. 48

INSTRUCTION NO. 50  (FALSE RETURNS – ELEMENTS OF THE OFFENSE) ................. 52

INSTRUCTION NO. 51  (FALSE RETURNS – FIRST ELEMENT – DEFENDANT ADVISED OR ASSISTED IN THE PREPARATION OF A RETURN) ...................................... 53

INSTRUCTION NO. 52  (FALSE RETURNS – SECOND ELEMENT – RETURN WAS FALSE) .......................................................................................................................... 55

INSTRUCTION NO. 53  (FALSE RETURNS – THIRD ELEMENT – WILLFULNESS) ........ 56

INSTRUCTION NO. 54  (FAILURE TO PAY – INDICTMENT AND STATUTE) ................. 57

INSTRUCTION NO. 55  (FAILURE TO PAY – ELEMENTS OF THE OFFENSE) ................ 59

INSTRUCTION NO. 56  (FAILURE TO PAY – FIRST ELEMENT – TAX OWED) ............. 60

3

INSTRUCTION NO. 57 (FAILURE TO PAY – SECOND ELEMENT – PAYMENT DUE DATES) .................................................................................................................... 61

INSTRUCTION NO. 58 (FAILURE TO PAY – SECOND ELEMENT – WHEN CRIME IS COMPLETE) ............................................................................................................... 62

INSTRUCTION NO. 59 (FAILURE TO PAY – THIRD ELEMENT – WILLFULNESS) ....... 63

INSTRUCTION NO. 60 (UNCHARGED CONDUCT) ................................................... 64

INSTRUCTION NO. 61 (FALSE STATEMENT ON A LOAN APPLICATION – INDICTMENT AND STATUTE) ................................................................................ 66

INSTRUCTION NO. 62 (FALSE STATEMENT ON A LOAN APPLICATION – PURPOSE OF THE STATUTE) ................................................................................................. 69

INSTRUCTION NO. 63 (FALSE STATEMENT ON A LOAN APPLICATION – ELEMENTS OF THE OFFENSE) ................................................................................................. 70

INSTRUCTION NO. 64 (FALSE STATEMENT ON A LOAN APPLICATION – FIRST ELEMENT – DEFENDANT MADE A FALSE STATEMENT) ................................................ 71

INSTRUCTION NO. 65 (FALSE STATEMENT ON A LOAN APPLICATION – SECOND ELEMENT – STATEMENT KNOWINGLY MADE) ................................................. 73

INSTRUCTION NO. 66 (FALSE STATEMENT ON A LOAN APPLICATION – THIRD ELEMENT – PURPOSE OF THE STATEMENT) .................................................... 74

INSTRUCTION NO. 67 (FALSE STATEMENT ON A LOAN APPLICATION – FOURTH ELEMENT – STATEMENT MADE TO A MORTGAGE LENDING BUSINESS) ................. 75

INSTRUCTION NO. 68 (FALSE STATEMENT ON A LOAN APPLICATION – VENUE) .. 76

INSTRUCTION NO. 69 (AIDING AND ABETTING) ................................................... 77

INSTRUCTION NO. 70 (CONSCIOUS AVOIDANCE; DELIBERATELY CLOSING EYES) ........................................................................................................................... 79

INSTRUCTION NO. 71 (PUNISHMENT) ................................................................. 80

INSTRUCTION NO. 72 (RIGHT TO SEE EXHIBITS AND HEAR TESTIMONY; COMMUNICATIONS WITH COURT) ...................................................................... 81

INSTRUCTION NO. 73 (SELECTION OF A FOREPERSON) ...................................... 82

INSTRUCTION NO. 74 (DUTY TO CONSULT AND NEED FOR UNANIMITY) ............... 83

INSTRUCTION NO. 75 (ALTERNATE JURORS) ...................................................... 84

4

Members of the Jury,

Thank you for your patience and attention throughout this case.  I shall now instruct you as to the law applicable to the case before you.

Please keep in mind that you will be provided a copy of these instructions for your use during your deliberations.

**<u>INSTRUCTION NO. 1</u>**
(Introduction)

Ladies and gentlemen, you are about to enter your final duty, which is to decide the fact issues in the case.

Before you do that, I will instruct you on the law. You must pay close attention to me now. I will go as slowly as I can and be as clear as possible.

I told you at the very start of the trial that your principal function during the taking of testimony would be to listen carefully and observe each witness who testified. It has been obvious to me and to counsel that you have faithfully discharged this duty. Your interest never flagged, and it is evident that you followed the testimony with close attention.

I ask you to give me that same careful attention, as I instruct you on the law.

<u>Sources:</u>

1 Modern Federal Jury Instructions-Criminal P 2.01, Instruction 2-1 (2025)

**<u>INSTRUCTION NO. 2</u>**
(Role Of The Court)

You have now heard all the evidence in the case as well as the final arguments of the lawyers for the parties.

My duty at this point is to instruct you as to the law. It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you. If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.

You should not, any of you, be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be—or ought to be—it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

<u>Sources:</u> 1 Modern Federal Jury Instructions-Criminal P 2.01, Instruction 2-2 (2025) (modified)

**INSTRUCTION NO. 3**
(Role Of The Jury)

Your final role is to pass upon and decide the fact issues that are in the case. You, the members of the jury, are the sole and exclusive judges of the facts. You pass upon the weight of the evidence; you determine the credibility of the witnesses; you resolve such conflicts as there may be in the testimony, and you draw whatever reasonable inferences you decide to draw from the facts as you have determined them.

I shall later discuss with you how to pass upon the credibility—or believability—of the witnesses.

In determining the facts, you must rely upon your own recollection of the evidence. What the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions is not evidence. In this connection, you should bear in mind that a question put to a witness is never evidence. It is only the answer that is evidence. But you may not consider any answer that I directed you to disregard or that I directed struck from the record. Do not consider such answers.

Nor is anything I may have said during the trial or may say during these instructions with respect to a fact matter to be taken in substitution for your own independent recollection. What I say is not evidence.

The evidence before you consists of the answers given by witnesses—the testimony they gave, as you recall it—and the exhibits that were received in evidence. You may also consider any stipulations of the parties as evidence.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trial are

8

not any indication of my views of what your decision should be as to whether the guilt of Mr. Goldstein has been proven beyond a reasonable doubt.

I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses. These questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should render or whether any of the witnesses may have been more credible than any other witness. You are expressly to understand that the court has no opinion as to the verdict you should render in this case.

As to the facts, ladies and gentlemen, you are the exclusive judges. You are to perform the duty of finding the facts without bias or prejudice as to any party.

Sources: 1 Modern Federal Jury Instructions-Criminal P 2.01, Instruction 2-3 (2025) (modified)

**INSTRUCTION NO. 4**
(Juror Obligations)

In determining the facts, the jury is reminded that before each member was accepted and sworn to act as a juror, he or she was asked questions concerning competency, qualifications, fairness and freedom from prejudice and bias. On the faith of those answers, the juror was accepted by the parties. Therefore, those answers are as binding on each of the jurors now as they were then, and should remain so, until the jury is discharged from consideration of this case.

Sources: 1 Modern Federal Jury Instructions-Criminal P 2.01, Instruction 2-4 (2025)

**INSTRUCTION NO. 5**
(The Government As A Party)

You are to perform the duty of finding the facts without bias or prejudice as to any party. You are to perform your final duty in an attitude of complete fairness and impartiality.

The case is important to the government, for the enforcement of criminal laws is a matter of prime concern to the community. Equally, it is important to Mr. Goldstein, who is charged with serious crimes.

The fact that the prosecution is brought in the name of the United States of America entitles the government to no greater consideration than that accorded to any other party to a litigation. By the same token, it is entitled to no less consideration. All parties, whether government or individuals, stand as equals at the bar of justice.

Sources: 1 Modern Federal Jury Instructions-Criminal P 2.01, Instruction 2-5 (2025) (modified)

11

**INSTRUCTION NO. 6**
(Conduct Of Counsel)

It is the duty of the attorney for each side of a case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. Counsel also have the right and duty to ask the court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. All those questions of law must be decided by me, the court. You should not show any prejudice against an attorney or his client because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury or asked the court for a ruling on the law.

Sources: 1 Modern Federal Jury Instructions-Criminal P 2.01, Instruction 2-8 (2025) (modified)

<u>INSTRUCTION NO. 7</u>
(Defense Theory Of The Case)

Count 1 alleges that Mr. Goldstein engaged in tax evasion for his 2016 taxes. Mr. Goldstein asserts that the charge was brought outside the statute of limitations, denies that there was a substantial tax deficiency, and denies that he willfully committed any act of tax evasion.

Counts 2 through 9 allege that Mr. Goldstein assisted GRF in preparing false personal and business tax returns from 2017 to 2021. Mr. Goldstein in certain respects denies that the tax returns were false and in all respects denies that he willfully assisted GRF in preparing false tax returns.

Counts 10 through 13 allege that Mr. Goldstein willfully failed to pay his taxes in 2017, 2019, 2020, and 2021. Mr. Goldstein denies that he willfully failed to pay his taxes for those years.

Counts 14 through 16 allege that Mr. Goldstein knowingly made false statements on three mortgage loan applications. Mr. Goldstein contends that venue is improper for these charges and denies making false statements for the purpose of influencing the mortgage lending businesses.

<u>Sources</u>: *Kornahrens v. Evatt*, 66 F.3d 1350, 1354 (4th Cir. 1995) ("[I]f a defendant has a particular theory of defense, he is constitutionally entitled to an instruction on that theory if the evidence supports it."). United States v. Hicks, 748 F.2d 854, 857 (4th Cir. 1984) ("It is settled law in this circuit as well as in other circuits that, at least upon proper request, a defendant is entitled to an instruction submitting to the jury any theory of defense for which there is a foundation in the evidence."); *United States v. Miller*, 658 F.2d 235, 237 (4th Cir. 1981) ("Instructing a jury that the government must prove that a defendant intended to commit an offense is quite different from explaining to the jury how the defendant can legitimately counter the government's proof of this essential element of the crime. Our precedent on this point establishes that a district court's charge to the jury must be 'sufficiently precise to instruct the jury in the defendant's theory of defense.'" (citing *United States v. Mitchell*, 495 F.2d 285, 288 (4th Cir. 1977))

**INSTRUCTION NO. 8**
(Improper Considerations)

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence.

It would be improper for you to consider, in reaching your decision as to whether the government sustained its burden of proof, any personal feelings you may have about Mr. Goldstein's race, religion, national origin, sex, age, or the state of his marriage. All persons are entitled to the presumption of innocence and the government has the burden of proof, as I will discuss in a moment.

It would be equally improper for you to allow any feelings you might have about the nature of the crime charged to interfere with your decisionmaking process.

To repeat, your verdict must be based exclusively upon the evidence or the lack of evidence in the case.

Sources: 1 Modern Federal Jury Instructions-Criminal P 2.01, Instruction 2-11 (2025) (modified)

14

**<u>INSTRUCTION NO. 9</u>**
(Sympathy)

Under your oath as jurors you are not to be swayed by sympathy. You are to be guided solely by the evidence in this case, and the crucial, hard-core question that you must ask yourselves as you sift through the evidence is: Has the government proven the guilt of Mr. Goldstein beyond a reasonable doubt?

It is for you alone to decide whether the government has proven that Mr. Goldstein is guilty of the crimes charged solely on the basis of the evidence and subject to the law as I charge you. You are to perform your duty of finding the facts and applying the law without bias or prejudice to any party. You are to perform your final duty in an attitude of complete fairness and impartiality. It must be clear to you that once you let fear or prejudice, or bias or sympathy interfere with your thinking there is a risk that you will not arrive at a true and just verdict. So, do not be guided by anything except clear thinking and calm analysis of the evidence.

If you have a reasonable doubt as to Mr. Goldstein's guilt, you should not hesitate for any reason to find a verdict of acquittal. But on the other hand, if you should find that the government has met its burden of proving Mr. Goldstein's guilt beyond a reasonable doubt, you should not hesitate because of sympathy or any other reason to render a verdict of guilty.

<u>Sources:</u> 1 Modern Federal Jury Instructions-Criminal P 2.01, Instruction 2-12 (2025)

**INSTRUCTION NO. 10**
(Jury To Consider Only This Defendant)

You are about to be asked to decide whether the government has proven beyond a reasonable doubt the guilt of Mr. Goldstein. Your verdict should be based solely upon the evidence or lack of evidence as to Mr. Goldstein, in accordance with my instructions and without regard to whether the guilt of other people has or has not been proven.

Sources: 1 Modern Federal Jury Instructions-Criminal P 2.01, Instruction 2-18 (2025) (modified)

**<u>INSTRUCTION NO. 11</u>**
(Contact With Others)

During your deliberations, you should not discuss, or provide any information about, the case with anyone. This includes discussing the case in person, in writing, by phone or by any electronic means, via text messaging, e-mail, Facebook, LinkedIn, Twitter, blogging, or any Internet chat room, web site, or other feature. In other words, do not talk to anyone on the phone or in person, correspond with anyone, or communicate by electronic means about this case with anyone except with your fellow jurors and then only while you are in the jury room.

If you are asked or approached in any way about your jury service or anything about this case, you should respond that you have been ordered by the judge not to discuss the matter, and you should report the contact to the court as soon as possible.

Along the same lines, you should not try to access any information about the case or do research on any issue that arose during the trial from any outside source, including dictionaries, reference books, or anything on the Internet. Information that you may find on the Internet or in a printed reference might be incorrect or incomplete. In our court system, it is important that you not be influenced by anyone or anything outside this courtroom. Your sworn duty is to decide this case solely and wholly on the evidence that was presented to you in this courtroom.

<u>Sources:</u> 1 Modern Federal Jury Instructions-Criminal P 2.01, Instruction 2-21 (2025)

**<u>INSTRUCTION NO. 12</u>**
(Indictment Is Not Evidence)

The defendant here, Thomas Goldstein, is charged with various crimes about which I will instruct you shortly. Each charge is called a "count." I will refer to each count by the number assigned to it in the charging instrument, called an indictment, but you will not be furnished with the indictment itself, because an indictment is merely a statement of charges and not itself evidence. At times my instructions may reference language from the indictment. Even if I read a portion of the indictment to you, it is not evidence; it is only a statement of charges.

<u>Sources:</u> 1 Modern Federal Jury Instructions-Criminal P 3.01, Instruction 3-1 (2025) (modified)

18

**INSTRUCTION NO. 13**
(Failure To Name A Defendant)

You may not draw any inference, favorable or unfavorable, towards the government or the defendant on trial, from the fact that certain persons were not named as defendants in the indictment. The circumstances that these persons were not indicted must play no part in your deliberations.

Whether a person should be indicted as a defendant is a matter within the sole discretion of the United States Attorney and the grand jury. Therefore, you may not consider it in any way in reaching your verdict as to Mr. Goldstein.

Sources: 1 Modern Federal Jury Instructions-Criminal P 3.01, Instruction 3-4 (2025) (modified)

19

**<u>INSTRUCTION NO. 14</u>**
(Multiple Counts – One Defendant)

The indictment contains a total of 16 counts. Each count charges Mr. Goldstein with a different crime. You must consider each count separately and return a separate verdict of guilty or not guilty for each. Whether you find Mr. Goldstein guilty or not guilty as to one offense should not affect your verdict as to any other offense charged.

<u>Sources:</u> 1 Modern Federal Jury Instructions-Criminal P 3.01, Instruction 3-6 (2025) (modified)

**INSTRUCTION NO. 15**
(Variance – Dates)

While we are on the subject of the indictment, I should draw your attention to the fact that it does not matter if the indictment charges that a specific act occurred on or about a certain date, and the evidence indicates that, in fact, it was on another date. The law only requires a substantial similarity between the dates alleged in the indictment and the date established by testimony or exhibits.

While generally these dates only need to be substantially similar to the dates alleged in the indictment, for count 1, the date on which certain acts occurred is important for the statute of limitations. I will instruct you later on that issue.

Sources: 1 Modern Federal Jury Instructions-Criminal P 3.01, Instruction 3-12 (2025) (modified)

**<u>INSTRUCTION NO. 16</u>**
(Burden Of Proof, Presumption Of Innocence)

Mr. Goldstein has pleaded not guilty to the charges in the indictment. To convict Mr. Goldstein, the burden is on the prosecution to prove Mr. Goldstein's guilt of each element of the charges beyond a reasonable doubt. This burden never shifts to Mr. Goldstein, for the simple reason that the law presumes a defendant to be innocent and never imposes upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

In other words, Mr. Goldstein starts with a clean slate and is presumed innocent of each charge until such time, if ever, that you as a jury are satisfied that the government has proven Mr. Goldstein is guilty of a given charge beyond a reasonable doubt.

<u>Sources:</u> 1 Modern Federal Jury Instructions-Criminal P 4.01, Instruction 4-1 (2025) (modified)

## **INSTRUCTION NO. 18**
(Direct And Circumstantial Evidence)

In deciding whether the government has met its burden of proof, you may consider both direct evidence and circumstantial evidence.

Direct evidence is evidence that proves a disputed fact directly. For example, when a witness testifies to what he or she saw, heard or observed, that is called direct evidence.

Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts. To give a simple example, suppose that when you came into the courthouse today the sun was shining and it was a nice day, but the courtroom blinds were drawn and you could not look outside. Then later, as you were sitting here, someone walked in with a dripping wet umbrella and, soon after, somebody else walked in with a dripping wet raincoat. Now, on our assumed facts, you cannot look outside of the courtroom and you cannot see whether it is raining. So you have no direct evidence of that fact. But, on the combination of the facts about the umbrella and the raincoat, it would be reasonable for you to infer that it had begun to rain.

That is all there is to circumstantial evidence. Using your reason and experience, you infer from established facts the existence or the nonexistence of some other fact. Please note, however, that it is not a matter of speculation or guess: it is a matter of logical inference.

The law makes no distinction between direct and circumstantial evidence. Circumstantial evidence is of no less value than direct evidence, and you may consider either or both, and may give them such weight as you conclude is warranted.

Sources: 1 Modern Federal Jury Instructions-Criminal P 5.01, Instruction 5-2 (2025) (modified)

**INSTRUCTION NO. 19**
(Testimony, Exhibits, And Stipulations)

The evidence in this case consists of the sworn testimony of the witnesses, the exhibits received in evidence, and stipulations.

Exhibits which have been marked for identification but not received into evidence may not be considered by you as evidence. Only those exhibits received into evidence may be considered as evidence.

Similarly, as I indicated before, only the witnesses' answers are evidence and you are not to consider a question as evidence. Statements by counsel are not evidence.

A stipulation is an agreement among the parties that a certain fact is true. You should regard such agreed facts as true.

You should consider the evidence in light of your own common sense and experience, and you may draw reasonable inferences from the evidence.

Anything you may have seen or heard about this case outside the courtroom is not evidence and must be entirely disregarded.

Sources: 1 Modern Federal Jury Instructions-Criminal P 5.02, Instruction 5-4 (2025) (modified); 1 Modern Federal Jury Instructions-Criminal P 5.02, Instruction 5-6 (2025) (modified)

24

**INSTRUCTION NO. 20**
(Charts And Summaries)

The parties have presented several exhibits in the form of charts and summaries. Some of these charts and summaries were admitted as evidence and will go back with you for deliberations, and some were not.

Where a chart or summary prepared by one of the parties was admitted as evidence, I decided to admit that chart or summary in place of the underlying documents that it represents in order to save time and avoid unnecessary inconvenience. You should consider these charts and summaries as you would any other evidence.

Where a chart or summary was not admitted as evidence, that chart or summary was shown to you in order to make the other evidence more meaningful and to aid you in considering the evidence. Charts and summaries that were not admitted as evidence are no better than the testimony or the documents upon which they are based, and are not themselves independent evidence. Therefore, you are to give no greater consideration to these charts or summaries than you would give to the evidence upon which they are based. As to charts and summaries not admitted as evidence, it is for you to decide whether they correctly present the information contained in the testimony and in the exhibits on which they were based. You are entitled to consider these charts and summaries if you find that they are of assistance to you in analyzing and understanding the evidence.

Sources: 1 Modern Federal Jury Instructions-Criminal P 5.05, Instructions 5-12, 5-13 (2025) (modified)

25

**INSTRUCTION NO. 21**
(Witness Credibility)

It must be clear to you by now that the government and Mr. Goldstein are asking you to draw very different conclusions about various factual issues in the case. Deciding these issues will involve making judgments about the testimony of the witnesses you have listened to and observed. In making these judgments, you should carefully scrutinize all the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you to decide the truth and the importance of each witness's testimony.

Your decision whether to believe a witness may depend on how that witness impressed you. How did the witness appear? Was the witness candid, frank, and forthright; or, did the witness seem to be evasive or suspect in some way? How did the way the witness testified on direct examination compare with how the witness testified on cross-examination? Was the witness consistent or contradictory? Did the witness appear to know what he or she was talking about? Did the witness strike you as someone who was trying to report his or her knowledge accurately? These are examples of the kinds of common sense questions you should ask yourselves in deciding whether a witness is, or is not, truthful.

How much you choose to believe a witness may also be influenced by the witness's bias. Does the witness have a relationship with the government or Mr. Goldstein that may affect how he or she testified? Does the witness have some incentive, loyalty, or motive that might cause him or her to shade the truth? Does the witness have some bias, prejudice, or hostility that may cause the witness to give you something other than a completely accurate account of the facts he or she testified to?

26

You should also consider whether a witness had an opportunity to observe the facts he or she testified about. Also, you should consider whether the witness's recollection of the facts stands up in light of the other evidence in the case.

In other words, what you must try to do in deciding credibility is to size up a person just as you would in any important matter when you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection.

Sources: 1 Modern Federal Jury Instructions-Criminal P 7.01, Instruction 7-1 (2025) (modified)

**INSTRUCTION NO. 22**
(Defendant's Interest)

In a criminal case, the defendant has a constitutional right not to testify. However, if he chooses to testify, he is, of course, permitted to take the witness stand on his own behalf. In this case, Mr. Goldstein testified. You should examine and evaluate his testimony just as you would the testimony of any other witness.

As I have instructed you, the burden is on the prosecution to prove Mr. Goldstein's guilt of each element of the charges beyond a reasonable doubt.  This burden does not shift to Mr. Goldstein because he chose to testify.

Sources: Third Circuit Model Criminal Jury Instructions, Instruction No. 4.28 (Apr. 2024) (first paragraph); *see also* Ninth Circuit Manual of Model Criminal Jury Instructions, Instruction No. 6.4 (2022);1 Modern Federal Jury Instructions-Criminal P 4.01, Instruction 4-1 (2025) (modified) (second paragraph)

**INSTRUCTION NO. 23**
(Law Enforcement Witness)

You have heard the testimony of multiple law enforcement officials. The fact that a witness may be employed by the federal government as a law enforcement official does not mean that his testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

Sources: 1 Modern Federal Jury Instructions-Criminal P 7.01, Instruction 7-16 (2025)

**<u>INSTRUCTION NO. 24</u>**
(Expert Witness)

In this case, I have permitted certain witnesses to express their opinions about matters that are in issue. A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience and training. Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness' qualifications, his or her opinions, the reasons for testifying, as well as all the other considerations that ordinarily apply when you are deciding whether to believe a witness' testimony. You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his or her opinion. Nor should you substitute it for your own reason, judgment and common sense. The determination of the facts in this case rests solely with you.

<u>Sources:</u> 1 Modern Federal Jury Instructions-Criminal P 7.01, Instruction 7-21 (2025) (modified)

**INSTRUCTION NO. 27**
(*Defense Exhibit 788*)

Defense exhibit 788 is an email exchange between Ian Shuman and Agent Accardi. In this case, the government failed to turn over that email to the defense before trial; instead, the defense discovered it in the middle of trial. You heard testimony from Mr. Shuman about this document. The government had an obligation to produce that email before trial. In evaluating the merits of this case, you can decide what weight, if any, to give to the government's failure to produce the email to the defense.

Sources: *United States v. Garrison*, 888 F.3d 1057, 1063 n. 3 (9th Cir. 2018); Ninth Circuit Manual of Model Criminal Jury Instructions, Instruction No. 3.20 (2022) (citing *Garrison*)

**<u>INSTRUCTION NO. 28</u>**
(Tax Counts – Statutory Purpose)

Counts 1-13 of the indictment are federal tax charges. The system of tax collection in the United States relies upon the honesty of taxpayers. The government needs taxpayers to report timely, completely, and honestly all taxes they owe so that it can collect the taxes due. Congress, therefore, has made it a criminal offense for a taxpayer to evade taxes, to file a false return, or to fail to pay taxes under certain circumstances.

<u>Sources:</u> 1 Modern Federal Jury Instructions-Criminal P 59.01, Instruction 59-2 (2025) (modified)

**INSTRUCTION NO. 29**
(Tax Counts – Calculation Of Taxable Income)

During the trial, you heard reference to the concept of "taxable income," so I will explain to you the basics of how taxable income is determined.

The first step in arriving at an individual's taxable income is to determine the gross income of that individual. "Gross income" generally means all income from whatever source derived. Gross income includes, but is not limited to, compensation for services, such as wages, salaries, fees, or commissions, income derived from a  trade or business, gains from dealings in property, interest, royalties, and dividends. Gross income includes both lawful and unlawful earnings.

After having determined an individual's gross income, the next step in arriving at the income upon which the tax is imposed is to subtract from the gross income such deductions and losses as the law provides. In this connection, an individual is permitted to deduct from gross income all the ordinary and necessary expenses paid or incurred during the tax year in carrying on any trade or business or other profit-seeking endeavors, to the extent those expenses are not reimbursed by the business.

The amount remaining after subtracting the allowable deductions and losses from gross income is termed "adjusted gross income." In arriving at income upon which the tax is imposed, the individual is permitted to deduct from adjusted gross income either the zero bracket amount allowed by law or, in the alternative, amounts paid during the year for itemized deductions, which are limited by law, such as medical expenses, state income and property taxes, interest, charitable contributions, and other miscellaneous items. An individual is then allowed a deduction for each qualified exemption. The resulting figure is termed "taxable income," that is to say, the sum on which the income tax is normally imposed.

33

<u>Sources:</u> U.S. Dep't of Justice Criminal Tax Manual, Proposed Jury Instruction No. Misc-23 (citing 26 U.S.C. §§ 61 through 223 (Corporations, 26 U.S.C. §§ 61 through 281)) (modified)

**INSTRUCTION NO. 30**
(Tax Counts – Ordinary And Necessary Business Expenses)

I have instructed you that an individual is permitted to deduct from gross income all the ordinary and necessary expenses paid or incurred during the tax year in carrying on any trade or business or other profit-seeking endeavors, to the extent those expenses are not reimbursed by the business.

Federal law states that "[t]here shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including (1) a reasonable allowance for salaries or other compensation for personal services actually rendered; (2) traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business; and (3) rentals or other payments required to be made as a condition to the continued use or possession, for purposes of the trade or business, of property to which the taxpayer has not taken or is not taking title or in which he has no equity."

An expense is "ordinary" if it is common to the business community or industry of which it is a part. An expense is "necessary" if it is helpful and appropriate for the trade or business. An expense does not have to be indispensable to be considered necessary.

Sources: 26 U.S.C. § 162(a); IRS Publication 535, p. 3 (2022), https://www.irs.gov/forms-pubs/guide-to-business-expense-resources.

**INSTRUCTION NO. 31**
(Tax Counts – Willfulness)

The federal tax charges (counts 1-13) require the government to prove Mr. Goldstein acted willfully. A willful act is defined as a voluntary and intentional violation of a known legal duty. "Willfully" means purposefully and deliberately and not because of mistake, accident or negligence.

A defendant is not willful if he had a good faith misunderstanding of the law, even if that belief was unreasonable or irrational, as long as that belief was honestly and genuinely held. You may, however, consider whether a purported belief was reasonable as a factor in determining whether the belief was genuine. Innocent mistakes caused by the complexity of the Internal Revenue Code or negligence, even gross negligence, are not enough to meet the "willfulness" requirement.

To prove willfulness, the government does not need to prove that Mr. Goldstein was aware of the criminal consequences for his conduct. If Mr. Goldstein actually believed that what he was doing was in accord with the tax statute, he cannot be said to have had the criminal intent to have acted willfully.

Sources: *Cheek v. United States*, 498 U.S. 192 (1991); *United States v. Pensyl*, 387 F.3d 456, 459 (6th Cir. 2004); *United States v. Menner*, No. 3:08CR322-HEH, 2008 WL 11412180, at *1 (E.D. Va. Sept. 17, 2008); *United States v. Gilmore*, 837 F. App'x 101, 105 (3d Cir. 2020) (affirming jury instruction over defendant-appellant's objection that it should have said "criminal" instead of "unlawful" in defining willfulness) (third paragraph); *United States v. Rosenfield*, 469 F.2d 598, 600-01 & n.1 (3d Cir. 1972) (affirming jury instruction in § 7203 case defining "willfully" as "deliberately intending not to file a return which defendant knew he should have filed") (third paragraph)

36

**INSTRUCTION NO. 32**
(Reliance On Tax Preparer)

You have heard evidence that Mr. Goldstein received advice from a tax preparer and you may consider that evidence in deciding whether Mr. Goldstein acted willfully and with knowledge.

The mere fact that Mr. Goldstein may have received tax advice does not, in itself, necessarily constitute a complete defense. Instead, you must ask yourselves whether Mr. Goldstein honestly and in good faith sought the advice of a competent tax preparer as to what he may lawfully do; whether he fully and honestly laid all the facts before his tax preparer; and whether in good faith he honestly followed such advice, relying on it and believing it to be correct. In short you should consider whether, in seeking and obtaining advice from a tax preparer, Mr. Goldstein intended that his acts shall be lawful. If he did so, it is the law that Mr. Goldstein cannot be convicted of a crime that involves willful and unlawful intent, even if such advice were inaccurate.

On the other hand, no man can willfully and knowingly violate the law and excuse himself from the consequences of his conduct by pleading that he followed the advice of his tax preparer. Whether Mr. Goldstein acted in good faith for the purpose of seeking guidance as to the specific acts in this case, and whether he made a full and complete report to his tax preparer, and whether he acted substantially in accordance with the advice received, are questions for you to determine.

The criminal law does not penalize a taxpayer for delegating the responsibility of the preparation of his tax returns to a person whom he has reason to believe is competent to handle such matters. If a taxpayer selects a person believed competent to prepare his returns and relies upon him to prepare and file proper returns, he has done all that the law requires of him.

Sources: 1 Modern Federal Jury Instructions-Criminal P 8.04, Instruction 8-4 (2025) (modified); *United States v. Witasick*, 443 F. App'x 838, 841 (4th Cir. 2011) ("Good faith reliance on a qualified accountant has long been a defense to willfulness in cases of tax fraud and evasion. The good faith reliance defense is not applicable, however, where the defendant has failed to fully and accurately disclose all relevant tax-related information to the accountant upon whose advice the defendant claims reliance..") (quotations and citations omitted)

37

**INSTRUCTION NO. 36**
(Assignment Of Income)

Income is taxable to the person who earns it.  The assignment or diversion of income not yet received to another individual or entity does not relieve the assignor of tax liability on that income.

Sources: *U.S. v. Josephberg*, No. 4-cr-1002 (S.D.N.Y.) (modified); *Lucas v. Earl*, 281 U.S. 111 (1930); *Young v. Comm'r*, 240 F.3d 369, 376 (4th Cir. 2001) ("The Court has long held that the assignment to another of income not yet received does not relieve the assignor of tax liability on that income."); Mertens, Law Of Federal Income Taxation § 5:25 (2025) ("The determination of the proper taxpayer depends upon which person or entity in fact controls the earning of the income rather than who ultimately receives the income.")

**INSTRUCTION NO. 37**
(No Duty To Amend A Tax Return)

You have heard testimony about whether Mr. Goldstein's filed amended tax returns.  I instruct you that a taxpayer has no legal duty to file an amended return upon the discovery of a mistake or error on a prior year's return.  I also instruct you that Mr. Goldstein is not charged with making a false statement on any amended return.

Sources: 15 Mertens Law of Fed. Income Tax'n § 56:75 (2025) ("Based on the Supreme Court's decision and the language in the applicable Regulations, it would appear that there is no clear statutory, regulatory or judicial authority for the proposition that the taxpayer is under a legal obligation to file an amended return upon the discovery of a mistake or error on a prior year's return.").

39

**INSTRUCTION NO. 38**
(Tax Evasion – Indictment And Statute)

Count 1 of the indictment charges Mr. Goldstein with evasion of income tax, and aiding, abetting, counseling, commanding, inducing, or procuring such an offense.

Count 1 alleges that from in or about January 2016 through in or about March 2021, in the District of Maryland and elsewhere, Mr. Goldstein willfully attempted to evade and defeat the income tax due and owing and the payment thereof by him to the United States of America, for the tax year 2016.

The indictment alleges that Mr. Goldstein violated section 7201 of Title 26 of the United States Code, which provides in pertinent part: "Any person who willfully attempts in any manner to evade or defeat any tax imposed by [the Internal Revenue Code shall be guilty of a crime]." The indictment also alleges that Mr. Goldstein violated section 2 of Title 18 of the United States Code, which provides in pertinent part: "Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal" and "[w]hoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal."

Sources: 1 Modern Federal Jury Instructions-Criminal P 59.01, Instruction 59-1 (2025) (modified)

40

**INSTRUCTION NO. 39**
(Tax Evasion – Elements Of The Offense)

In order for the crime of income tax evasion to be proved, the government must establish beyond a reasonable doubt each of the following elements:

First, that Mr. Goldstein had a substantial tax deficiency for tax year 2016.

Second, that Mr. Goldstein attempted to evade or defeat the assessment or payment of the tax by committing at least one affirmative act described in the indictment after January 1, 2018.

Third, that in attempting to evade or defeat the tax, Mr. Goldstein acted willfully.

Sources: 1 Modern Federal Jury Instructions-Criminal P 59.01, Instruction 59-3 (2025) (modified); *United States v. Wilson*, 118 F.3d 228, 236 (4th Cir. 1997) (holding that government "introduced sufficient evidence that a 'substantial tax deficiency' existed)

41

**<u>INSTRUCTION NO. 40</u>**
(Tax Evasion – First Element – Tax Due)

The first element of the offense that the government must prove beyond a reasonable doubt is that Mr. Goldstein had a substantial tax deficiency for tax year 2016.

The government does not have to prove the exact amount Mr. Goldstein owed. Nor does the government have to prove that all the tax charged in the indictment was evaded.

<u>Sources:</u> 1 Modern Federal Jury Instructions-Criminal P 59.01, Instruction 59-4 (2025) (modified); *United States v. Wilson*, 118 F.3d 228, 236 (4th Cir. 1997) (holding that government "introduced sufficient evidence that a 'substantial tax deficiency' existed)

**INSTRUCTION NO. 41**
(Tax Evasion – Second Element – Affirmative Act Constituting Evasion)

The second element that the government must prove beyond a reasonable doubt is that Mr. Goldstein committed an affirmative act constituting tax evasion after January 1, 2018.

The Internal Revenue Code makes it a crime to attempt, in any manner, to evade or defeat any income tax imposed by law. There are many different ways in which a tax may be evaded, or an attempt may be made to evade it.

The affirmative act requirement can be met by affirmative acts of concealment of taxable income such as keeping a double set of books, making false entries or invoices or documents, destroying books or records, concealing assets or covering up sources of income, handling one's affairs so as to avoid keeping records, and/or other conduct whose likely effect would be to mislead the Internal Revenue Service or conceal income.

To prove an affirmative act, the government must show that Mr. Goldstein committed the act with the intent to evade or defeat tax. If the tax evasion motive plays any part in such conduct, it can be an affirmative act even though the conduct may also serve other purposes such as concealment of other crime. An otherwise lawful act can be an affirmative act as long as the government proves that Mr. Goldstein had the required intent to evade or defeat tax.

The indictment alleges that Mr. Goldstein committed affirmative acts of evasion of assessment and payment. Affirmative acts of evasion of assessment are attempts to prevent the government from determining a taxpayer's true tax liability. Affirmative acts of evasion of payment are attempts to conceal a taxpayer's ability to pay a tax due and owing.

Count 1 alleges that from in or about January 2016 through in or about March 2021, in the District of Maryland and elsewhere, Mr. Goldstein committed and caused to be committed the following affirmative acts of evasion:

43

(a) using funds and assets of G&R to pay personal gambling debts;

(b) providing false and incomplete information to the Accounting Firm;

(c) making false and misleading statements to an IRS Revenue Officer in March 2018;

(d) making false and misleading statements to IRS representatives in October 2020;

(e) transferring at least $960,000 in personal funds into G&R's IOLTA account in March 2021 to shield the funds from collection by the IRS;

(f) using foreign individuals and foreign bank accounts to receive income;

(g) causing the preparation, signing, and filing with the IRS of a false and fraudulent Form 1120S for G&R; and

(h) causing the preparation, signing, and filing with the IRS of a false and fraudulent Form 1040 for himself and his wife.

You may not find Mr. Goldstein guilty of Count 1 on the basis of any affirmative acts other than the ones I have just listed.

The government is not required to prove that Mr. Goldstein committed every one of the affirmative acts alleged in the indictment. However, the government is required to prove that Mr. Goldstein committed at least one of the affirmative acts alleged.  To find that the government has proved this, you must agree unanimously on which particular affirmative act Mr. Goldstein committed, in addition to agreeing unanimously on all of the other elements of the crime charged.

Sources: 1 Modern Federal Jury Instructions-Criminal P 59.01, Instruction 59-7 (2025) (modified); U.S. Dep't of Justice Criminal Tax Manual, §§ 8.03, 8.06[2] (collecting cases and authorities supporting the fourth paragraph); *United States v. Gorrell*, 922 F.3d 1117, 1124 (10th Cir. 2019) (fourth paragraph); *United States v. Valenti*, 121 F.3d 327, 333 (7th Cir. 1997) (fourth paragraph); *United States v. Voigt*, 89 F.3d 1050, 1090 (3d Cir. 1996) (fourth paragraph)

**INSTRUCTION NO. 42**
(Tax Evasion – Second Element – Statute Of Limitations)

You also must determine whether the government has proved beyond a reasonable doubt that Mr. Goldstein was charged within the statute of limitations.  I instruct you that, to meet this burden, the government must prove beyond a reasonable doubt that Mr. Goldstein committed an affirmative act after January 1, 2018, to evade or defeat a tax.  Therefore, if you do not unanimously find that Mr. Goldstein committed an affirmative act constituting tax evasion after January 1, 2018, then you must find Mr. Goldstein not guilty.

Sources: U.S. Dep't of Justice Criminal Tax Manual, Proposed Jury Instruction No. Misc-83 (modified); *United States v. Walker*, No. 1:12-CR-1 (WLS), 2015 WL 7713931 (M.D. Ga. Nov. 19, 2015) (modified)

**INSTRUCTION NO. 44**
(Tax Evasion – Second Element – Only Need To Prove One Act)

The government is not required to prove that Mr. Goldstein committed every one of the affirmative acts alleged in the indictment. However, the government is required to prove that Mr. Goldstein committed at least one of the affirmative acts alleged. You must unanimously agree that Mr. Goldstein committed at least one affirmative act occurring after January 1, 2018.

Sources: The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit, Instruction No. 4.04 & p. 1062 (2023 ed.) (modified); Third Circuit Model Criminal Jury Instructions, Instruction No. 6.26.7201-3 & comment (Feb. 2021); Eighth Circuit Model Jury Instructions, Instruction No. 6.26.7201 & n.2 (2025 ed.)*; United States v. Tipton*, 90 F.3d 861, 885 (4th Cir. 1996) (quoting *Schad v. Arizona*, 501 U.S.624, 632 (1991) (plurality)) ("There is no general requirement of jury unanimity 'on the preliminary factual issues which underlie the verdict.'"); *United States v. Damra*, 621 F.3d 474, 503-04 (6th Cir. 2010) (no specific unanimity for evasion); *United States v. Schiff*, 801 F.2d 108, 115 (2d Cir. 1986) (same)

46

**INSTRUCTION NO. 48**
(Tax Evasion – Third Element – Willfulness)

The third element of the offense that the government must prove beyond a reasonable doubt is that Mr. Goldstein acted willfully. As I previously instructed you, a willful act is defined as a voluntary and intentional violation of a known legal duty. "Willfully" means purposefully and deliberately and not because of mistake, accident, or negligence.

Sources: 1 Modern Federal Jury Instructions-Criminal P 59.01, Instruction 59-8 (2025) (modified); Pattern Criminal Jury Instructions for the District Courts of the First Circuit, Instruction No. 4.26.7201 (modified) (Feb. 6, 2024)

**INSTRUCTION NO. 49**
(False Returns – Indictment And Statute)

Counts 2-9 of the indictment charge Mr. Goldstein with aiding or assisting in the filing of a false tax return, and aiding, abetting, counseling, commanding, inducing, or procuring such an offense. The indictment reads as follows:

On or about the dates set forth below, in the District of Maryland and elsewhere, the defendant did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation under, and in connection with a matter arising under, the internal revenue laws, of returns, claims, and other documents, that is, the IRS Forms 1040 and 1120S and attached schedules set forth below, for the tax years set forth below, each of which returns, claims and other documents, as Mr. Goldstein then and there knew, were false and fraudulent as to one or more material matters, as set forth below:

| COUNT | TAXPAYER/ RETURN | TAX YEAR | FILING DATE (Approximate) | FALSE ITEMS |
|---|---|---|---|---|
| 2 | **GOLDSTEIN** Form 1040 | 2017 | 10/15/2018 | a) Line 17: S Corp Income from Schedule E of $3,214,887<br><br>b) Line 21: Other Income of $0<br><br>c) Line 22: Total Income of $3,374,846<br><br>d) Line 78: Amount Owed of $1,037,595 |
| 3 | G&R Form 1120S | 2017 | 09/15/2018 | a) Line 1a: Gross Receipts and Sales of $7,258,225<br><br>b) Line 19: Other Deductions of $1,491,487<br><br>c) Line 20: Total Deductions of $3,948,019 |

48

| COUNT | TAXPAYER/ RETURN | TAX YEAR | FILING DATE (Approximate) | FALSE ITEMS |
|---|---|---|---|---|
| 4 | **GOLDSTEIN** Form 1040 | 2018 | 10/15/2019 | a) Schedule 1, Line 17: S Corp Income from Schedule E of $336,763<br><br>b) Schedule 1, Line 21: Other Income of $0<br><br>c) Line 6: Total Income of $527,879<br><br>d) Line 22: Amount Owed of $25,109 |
| 5 | G&R Form 1120S | 2018 | 04/15/2019 | a) Line 1a: Gross Receipts and Sales of $7,354,028<br><br>b) Line 19: Other Deductions of $3,231,942<br><br>c) Line 20: Total Deductions of $6,839,880 |
| 6 | **GOLDSTEIN** Form 1040 | 2019 | 10/15/2020 | a) Schedule 1, Line 5: S Corp Income from Schedule E of $1,973,681<br><br>b) Schedule 1, Line 8: Other Income of $12,400<br><br>c) Line 7a: Other Income from Schedule 1 of $2,011,519<br><br>d) Line 23: Amount Owed of $681,515 |
| 7 | G&R Form 1120S | 2019 | 09/15/2020 | a) Line 1a Gross Receipts and Sales of $6,828,938<br><br>b) Line 19 Other Deductions of $928,755<br><br>c) Line 20: Total Deductions of $4,845,868 |

49

| COUNT | TAXPAYER/ RETURN | TAX YEAR | FILING DATE (Approximate) | FALSE ITEMS |
|---|---|---|---|---|
| 8 | **GOLDSTEIN** Form 1040 | 2020 | 10/15/2021 | a) Answer "No" to question whether, at any time during 2020, the defendant had received, sold, sent, exchanged, or otherwise acquired any financial interest in any virtual currency<br><br>b) Schedule 1, Line 5: S Corp Income from Schedule E of $2,818,297<br><br>c) Schedule 1, Line 8: Other Income of $0<br><br>d) Line 9: Total Income of $2,976,261 |
| 9 | **GOLDSTEIN** Form 1040 | 2021 | 10/15/2022 | a) Answer "No" to question whether, at any time during 2021, the defendant had received, sold, sent, exchanged, or otherwise disposed of any financial interest in any virtual currency<br><br>b) Schedule 1, Line 5: S Corp Income from Schedule E of $3,517,770<br><br>c) Schedule 1, Line 8b: Gambling Income of $0<br><br>d) Line 9: Total Income of $3,675,863<br><br>e) Line 37: Amount Owed of $1,139,488 |

The indictment alleges that the defendant violated section 7206(2) of Title 26 of the United States Code, which provides that: "Any person who willfully aids or assists in, or procures, counsels or advises the preparation or presentation under, or in connection with any matter arising under, the internal revenue laws, of a return, affidavit, claim or other document, which is fraudulent

50

or is false as to any material matter … [shall be guilty of a crime].” The indictment also alleges

that the defendant violated section 2 of Title 18 of the United States Code, which provides in

pertinent part: “Whoever commits an offense against the United States or aids, abets, counsels,

commands, induces or procures its commission, is punishable as a principal” and “[w]hoever

willfully causes an act to be done which if directly performed by him or another would be an

offense against the United States, is punishable as a principal.”

Sources: 1 Modern Federal Jury Instructions-Criminal P 59.04, Instruction 59-25 (2025)
(modified)

52

**INSTRUCTION NO. 50**
(False Returns – Elements Of The Offense)

To prove Mr. Goldstein guilty of aiding or assisting in the filing of a false tax return, the government must prove each of the following elements beyond a reasonable doubt:

First, that Mr. Goldstein advised or assisted in the preparation of a tax return that was subsequently filed.

Second, that the return was false as to any material matter.

Third, that Mr. Goldstein acted willfully.

Sources: 1 Modern Federal Jury Instructions-Criminal P 59.04, Instruction 59-27 (2025)

**INSTRUCTION NO. 51**
(False Returns – First Element – Defendant Advised Or Assisted In The Preparation Of A
Return)

The first element that the government must prove beyond a reasonable doubt is that Mr. Goldstein advised or assisted in the preparation of a tax return that was subsequently filed with the Internal Revenue Service.

It is not required that the government prove that Mr. Goldstein actually prepared or signed the return in order to prove that he aided in its preparation. It is also not required that the government prove that Mr. Goldstein was aware of the false statements in the tax return itself. Instead, proof that Mr. Goldstein knowingly provided false information (or directions) with the expectation that the information he provided would be used to file a tax return is sufficient to satisfy this element.

As to each count, you must agree unanimously on which particular act Mr. Goldstein committed that aided or assisted in the filing of a false tax return.

Count 2 alleges that, in connection with Mr. Goldstein's Form 1040 for tax year 2017, Mr. Goldstein (1) failed to report $3,250,000 in gross gambling winnings, (2) omitted $215,971 in pension-related income, and (3) omitted $263 in interest income.

Count 3 alleges that, in connection with Goldstein & Russell's Form 1120S for tax year 2017, Mr. Goldstein (1) diverted a $250,000 legal fee from Robbins Geller to his personal account, and (2) used $175,000 of firm funds to pay a personal debt to Napoli Shkolnik.

Count 4 alleges that, in connection with Mr. Goldstein's Form 1040 for tax year 2018, Mr. Goldstein (1) omitted $968,000 in cash income, and (2) omitted interest income.

Count 5 alleges that, in connection with Goldstein & Russell's Form 1120S for tax year 2018, Mr. Goldstein (1) used $125,000 legal fee due from Napoli Shkolnik to satisfy a personal

53

debt of $125,000, (2) omitted approximately $1,000,000 in income transferred into a Montenegrin account by Paul Phua, and (3) omitted $968,000 in cash income.

Count 6 alleges that, in connection with Mr. Goldstein's Form 1040 for tax year 2019, Mr. Goldstein failed to report $359,000 in gross gambling winnings.

Count 7 alleges that, in connection with Goldstein & Russell's Form 1120S for tax year 2019, Mr. Goldstein (1) used $170,000 of firm funds to pay a personal debt to Chuck Pacheco, and (2) omitted $235,000 in legal fee income from Paul Phua.

Count 8 alleges that, in connection with Mr. Goldstein's Form 1040 for tax year 2020, Mr. Goldstein (1) failed to report $93,180 in gross gambling winnings, and (2) answered "no" to the question whether, at any time during 2020, he had received, sold, sent, exchanged, or otherwise acquired any financial interest in any virtual currency.

Count 9 alleges that, in connection with Mr. Goldstein's Form 1040 for tax year 2021, Mr. Goldstein (1) redirected a $500,000 legal fee payment from Tobey Maguire to Bob Safai, (2) failed to report $267,000 in gross gambling winnings, and (3) answered "no" to the question whether, at any time during 2021, he had received, sold, sent, exchanged, or otherwise disposed of any financial interest in any virtual currency.

You may not find Mr. Goldstein guilty of Counts 2 through 9 on the basis of any acts other than the ones I have just listed.

Sources: 1 Modern Federal Jury Instructions-Criminal P 59.04, Instruction 59-28 (2025) (second paragraph is from the "if applicable" language); *United States v. Nealy*, 729 F.2d 961, 963 (4th Cir. 1984)

**INSTRUCTION NO. 52**
(False Returns – Second Element – Return Was False)

The second element that the government must prove beyond a reasonable doubt is that the return was false as to a material matter.

An income tax return may be false not only by reason of understatement of income, but also because of an overstatement of lawful deductions or because deductible expenses are mischaracterized on the return.

The false statement in the return must be material. This means that it must be essential to an accurate determination of Mr. Goldstein's tax liability. As to each count, you must agree unanimously on which particular statement was false.

Sources: 1 Modern Federal Jury Instructions-Criminal P 59.04, Instruction 59-29 (2025); *Baker v. United States*, 401 F.2d 958, 987 (D.C. Cir. 1968) (*citing Sansone v. United States*, 380 U.S. 343, 353 (1965))

**INSTRUCTION NO. 53**
(False Returns – Third Element – Willfulness)

The third element of the offense that the government must prove beyond a reasonable doubt is that Mr. Goldstein acted willfully. As I previously instructed you, a willful act is defined as a voluntary and intentional violation of a known legal duty. "Willfully" means purposefully and deliberately and not because of mistake, accident, or negligence.

Sources: 1 Modern Federal Jury Instructions-Criminal P 59.01, Instruction 59-8 (2025) (modified); 1 Modern Federal Jury Instructions-Criminal P 59.04, Instruction 59-30 (2025) (modified)

**INSTRUCTION NO. 54**
(Failure To Pay – Indictment And Statute)

Counts 10-13 of the indictment charge Mr. Goldstein with failing to timely pay income taxes, and aiding, abetting, counseling, commanding, inducing, or procuring such an offense. The indictment reads as follows:

In the tax years set forth below, in the District of Maryland and elsewhere, Mr. Goldstein received taxable income of at least the amounts set forth below, on which taxable income there was owing to the United States of America an income tax of at least the amounts set forth below, which required the defendant to pay, on or before the payment due dates set forth below, that income tax to the Internal Revenue Service. Well-knowing the foregoing, on or about the tax payment due dates set forth below, the defendant did willfully fail to pay the income tax due, as follows:

| COUNT | TAX YEAR | TAXABLE INCOME (Reported on Tax Return) | APPROXIMATE TAX DUE | PAYMENT DUE DATE |
|---|---|---|---|---|
| 10 | 2017 | $2,707,866 | $1,037,595 | 04/17/2018 |
| 11 | 2019 | $2,004,734 | $512,522 | 07/15/2020 |
| 12 | 2020 | $2,941,485 | $947,137 | 05/17/2021 |
| 13 | 2021 | $3,675,863 | $1,139,488 | 04/18/2022 |

The indictment alleges that Mr. Goldstein violated section 7203 of Title 26 of the United States Code, which provides in pertinent part: "Any person required under this title to pay any estimated tax or tax . . . who willfully fails to pay such estimated tax or tax . . . at the time or times required by law or regulations, [shall be guilty of a crime]."

57

Sources: 1 Modern Federal Jury Instructions-Criminal P 59.02, Instruction 59-12 (2025) (modified)

**INSTRUCTION NO. 55**
(Failure To Pay – Elements Of The Offense)

In order for the government to prove the charge of failure to pay taxes, it must establish beyond a reasonable doubt each of the following elements:

First, that Mr. Goldstein owed income taxes for the tax year in question;

Second, that Mr. Goldstein failed to pay the tax by the due date for the tax year in question; and

Third, that Mr. Goldstein's failure to pay the tax was knowing and willful.

Sources: 1 Modern Federal Jury Instructions-Criminal P 59.02, Instruction 59-14 (2025) (modified)

**INSTRUCTION NO. 56**
(Failure To Pay – First Element – Tax Owed)

The first element that the government must establish beyond a reasonable doubt is that Mr. Goldstein owed income taxes for the tax year in question. Mr. Goldstein owed income taxes for the tax year in question if he had a duty to pay the tax and the tax was unpaid.

Sources: U.S. Dep't of Justice Criminal Tax Manual, § 10.06[2] ("When a return that shows a tax due and owing is filed and less than the full amount of tax is paid, there are at least two possible charges, depending on the facts -- an attempted evasion of payment, in violation of 26 U.S.C. § 7201, or a failure to pay a tax, in violation of 26 U.S.C. § 7203."); *United States v. McGill*, 964 F.2d 222, 239-40 (3d Cir. 1992) ("A § 7203 claim is made out by showing 1) the failure to pay a tax that is due, and 2) willfulness," where "failure to pay a tax" requires showing "1) a duty to pay the tax, [and] 2) the tax was unpaid")

60

**INSTRUCTION NO. 57**
(Failure To Pay – Second Element – Payment Due Dates)

The second element that the government must establish beyond a reasonable doubt is that Mr. Goldstein failed to pay the tax by the due date for the tax year in question.

I instruct you that an individual taxpayer who is required by law to pay income taxes for a given tax year must do so on or before the deadline for that year. Therefore, in order to satisfy this second element, the government must prove beyond a reasonable doubt both the due date for the tax year in question and that Mr. Goldstein failed to pay income taxes on or before that date. The indictment alleges the following due dates:

| COUNT | TAX YEAR | PAYMENT DUE DATE |
|---|---|---|
| 10 | 2017 | 04/17/2018 |
| 11 | 2019 | 07/15/2020 |
| 12 | 2020 | 05/17/2021 |
| 13 | 2021 | 04/18/2022 |

Sources: 1/15/2026 Trial Tr. 26:14-15 (first paragraph), 25:7-19 (due dates and amounts owed for counts 10-13); 1 Modern Federal Jury Instructions-Criminal P 59.02, Instruction 59-16 (2025)

**INSTRUCTION NO. 58**
(Failure To Pay – Second Element – When Crime Is Complete)

You have heard evidence that for the tax years in question in counts 10-13 of the indictment, Mr. Goldstein sought and received automatic extensions of time to file his income tax returns. You also have heard evidence that Mr. Goldstein eventually paid the income taxes he owed for the tax years in question in counts 10-13.

However, an automatic extension of time for filing a return does not extend the time for payment of any tax due on such return. And the government must only prove that the tax was not paid on time; the government does not have to show that the tax was never paid.

Sources: 26 U.S.C. § 6151(a) ("[W]hen a return of tax is required under this title or regulations, the person required to make such return . . . shall pay such tax at the time and place fixed for filing the return (*determined without regard to any extension of time for filing the return*)" (emphasis added)); 26 C.F.R. § 1.6081-4(c) ("An automatic extension of time for filing a return granted under paragraph a of this section will not extend the time for payment of any tax due on such return."); J. Mertens, Law of Fed. Income Taxation § 49E:2 (2025) ("The general rule for the payment of taxes for which a return is required is that the tax must be paid at the time the return is due, without regard to any extension of time."); *Sansone v. United States*, 380 U.S. 343, 354 (1965) ("[T]he intent to report the income and pay the tax sometime in the future does not vitiate the willfulness required by [26 U.S.C. § 7203].")

62

## **INSTRUCTION NO. 59**
(Failure To Pay – Third Element – Willfulness)

The third element of the offense that the government must prove beyond a reasonable doubt is that Mr. Goldstein's failure to pay the tax was knowing and willful. As I previously instructed you, a willful act is defined as a voluntary and intentional violation of a known legal duty. "Willfully" means purposefully and deliberately and not because of mistake, accident, or negligence.

Sources: 1/15/2026 Trial Tr. 26:16-23; 1 Modern Federal Jury Instructions-Criminal P 59.01, Instruction 59-8 (2025) (modified)

**INSTRUCTION NO. 60**
(Uncharged Conduct)

You heard evidence during this trial about payments made by Vivek Rajkumar (or his associate Jason Somerville) to Mr. Goldstein and payments made by Mr. Goldstein to Micheal McGuinness. You also heard evidence about Mr. Goldstein offering items of value to Ms. Bart in October 2020 to January 2021, as well as evidence about the timing of her departure from the firm.

I instruct you that Mr. Goldstein is not charged with any crime in connection with any payments he received from Mr. Rajkumar or Mr. Somerville, any payments he made to Mr. McGuinness, or the offers he made to Ms. Bart or her departure from the firm. Those payments and offers are not affirmative acts of evasion alleged in support of count 1 of the indictment (Tax Evasion for 2016). Nor are they acts aiding or assisting the filing of a false tax return alleged in support of counts 2-9 of the indictment (Assisting the Preparation of a False Return for 2017 through 2021).

Therefore, even if you find that the payments or offers were made, that is not sufficient to prove an affirmative act of evasion as required by count 1. Likewise, even if you find that the payments or offers were made, that is not sufficient to prove an act assisting the preparation of a false return as required by counts 2-9.

This evidence may be considered by you only to the extent that it bears upon whether Mr. Goldstein willfully violated the tax laws as alleged in counts 1-13 (Tax Evasion, False Returns, and Willful Failure to Pay). You may not consider testimony on this topic as any kind of reflection on Mr. Goldstein's character.

64

65

<u>Sources:</u> 1/15/2026 Trial Tr. 95:20-96:12; ECF No. 212 (government's 404(b) notice)

**INSTRUCTION NO. 61**
(False Statement On A Loan Application – Indictment And Statute)

Counts 14-16 of the indictment charge Mr. Goldstein with making a false statement on a mortgage loan application, and aiding, abetting, counseling, commanding, inducing, or procuring such an offense.

Count 14 alleges that on or about February 24th of 2021, in the District of Maryland and elsewhere Mr. Goldstein did knowingly make false statements and reports for the purpose of influencing in any way the actions of First Savings Mortgage Corporation, a mortgage lending business as defined in Title 18, in connection with an application, advance, discount, purchase, purchase agreement, repurchase agreement, commitment, and loan, in that, in connection with the loan application seeking approximately $2 million, Mr. Goldstein represented that the information he provided in the application was true, accurate and complete as of the date of the application, when in truth and fact Mr. Goldstein knew that the application had omitted liabilities totaling over $15 million based on the amounts owed under Note 1 and Note 2 and omitted over $512,000 that Mr. Goldstein then owed to the Internal Revenue Service for the 2019 tax year and that Mr. Goldstein answered "no" in response to the question whether Mr. Goldstein was currently delinquent or in default on a federal debt, when in truth and in fact, Mr. Goldstein knew that he had unpaid tax liability of over $512,000 for tax year 2019.

Count 15 alleges that on or about March 1st of 2021, in the District of Maryland and elsewhere, Mr. Goldstein did knowingly make false statements and reports for the purpose of influencing in any way the action of First Savings Mortgage Corporation, a mortgage lending business as defined in Title 18, in connection with an application, advance, discount, purchase, purchase agreement, repurchase agreement, commitment and loan, in that, in connection with the loan application seeking approximately $180,000, Mr. Goldstein represented that the information

66

he provided in the application was true, accurate and complete as of the date of this application, when in truth and fact, Mr. Goldstein knew that the application omitted liabilities totaling over $15 million based on the amounts owed under Note 1 and Note 2 and omitted over $512,000 that Mr. Goldstein then owed to the Internal Revenue Service for the 2019 tax year, and that Mr. Goldstein answered "no" in response to the question whether Mr. Goldstein was currently delinquent or in default on a federal debt when, in truth and in fact, Mr. Goldstein knew that he had unpaid tax liability of over $512,000 for the 2019 tax year.

Count 16 alleges that on or about September 29th of 2021, in the District of Maryland and elsewhere, Mr. Goldstein did knowingly make false statements and reports for the purpose of influencing in any way the action of NFM Lending, a mortgage lending business as defined in Title 18, in connection with an application, advance, discount, purchase, purchase agreement, repurchase agreement, commitment and loan, in that, in connection with a loan application seeking approximately $1,987,500, Mr. Goldstein represented that the information he provided in the application was true, accurate and complete as of the date he signed the application, when in truth and fact, Mr. Goldstein knew that the application had omitted liabilities totaling over $14,500,000 based on the amounts owed under Note 1 and Note 2, and that Mr. Goldstein answered "no" in response to the question whether Mr. Goldstein was a co-signer or guarantor on any debt or loan that is not disclosed in this application when, in truth and fact, Mr. Goldstein knew that he was a guarantor on the two financing agreements between Goldstein & Russell and Parabellum, which were in the amounts of $1,600,000 and $4 million, respectively.

The relevant statute on this subject is section 1014 of Title 18 of the United States Code. That section provides, whoever knowingly makes any false statement or report for the purpose of

67

influencing in any way the actions of a mortgage lending business upon any application loan shall be guilty of a crime.

The indictment also alleges that Mr. Goldstein violated Section 2 of Title 18 of the United States Code. This provision provides in pertinent part as follows: Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission is punishable as the principal, and whoever willfully causes an act to be done, which if directly performed by him or another would be an offense against the United States, is punishable as the principal.

Sources: 1/15/2026 Trial Tr. 26:14-30:11; 1 Modern Federal Jury Instructions-Criminal P 37.03, Instruction 37-15 (2025) (modified)

68

**INSTRUCTION NO. 62**
(False Statement On A Loan Application – Purpose Of The Statute)

The essence of the crime charged in counts 14-16 of the indictment is the making of a false statement in a mortgage application for the purpose of influencing in any way the action of the mortgage lending business from which a loan is sought. It is not dependent upon the accomplishment of that purpose.

The statute does not require proof that the mortgage lending business's officials relied upon the allegedly false statements. It has nothing whatsoever to do with defrauding the mortgage lending business or whether the mortgage lending business is actually defrauded. Similarly, the statute has nothing to do with defrauding the government. Thus, it is of no consequence whether the application was granted, or, if granted, whether the mortgage lending business suffered no loss. The fact that no pecuniary losses may have been sustained by the mortgage lending business is not relevant under this law.

Sources: 1 Modern Federal Jury Instructions-Criminal P 37.03, Instruction 37-16 (2025) (modified)

**INSTRUCTION NO. 63**

(False Statement On A Loan Application – Elements Of The Offense)

In order to prove Mr. Goldstein guilty of counts 14-16 of the indictment, the government

must prove each of the following elements beyond a reasonable doubt:

First, that Mr. Goldstein made a false statement or report relating to an application to a

mortgage lending business;

Second, that Mr. Goldstein acted knowingly;

Third, that the false statement or report was made for the purpose of influencing in any

way the mortgage lending business's action; and

Fourth, that the statement was submitted to a mortgage lending business.

Sources: 1/15/2026 Trial Tr. 30:15-23; 1 Modern Federal Jury Instructions-Criminal P 37.03, Instruction 37-17 (2025) (modified); Jury Instructions, *United States v. Mosby*, No. 22-cr-0007 (D. Md. Feb. 7, 2024), Dkt. 471 at 27

70

**INSTRUCTION NO. 64**

(False Statement On A Loan Application – First Element – Defendant Made A False Statement)

The first element that the government must prove beyond a reasonable doubt is that Mr. Goldstein made a false statement or report relating to an application to a mortgage lending business.

I previously instructed you on the statements that the government alleges are false with respect to counts 14-16.

The first thing that the government must prove to satisfy this element is that an application was made to the mortgage lending business. This requires that an application sufficient for the mortgage lending business to act on was made. Thus, if the mortgage lending business accepted oral applications, then an oral application would be sufficient. If the mortgage lending business required a written application, then that would be sufficient, but an oral application would not be. And if a signed application is required, then an unsigned application would not be sufficient.

The second part of this element that the government must prove is that a false statement was made relating to the application.

The last part of this element is that the statement was false. A statement is false if it was untrue. The literal truth of the allegedly false statement is a defense to the making of a false statement element.

If you find that Mr. Goldstein did not make a false statement, or if you find that the statement was not false—or if you have a reasonable doubt as to this element—then it is your duty to acquit.  As to each count, you must agree unanimously on which particular statement was false.

71

Sources: 1/15/2026 Trial Tr. 30:15-17 (first paragraph); 1 Modern Federal Jury Instructions-Criminal P 37.03, Instruction 37-18 (2025) (modified)

## INSTRUCTION NO. 65

(False Statement On A Loan Application – Second Element – Statement Knowingly Made)

The second element that the government must prove beyond a reasonable doubt is that Mr. Goldstein acted "knowingly."

It is not a crime to make a false statement inadvertently or negligently. Thus, before you can find that the government has established the second element, that Mr. Goldstein acted knowingly, you must be satisfied beyond a reasonable doubt that Mr. Goldstein, in making a statement, acted deliberately, intentionally, and understandingly; that is, that he knew what he was doing, and that he knew the statement was false at the time it was made.

Sources: 1/15/2026 Trial Tr. 30:18 (first paragraph); 1 Modern Federal Jury Instructions-Criminal P 37.03, Instruction 37-19 (2025) (modified); 1 Modern Federal Jury Instructions-Criminal P 3A.01, Instruction 3A-2 (2025) (modified) (last paragraph)

73

**INSTRUCTION NO. 66**

(False Statement On A Loan Application – Third Element – Purpose Of The Statement)

The third element the government must establish is that Mr. Goldstein made such false statement "for the purpose of influencing in any way" the mortgage lending business's action.

The quoted words almost define themselves. The emphasis of the statute is upon the person making the false statement. Thus, to act "for the purpose of influencing" the mortgage lending business means that the person made the false statement intended that the mortgage lending business take action based on that statement.

The government is not required that the mortgage lending business actually relied upon the alleged false statement.

Sources: 1/15/2026 Trial Tr. 30:19-21 (first paragraph); 1 Modern Federal Jury Instructions-Criminal P 37.03, Instruction 37-20 (2025) (modified)

74

**INSTRUCTION NO. 67**

(False Statement On A Loan Application – Fourth Element – Statement Made To A Mortgage Lending Business)

The fourth element that the government must prove beyond a reasonable doubt is that the statement was submitted to a mortgage lending business.

The phrase "mortgage lending business" means an organization which finances or refinances any debt secured by an interest in real estate, including private mortgage companies and any subsidiaries of such organizations, and whose activities affect interstate or foreign commerce.

Sources: 1/15/2026 Trial Tr. 30:22-23; 18 U.S.C. §§ 20, 27 (second paragraph)

**INSTRUCTION NO. 68**
(False Statement On A Loan Application – Venue)

In addition to the foregoing elements of the offense of making a false statement on a mortgage loan application (counts 14-16), you must consider whether the government has proved venue.  In this regard, as to each count, the government must prove that Mr. Goldstein made the alleged false statement to the mortgage lending business from a location within the District of Maryland. Mere preparatory acts, such as preparing, filling out, or signing the mortgage applications, are not sufficient.

Unlike with proving the elements of the offense, the government only needs to prove venue by a preponderance of the evidence, which means that the government must prove that it is more likely than not that the alleged false statement was communicated from a location within the District of Maryland.

The District of Maryland is made up of all counties in the state of Maryland.

Sources: 1 Modern Federal Jury Instructions-Criminal P 3.01, Instruction 3-11 (2025) (modified); *United States v. Mosby*, 143 F.4th 264 (4th Cir. 2025); *United States v. Ebersole*, 411 F.3d 517, 524 (4th Cir. 2005) (venue need only be proven by a preponderance)

76

**INSTRUCTION NO. 69**
(Aiding And Abetting)

You have been instructed that for counts 1-16, Mr. Goldstein has been charged both with committing the underlying offenses and also aiding and abetting those offenses.

Under the aiding and abetting statute, it is not necessary for the government to show that a defendant himself physically committed the crime with which he is charged in order for the government to sustain its burden of proof. A person who aids or abets another to commit an offense is just as guilty of that offense as if he committed it himself.

Accordingly, you may find Mr. Goldstein guilty of the offense charged if you find beyond a reasonable doubt that the government has proven that another person actually committed every element of the offense with which Mr. Goldstein is charged, and that Mr. Goldstein aided or abetted that person in the commission of the offense.

As you can see, the first requirement is that you find that another person has committed the crime charged. Obviously, no one can be convicted of aiding or abetting the criminal acts of another if no crime was committed by the other person in the first place. Therefore, you must find beyond a reasonable doubt that every element of the offense as defined in these instructions was committed by some person or persons. But if you do find that a crime was committed, then you must consider whether Mr. Goldstein aided or abetted the commission of that crime.

In order to aid or abet another to commit a crime, it is necessary that Mr. Goldstein knowingly associate himself in some way with the crime, and that he participate in the crime by doing some act to help make the crime succeed.

For counts 1-13, to establish that defendant knowingly associated himself with the crime, the government must establish that Mr. Goldstein acted knowingly and willfully—and you have previously been instructed on the definitions of those terms in the context of counts 1-13.

77

For counts 14-16, to establish that defendant knowingly associated himself with the crime, the government must establish that Mr. Goldstein knowingly made a false statement on a mortgage loan application for the purpose of influencing in any way the mortgage lending business's action.

To establish that Mr. Goldstein participated in the commission of the crime, the government must prove that defendant engaged in some affirmative conduct or overt act for the specific purpose of bringing about that crime.

The mere presence of Mr. Goldstein where a crime is being committed, even coupled with knowledge by Mr. Goldstein that a crime is being committed, or merely associating with others who were committing a crime is not sufficient to establish aiding and abetting. One who has no knowledge that a crime is being committed or is about to be committed but inadvertently does something that aids in the commission of that crime is not an aider and abettor. An aider and abettor must know that the crime is being committed and act in a way that is intended to bring about the success of the criminal venture.

To determine whether Mr. Goldstein aided or abetted the commission of the crime with which he is charged, ask yourself these questions:

Did he participate in the crime charged as something he wished to bring about?

Did he knowingly associate himself with the criminal venture?

Did he seek by his actions to make the criminal venture succeed?

If he did, then Mr. Goldstein is an aider and abettor, and therefore guilty of the offense. If, on the other hand, your answer to any one of these questions is "no," then Mr. Goldstein is not an aider and abettor, and you must find him not guilty of aiding and abetting.

Sources: 1 Modern Federal Jury Instructions-Criminal P 11.01, Instruction 11-2 (2025) (modified)

78

**INSTRUCTION NO. 70**
(Conscious Avoidance; Deliberately Closing Eyes)

In determining whether Mr. Goldstein acted knowingly, you may consider whether Mr. Goldstein deliberately closed his eyes to what would otherwise have been obvious to him.

A person who attempts to cheat the justice system by consciously preserving a lack of actual knowledge of a subjectively obvious fact is just as culpable as a person who has actual knowledge of that fact. A showing of negligence is not sufficient to support a finding of willfulness or knowledge. I caution you that the willful blindness charge does not authorize you to find that Mr. Goldstein acted knowingly because he should have known what was occurring, or that in the exercise of hindsight he should have known what was occurring, or because he was negligent in failing to recognize what was occurring, or even because he was reckless or foolish in failing to recognize what was occurring. Instead, the government must prove beyond a reasonable doubt that Mr. Goldstein purposely and deliberately contrived to avoid learning all of the facts.

If you find that Mr. Goldstein was aware of a high probability that a fact exists, and took deliberate action to avoid learning of that fact, you may find that Mr. Goldstein acted knowingly. It is entirely up to you whether you find that the defendant deliberately closed his eyes and any inferences to be drawn from the evidence on this issue.

Sources: *United States v. Jinwright*, 683 F.3d 471, 479-80 (4th Cir. 2012); *United States v. Joiner*, No. 23-4126, 2024 WL 5244679, at *4 (4th Cir. Dec. 30, 2024) (quoting *Glob.-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 769 (2011))

Case 8:25-cr-00006-LKG    Document 485-2    Filed 03/23/26    Page 82 of 86

**<u>INSTRUCTION NO. 71</u>**
(Punishment)

The question of possible punishment of Mr. Goldstein is of no concern to the jury and should not, in any sense, enter into or influence your deliberations. The duty of imposing sentence rests exclusively upon the court. Your function is to weigh the evidence in the case and to determine whether Mr. Goldstein is guilty beyond a reasonable doubt, solely upon the basis of such evidence. Under your oath as jurors, you cannot allow a consideration of the punishment that may be imposed upon Mr. Goldstein, if he is convicted, to influence your verdict, in any way, or, in any sense, enter into your deliberations.

<u>Sources:</u> 1 Modern Federal Jury Instructions-Criminal P 9.01, Instruction 9-1 (2025) (modified)

**INSTRUCTION NO. 72**
(Right To See Exhibits And Hear Testimony; Communications With Court)

You are about to go into the jury room and begin your deliberations. If during those deliberations you want to see any of the exhibits, they will be sent to you in the jury room upon request. If you want any of the testimony read, that can also be done. But, please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting exhibits or portions of testimony that you may want.

Your requests for exhibits or testimony—in fact any communication with the court—should be made to me in writing, signed by your foreperson, and given to one of the marshals. I will respond to any questions or requests you have as promptly as possible, either in writing or by having you return to the courtroom so I can speak with you in person. In any event, do not tell me or anyone else how the jury stands on the issue of Mr. Goldstein's guilt until after a unanimous verdict is reached.

Sources: 1 Modern Federal Jury Instructions-Criminal P 9.03, Instruction 9-3 (2025)

82

**<u>INSTRUCTION NO. 73</u>**
(Selection Of A Foreperson)

When you get into the jury room, before you begin your deliberations, you should select someone to be the foreperson. The foreperson will be responsible for signing all communications to the court and for handing them to the marshal during your deliberations.

<u>Sources:</u> 1 Modern Federal Jury Instructions-Criminal P 9.05, Instruction 9-5 (2025)

**INSTRUCTION NO. 74**
(Duty To Consult And Need For Unanimity)

The government, to prevail on a given count, must prove the essential elements by the required degree of proof, as already explained in these instructions. If it succeeds, your verdict should be guilty; if it fails, it should be not guilty. To report a verdict on a given count, it must be unanimous.

Your function is to weigh the evidence in the case and determine whether Mr. Goldstein is guilty, solely upon the basis of such evidence.

Each juror is entitled to his or her opinion; each should, however, exchange views with his or her fellow jurors. That is the very purpose of jury deliberation—to discuss and consider the evidence; to listen to the arguments of fellow jurors; to present your individual views; to consult with one another; and to reach an agreement based solely and wholly on the evidence—if you can do so without violence to your own individual judgment.

Each of you must decide the case for yourself, after consideration, with your fellow jurors, of the evidence in the case.

But you should not hesitate to change an opinion that, after discussion with your fellow jurors, appears erroneous.

However, if, after carefully considering all the evidence and the arguments of your fellow jurors, you entertain a conscientious view that differs from the others, you are not to yield your conviction simply because you are outnumbered.

Your final vote must reflect your conscientious conviction as to how the issues should be decided. Your verdict, whether guilty or not guilty, must be unanimous.

Sources: 1 Modern Federal Jury Instructions-Criminal P 9.07, Instruction 9-7 (2025) (modified)

84

**INSTRUCTION NO. 75**
(Alternate Jurors)

At this time, the regular jurors will begin deliberations. At the same time, I am going to ask that the alternate jurors remain here during deliberations. [Describe where and when alternate jurors should be present in courthouse.]

During the time that the jury is deliberating, you should not talk about this case with anyone, even among yourselves. That is, do not discuss it with each other, with the regular jurors, with other people involved in the trial, with court personnel or other people in the courthouse, or with family, friends or anyone else. There is always a possibility until a verdict is reached that one (or more) of you could be called upon to deliberate with the jury, so it is very important that you not talk about the case until a verdict is reached. If anyone even attempts to talk to you about the case, please report that to me immediately.

Sources: 1 Modern Federal Jury Instructions-Criminal P 9.08, Instruction 9-15 (2025)

84