IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CRIMINAL NO. LKG-25-6 |
| | * | |
| THOMAS C. GOLDSTEIN, | * | |
| | * | |
| Defendant. | * | |

\*\*\*\*\*\*\*

## DEFENDANT THOMAS C. GOLDSTEIN'S
## MOTION TO MODIFY CONDITIONS OF RELEASE

Defendant Thomas Goldstein moves this Court to modify his conditions of release to allow him to change the location of his home confinement to an apartment in Maryland or, in the alternative, his parents' residence in South Carolina.  Mr. Goldstein, through counsel, alerted Pretrial Services to this request on March 19, 2026.  Pretrial Services has had the opportunity to evaluate both options and indicated that it does not object to Mr. Goldstein's request.  Furthermore, Pretrial Services indicated that it can continue to enforce home confinement with electronic monitoring at either location.  Consequently, Mr. Goldstein respectfully requests that the Court modify his conditions of release to accommodate this change of residence.

Following trial, the Court ordered that defendant Thomas Goldstein be placed on home confinement with ankle monitoring at the Hawthorne Street property, without objection from Pretrial Services.  The Court's order was based on a finding by clear and convincing evidence that Mr. Goldstein was not likely to flee while subject to home confinement and ankle monitoring, particularly in light of all his other release conditions, which include surrender of his passport, monitoring of his electronic devices, and regular reporting of his financial transactions.

1

At that time, the defense advised the Court that the relationship between Mr. Goldstein and his wife Amy Howe was "not totally settled," and explained that if there came a time when Mr. Goldstein could no longer stay at the Hawthorne Street property, the defense would come back to the Court to discuss the changed circumstances. 2/26/26 Tr. at 14:5-12. Recognizing this possibility, the Court invited the defense to "come forward if there is some change in circumstances . . . so that we can look at other options." *Id.* at 22:13-17.

That time has come. Unfortunately, Mr. Goldstein and Ms. Howe are no longer at a point where it makes sense for them to share a residence. Accordingly, the defense requests that the Court modify Mr. Goldstein's release conditions to allow for home confinement at a different location. In particular, the defense requests that the Court transfer Mr. Goldstein's home confinement to an apartment in the immediate area. In the alternative, the defense requests that the Court transfer Mr. Goldstein's home confinement to his parents' residence in South Carolina. Pretrial Services does not oppose either alternative. To be clear—the sole basis for this request is the dissolution of the marriage between Mr. Goldstein and Ms. Howe, and it is not related in any way to any concerns on the part of Ms. Howe with respect to Mr. Goldstein's compliance with his release conditions.

Under 18 U.S.C. § 3143(a)(1), the Court shall release a defendant pending sentencing based on a finding "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community." Possible conditions of release pending sentencing include "specified restrictions on personal associations, place of abode, or travel." 18 U.S.C. § 3142(c)(1)(B)(iv).

The Court has already held that home confinement of Mr. Goldstein with ankle monitoring meets this test. At the conclusion of trial, the Court ordered Mr. Goldstein's release

subject to home confinement at the Hawthorne Street property with ankle monitoring, in addition to the numerous release conditions imposed pretrial.  The Court also stated that it would "continue with Ms. Howe as the custodian with an understanding that the defense will promptly come forward if there is some change in circumstances or Ms. Howe becomes unwilling to serve in that role so that we can look at other options."  2/26/26 Tr. at 22:13-17.  The Court explained that this arrangement would allow Mr. Goldstein to remain close to the District of Maryland, which would mitigate flight risk concerns and "will also make things easier for counsel and others to be able to regularly engage with him as we prepare for sentencing."  *Id.* at 22:18-22. The Court concluded that these conditions were "sufficient" to "mitigate Mr. Goldstein's flight risk."  *Id.* at 23:12-14.

In light of the changed circumstances in the relationship between Mr. Goldstein and Ms. Howe, the defense requests that the Court order Mr. Goldstein's home confinement be transferred to an apartment in the immediate area under the same conditions.  One of Mr. Goldstein's former colleagues, a lawyer named Tejinder Singh, would be willing to serve as a non-resident custodian.  Mr. Singh, who is a member of the bar, has known Mr. Goldstein for decades, and the two practiced law together for many years.  Mr. Goldstein would be willing to rent an apartment in Mr. Singh's neighborhood, so that Mr. Singh could perform in-person visits to confirm Mr. Goldstein's continued compliance with release conditions, should Pretrial Services so request.

Like the original post-trial release order, this alternative is sufficient to mitigate any flight risk.  In light of Mr. Goldstein's other release conditions, a resident custodian is unnecessary. Home confinement with ankle monitoring already addresses the risk of flight.  Mr. Goldstein is also subject to a host of other release conditions that likewise make a resident custodian

superfluous.  Mr. Goldstein has been in perfect compliance with his post-trial release conditions to date.  In light of all this, Pretrial Services agrees that a resident custodian is unnecessary at this point.

This alternative accommodates the Court's preference for Mr. Goldstein to remain in the immediate area pending sentencing.  2/26/26 Tr. at 12:6-16.  It would also allow Mr. Goldstein to continue the critical mental health treatment that he has been receiving in the D.C. area and that is a condition of his release.  And it would allow Mr. Goldstein to meet regularly with his attorneys to prepare for sentencing and other post-trial proceedings.

In the alternative, the defense requests that Mr. Goldstein be subject to home confinement at his parents' home in South Carolina.  Mr. Goldstein's father and stepmother would be willing to serve as custodians, should Pretrial Services so request.  The defense views this alternative as less preferable, as it would locate Mr. Goldstein outside the immediate area, and would require him to discontinue the mental health treatment with his current provider.  It would also physically separate him from his support network in the Washington D.C. area, where he has lived most of his life.  However, if the Court is unwilling to allow Mr. Goldstein to serve home confinement in an apartment in the area, then Mr. Goldstein is prepared to agree to home confinement with his parents.

The defense has had several communications with the government about this issue. Initially, the government suggested that, if Mr. Goldstein were willing to stipulate to forfeiture of his share of the proceeds of the Hawthorne Street property, then the government would not oppose transferring the security bond (and presumably Mr. Goldstein's home confinement) to South Carolina.  When Mr. Goldstein advised the government that he needed more time to

consider the forfeiture issues, the government reversed course and stated that it opposed both alternatives and was considering seeking Mr. Goldstein's detention pending sentencing.

The government's position is unwarranted.  As the Court noted at the last hearing, "home confinement and ankle monitoring" adequately address the risk of flight.  2/26/26 Tr. at 17:11-12.  And while the government now appears to take the position that *only* Ms. Howe can serve as a custodian, the government took precisely the opposite position at the February 26 hearing, telling the Court that it had "pretty deep concerns about the suitability of Ms. Howe as a custodian." *Id.* at 16:5-9.

In light of Ms. Howe's desire to resolve this situation as quickly as possible, the defense requests expedited consideration of this motion.

Dated: March 27, 2026

Respectfully submitted,

/s/ *Jonathan I. Kravis*
Jonathan I. Kravis (Bar No. 31556)
Stephany Reaves (Bar No. 19658)
Sarah E. Weiner (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue NW, Suite 500E
Washington, DC 20001
(202) 220-1100
Jonathan.Kravis@mto.com
Stephany.Reaves@mto.com
Sarah.Weiner@mto.com

Adeel Mohammadi (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
350 S. Grand Avenue, 50th Floor
Los Angeles, CA 90071
(213) 683-9100
Adeel.Mohammadi@mto.com

*Attorneys for Defendant Thomas Goldstein*