**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | **CRIMINAL NO. LKG-25-6** |
| | * | |
| **THOMAS C. GOLDSTEIN,** | * | |
| | * | |
| **Defendant.** | * | |
| | ******** | |

**DEFENDANT THOMAS C. GOLDSTEIN'S SUPPLEMENTAL FILING IN SUPPORT**
**OF HIS MOTION TO CONTINUE SENTENCING**

On March 25, 2026, Defendant Thomas Goldstein moved to continue the sentencing date in this case, which is currently scheduled for June 16.  ECF No. 489.  The government did not respond.  Since the filing of the motion, there have been several new developments that further support a continuance of the sentencing date.

*First,* the government has requested and received an extension of its deadline to respond to the defense post-trial motion to May 15, pushing the defense's reply deadline to May 27.  As both parties have noted, the post-trial briefing raises a number of complex issues.  ECF No. 466, at 2 (defense motion); ECF No. 493, at 1 (government motion).  And the Court's resolution of that motion may significantly simplify (or moot altogether) the sentencing hearing.  A continuance of the sentencing date will give the Court adequate time to hear argument and rule on those issues in advance of sentencing.

*Second,* on April 28, the defense submitted its objections to the draft Presentence Investigation Report.  The defense objections identify several significant legal and factual issues related to the Sentencing Guidelines calculation in this case, including the fact that the

1

government's charging structure and staunch opposition to a special verdict form require the Court to make findings as to which theories of liability were actually supported by the evidence for purposes of sentencing.  On the current schedule, the Court has very little time to make the necessary legal rulings and factual findings.

*Third,* lead counsel for the defense expects to be in trial on June 16.  During the telephonic hearing regarding the sentencing schedule, the defense advised the Court that Jonathan Kravis had a multi-week trial in San Francisco scheduled to begin on June 1.  The Court scheduled sentencing for June 16, and asked the defense to keep the Court apprised of the status of that trial.  That trial is still expected to start on June 1, and will last approximately three weeks.  The government's suggestion during the telephonic status conference that the defendant should be required to participate in a sentencing hearing without lead counsel present is unfair and unwarranted.  Mr. Kravis has been representing Mr. Goldstein in this matter for over five years and served as lead counsel at trial.  Mr. Goldstein would be severely prejudiced if he were forced to participate in a sentencing hearing without lead counsel present based on a scheduling conflict that was disclosed to the Court before the Court set the current sentencing date.

*Finally,* Mr. Goldstein has been fully compliant with his release conditions since the jury verdict, and so a continuance of the sentencing date will not increase the risk of flight or otherwise prejudice the government.

For these reasons, as well as those set forth in the original motion, the defense respectfully requests that the Court continue the sentencing in this case to a date that is convenient to the Court.

Dated: May 6, 2026

Respectfully submitted,

/s/ *Jonathan I. Kravis*
Jonathan I. Kravis (Bar No. 31556)
LIU SHUR KRAVIS LLP
607 14th Street N.W., Suite 625
Washington, D.C. 20005
Telephone:    (202) 240-7100
jonathan.kravis@lskllp.com

Stephany Reaves (Bar No. 19658)
Sarah E. Weiner (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue NW, Suite 500E
Washington, DC 20001
(202) 220-1100
Jonathan.Kravis@mto.com
Stephany.Reaves@mto.com
Sarah.Weiner@mto.com

Adeel Mohammadi (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
350 S. Grand Avenue, 50th Floor
Los Angeles, CA 90071
(213) 683-9100
Adeel.Mohammadi@mto.com

*Attorneys for Defendant Thomas Goldstein*