**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **CRIMINAL NO. LKG-25-0006** |
| **THOMAS GOLDSTEIN,** | |
| **Defendant.** | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S
<u>MOTION TO CONTINUE HIS SENTENCING HEARING</u>**

The government disagrees that defendant Thomas Goldstein's sentencing should be continued, and addresses Goldstein's most-recent arguments (from Dkt. 499) in turn:

On his first and second arguments, the government is confident that the Court can resolve the issues raised in Goldstein's post-trial motion, and his objections to the PSR, before sentencing. If the Court's schedule permits, the parties could argue those issues on June 16 before the sentencing.

On his third argument, many cases settle in the weeks or days leading up to trial, so the purported scheduling conflict remains speculative. Indeed, the docket for the San Francisco trial (*Dilley v. Pacific Gas & Electric Co.*, No. CGC-23-607138[1]) reflects that one of the defendants settled just two days ago, and that there is a motion pending for summary judgment as to punitive damages—both of which presumably would shorten the trial. Filings also show that there are at least six other attorneys representing the same defendant. Even if that trial starts and runs through June 16, Goldstein's counsel could return to Maryland for a day for Goldstein's hearing while

---

[1] The docket can be accessed by querying the civil docket on the Superior Court's website: https://sf.courts.ca.gov/online-services/case-information.

PG&E's other attorneys handled the trial. Notably, Goldstein has not represented that the San Francisco trial will impact his counsel's preparation for the June 16 hearing, only his lead counsel's ability to appear that day. Finally, the government disagrees that Goldstein would be prejudiced if one of his other three attorneys, who all played significant roles in the leadup to and during trial, handled the June 16 hearing. The government has no doubt that the Court will resolve any remaining issues in the case based on the facts and the law and not the identity or seniority of the attorneys appearing at the hearing.

On his final argument, the government notes that Goldstein *still has not filed his or his law firm's tax returns* for 2022-2024. After trial, Goldstein did file a 2025 tax return, reporting over $3 million in taxable income, and over $1.7 million in gambling income. Those numbers call into question his repeated claims that he could not pay his attorneys, and also his compliance with release conditions barring gambling and engaging in financial transactions without first notifying Pretrial Services. And even if he did not technically mislead the Court or violate any conditions, his willingness to file a tax return for a year (2025) when he was barred from gambling only highlights his choice not to file returns for years (2022-2024) when he was still actively gambling. Per the stipulations at trial, Goldstein netted over $21 million gambling in 2022 alone. These questions reinforce that Goldstein presents a substantial flight risk; a continuance would give him more time and opportunity to flee.

The government respectfully requests that the Court deny Goldstein's motion to continue. If the Court is inclined to grant the motion, however, the government suggests that the Court reschedule the hearing at its earliest convenience—if possible, during the week of June 22—to address all post-trial issues and to sentence Goldstein. Continuing the hearing past June will only invite further delay and amplify the risk that he flees.

Respectfully submitted,

Kelly O. Hayes
United States Attorney

Dated: May 6, 2026

/s/_____
Hayter L. Whitman
Trial Attorney
Department of Justice—Criminal Division

Sean Beaty
Senior Litigation Counsel
Emerson Gordon-Marvin
Trial Attorney
Department of Justice—Criminal Division

Adeyemi Adenrele
Assistant United States Attorney
District of Maryland