**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | **CRIMINAL NO. LKG-25-6** |
| | * | |
| **THOMAS C. GOLDSTEIN,** | * | |
| | * | |
| **Defendant.** | * | |
| | ******** | |

**DEFENDANT THOMAS C. GOLDSTEIN'S MOTION TO EXTEND TIME TO FILE**
**RESPONSE AND TO CONTINUE SENTENCING**

Counsel, on behalf of Mr. Goldstein, respectfully move this Court for a relatively routine extension of briefing deadlines and the sentencing hearing to accommodate the trial schedule of lead counsel for Mr. Goldstein, who is currently in a multi-week trial that began in California on Monday. Without a brief extension, lead counsel will not have the opportunity to prepare for, participate in, or fully advise Mr. Goldstein prior to sentencing. This need is even more pressing given the nature of the government's sentencing submission, which introduced new tax years to the case and requires additional discovery and fact development by the defense.

For context, in an 84-page brief filed at 1:00 AM this morning, the government revealed to the defense for the first time that its tax loss calculation includes almost *ten million dollars* of uncharged purported tax loss. Adding those uncharged allegations to the government's already inflated assessment of what it proved at trial, the government unfairly adds years to Mr. Goldstein's advisory guidelines calculation. The government provided this estimate to probation (without disclosing the basis to the defense) weeks ago. The government could have, and should have, given the defense sufficient notice so that the defense could prepare.

1

Even worse, as the government knows, Mr. Goldstein's lead counsel is currently in trial in California and unavailable to participate in sentencing preparation or to be present for the sentencing hearing itself.  Yet the government continues to refuse to extend a basic professional courtesy to defense counsel which, most importantly, is necessary to ensure that Mr. Goldstein has effective assistance of counsel at a critical stage in the proceedings.  *Mempa v. Rhay*, 389 U.S. 128 (1967) (establishing the right to counsel at sentencing); *United States v. Burkley*, 511 F.2d 47, 51 (1975) (reiterating that "sentencing is a critical stage of a criminal prosecution" during which a defendant has "a right to effective assistance of counsel").  The Court should grant a brief continuance of both the sentencing hearing and Mr. Goldstein's response brief deadline, and there is good cause to do so.

*First*, in a case where the government is asking for the Court to incarcerate Mr. Goldstein for *over eight years*, the Court should continue sentencing so that Mr. Goldstein's lead trial counsel can be present.  During the March 5 hearing to schedule sentencing, the defense alerted the Court that Mr. Goldstein's lead trial counsel, Jonathan Kravis, had a scheduling conflict as a result of a trial set to begin in San Francisco, California, on June 1.  The defense's understanding was that if the trial did not resolve, as is commonplace, the defense could alert the Court and the government to find another acceptable date.  The government later opposed Mr. Goldstein's request for a continuance in early May, asserting that "many cases settle in the weeks or days leading up to trial" and arguing that "the purported scheduling conflict remains speculative." ECF 500 at 1.

It is now June 3, and the trial has not settled or been continued—in fact, it is well underway.  Mr. Kravis is in California, as co-lead counsel of another trial, and as far as undersigned counsel knows he has not had the opportunity to read the government's lengthy

sentencing brief or consult with Mr. Goldstein.  While Mr. Goldstein has other attorneys, Mr. Kravis's experience—both with federal sentencing, and having represented Mr. Goldstein in the preindictment investigation—makes a material difference to the defense's preparation. Continuing a hearing where counsel is in trial (at all, let alone in another jurisdiction across the country) is extremely common.  To refuse to allow Mr. Goldstein the opportunity to consult with, and be represented by, the lead attorney that tried the case violates Mr. Goldstein's rights to due process and effective assistance of counsel.  And it makes no sense.

This is no small issue.  This is not a sentencing hearing with an agreed upon set of facts, nor even one with a narrow set of issues to resolve, where the focus is solely on the Court's exercise of discretion to determine the appropriate sentence.  Because Mr. Goldstein was convicted after a mixed verdict at trial, because the government proceeded on an indictment with multiple theories underlying each count, and because the government also opposed a special verdict form, there are numerous factual findings the Court must make about the evidence and the tax loss.  *See, e.g.*, *United States v. Flores-Alvarado*, 779 F.3d 250, 258 (4th Cir. 2015) (vacating and remanding sentence for the district court to "resolve the factual disputes" and to "make particularized findings").  The government's decision to add uncharged and dismissed allegations layers in an extra level of complexity.  And here, an accurate calculation of the tax loss is essential to an accurate calculation of the guidelines range—which is a prerequisite to imposing a lawful sentence.

Without an accurate tax loss calculation, the parties are worlds apart in their understanding of the advisory guidelines range.  As explained in the defense's memorandum in aid of sentencing, ECF No. 518 at 16 & n.7, under the defense's calculation of the guidelines range, a significant portion of defendants in tax offense cases receive probation—even more

when accounting for defendants who provide substantial assistance to the government.  The government, instead, calculates the guidelines range at 78 to 97 months and asks for the very top.  The guidelines range estimates are not meaningful to the Court unless they are correct; and the government's rush to sentencing risks walking the Court into reversible error.

*Second*, the Court should continue the response deadline and sentencing because the defense needs additional information, and time to incorporate it, to be able to respond to the government's late-breaking tax loss theories.  The government's tax loss calculations include $5,934,767 for 2022 and $1,745,505 for 2023 of purported outstanding penalties, taxes, and interest.  The government investigated this case for more than five years, litigated it for a year, and spent more than six weeks in trial over disputed calculations of Mr. Goldstein's tax liability.  The defense cannot be prepared to rebut the government's claims about two additional years with less than two weeks' notice (and less than a week's notice to file a response).

Had the government given the defense notice at the scheduling hearing that they intended to include 2022 and 2023 tax loss, the defense would not have agreed (even tentatively) to the current scheduling date.  Moreover, the defense would have pursued additional discovery on these additional tax years, in addition to identifying and preparing evidence to rebut the government's allegations.  The government intends to have available IRS Revenue Agent Ranahan, estimating that her testimony to support these calculations would last as much as ***three hours***.  Yet in correspondence from earlier today, the government declined to produce any additional discovery concerning 2022 and 2023 in response to the defense's request for those materials, *see* Exhibit A (2026-6-3 Correspondence), despite its obligations under Rule 16 and the Jencks Act, and the fact that the government noticed the same witness as an expert before trial.  Moreover, *Brady* applies to evidence material to sentencing, *United States v. King*, 628

4

F.3d 693, 704 (4th Cir. 2011); the government has an obligation to identify, for example, any information it has in its possession that undermines its theories of tax loss. Separately, even if the government believes *its* presentation of the evidence will be straightforward, the *defense* has the right to present witnesses as well. For example, the defense has the right to—and would have—consulted with its own expert, who would potentially testify at the sentencing hearing, had the defense been given sufficient notice of these allegations. The defense may also need to identify, interview, subpoena, and call fact witnesses to address the government's claims.

Setting aside the legal issue of whether it is even appropriate for the Court to consider alleged conduct outside the scope of the trial (it is not), the factual issue before the Court is not simply the *math* behind Agent Ranahan's calculations, but whether her calculations appropriately identify all relevant income and deductions. Mr. Goldstein has a due process right to adequately prepare for his sentencing hearing, and proceeding on the current schedule denies him that right. *See United States v. Moore*, 362 F.3d 129, 135 (1st Cir. 2004) (in evaluating requests to continue sentencing, courts consider "the likelihood of injustice or unfair prejudice to the movant from a denial of a continuance").

*Finally*, the government has provided no principled reason why sentencing cannot be continued for a few weeks, nor any theory of how it is prejudiced by a continuance. Continuing the sentencing hearing by even a few weeks would allow the defense time to prepare, and Mr. Kravis to be present. Mr. Goldstein has been compliant with his conditions of home confinement. The defense has asked for a continuance of weeks, not months. And the defense is prepared to move forward on June 16 with the hearing on Mr. Goldstein's Renewed Motion for Judgment of Acquittal or Motion for a New Trial, which itself may take substantial time at the hearing. Earlier today, the defense asked again for the government to agree to a brief

continuance, given that Mr. Kravis is in fact in trial.  They refused.  *See* Exhibit A (2026-6-3 Correspondence).

* * *

The defense renews its request for a brief continuance to a date in July or later so that Mr. Goldstein's lead counsel can represent him prior to and during sentencing, and so that the defense has adequate time to prepare.

Dated: June 3, 2026

Respectfully submitted,

*/s/  Stephany Reaves*

Jonathan I. Kravis (Bar No. 31556)
**LIU SHUR KRAVIS LLP**
607 14th Street NW, Suite 625
Washington, DC 20005
(202) 240-7100
jonathan.kravis@lskllp.com

Stephany Reaves (Bar No. 19658)
Sarah E. Weiner (*pro hac vice*)
**MUNGER, TOLLES & OLSON LLP**
601 Massachusetts Avenue NW, Suite 500E
Washington, DC 20001
(202) 220-1100
Stephany.Reaves@mto.com
Sarah.Weiner@mto.com

Adeel Mohammadi (*pro hac vice*)
**MUNGER, TOLLES & OLSON LLP**
350 S. Grand Avenue, 50th Floor
Los Angeles, CA 90071
(213) 683-9100
Adeel.Mohammadi@mto.com