**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **CRIMINAL NO. LKG-25-0006** |
| **THOMAS C. GOLDSTEIN,** | |
| **Defendant.** | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S
<u>MOTION TO CONTINUE SENTENCING</u>**

The Court stands on firm ground to deny Goldstein's second motion to continue sentencing (Dkt. 522). The Court set sentencing for June 16 months ago, and there are no surprises here. Prior to and during trial, the government repeatedly raised Goldstein's continued failure to abide his tax obligations after 2021, and the tax loss arising from his post-2021 conduct is a straightforward application of the relevant conduct principles of the U.S. Sentencing Guidelines. Goldstein has failed to articulate why—despite being represented by a gaggle of highly-talented attorneys (including the former Solicitor General)—he is incapable of being ready for sentencing as scheduled. To the United States, this appears to be yet another of Goldstein's ploys to further delay his inevitable—and well-deserved—incarceration.[1]

The government is prepared to proceed on June 16. However, if Goldstein's attorneys have the audacity to appear then and declare that they are not prepared to proceed, Goldstein would effectively compel the Court to continue sentencing. Anticipating that likelihood, the government submits that the wisest course would be to continue sentencing to July, as detailed below.

---

[1] All the more so where Goldstein's Motion states that his "lead counsel is currently in trial . . . and unavailable to participate in sentencing preparation," Mot. 2, but—while pretrial matters appear ongoing—the parties will not pick a jury until June 17. *See* 6/5/26 Hrg. Minutes, *Dilley v. Pacific Gas & Electric Co.*, No. CGC-23-607138 (Sup. Ct. of Cal. June 5, 2026) (stating "trial is continued" to June 10 but also that "[v]oire dire will commence on June 17"), *available at* https://sf.courts.ca.gov/online-services/case-information.

**<u>Argument</u>**

To start: although the final Presentence Investigation Report omitted the government's explanation that its tax loss included relevant conduct from 2022 and 2023,[2] Goldstein cannot credibly claim surprise at the relevance of these years. Setting aside the fact that he surely knew this was an issue since April 2023 and 2024 (when his taxes were due), Goldstein confirmed that he knew in February 2025, when he told the government he was working with new accountants to prepare those returns. *See* 2/19/25 Counsel Email to DOJ, Dkt. 521-2. Then, in September 2025, the government explicitly told him that his failure to file and pay those taxes was relevant conduct it would seek to use against him at trial. *See* Gov. 404(b) Notice, Dkt. 210-1 & 212 at 4 (exhibited by Goldstein). Since then, the government has continued to argue that his 2022-2024 tax misconduct is relevant. *See, e.g.*, Opp. Mot. Excl. 404(b) Evid., Dkt. 224 at 20-21.

Most recently, the government sought to use that misconduct to rebut the misleading impression his testimony gave the jury about his post-2021 tax compliance. *See* Gov. Mot. Admit Rebuttal Evid., Dkt. 421 at 1, 19. At the time, the government made clear its methodology for ascertaining the tax loss from 2022 and 2023, which is the same methodology on which its calculation is now based. *Compare* 2/17 Tr. 38:25-39:8 (oral argument) *with* Gov. Sent. Mot. 42-43, Dkt. 520.

In any event, the 2022 and 2023 calculations are as simple as they are straightforward. The 2022 calculation takes the 2022 gambling figures to which Goldstein stipulated, subtracts his outflows from his inflows (yielding net gambling income of $19,527,565), and then subtracts his net business loss from G&R that year. Gov. Sent. Mem. 42-43. It then factors in his prior tax payments, and a few small credits and deductions, to arrive at his final taxable income and unpaid

---

[2] In letter to United States Probation and Pretrial Services on April 23, 2026, the government stated that its calculation included these years and explained the basis for those calculations.

taxes due. *Id.* The government's 2023 calculation is even more straightforward: it uses the net business income that Goldstein reported on G&R's 2023 Form 1120S, then subtracts his tax payments, and incorporates a few minor amounts. *See id.* at 43.

These calculations require only five paragraphs to explain; the actual math is grade-school arithmetic. *See id.* at 42-43; Dkt. 521-11 at 7-9 (numerical computations). The additional evidence is equally straightforward: stipulations Goldstein that already signed, income that he already self-reported, and a handful of additional tax documents, which the government attached to its sentencing memorandum.

Despite having notice of this issue since before trial, Goldstein now claims that his attorneys are unfamiliar with his 2022 and 2023 tax liabilities and need a few weeks' additional time to review the calculations and underlying evidence. While the government believes it should take less time than two weeks, it does not discount counsels' sincerity at needing more time to review them before the parties' reply briefs are due this Tuesday, June 9. *See* Order ¶ 6, Dkt. 469 at 2.

The government opposes the Motion but respectfully submits that a short extension of the reply brief deadline to Friday, June 12, would provide additional time for defense counsel to further review and brief the additional calculations. If the Court is inclined to grant the Motion, however, the government respectfully requests that it set a sentencing date in July or, if no date is available that month, hold a telephonic status conference to identify the best date for sentencing.

To this end: the government has conferred with defense and the parties agree that the sentencing hearing (and any related evidentiary hearing) can be conducted in one day. The parties (including Goldstein's lead and second-chair counsel and some portion of government counsel) are available on July 13, 21, 22, and 24.

In the meantime, the parties are prepared to proceed with argument on Goldstein's Rules 29 and 33 Motion on June 16, which the government respectfully submits should proceed as scheduled. The parties also agree that, if the Court chooses to continue sentencing, a brief continuance to June 30 of the deadline for the parties' sentencing reply briefs is appropriate.

Respectfully submitted,

Kelly O. Hayes
United States Attorney

A. TYSEN DUVA

Dated: June 7, 2025

    /s/
Emerson Gordon-Marvin
Hayter Whitman
Trial Attorneys
Department of Justice—Tax Division

Sean Beaty
Senior Litigation Counsel
Department of Justice—Tax Division

Adeyemi Adenrele
Assistant United States Attorney
District of Maryland