**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | **CRIMINAL NO. LKG-25-6** |
| | * | |
| **THOMAS C. GOLDSTEIN,** | * | |
| | * | |
| **Defendant** | * | |
| | * | |

**\*\*\*\*\*\*\***

**UNITED STATES' OPPOSITION TO
GOLDSTEIN'S MOTION TO STRIKE (Dkt. 556)**

On July 14, 2026, the defense provided the Court with 45 pages of letters beatifying Tom Goldstein.[1] This is not an unusual occurrence in criminal cases, and Goldstein will no doubt point to these letters as substantive evidence of his good character to argue for a non-incarceratory sentence. However, the flaw in this process—permitting Goldstein to submit good character letters five days before sentencing, well after all the sentencing memoranda, responses, and replies were due—is that it deprives the government of the parity contemplated in Fed. R. Evid. 404(a)(2)(A) (*i.e.*, when the defendant offers evidence of his good character, the government gets to rebut it).

Nonetheless, mindful of the Court's scheduling Orders (Dkt. 469 and 527), the United States decided to not burden the Court with additional motions practice, but rather simply notified the Court (Dkt. 553) that the government would rely on several additional exhibits at sentencing to rebut Goldstein's new good character evidence. *See* Sealed Exs. B through F, Dkt. 553-2 thru 553-7.

---

[1] These letters were emailed to chambers, and it does not appear that they have been, or ever will be, publicly docketed.

Goldstein now moves the Court (Dkt. 556) to strike the government's notice and exhibits. Doing so is wholly unnecessary, and Judge Hollander's 2024 decision in *United States v. McComber* is particularly helpful here. *See McComber*, No. ELH-21-036, 2024 U.S. Dist. LEXIS 109500, at *8-9 (D. Md. June 21, 2024, Hollander, J.).

District Court judges have "broad discretion to consider all relevant information at an initial sentencing hearing, consistent with their responsibility to sentence the whole person before them." *Concepcion v. United States*, 597 U.S. 481, 482 (2022). As Judge Hollander held, the Court's duty to consider the 18 U.S.C. § 3553(a) sentencing factors is paramount, and that duty is superior to policing procedural foot faults by the parties in submitting relevant information. *McComber*, 2024 U.S. Dist. LEXIS 109500, at *6-7. This is why Courts routinely consider at sentencing information provided by the defense after it was obliged to provide it.

Ultimately, the issue for the Court is (1) whether the government's additional sealed exhibits are relevant to the issues Goldstein is going to raise at sentencing, and (2) whether Goldstein has a fair opportunity to respond. The answer to both is yes, and therefore the Court should consider the sealed exhibits before sentencing Goldstein to prison.

First, Goldstein made the sealed exhibits relevant to the issues before the Court. Exhibit A is the Bureau of Prison's analysis of its ability to care for Goldstein while in custody. Goldstein made this an issue when he claimed he should not be incarcerated based on reasons elucidated in his sentencing memoranda. Similarly, given Goldstein's insistence that the Court consider letters extolling Goldstein's good character and virtue, Exhibits B through F are relevant under 18 U.S.C. § 3553(a)(1) as evidence bearing on the "characteristics of the defendant." In short, these exhibits rebut Goldstein's proffered

evidence of good character. *See* Fed. R. Evid. 404(a)(1)(A); *United States v. Bunche*, 159 Fed. App'x 437, 439 (4th Cir. 2005) (holding that the government may rebut character evidence introduced by the defendant) (citing *United States v. Moore*, 27 F.3d 969, 974 (4th Cir. 1994)).

Second, as Judge Hollander held in *McComber*, the defendant has a fair opportunity to respond—if he chooses to do so—simply by addressing the government's additional exhibits at sentencing on July 24, 2026. *McComber*, 2024 U.S. Dist. LEXIS 109500, at *8-9. None of the information contained in Exhibits B through F is new to Goldstein, who is well aware of all the events documented therein. Indeed, Goldstein fought to exclude from the jury's consideration at trial allegations related to, and testimony from, the witnesses to many of those exhibits. In fact, the government previously summarized one event described in the exhibits—which Goldstein never previously sought to refute. *Compare* Ex. F ¶ 32, Dkt. 553-6, *with* Opp. to Mot. Dismiss Allegations, Dkt. 135 at 12, *and* Def. Reply in Support of Mot. Dismiss Allegations, Dkt. 154.

However, the government does not intend to belabor the issue of Goldstein's character at sentencing—particularly after a jury of his peers found him guilty of committing multiple felonies. Exhibits B through F simply serve the purpose of providing the Court with further color and context to Goldstein's character. If Goldstein feels compelled to file yet another brief with the Court responding to those exhibits, the United States has no objection to him doing so.

## Conclusion

If Goldstein demands that the Court consider evidence of his good character, then fairness—and § 3553(a)(1)—requires the Court to also consider the government's rebuttal to that evidence. The Court should deny Goldstein's motion to strike and proceed with sentencing as scheduled. If Goldstein wants to have the last word—as he always does—he can address the supplemental exhibits at the sentencing hearing or he can respond to those exhibits in a supplemental brief. If he chooses the latter, the United States will not oppose his motion to do so.

Respectfully submitted,

KELLY O. HAYES
United States Attorney

Sean Beaty
Senior Litigation Counsel
Department of Justice, Criminal Division
Emerson Gordon-Marvin
Hayter Whitman
Trial Attorneys
Department of Justice, Criminal Division

Adeyemi Adenrele
Assistant United States Attorney
District of Maryland

4