**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **CRIMINAL NO. LKG-25-0006** |
| **THOMAS C. GOLDSTEIN,** | |
| **Defendant.** | |

## JOINT STATUS REPORT

The United States of America respectfully submits this joint status report in response to the Court's July 27, 2026 Order. Dkt. 564. The parties disagree about proper next steps so this Report sets forth the government's position, followed by the position of defendant Thomas Goldstein, who has reviewed this joint status report and consents to its filing.

### I.  Government's Position

For the Court's convenience, the government provides the relevant procedural history below before articulating its proposed briefing schedule.

#### A.  Procedural History

On May 21, 2026, the government moved for a preliminary order of forfeiture for a $1,987,500 money judgment and Goldstein's interest in the 4323 Hawthorne Street property as a substitute asset. Dkt. 509. Goldstein opposed, arguing, among other things, that a forfeiture of $1,987,500 would violate the Excessive Fines Clause of the Eighth Amendment. Dkt. 523 at 10-12.

During the July 24 sentencing hearing, the Court stated that it had "a little bit of pause [on] the Eighth Amendment issue": specifically, the proportionality between the forfeiture sought and the authorized penalty under the Sentencing Guidelines under the Fourth Circuit's four-factor test.

7/24/26 Pub. Sent. Tr. 183:22-185:12. On "the other factors," however, the Court stated, "[T]he government is on much firmer footing." *Id.* at 184:17-19.

Thus, the Court concluded, "I'm not sure of the amount of the forfeiture is something that is justified at this point. . . . I think you can substitute the asset, but the Court has some concerns about the actual amount. And we may need to talk about that some more later." *Id.* at 185:11-17. Government counsel inquired whether "we can maybe brief the number a little bit later," and the Court answered, "Yes." *Id.* at 186:4-6.

After the government explained it was "going to come back and ask for the same $1.9 million," Goldstein's counsel reiterated they viewed that amount as unconstitutional, suggesting, "[I]f the Court shares that concern, then the government should propose a lower number." *Id.* 187:2-3, 9-11. However, the Court replied, "I'm going to grant in part and deny in part the motion. I will have further discussion about the amount." *Id.* at 187:13-14. In pronouncing its sentence, the Court reiterated, "[T]he Court will also grant, in part, the government's request for forfeiture—and order of forfeiture in this case in an amount to be determined by the Court subject to future briefing and discussion with the parties." *Id.* at 205:14-18.

On July 27, the Court entered a written Preliminary Order of Forfeiture that granted the government's motion in part, ordering a forfeiture money judgment in an amount "to be determined," and forfeiting "all of [Goldstein]'s right, title, and interest in 4323 Hawthorne Steet, Washington, D.C." Preliminary Order of Forfeiture ¶¶ 2, 4, Dkt. 566.

That same day, the Court also ordered the parties "to file a joint status report [by] August 12, 2026, proposing a schedule for the briefing of any post-sentencing motions, including any motions to stay forfeiture." Order ¶ 4, Dkt. 564.

The parties are discussing a potential interlocutory sale of the Hawthorne property, which

2

would place Goldstein's portions of the sale proceeds in escrow pending the Court's determination of the forfeiture amount. However, the parties remain at an impasse regarding the proper amount of forfeiture.

### B.  The United States' Proposal

The issue left open by the Court—and the dispute between the parties—is narrow: whether a forfeiture in the amount of $1,987,500, representing the loan proceeds that Goldstein fraudulently obtained from NFM, would violate the Excessive Fines Clause under the Fourth Circuit's four-factor test. During the July 24 sentencing hearing, the Court explicitly identified the forfeiture amount as "to be determined by the Court *subject to future briefing* and discussion with the parties." 7/24/26 Pub. Sent. Tr. 205:16-18 (emphasis added).

The government therefore proposes the parties brief the appropriate amount of forfeiture under the Excessive Fines Clause on the following schedule:

| | |
|---|---|
| Government's Opening Brief | **August 28, 2026** |
| Defendant's Opposition Brief | **September 11, 2026** |
| Government's Reply Brief | **September 18, 2026** |
| Forfeiture Hearing | **Date to Be Determined** |

The government respectfully submits that this briefing schedule will allow the Court to expeditiously determine the proper amount of forfeiture. To the extent that Goldstein wishes a final order of forfeiture to be stayed pending appeal, he can raise this in his brief.

## II.  Goldstein's Position

The Government's account of the procedural history on forfeiture omits that at the July 24 sentencing hearing this Court "grant[ed] in part" the Government's motion to order forfeiture, 7/24/26 Pub. Sent. Tr. 187:13, but "den[ied] in part" the specific amount of forfeiture requested

by the government—$1,987,500, *id.* With respect to that requested amount, the Court said it "share[d] some of the concerns the defense has raised" under the Eighth Amendment. *Id.* at 187:15. First, the Court noted that it had "concern" with respect to the "amount of the forfeiture and its relationship to the authorized penalty." *Id.* at 183:24, 184:2-3. As the Court explained: "The government is correct that the statute does allow a maximum penalty of $1 million, but the sentencing guideline is well below that. $9,500. There is just no question that $9,500, by comparison to 1.9 million, is a big disparity." *Id.* at 184:4-7. Second, the Court noted that the conduct underlying Count 16 had caused no harm, stating: "[E]ven the government acknowledges there is no harm.  The loan was apparently paid off." *Id.* at 185:3-7. The Court concluded that "the amount of forfeiture" was not "something that is justified at this point." *Id.* at 185:11-12. The Court thus stated that the Government's motion was "grant[ed] in part and den[ied] in part." *Id.* at 187:13.

After the Court ruled, counsel for the Government sought clarity on what the Court had denied, stating "[t]he Court has denied the actual number . . . that we're requesting and we can maybe brief the number a little bit later." *Id.* at 186:1-5. The Court answered, "Yes." *Id.* at 186:6. Thus, the Court denied the government's motion for forfeiture in the amount of $1,987,500 and contemplated further briefing on a forfeiture amount lower than $1,987,500 that would satisfy the Excessive Fines Clause.

In an effort to resolve this issue without further burdening the Court, shortly after the sentencing hearing the defense offered the government a compromise.  The defense proposed that the parties stipulate to a forfeiture amount of $190,000, which is twenty times the fine recommended by the Sentencing Guidelines.  Yesterday, the government informed the defense that it was rejecting that compromise with no counter-proposal.

The defense submits that briefing on the forfeiture amount is premature at this point in light of the parties' ongoing negotiations over an interlocutory sale of the Hawthorne property. Instead, the parties should continue their discussions over the sale and file a joint status report in 30 days. If the Court proceeds with briefing now, then the government's motion should be evaluated under the standard applicable to motions for reconsideration, since the government is asking the Court to reconsider its ruling at the sentencing hearing denying the government's request for forfeiture in the amount of $1,987,500.

## **CONCLUSION**

The Government respectfully requests the Court issue an order setting a schedule for addressing forfeiture. Goldstein respectfully requests the Court instead order the parties to provide a further joint status report in 30 days. The parties' respective proposed orders are attached to this filing.

Respectfully submitted,

A. TYSEN DUVA
Assistant Attorney General
Criminal Division

Dated: August 12, 2026

  /s/  
Emerson Gordon-Marvin
Hayter Whitman
Trial Attorneys
Department of Justice—Criminal Division

Sean Beaty
Senior Litigation Counsel
Department of Justice—Criminal Division