IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Criminal No. LKG-25-6 |
| | * | |
| THOMAS C. GOLDSTEIN, | * | |
| | * | |
| Defendant. | * | |
| | * | |
| | ******* | |

**STIPULATION AND ORDER FOR SALE OF REAL PROPERTY**

WHEREAS, following a multi-week jury trial, on February 25, 2026, the Defendant was convicted on Count 16 of the Streamlined Second Superseding Indictment by a federal jury sitting in the District of Maryland (Dkt. Nos. 337-2 & 472); and

WHEREAS, on July 24, 2026, the Honorable Lydia Kay Griggsby sentenced the Defendant to a total term of 72 months imprisonment, and ordered the Defendant to pay $3,103,247 in restitution, and ordered the Defendant to forfeit the proceeds of the Defendant's mortgage fraud offense, in an amount to be later determined (Dkt. Nos. 569, 576 & 566); and

WHEREAS, on that same date the Court granted in part the government's Motion for a Preliminary Order of Forfeiture (Dkt. No. 566), ordering a forfeiture money judgement in an amount to be determined, and ordering that all the Defendant's interest in the real property located at 4323 Hawthorne Street NW, Washington, D.C. 20016 (hereafter the "Hawthorne Property"), is forfeited to the United States; and

WHEREAS, the Defendant (Thomas C. Goldstein) and Amy L. Howe are the deeded owners of the Hawthorne Property as tenants by the entireties; and

WHEREAS, the Defendant and Ms. Howe, through their respective attorneys, have

informed the United States they wish to sell the Hawthorne Property; and

WHEREAS, the Defendant and Ms. Howe are currently undergoing divorce proceedings, and the United States, the Defendant, and Ms. Howe agree that selling the Hawthorne Property in an interlocutory sale as contemplated by Rule G(7) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions is the best way to preserve the value of the Hawthorne Property while allowing Ms. Howe to access her equity in the Hawthorne Property pending the completion of the criminal forfeiture proceeding against the Defendant's interest in the Hawthorne Property; and

WHEREAS, Rule G(7)(b)(ii) provides "any person the court designates" may make the sale, and the United States, the Defendant, and Ms. Howe agree that Ms. Howe may be designated to sell the Hawthorne Property and Ms. Howe wishes to be so designated; and

WHEREAS, Rule G(7)(b)(iii) provides any appropriate sales procedures may be followed pursuant to this Court's order in place of the procedures in 28 U.S.C. §§ 2001, 2002, and 2004 so long as the parties agree "to the sale, aspects of the sale, or different procedures," and the United States, the Defendant, and Ms. Howe agree on the sales procedures listed herein, and wish to waive the right to obtain further appraisals of the Hawthorne Property;

NOW, THEREFORE, IT IS HEREBY STIPULATED and AGREED by and between the United States, the Defendant (Thomas C. Goldstein), and Amy Howe as follows:

1. The Defendant and Ms. Howe represent they are the sole owners of the Hawthorne Property and they are not aware of anyone with an interest in the Hawthorne Property other than themselves and iThink Financial Credit Union as parties to the outstanding mortgage, and the United States through its forfeiture authority.

2. Ms. Howe is designated to enter into arms-length contracts for the listing and sale

of the Hawthorne Property at fair market value. Before selling the Hawthorne Property, Ms. Howe shall obtain the approval of the United States of all particulars of the sale, including, but not limited to the sale price and the HUD-1 closing statement, and shall provide all other documentation requested by the United States in connection with such sale. The United States will promptly review any documents provided to the undersigned government attorney.

3. Reasonable closing costs, standard real estate sales commissions, outstanding liens, mortgages, and outstanding taxes on the property (collectively, "Sale Costs") shall be satisfied from the gross proceeds of the sale, subject to the prior approval of the United States.

4. At the time of closing, the net proceeds (*i.e.*, the sale price less any funds expended on Sale Costs pursuant to Paragraph 3 above) shall be distributed as follows: half of the net proceeds will be deposited in the Treasury Forfeiture Fund Suspense Account of the United States Treasury (the "TFFSA"); the other half of the net proceeds will be distributed to Ms. Howe. Funds distributed to Ms. Howe pursuant to this paragraph shall not be subject to forfeiture in this case and represent full satisfaction of her interest in the Hawthorne Property and of any and all claims against the United States she may have at any time in relation to the Hawthorne Property. Funds distributed to the TFFSA pursuant to this paragraph may be distributed as one lump sum as a check or wire transfer pursuant to instructions the United States will provide.

5. The TFFSA shall hold the net proceeds described in Paragraph 4 above, other than the funds distributed to Ms. Howe, in the TFFSA as a substitute res for the direct proceeds traced into the Hawthorne Property and the Defendant's residual interest in the Hawthorne Property in the above-captioned case until the criminal forfeiture process concludes in the United States District Court for the District of Maryland, as well as the conclusion of any direct appeals

by either the Defendant or the United States.

6. In the event that the Court orders a forfeiture money judgement in an amount greater than the share of the net proceeds ultimately received by the United States, the Defendant will remain responsible for satisfying the balance of any outstanding forfeiture money judgement. In the event that the Court orders a forfeiture money judgement less than the amount of the forfeiture money judgment, the balance of any remaining proceeds will be transferred to the Defendant.

7. The Defendant will execute a power of attorney granting Ms. Howe full authority to list and sell the Hawthorne Property and take all actions and enter into any other agreements reasonably required to do so.

8. The United States will provide a release of its *lis pendens* to the agent handling the closing of the sale, which said agent shall hold in escrow and file only upon fulfillment of the conditions precedent set forth in Paragraphs 2, 3, and 4 above.

9. Ms. Howe will engage the services of licensed Realtor Liz Lavette Shorb of Washington Fine Properties to list and market the Hawthorne Property. Should Ms. Howe wish to select another Realtor, Ms. Howe will obtain prior approval from the United States.

10. Ms. Howe will retain custody, control, and responsibility for the Hawthorne Property until the above interlocutory sale has been completed. Ms. Howe will be responsible for ensuring the Hawthorne Property remains in a marketable condition consistent with that of other properties offered at similar prices points, and remains available to show to prospective buyers with a reasonable amount of notice. Ms. Howe will be responsible for ensuring all taxes, insurance policies, utilities, homeowners' or community association fees (if applicable), and any other costs or fees associated with the maintenance or safekeeping of the Hawthorne Property

(collectively, "Upkeep Costs") until the date of sale are kept current. The Upkeep Costs do not include any Sale Costs (as described in Paragraph 3, above).

11. At the time of closing, subject to the approval of the United States, the value of fifty percent of the Upkeep Costs shall be deducted from the Defendant's share and credited to Ms. Howe, leading the amount deposited into the TTFSA (as described in Paragraph 4, above) to be half the net sale proceeds *minus* fifty percent of the Upkeep Costs; and the amount distributed to Ms. Howe (as described in Paragraph 4, above) to be half the net sale proceeds *plus* fifty percent of the Upkeep Costs. Before closing, Ms. Howe shall provide to the United States all particulars of the Upkeep Costs and shall obtain approval to deduct fifty percent of these costs from the amount deposited into the TTFSA. The United States will promptly review any documentation of the costs provided to the undersigned government attorney.

12. The Defendant and Ms. Howe acknowledge they are hereby barred from asserting any and all claims against the United States or any of its agents and employees, in connection with, or arising out of, the United States' actions against and relating to the Hawthorne Property.

13. This Court shall have exclusive jurisdiction over the interpretation and enforcement of this Stipulation and Order.

14. This Stipulation and Order may be executed in counterparts, each of which shall be deemed an original, and all of which, when taken together, shall be deemed the complete Agreement. This Stipulation and Order constitutes the complete agreement between the parties hereto and may not be amended except by written consent thereof.

Respectfully submitted,

A TYSEN DUVA
Assistant Attorney General

Criminal Division

Sean Beaty
Senior Litigation Counsel
Department of Justice—Criminal Division

By: /s/
Sean Beaty, Esq.

Thomas C. Goldstein — Date: 9/4/26

Jonathan Kravis, Esq.
Counsel for Thomas C. Goldstein — Date: 9/4/26

Amy L. Howe — Date: 8/24/26

Henry Asbill, Esq.
Counsel for Amy L. Howe — Date: 8/24/2026

**SO ORDERED:**

Lydia Kay Griggsby
United States District Judge — Date: ______